# WEIL, GOTSHAL & MANGES LLP

700 LOUISIANA
SUITE 1600
HOUSTON, TEXAS 77002

(713) 546-5000
FAX: (713) 224-9511

AUSTIN
BOSTON
BRUSSELS
BUDAPEST
DALLAS
FRANKFURT
LONDON
MIAMI
MUNICH
NEW YORK
PARIS
PRAGUE
PROVIDENCE
SHANGHAI
SILICON VALLEY
SINGAPORE
WARSAW
WASHINGTON, D.C.

MELANIE GRAY
DIRECT LINE (713) 546-5045
E-MAIL: melanie.gray@weil.com

May 22, 2009

Judge Allan L. Gropper
United States Bankruptcy Court
Southern District of New York
One Bowling Green
NewYork, New York 10004-1408

    Re: Adv. Pro. No. 09-01198; *Tronox Incorporated, et al. v. Anadarko Petroleum Corporation*; In the United States Bankruptcy Court, Southern District of New York

Dear Judge Gropper:

    Defendants Anadarko Petroleum Corporation and Kerr-McGee Corporation (collectively "Defendants") were informed yesterday afternoon by counsel for the Tronox Debtors that the Court has set a scheduling conference ("Scheduling Conference") on May 28 at 11:00 a.m. to discuss an appropriate case management order for the above-referenced adversary proceeding. For the reasons stated below, Defendants request that the Court reschedule the Scheduling Conference for June 9, 2009.[1]

    As the Court may be aware, just yesterday the United States Government filed a motion seeking to intervene (the "Intervention Motion") in the adversary proceeding to assert claims against both the Debtors and Defendants. This motion is scheduled for hearing on June 9, 2009. In light of the interrelationship between this requested intervention and the appropriate litigation schedule, Defendants request that the case management order be heard in connection with the Government's motion to intervene on June 9, 2009. Delaying the Scheduling Conference for two weeks will not unduly delay this litigation, but instead will allow the parties a further opportunity to attempt to consensually resolve – or at least narrow – the scheduling issues in advance of a Scheduling Conference.

    Additionally, while the Defendants eagerly anticipate the opportunity to refute the allegations asserted by the Debtors, there are numerous reasons that the Debtors' proposed

---

[1] Defendants conferred with the counsel for the Debtors and were unable to reach agreement to consensually move the Scheduling Conference to June 9, 2009.

WEIL, GOTSHAL & MANGES LLP

Judge Allan L. Gropper
May 22, 2009
Page 2

schedule of essentially six months to litigate and try a complex dispute involving hundreds of millions of dollars, plus punitive damages, is not realistic. Anadarko highlights just a few of the reasons why the proposed six month scheduled is unworkable:

- The adversary proceeding, which includes allegations of actual fraudulent intent and conspiracy, involves a multitude of transactions spanning over a ten year period. The Debtors are essentially putting over a decade of the Debtors' and Kerr McGee's operations and business judgment on trial. Discovery from the individuals, companies, and third-party professionals involved in these transactions will be extensive.

- Discovery will be complicated further by the lengthy time period covered by the allegations and the reality that the vast majority of witnesses are no longer employed or under the control of either the Debtors or Defendants.

- This case involves complex valuations, not only of Tronox's assets and operations, but also of the alleged "Legacy Liabilities," and will require substantial expert discovery and testimony.

To accommodate the amount of work necessary to prepare this case for trial, Defendants submit an alternative proposed schedule for this Court's consideration in advance of the Scheduling Conference. This proposed schedule is premised on the expectation that the Debtors will have control over the adversary proceeding without Defendants effectively having to litigate against a host of other parties (for example, the United States, Creditors' Committee, Equity Committee and/or DIP Lenders) who may seek to intervene or otherwise actively participate in the adversary proceeding for the purpose of litigating their alleged claim priorities in any recovery that may be awarded in the proceeding.

Finally, Defendants believe one approach to manage the liability phase of this adversary proceeding that avoids unnecessary litigation and costs is to bifurcate certain underlying allegations/elements (such as insolvency and reasonable equivalency of values exchanged) of the Debtors' Complaint. Litigating these issues upfront could enhance a potential consensual resolution prior to a full trial and, if that is not possible, a litigation and full trial on the remaining elements/allegations subsequently could be had.

