# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

300 North LaSalle
Chicago, Illinois 60654

David J. Zott, P.C.
To Call Writer Directly:
(312) 862-2428
dzott@kirkland.com

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

May 26, 2009

**By Hand Delivery and ECF Filing**

Hon. Allan L. Gropper
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

    Re: *Tronox Incorporated et al. ("Tronox") v. Anadarko Petroleum Corp. et al. ("Anadarko/Kerr-McGee")*, Adv. Pro. No. 09-01198-alg

Dear Judge Gropper:

  I write to briefly respond to the letter filed by counsel for Anadarko/Kerr-McGee on Friday afternoon, May 22. While we will await the scheduling conference to address Anadarko/Kerr-McGee's substantive scheduling arguments, Tronox does respectfully request that the conference proceed, as scheduled, on May 28, 2009.

  The two reasons provided by Anadarko/Kerr-McGee do not justify delaying the conference. First, counsel asserts an "interrelationship" between the United States' motion to intervene (which has been noticed for June 9) and the scheduling conference. There is no question that the United States has a right to intervene, and the parties have been proceeding on that basis. Specifically, Tronox has been negotiating a stipulation with the United States and other parties in interest to ensure that their intervention will not delay the case. Under the stipulation, the United States and other parties in interest have agreed that Tronox will remain in control of the litigation and they have agreed to limit their ability to pursue discovery (including a prohibition on duplicative discovery). Tronox and the parties in interest are finalizing the stipulation, which should be filed in advance of Thursday's conference. In short, the only potential interrelationship between the United States' intervention and scheduling has been anticipated—and addressed—through the stipulation.

  Second, counsel seeks to delay the conference to provide a further opportunity for the parties to resolve or narrow their scheduling differences. While Tronox remains willing to engage in further discussions, Tronox requested the conference only after counsel for Anadarko/Kerr-McGee indicated that the parties were unlikely to reach a deal. Indeed, the proposed schedule that Anadarko/Kerr-McGee attached to its letter is six months longer than

Judge Gropper
May 26, 2009
Page 2

Anadarko/Kerr-McGee's opening proposal in counsels' scheduling discussions. Put simply, the parties are moving in the wrong direction. In any event, if there is any prospect of a scheduling compromise among the parties, an imminent scheduling conference can only enhance it.

Sincerely,

David J. Zott, P.C.

CC: Melanie Gray, Esq., Counsel for Anadarko/Kerr-McGee