# WEIL, GOTSHAL & MANGES LLP

700 LOUISIANA
SUITE 1600
HOUSTON, TEXAS 77002

(713) 546-5000
FAX: (713) 224-9511

AUSTIN
BOSTON
BRUSSELS
BUDAPEST
DALLAS
FRANKFURT
LONDON
MIAMI
MUNICH
NEW YORK
PARIS
PRAGUE
PROVIDENCE
SHANGHAI
SILICON VALLEY
SINGAPORE
WARSAW
WASHINGTON, D.C.

MELANIE GRAY
DIRECT LINE (713) 546-5045
E-MAIL: melanie.gray@weil.com

May 26, 2009

Judge Allan L. Gropper
United States Bankruptcy Court
Southern District of New York
One Bowling Green
NewYork, New York 10004-1408

Re:   Adv. Pro. No. 09-01198; *Tronox Incorporated, et al. v. Anadarko Petroleum Corporation*; In the United States Bankruptcy Court, Southern District of New York

Dear Judge Gropper:

Defendants Anadarko Petroleum Corporation and Kerr-McGee Corporation (collectively "Defendants") write in response to Tronox's May 26, 2009 letter wherein Tronox requests that the Court proceed with the scheduling conference on May 28, 2009. The Defendants believe that resolution of the schedule is dependent upon and impacted by the United States' motion to intervene to assert additional causes of action against the Debtors and the Defendants, and the Debtors' recently revealed stipulation to allow other "parties-in-interest" to actively participate as litigants in the adversary proceeding.

First, the United States' motion to intervene was only filed on Thursday, May 21, and the Defendants are in the process of determining their response to the proposed intervention. Second, the Defendants are unable to comment on the potential stipulation allowing the United States and "others" to participate in the adversary proceeding because the Defendants have never seen this stipulation, were not offered the opportunity to participate in the negotiation of the terms of the stipulation, are not parties to the stipulation, and only recently learned that such a stipulation was in the works. Regardless, it is clear that if Tronox's proposed stipulation seeks to allow multiple parties-in-interest (the creditors' committee, equity committee, debtor-in-possession lenders, and the United States) to actively participate in the litigation of the adversary proceeding to "protect" their own interests and claimed priorities to any recovery, the adversary proceeding quickly will become unmanageable and unnecessarily drawn out – as well as unnecessarily expensive to both the Defendants and the Debtors' estate. Until it is known whether the United States will be granted the right to intervene, how many parties/lawyers will participate in the litigation, the limits of their participation, and the types of claims, if any, these parties will be allowed to assert in the litigation, it is premature to set a schedule for the lawsuit.

WEIL, GOTSHAL & MANGES LLP

Judge Allan L. Gropper
May 26, 2009
Page 2

Third, in light of the forty-five page, eleven count complaint that the Debtors spent considerable time constructing, the Defendants are still in the process of analyzing it and are seeking a forty-five days extension to answer or otherwise respond to the complaint until July 24, 2009, as set forth in the Defendants' proposed case management order. A scheduling conference on July 9, 2009, will be more productive as the Defendants will be in a better position at that time to advise the Court whether the Defendants will be answering the complaint, moving to dismiss or for a more definitive statement, or some combination thereof. The Defendants believe that this information will help further inform the Court as to the appropriate scheduling order for this case.

The Defendants of course will participate in the scheduling conference at the convenience of the Court. But they request that the Court schedule the conference on the case management order at the same time as the hearing on both the United State's motion to intervene, to which the Defendants potentially will object, and the request by the Debtors and the unknown parties with whom the Debtors are negotiating to enter into a stipulation to allow these parties to actively participate in the adversary proceeding.

We appreciate the Court's consideration of this matter.

Respectfully,

Melanie Gray *by permission*

*JmR*

cc:   *Via Email: jzeiger@kirkland.com*
      Mr. Jeffrey J. Zeiger
      Kirkland & Ellis LLP
      200 E. Randolph Drive
      Chicago, IL 60601-6636

      *Via Email: rkravitz@paulweiss.com*
      Robert N. Kravitz
      Paul, Weis, Rifkind, Wharton & Garrsion LLP
      1285 Avenue of the Americas
      New York, NY 10019-6064