Proposed Hearing Date: **September 11, 2009 at 10:00 a.m. (ET)**
Proposed Objection Deadline: **September 8, 2009 at 4:00 p.m. (ET)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| TRONOX INCORPORATED, *et al.*, | Case No. 09-10156 (ALG) |
| Debtors. | Jointly Administered |
| TRONOX INCORPORATED, TRONOX WORLDWIDE LLC f/k/a Kerr-McGee Chemical Worldwide LLC, and TRONOX LLC f/k/a Kerr-McGee Chemical LLC, | |
| Plaintiffs, | |
| v. | Adversary Proceeding No. 09-01198 (ALG) |
| ANADARKO PETROLEUM CORPORATION and KERR-MCGEE CORPORATION, | |
| Defendants. | |
| THE UNITED STATES OF AMERICA, | |
| Plaintiff-Intervenor, | |
| v. | |
| TRONOX, INC., TRONOX WORLDWIDE LLC, TRONOX LLC, KERR-McGEE CORPORATION, and ANADARKO PETROLEUM CORPORATION, | |
| Defendants. | |

**THE DEBTORS' MOTION TO STAY DEFENDANTS'
MOTION TO DISMISS THE GOVERNMENT'S COMPLAINT IN INTERVENTION
AND TO SHORTEN NOTICE PERIOD**

Tronox Incorporated, Tronox Worldwide LLC, and Tronox LLC (the plaintiffs and

"Debtors") hereby move to stay Anadarko Petroleum Corporation and Kerr-McGee

Corporation's (the "Defendants") Motion to Dismiss the Government's Complaint in Intervention [Dkt. No. 47] (the "Motion to Dismiss") to the extent it seeks dismissal on the ground that the United States (the "Government") lacks standing to bring the fraudulent transfer claims it asserts under the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, *et seq.* (the "FDCPA Fraudulent Transfer Claims"). (*See* Motion to Dismiss Section I) As discussed below, the Court's adjudication of the standing issue at this time is premature and unnecessary, will cause significant disruption to the Debtors' reorganization efforts and prosecution of this Adversary Proceeding, and will deny the Court the Debtors' input on an issue that critically impacts the Debtors' estates. Absent a stay, the Government will seek to withdraw the reference for the Adversary Proceeding on or before the due date for its brief opposing the Motion to Dismiss, currently September 15, 2009. Accordingly, the Debtors also respectfully request that the Court shorten notice and hear the motion to stay on September 11, 2009, the next hearing date in this case.

### Jurisdiction

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The statutory basis for the relief requested herein is section 105(a) of 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9077-1(b) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules").

### Background

4.  On May 12, 2009, the Debtors filed their complaint [Case No. 09-1198, Dkt. No. 1] asserting, among other things, fraudulent transfer claims against the Defendants. Since prior

2

to the commencement of the Adversary Proceeding, the Government has asserted ownership over the FDCPA Fraudulent Transfer Claims based on the same facts alleged in the Debtors' complaint.

5. The Debtors, however, have long maintained that the FDCPA Fraudulent Transfer Claims belong exclusively to the Debtors' estates. (*See, e.g.,* Response to Anadarko Petroleum Corp. and Kerr-McGee Corporation's Objection to the United States of America's Motion to Intervene at 2 [Dkt. No. 13] ("[T]he fraudulent transfer claims alleged by the United States belong exclusively to the Debtors' estates.")) Accordingly, the Debtors' position—consistent with the Defendants'—is that the Government does not own the FDCPA Fraudulent Transfer Claims. (*Id.*)

6. The Debtors do not dispute, however, that as a creditor and a party in interest, the Government is entitled to limited participation in the Adversary Proceeding. 11 U.S.C. § 1109(b) ("A party in interest, including . . . a creditor . . . may raise and may appear and be heard on any issue in a case under this chapter."); *see also In re Adelphia Comm'ns. Corp.,* 285 B.R. 848, 856-57 (S.D.N.Y. 2002) (discussing intervenors' rights even though they do not "own" the underlying causes of action).