We appreciate the Court's consideration of this matter.

Respectfully,

Melanie Gray

Enclosure

**WEIL, GOTSHAL & MANGES LLP**

Judge Allan L. Gropper
May 22, 2009
Page 3


cc:     (w/enclosure)

*Via Email: jzeiger@kirkland.com*
Mr. Jeffrey J. Zeiger
Kirkland & Ellis LLP
200 E. Randolph Drive
Chicago, IL 60601-6636

*Via Email: rkravitz@paulweiss.com*
Robert N. Kravitz
Paul, Weis, Rifkind, Wharton & Garrsion LLP
1285 Avenue of the Americas
New York, NY 10019-6064

KIRKLAND & ELLIS LLP
Richard M. Cieri
Jonathan S. Henes
Colin M. Adams
153 East 53rd Street
New York, New York 10022-4611
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Additional Counsel Listed On Signature Block

*Attorneys for Tronox Incorporated, Tronox Worldwide LLC, and Tronox LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| TRONOX INCORPORATED, *et al.*, | Case No. 09-10156 (ALG) |
| Debtors. | Jointly Administered |
| TRONOX INCORPORATED, TRONOX WORLDWIDE LLC f/k/a Kerr-McGee Chemical Worldwide LLC, and TRONOX LLC f/k/a Kerr-McGee Chemical LLC, | |
| Plaintiffs, | |
| v. | Adversary Proceeding No. 09-01198 |
| ANADARKO PETROLEUM CORPORATION and KERR-MCGEE CORPORATION, | |
| Defendants. | |

## **PROPOSED CASE MANAGEMENT ORDER**

The above-styled and numbered adversary proceeding shall be governed by the following Case Management Order:

1. Response to Complaint

   Response to Plaintiffs' Adversary Complaint shall be due on or before July 24, 2009.

2. Electronic Discovery

   The parties shall meet and confer regarding electronic discovery issues on or before August 1, 2009.

3. Joinder of Additional Parties

   Additional parties may be added to this adversary proceeding no later than 45 days prior to the close of fact discovery.

4. Amendment of Pleadings

   Pleadings may be amended no later than 30 days prior to the close of fact discovery.

5. Fact Discovery

   All fact discovery shall be completed by June 1, 2010.

6. Expert Discovery

   (a) Reports from Plaintiffs' expert(s) retained under Federal Rule of Civil Procedure 26(a)(2) shall be produced on or before June 18, 2010.

   (b) Reports from Defendants' expert(s) retained under Federal Rule of Civil Procedure 26(a)(2) shall be produced on or before July 19, 2010.

   (c) Plaintiffs shall produce any rebuttal expert reports pursuant to Federal Rule of Civil Procedure 26 on or before July 30, 2010.

   (d) Depositions of all parties' experts and rebuttal experts shall be completed by October 1, 2010.

7. Dispositive Motions

   (a) All potentially dispositive motions shall be filed on or before January 9, 2011.

   (b) All opposition papers shall be due and filed on or before 30 days after the filing of any potentially dispositive motion.

    (c)    Replies to any response to any dispositive motions shall be due and filed on or before 20 days after the filing of any response to any potential dispositive motion.

8. Witness and Exhibit Lists

    (a)    Witness lists, separately identifying each witness that the parties intend to call or may call as a witness, other than as a rebuttal witness, shall be exchanged 45 days before the start of trial.

    (b)    Exhibits, other than those used for rebuttal purposes, and deposition designations shall be exchanged on or before 30 days before the start of trial. Any deposition counter designations and objections to exhibits shall be exchanged on or before 15 days before the start of trial.

9. Trial

Trial shall commence on April 4, 2011, or as soon thereafter as is practical.

10. Other Items

The parties' agreement to this schedule shall not be construed as a waiver of any right or privilege under the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Court's Local Rules, or any other applicable state or federal law, including any right to move to compel or preclude discovery.

Dated: _____, 2009

                        Ordered:

                        _____
                        United States Bankruptcy Judge