7. Consistent with the Government's rights as a party in interest, the Revised Stipulation and Order Regarding Federal Debt Collection Procedures Act (the "Stipulation"), which the Court approved in its August 20, 2009 order, allows the Government limited rights to participate in the litigation. (*See* Order Approving the Stipulation, Ex. A (Dkt. 52))[1] At the same time, the Stipulation only allows the Debtors to move to dismiss or "raise any argument …

---

[1] Specifically, the Stipulation circumscribes the Government's participation in discovery by limiting it to (1) non-duplicative follow-up questions at depositions, (2) the right to depose a witness not deposed by the Debtors only after the Debtors decline to notice such deposition upon the Government's request, and (3) non-duplicative written discovery. (Stipulation ¶ 1)

3

with respect to" the Complaint in Intervention if the Government exceeds the scope of its participation rights under the Stipulation. (*Id*. at ¶ 5) By design, the Stipulation defers any disruptive litigation over ownership of the FDCPA Fraudulent Transfer Claims unless and until it becomes necessary to address the issue.

8. The Debtors' counsel are currently in negotiations with the Government and other creditors to reach a global settlement on the allocation of recoveries for the Debtors' estates, including the allocation of proceeds from the Adversary Proceeding. Such an agreement will moot the dispute over ownership of the FDCPA Fraudulent Transfer Claims. The Debtors intend to conclude these negotiations in the next month.

9. In their Motion to Dismiss, the Defendants seek to instigate litigation over ownership of the FDCPA Fraudulent Transfer Claims now, requesting dismissal of the Complaint in Intervention on the ground that the Government lacks standing to assert the FDCPA Fraudulent Transfer Claims. Over the past several weeks, the Government, the Defendants, and the Debtors have attempted to negotiate the terms of a stipulation under which the Defendants would withdraw their Motion to Dismiss. Ultimately, the parties were unable to reach agreement.

**Relief Requested**

10. For the reasons set forth herein, the Debtors respectfully seek entry of an order, substantially in the form of Exhibit A, pursuant to section 105(a) of the Bankruptcy Code and the Court's inherent power to control its docket, staying adjudication of the Motion to Dismiss. The Debtors also request that the Court enter an order, substantially in the form of Exhibit B, setting September 8, 2009, at 4:00 p.m. Eastern Time, as the deadline for service and filing of objections to their motion to stay and September 11, 2009, at 10:00 a.m., Eastern Time, for hearing of the motion.

4

**Basis for Relief**

11. The Court should exercise its broad equitable power to stay adjudication of the Defendants' Motion to Dismiss the Government's Complaint in Intervention as it relates to the Government's standing to assert the FDCPA Fraudulent Transfer Claims. *See* 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."); *Landis v. North American Co.*, 299 U.S. 248, 254 (1936) (courts have broad discretion to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and the litigants"); *In re Adelphia Comm'ns. Corp.*, 345 B.R. 69, 85 (Bankr. S.D.N.Y. 2006) ("Section 105(a) provides broad equitable power for a Bankruptcy Court to maintain its own jurisdiction and to facilitate the reorganization process"); *In re Barney's, Inc.*, 206 B.R. 336, 343-44 (Bankr. S.D.N.Y. 1997) (Bankruptcy Courts have the inherent power to control their dockets).

12. First, given that the Government has agreed to participate in the Adversary Proceeding under the terms of the Stipulation, the Defendants' challenge to the Government's standing as a party is premature. The Government's limited participation in the Adversary Proceeding, in compliance with the Stipulation and consistent with the Government's undisputed standing as a party in interest, will cause no conceivable prejudice to the Defendants. If and when the Government seeks to prosecute its Complaint in Intervention in a manner inconsistent with the Stipulation, the Debtors can and will oppose the Government and move to dismiss the Complaint in Intervention. For this reason alone, the Court should defer adjudication of the Government's ownership of the FCDPA Fraudulent Transfer Claims until (if ever) the Government seeks to prosecute its Complaint in Intervention.

13. Second, the Debtors' current negotiations with the Government and other creditors to reach a global settlement on the allocation of all recoveries, including proceeds from

5

the Adversary Proceeding, will moot the issue of who owns the FDCPA Fraudulent Transfer Claims. The Debtors hope to conclude a global agreement in the next month. In the event the Debtors and its creditors reach a global agreement, the Government will no longer have any reason to assert ownership over the FDCPA Fraudulent Transfer Claims or special priority to proceeds from the Adversary Proceeding. Further, such an agreement would alleviate any concern the Defendants may have that a "double recovery" might result from the Government's Complaint in Intervention.

14. Third, even apart from an agreement on the allocation of recoveries, there are additional reasons why the Court may well never have to address the FDCPA ownership issue. For example, the amount recovered in the Adversary Proceeding may be sufficient to satisfy the claims of all creditors, thereby mooting the Government's claim that it has a unique right to litigation proceeds. Or, the Defendants could settle. Or, the Debtors and the Government may not prevail in the Adversary Proceeding.

15. Fourth, as noted, the Government has informed the Debtors that, as a matter of policy, it will be constrained to withdraw the reference because of the novel issues it believes are raised by the FDCPA Fraudulent Transfer Claims. Any such motion would force the Debtors to engage in unnecessary litigation, and at a minimum disrupt both the current inter-creditor settlement negotiations and prosecution of the Adversary Proceeding. Indeed, that is precisely why the parties to the Stipulation[2] agreed to defer as long as possible the questions over the nature of the FDCPA Fraudulent Transfer Claims.

16. Fifth, the Court should decline the Defendants' invitation to decide who owns the FDCPA Fraudulent Transfer Claims at this early stage of the Adversary Proceeding because, by

---

[2] In addition to the Debtors and the United States, the parties to the Stipulation include the Unsecured Creditors Committee, the Equity Committee, and the Prepetition Agent for the Debtors' prepetition lenders.

virtue of the Stipulation, the Court is currently denied the benefit of the Debtors' input on an issue that involves treatment of the most valuable asset of the estate. By putting at issue the Government's claim of exclusive ownership over the FDCPA Fraudulent Transfer Claims, the Motion to Dismiss seeks to instigate a dispute involving the most valuable asset of the Debtors' estates without the Debtors' input. The Court, in the exercise of its sound discretion, should defer this issue until—if ever—it becomes necessary to decide. That day is not here, and it may very well never arrive.

17.    Finally, Bankruptcy Rule 9006(c)(1) authorizes the Court, for cause shown, to reduce the notice period required for a hearing. See FED. R. BANKR. P. 9006(c)(1). As noted, the Government has represented that it will move to the withdraw the reference unless the Motion to Dismiss is stayed prior to the deadline for its opposition to the Motion to Dismiss on September 15, 2009. As explained above, the Government's motion to withdraw the reference would enmesh the Debtors in unnecessary litigation, at a minimum disrupting both the current inter-creditor settlement negotiations and prosecution of the Adversary Proceeding. Accordingly, the Debtors respectfully request that their motion to stay be heard at the September 11, 2009 hearing already scheduled in this case.

### Motion Practice

18.    This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated, and a discussion of their application to this Motion. Accordingly, the Debtors submit that this Motion satisfies Rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York.

### Notice

19.    The Debtors have provided notice of this Motion by overnight mail and e-mail to: (a) the U.S. Trustee; (b) counsel to the agent for the Debtors' prepetition and postpetition secured

lenders; (c) counsel to the Creditors' Committee; (d) counsel to the Equity Committee; (e) the Office of the United States Attorney for the Southern District of New York; (f) counsel to the Defendants; and (g) all those persons and entities that have formally appeared and requested service in these cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

## **No Prior Request**

20.    No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, for all the foregoing reasons, the Debtors respectfully request that the Court (i) enter an order, substantially in the form annexed hereto in Exhibit A, granting the Debtors' motion to stay adjudication of the Defendants' Motion to Dismiss the Government's Complaint in Intervention to the extent it seeks dismissal on the ground that the Government lacks standing to assert the FDCPA Fraudulent Transfer Claims; and (ii) enter an Order, substantially in the form annexed hereto in Exhibit B, shortening the notice period for hearing on the Debtors' motion to stay.

Dated: September 2, 2009    Respectfully submitted,

/s/  David J. Zott, P.C.

David J. Zott, P.C.
Matthew T. Regan, P.C.
Jeffrey J. Zeiger
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:  (312) 862-2000
Facsimile:   (312) 862-2200

Richard M. Cieri
Jonathan S. Henes
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022-4611
Telephone:  (212) 446-4800
Facsimile:   (212) 446-4900

*Attorneys for Tronox Incorporated,
Tronox Worldwide LLC, and
Tronox LLC*

## **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: <br><br> TRONOX INCORPORATED, et al., <br><br> Debtors. | ) <br> ) <br> ) Chapter 11 <br> ) <br> ) Case No. 09-10156 (ALG) <br> ) Jointly Administered <br> ) |
| TRONOX INCORPORATED, TRONOX WORLDWIDE LLC f/k/a Kerr-McGee Chemical Worldwide LLC, and TRONOX LLC f/k/a Kerr-McGee Chemical LLC, <br><br> Plaintiffs, <br><br> v. <br><br> ANADARKO PETROLEUM CORPORATION and KERR-MCGEE CORPORATION, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Adversary Proceeding No. 09-01198 (ALG) <br> ) <br> ) <br> ) <br> ) <br> ) |
| THE UNITED STATES OF AMERICA, <br><br> Plaintiff-Intervenor, <br><br> v. <br><br> TRONOX, INC., TRONOX WORLDWIDE LLC, TRONOX LLC, KERR-McGEE CORPORATION, and ANADARKO PETROLEUM CORPORATION, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**ORDER STAYING DEFENDANTS' MOTION
TO DISMISS THE GOVERNMENT'S COMPLAINT IN INTERVENTION**

Upon the Debtors' Motion to Stay Defendants' Motion To Dismiss The Government's Complaint In Intervention (the "Motion")[3]; it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED

1. The Motion is granted.

2. The Defendants' Motion to Dismiss the Government's Complaint in Intervention, to the extent it seeks dismissal on the ground that the Government lacks standing to assert the FDCPA Fraudulent Transfer Claims, is stayed until further order of this Court.

3. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

4. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

6. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

---

[3] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

2

New York, New York
Dated: _____, 2009

                                                                                                       _____
                                                                                                       United States Bankruptcy Judge

## **EXHIBIT B**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) |
|  | ) Chapter 11 |
| TRONOX INCORPORATED, et al., | ) |
|  | ) Case No. 09-10156 (ALG) |
| Debtors. | ) Jointly Administered |
|  | ) |
| TRONOX INCORPORATED, TRONOX WORLDWIDE LLC f/k/a Kerr-McGee Chemical Worldwide LLC, and TRONOX LLC f/k/a Kerr-McGee Chemical LLC, | ) |
|  | ) |
| Plaintiffs, | ) |
|  | ) |
| v. | ) Adversary Proceeding No. 09-01198 (ALG) |
|  | ) |
| ANADARKO PETROLEUM CORPORATION and KERR-MCGEE CORPORATION, | ) |
|  | ) |
| Defendants. | ) |
|  | ) |
| THE UNITED STATES OF AMERICA, | ) |
|  | ) |
| Plaintiff-Intervenor, | ) |
|  | ) |
| v. | ) |
|  | ) |
| TRONOX, INC., TRONOX WORLDWIDE LLC, TRONOX LLC, KERR-McGEE CORPORATION, and ANADARKO PETROLEUM CORPORATION, | ) |
|  | ) |
| Defendants. | ) |

**ORDER SHORTENING NOTICE PERIOD FOR HEARING**
**ON DEBTORS' MOTION TO STAY DEFENDANTS' MOTION**
**TO DISMISS THE GOVERNMENT'S COMPLAINT IN INTERVENTION**

Upon the motion (the "Motion")[4] of the Debtors for entry of an order authorizing the Debtors to shorten the notice period for a hearing on the Debtors' Motion To Stay Defendants' Motion To Dismiss The Government's Complaint In Intervention (the "Stay Motion"); it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED

1. The Motion is granted.

2. The notice period otherwise applicable to a hearing on the Stay Motion is shortened pursuant to Bankruptcy Rule 9006(c)(1) so that the hearing to consider the Stay Motion shall be held on **September 11, 2009, at 10:00 a.m. prevailing Eastern Time**, or as soon thereafter as the Debtors are heard, before the Honorable Allan L. Gropper, United States Bankruptcy Court for the Southern District of New York, in Room 617, One Bowling Green, New York, New York 10004-1408.

3. The deadline for the service and filing of objections to the Stay Motion shall be at **4:00 p.m., prevailing Eastern Time, on September 8, 2009**.

4. A copy of this Order shall be served upon all parties entitled to notice of the Stay Motion, and such notice shall be deemed good and sufficient notice of the relief requested in the Motion and no further notice shall be required.

---

[4] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

2

5.       The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

6.       Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7.       All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

8.       The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

New York, New York
Dated: _____, 2009

_____
United States Bankruptcy Judge