Melanie Gray (*admitted pro hac vice*)
Lydia Protopapas (LP 8089)
Jason W. Billeck (*admitted pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1600
Houston, Texas 77002
Telephone:  (713) 546-5000
Facsimile:  (713) 224-9511

Richard A. Rothman (RR 0507)
Bruce S. Meyer (BM 3506)
Lori L. Pines (LP 3005)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

James J. Dragna (*admitted pro hac vice*)
BINGHAM MCCUTCHEN LLP
355 South Grand Avenue, Suite 4400
Los Angeles, California 90071
Telephone:  (213) 680-6400
Facsimile:  (213) 680-6499

Duke K. McCall, III (*admitted pro hac vice*)
BINGHAM MCCUTCHEN LLP
2020 K Street, NW
Washington, DC 20006
Telephone:  (202) 373-6000
Facsimile:  (202) 373-6001

*Counsel to Anadarko Petroleum Corporation and Kerr-McGee Corporation*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| TRONOX INCORPORATED, *et al.*, | ) | Case No. 09-10156 (ALG) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| TRONOX INCORPORATED, TRONOX WORLDWIDE LLC f/k/a Kerr-McGee Chemical Worldwide LLC, and TRONOX LLC f/k/a Kerr-McGee Chemical LLC, | ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | Adv. Pro. No. 09-01198 (ALG) |
| ANADARKO PETROLEUM CORPORATION and KERR-McGEE CORPORATION, | ) ) | |
| | ) | |
| Defendants. | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Intervenor, | ) | |
| v. | ) | |
| | ) | |
| TRONOX, INC., TRONOX WORLDWIDE LLC, TRONOX LLC, KERR-McGEE CORPORATION and ANADARKO PETROLEUM CORPORATION, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ANADARKO PETROLEUM CORPORATION AND KERR-McGEE CORPORATION'S
ORIGINAL ANSWER TO PLAINTIFFS' AMENDED ADVERSARY COMPLAINT**

Anadarko Petroleum Corporation ("Anadarko") and Kerr-McGee Corporation ("Kerr-McGee")[1] (collectively, "Defendants") hereby file their Answer to the Amended Adversary Complaint ("Amended Complaint") filed by Tronox Incorporated ("Tronox Inc."), Tronox Worldwide LLC f/k/a Kerr-McGee Chemical Worldwide LLC, and Tronox LLC f/k/a Kerr-McGee Chemical LLC (collectively, "Tronox"):

**General Denial**

Except as otherwise expressly admitted, Defendants deny each and every allegation and averment in the Amended Complaint, including, without limitation, all allegations and averments contained in the preamble, headings, or subheadings of the Amended Complaint. Allegations and averments in the Amended Complaint to which no responsive pleading is required shall be deemed as denied. Defendants expressly reserve the right to amend and/or supplement their Answer as may be necessary.

Defendants do not adopt or incorporate Tronox's definitions into this Answer. Further, reference to any entity is limited to that entity as it existed at the time period for which the allegation relates, without reference to any reorganizations or changes in that entity's structure or ownership.

---

[1] For the avoidance of confusion, Defendants note that Defendant Kerr-McGee Corporation is defined as and referred to throughout this Answer as "Kerr-McGee." This Defendant is a completely separate and distinct entity from the company generally referred to in this Answer as Kerr-McGee Corporation. These two companies, both bearing the same name, are and always have been separate and distinct entities. Kerr-McGee did not exist until 2001. After Kerr-McGee was formed, the Kerr-McGee Corporation referenced herein was merged into a subsidiary of Kerr-McGee and was ultimately renamed Tronox Worldwide LLC.

**<u>Introduction</u>**

1.      Defendants deny the allegations in Paragraph 1 of the Amended Complaint, except admit that Kerr-McGee is a successful oil and gas exploration and production company.

2.      Defendants deny the allegations in Paragraph 2 of the Amended Complaint, except admit that at certain times, Kerr-McGee Corporation (as it existed at that time) and/or certain of its subsidiaries or affiliates or any of their predecessors, or entities it acquired, was or has been involved in the business of the treatment of wood products; production of rocket fuel; refining and marketing of petroleum products; and the mining, milling, and processing of nuclear materials, and that certain of these businesses were acquired with or incurred various liabilities.

3.      Defendants deny the allegations in Paragraph 3 of the Amended Complaint, except admit that in certain years, Kerr-McGee Corporation (as it existed at that time) and/or certain of its subsidiaries or affiliates or any of their predecessors enjoyed profits, and that in 1999, the EPA notified Kerr-McGee Corporation (as it existed at that time) and Kerr-McGee Chemical LLC that they potentially may be liable for clean-up costs at a Federal creosote site located in Manville, New Jersey.

4.      Defendants deny the allegations in Paragraph 4 of the Amended Complaint.

5.       Defendants deny the allegations in Paragraph 5 of the Amended Complaint, except admit that in 2002 there was a corporate restructuring internally referred to as Project Focus, which was undertaken for legitimate and sound business reasons, and that a purpose of Project Focus was to reorganize Kerr-McGee Corporation's (as it existed at that time)

and/or certain of its subsidiaries' or affiliates' or any of their predecessors' operations along business segments and/or functions.

6.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Sentence 4 of Paragraph 6 of the Amended Complaint and, therefore, deny those allegations.  Defendants deny the remaining allegations in Paragraph 6 of the Amended Complaint, except admit that (i) in 2005, Kerr-McGee explored the possibility of a sale or a spin-off of Kerr-McGee Chemical Worldwide LLC; (ii) certain potential purchasers expressed an interest in acquiring Kerr-McGee Chemical Worldwide LLC on various terms, while others did not; (iii) in April 2005, the EPA sent a letter to Kerr-McGee and Kerr-McGee Chemical LLC asserting a demand for $178.8 million in connection with the Manville site; and (iv) Kerr-McGee or its affiliates (or their predecessors) were parties to certain pending personal injury claims.

7.      Defendants deny the allegations in Paragraph 7 of the Amended Complaint.

8.      Defendants deny the allegations in Paragraph 8 of the Amended Complaint.

9.      Defendants deny the allegations in Paragraph 9 of the Amended Complaint, except admit that (i) on or about June 22, 2006, Anadarko and Kerr-McGee entered into an Agreement and Plan of Merger whereby Anadarko would acquire Kerr-McGee for approximately $18 billion in consideration; (ii) Kerr-McGee became a wholly-owned subsidiary of Anadarko on or about August 10, 2006; (iii) Luke R. Corbett served as Kerr-McGee's Chairman and Chief Executive Officer prior to the acquisition; (iv) Robert M. Wohleber served as Kerr-McGee's Senior Vice President and Chief Financial Officer prior to the acquisition, as well as the Chairman of the Board of Tronox Inc. for a certain period of time; and (v) Gregory F.

Pilcher served as Kerr-McGee's Senior Vice President and General Counsel prior to the acquisition.

10.     Defendants deny the allegations in Paragraph 10 of the Amended Complaint.

11.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 of the Amended Complaint that a potential third-party buyer said Tronox could never survive on its own and, therefore, deny those allegations.  Defendants deny the remaining allegations in Paragraph 11 of the Amended Complaint, except admit that (i) Lehman Brothers served as an investment banker in connection with both the spin-off and the Anadarko acquisition; (ii) Tronox retained approximately $40 million in cash in connection with the spin-off; (iii) in connection with the acquisition by Anadarko, certain indemnities were provided to Kerr-McGee's officers and directors for acts and omissions occurring prior to the effective time of the Anadarko acquisition; and (iv) a Lehman Brothers banker drew a picture of a pot containing a flower and a weed on more than one occasion but deny the allegation that the Lehman Brothers banker explained that the weed would choke the flower.

12.     Defendants deny the allegations in Paragraph 12 of the Amended Complaint.

## Jurisdiction and Venue

13.     Defendants admit the allegations in Paragraph 13 of the Amended Complaint to the extent that the Court has subject matter jurisdiction over this adversary proceeding and that certain, but not all, claims asserted in the Amended Complaint, as pled, are core claims.  Defendants consent to the entry of final orders or judgment by this Court pursuant to Rule 7012(b).

14.     Defendants admit the allegations in Paragraph 14 of the Amended Complaint to the extent that venue is proper in the Southern District of New York.

### Parties

15.     Defendants admit the allegations in Paragraph 15 of the Amended Complaint.

16.     The allegations in Paragraph 16 of the Amended Complaint amount to a legal conclusion for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 16 of the Amended Complaint, except admit that the Debtor Tronox Worldwide LLC f/k/a Kerr-McGee Chemical Worldwide LLC is a Debtor and a wholly-owned subsidiary of Tronox Inc.

17.     The allegations in Paragraph 17 of the Amended Complaint amount to a legal conclusion for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 17 of the Amended Complaint, except admit that the Debtor Tronox LLC f/k/a Kerr-McGee Chemical LLC is a Debtor and a wholly-owned subsidiary of Tronox Inc.

18.     The allegations in Sentence 4 of Paragraph 18 of the Amended Complaint amount to a legal conclusion for which no response is required.  To the extent a response is required, Defendants deny those allegations.  Defendants deny the remaining allegations in Paragraph 18 of the Amended Complaint, except admit that (i) Anadarko is a Delaware corporation headquartered in The Woodlands, Texas; (ii) on or about June 22, 2006, Anadarko and Kerr-McGee entered into an Agreement and Plan of Merger pursuant to which Anadarko would acquire Kerr-McGee for approximately $18 billion, including $16.4 billion in cash; and (iii) Kerr-McGee became a wholly-owned subsidiary of Anadarko on or about August 10, 2006.

19.     The allegations in Paragraph 19 of the Amended Complaint that Kerr-McGee and Anadarko are successors to "Old Kerr-McGee" amount to legal conclusions for which no response is required.  To the extent a response is required, Defendants deny those allegations.  Defendants admit that Kerr-McGee is a wholly-owned subsidiary of Anadarko.

### Background

20.     Defendants deny the allegations in Paragraph 20 of the Amended Complaint, except admit that Anderson & Kerr Drilling Company was founded in 1929 near Oklahoma City, Oklahoma, that the company grew its oil and gas exploration activities and drilling operations, and that it moved into downstream operations with the purchase of its first refinery in 1945.

21.     Defendants deny the allegations in Paragraph 21 of the Amended Complaint, except admit that (i)  Kerr-McGee Corporation (as it existed at that time) and/or certain of its subsidiaries or affiliates or any of their predecessors expanded in the 1950s into various energy-related businesses; (ii)  Kerr-McGee Corporation (as it existed at that time) and/or certain of its subsidiaries or affiliates or any of their predecessors entered the uranium industry in 1952 by acquiring mining properties in Arizona; and (iii) at some time in the 1950s Kerr-McGee Corporation (as it existed at that time) and/or certain of its subsidiaries or affiliates or any of their predecessors also (a) constructed a uranium processing mill; (b) expanded retail operations into owning and operating service stations; and (c) expanded the refining operations.

22.     Defendants deny the allegations in Paragraph 22 of the Amended Complaint, except admit that in the 1960s, Kerr-McGee Corporation (as it existed at that time) and/or certain of its subsidiaries or affiliates or any of their predecessors entered the forestry business through a series of asset purchases and acquired certain fertilizer-marketing companies.

23.     Defendants deny the allegations in Paragraph 23 of the Amended Complaint, except admit that in 1967, Kerr-McGee Corporation (as it existed at that time) and/or certain of its subsidiaries or affiliates or any of their predecessors completed a merger with American Potash Chemical Corporation and began to manufacture and market a variety of ammonium perchlorate chemicals (such as fertilizers, potash, and sodium chlorate), boron, titanium dioxide, and manganese and started construction of its first coal mine shaft near Stigler, Oklahoma.

24.     Defendants deny the allegations in Paragraph 24 of the Amended Complaint, except admit that by the 1970s, Kerr-McGee Corporation (as it existed at that time) and/or certain of its subsidiaries or affiliates or any of their predecessors were involved in various aspects of the nuclear industry, including exploration, mining, milling, and conversion of uranium oxide into uranium hexafluoride; pelletizing these materials; and fabrication of fuel elements.

25.     Defendants deny the allegations in Paragraph 25 of the Amended Complaint, except admit that by the year 2000 (i)  Kerr-McGee Corporation (as it existed at that time) and/or certain of its subsidiaries or affiliates or any of their predecessors had exited many historical business operations, and that two of its remaining businesses involved oil and gas exploration and production, and chemical related operations; (ii)  Kerr-McGee Corporation (as it existed at that time) and/or certain of its subsidiaries or affiliates or any of their predecessors had discontinued certain operations, and there were certain liabilities associated with these operations; and (iii) certain liabilities existed related to Kerr-McGee Corporation's (as it existed at that time) and/or certain of its subsidiaries' or affiliates' or any of their predecessors' historical business operations that were not related to titanium dioxide and other operations that became Tronox.

26.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation in Paragraph 26 of the Amended Complaint that consolidation in the oil and gas industry in the late 1990s increased valuations of exploration and production companies like Kerr-McGee Corporation (as it existed at that time) and, therefore, deny this allegation.  Defendants deny the remaining allegations in Paragraph 26 of the Amended Complaint.

27.     Defendants deny the allegations in Paragraph 27 of the Amended Complaint.

28.     Defendants deny the allegations in Paragraph 28 of the Amended Complaint.

29.     Defendants deny the allegations in Paragraph 29 of the Amended Complaint.

30.     Defendants admit the allegations in Paragraph 30 of the Amended Complaint.

31.     Defendants deny the allegations in Paragraph 31 of the Amended Complaint, except admit that the EPA sent a letter to Kerr-McGee Corporation (as it existed at that time) and/or certain of its subsidiaries or affiliates in July 1999 and respectfully refer the Court to that letter for the contents thereof.

32.     Defendants deny the allegations in Paragraph 32 of the Amended Complaint, except admit that the EPA sent a letter to Kerr-McGee Corporation (as it existed at that time) and/or certain of its subsidiaries or affiliates on October 18, 1999 and respectfully refer the Court to that letter for the contents thereof.

33.     Defendants deny the allegations in Paragraph 33 of the Amended Complaint, except admit that after receiving the July 1999 notice, Kerr-McGee Corporation (as it

existed at that time) and/or certain of its subsidiaries or affiliates investigated the circumstances of the Manville site and periodically provided information to the Board of Directors regarding Manville.

34.     Defendants deny the allegations in Paragraph 34 of the Amended Complaint, except admit that the United States and New Jersey governmental entities filed a lawsuit against Tronox LLC in 2008 alleging that they had incurred at least $280 million in clean up costs at Manville.

35.     Defendants deny the allegations in Paragraph 35 of the Amended Complaint.

36.     Defendants deny the allegations in Paragraph 36 of the Amended Complaint.

37.     Defendants deny the allegations in Paragraph 37 of the Amended Complaint.

38.     Defendants deny the allegations in Paragraph 38 of the Amended Complaint, except admit that (i)  Kerr-McGee Corporation's (as it existed at that time) Board of Directors approved the acquisition of certain titanium dioxide operations of Kemira Oy including plants in Savannah, Georgia and Botlek, Netherlands; (ii) the Savannah acquisition closed effective April 1, 2000; (iii) the Botlek acquisition closed effective May 1, 2000; and (iv) the total acquisition price for these operations was approximately $400 million.

39.     Defendants deny the allegations in Paragraph 39 of the Amended Complaint.

40.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40 of the Amended Complaint and, therefore, deny those allegations.

41.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Sentence 4 of Paragraph 41 of the Amended Complaint and, therefore, deny those allegations.  Defendants deny the remaining allegations in Paragraph 41 of the Amended Complaint.

42.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42 of the Amended Complaint and, therefore, deny those allegations.

43.     Defendants deny the allegations in Paragraph 43 of the Amended Complaint, except admit that (i) Kerr-McGee engaged in a corporate reorganization internally referred to as Project Focus; (ii) prior to Project Focus, certain oil and gas assets and liabilities were not included in a single chain of companies; and (iii) a purpose of Project Focus was to reorganize Kerr-McGee's and/or certain of its subsidiaries' or affiliates' or any of their predecessors' operations along business segments.

44.     Defendants deny the allegations in Paragraph 44 of the Amended Complaint, except admit that (i) at the March 13, 2001 Board meeting, Luke R. Corbett, Chairman and Chief Executive Officer of Kerr-McGee Corporation (as it existed at that time), announced that Kerr-McGee Corporation (as it existed at that time) was reviewing alternatives for various non-core businesses in the company's portfolio; and (ii) on May 8, 2001, management for Kerr-McGee Corporation (as it existed at that time) presented the Board with various strategic alternatives, including:  (a) a leveraged buy out of the chemical business, with Kerr-McGee Corporation (as it existed at that time) retaining a minority stake; (b) spinning off either the chemical or the exploration and production business; or (c) a Morris trust transaction through which a spin-off would be coupled with a merger of the chemical business and a third party.

45.      Defendants deny the allegations in Paragraph 45 of the Amended Complaint, except admit that a new company, which ultimately became known as Kerr-McGee Corporation, and a new subsidiary were created on or about May 11, 2001, and that Kerr-McGee Operating Corporation subsequently became a wholly-owned subsidiary of Kerr-McGee.

46.      Defendants deny the allegations in Paragraph 46 of the Amended Complaint, except admit that in 2002 Merrill Lynch provided Anadarko with a pitch book related to considerations associated with any potential purchase of Kerr-McGee but Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding any conclusions that Merrill Lynch might have reached.

47.      Defendants deny the allegations in Paragraph 47 of the Amended Complaint, except admit that (i) in January 2002 Anadarko conducted an initial review of the publicly available information related to Kerr-McGee; and (ii) Paragraph 47 quotes, in part, selected statements contained in an email from a former Anadarko employee involved in the 2002 review of Kerr-McGee.

48.      Defendants deny the allegations in Paragraph 48 of the Amended Complaint, except admit that Anadarko conducted an initial review of publicly available information regarding Kerr-McGee and that Paragraph 48 of the Amended Complaint references selected statements in a document related to such review.

49.      Defendants deny the allegations in Paragraph 49 of the Amended Complaint, except admit that (i) Sentence 1 of Paragraph 49 quotes, in part, a selected portion of a document; and (ii) Sentence 2 of Paragraph 49 quotes, in part, selected notes to a document.

50.      Defendants deny the allegations in Paragraph 50 of the Amended Complaint.

51.     Defendants deny the allegations in Paragraph 51 of the Amended Complaint, except admit that a unanimous written consent dated December 30, 2002, for Project Focus was signed by Kerr-McGee Operating Corporation's Board of Directors (of which Luke R. Corbett was a member) to effectuate certain legitimate internal transactions and restructuring along business segments.

52.     Defendants deny the allegations in Paragraph 52 of the Amended Complaint, except admit that the Supplemental Bond Indenture provides that substantially all of Kerr-McGee Operating Corporation's exploration and production assets were transferred to its parent, Kerr-McGee Worldwide Corporation, and that certain liabilities appropriately were not transferred into Kerr-McGee Oil & Gas Corporation.

53.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Sentence 1 of Paragraph 53 of the Amended Complaint regarding the exact value of the alleged transferred assets, in part, based on Plaintiffs' failure to identify the specific assets allegedly transferred and, therefore, Defendants deny those allegations.  Defendants deny the remaining allegations in Paragraph 53 of the Amended Complaint, except admit that the market value of the Devon Energy Corporation shares exceeded $200 million but further state that this market value does not account for the encumbrances and payment obligations associated with or owed by the holders of these shares.

54.     Defendants deny the allegations in Paragraph 54 of the Amended Complaint, except admit that the shares identified therein were transferred from Kerr-McGee Operating Corporation to one or more subsidiaries of Kerr-McGee.

55.     Defendants deny the allegations in Paragraph 55 of the Amended Complaint, except admit that an Assignment and Assumption Agreement was drafted, but never executed, and lack knowledge or information sufficient to form a belief about the truth of the

allegations in Paragraph 55 of the Amended Complaint regarding when drafting of an

Assignment and Assumption Agreement initially began.

56.     The allegation in Paragraph 56 of the Amended Complaint that "New

Kerr-McGee" remained a guarantor amounts to a legal conclusion for which no response is

required.  To the extent a response is required, Defendants deny this allegation.  Defendants also

deny the remaining allegations in Paragraph 56 of the Amended Complaint.

57.     Defendants deny the allegations in Paragraph 57 of the Amended

Complaint.

58.     Defendants deny the allegations in Paragraph 58 of the Amended

Complaint, except admit that the recession and SARS impacted demand and pricing for pigment

at certain time periods.

59.     Defendants deny the allegations in Paragraph 59 of the Amended

Complaint.

60.     Defendants deny the allegations in Paragraph 60 of the Amended

Complaint, except aver that it was determined in 2005 that the market conditions were favorable

to either sell or spin off Kerr-McGee Chemical Worldwide LLC.

61.      Defendants deny the allegations in Paragraph 61 of the Amended

Complaint, except admit that on or about February 23, 2005, Kerr-McGee announced that it had

hired an investment bank to consider strategic alternatives for the chemical business and that the

Board of Directors would consider the issue at its March 8, 2005 meeting.

62.     Defendants deny the allegations in Paragraph 62 of the Amended

Complaint, except admit that on March 8, 2005, the Kerr-McGee Board of Directors authorized

Kerr-McGee to analyze the separation of the chemical business through either a sale or spin-off

and respectfully refer the Court to the press release and letter cited therein for the contents of those documents.

63.    Defendants deny the allegations in Paragraph 63 of the Amended Complaint, except admit that (i) one individual stated, in part, that the chemical business is cyclical and therefore will undergo a downturn at some point; (ii) the management presentation prepared by Lehman Brothers included multiple slides regarding the various liabilities; and (iii) at least one slide in a version of the presentation specifically referenced the wood treatment facilities, including Manville.

64.    Defendants deny the allegations in Paragraph 64 of the Amended Complaint, except admit that in April 2005 the EPA sent a letter to Kerr-McGee and Kerr-McGee Chemical LLC containing a demand for $178.8 million in connection with the Manville site, and aver that such demand was fully and properly disclosed by Kerr-McGee.

65.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 65 of the Amended Complaint and, therefore, deny those allegations, except admit that certain potential purchasers inquired about, and conducted due diligence regarding, certain liabilities.

66.    Defendants deny the allegations in Paragraph 66 of the Amended Complaint, except admit that certain potential purchasers expressed interest in acquiring Kerr-McGee Chemical Worldwide LLC without certain liabilities, and that one potential purchaser, prior to conducting substantive due diligence, indicated it would offer $300 million to $1.2 billion for Kerr-McGee Chemical Worldwide LLC depending on the assumption of certain liabilities.

67.    Defendants deny the allegations in Paragraph 67 of the Amended Complaint.

68.    Defendants deny the allegations in Paragraph 68 of the Amended Complaint that there was an effort to "finish off" Project Focus in April 2005.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 68 of the Amended Complaint and, therefore, deny those allegations.

69.    Defendants deny the allegations in Paragraph 69 of the Amended Complaint, except admit that Tronox Worldwide LLC potentially could seek, but would not be entitled to, contribution from Kerr-McGee for certain liabilities.

70.    Defendants deny the allegations in Paragraph 70 of the Amended Complaint.

71.    Defendants deny the allegations in Paragraph 71 of the Amended Complaint, except admit that a version of an Assignment, Assumption and Indemnity Agreement was distributed after receipt of an EPA demand letter regarding Manville.

72.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 72 of the Amended Complaint regarding the exact date of the execution of the Assignment, Assumption and Indemnity Agreement and, therefore, deny those allegations.  Defendants also deny the remaining allegations in Paragraph 72 of the Amended Complaint, except admit that in 2005 Kerr-McGee Chemical Worldwide LLC and Kerr-McGee Oil & Gas Corporation executed an Assignment, Assumption and Indemnity Agreement that is dated as of December 31, 2002.

73.    Defendants deny the allegations in Paragraph 73 of the Amended Complaint.

74.    Defendants deny the allegations in Paragraph 74 of the Amended Complaint.

75.     Defendants deny the allegations in Paragraph 75 of the Amended Complaint, except admit that Kerr-McGee Chemical Worldwide LLC and Kerr-McGee Oil & Gas Corporation executed an Assignment Agreement dated as of December 31, 2002, and respectfully refer the Court to the Assignment Agreement for the terms thereof.

76.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 76 of the Amended Complaint and, therefore, deny those allegations, except admit that Kerr-McGee Chemical Worldwide LLC and Kerr-McGee Oil & Gas Corporation executed an Assignment Agreement dated as of December 31, 2002.

77.     Defendants deny the allegations in Paragraph 77 of the Amended Complaint.

78.     Defendants deny the allegations in Paragraph 78 of the Amended Complaint, except admit that Kerr-McGee had extensive negotiations in 2005 with Apollo Management, L.P. ("Apollo") regarding the purchase of Kerr-McGee Chemical Worldwide LLC.

79.     Defendants deny the allegations in Paragraph 79 of the Amended Complaint, except admit that in August 2005, a proposed purchase and sale agreement was drafted, but never executed, whereby Apollo would have received an indemnity that was capped at approximately $400 million for certain liabilities, including the wood treatment facilities.

80.     Defendants deny the allegations in Paragraph 80 of the Amended Complaint, except admit that a final agreement with Apollo was never consummated and, thereafter, Tronox was properly spun off.

81.     Defendants deny the allegations in Paragraph 81 of the Amended Complaint, except admit that Kerr-McGee concurrently considered an IPO and share distribution or sale of the business held by Kerr-McGee Chemical Worldwide LLC.

82.     Defendants deny the allegations in Paragraph 82 of the Amended Complaint, except admit that Lehman Brothers made presentations in July 2005 comparing the Apollo bid with a potential spin-off, and aver that at least one Lehman Brothers' presentation indicated that while the Apollo sale could result in receipt of after-tax cash proceeds of approximately $500 million more than the after-tax cash proceeds of the potential spin-off, the potential spin-off would generate a greater after-tax value to shareholders.

83.     Defendants deny the allegations in Paragraph 83 of the Amended Complaint, except admit that Apollo attempted to reduce its offer by making the allegations referenced in Paragraph 83 of the Amended Complaint.

84.     Defendants deny the allegations in Paragraph 84 of the Amended Complaint.

85.     Defendants deny the allegations in Paragraph 85 of the Amended Complaint.

86.     Defendants deny the allegations in Paragraph 86 of the Amended Complaint, except admit that on September 12, 2005, an Amended and Restated Certificate of Incorporation was filed with the Delaware Secretary of State changing the name of "New-Co Chemical, Inc." to "Tronox Incorporated."

87.     Defendants deny the allegations in Paragraph 87 of the Amended Complaint, except admit that the parties were working on the Master Separation Agreement ("MSA") and ancillary agreements in or around September 2005, and that the chemical business was represented by its own business personnel and legal counsel in connection with the separation from Kerr-McGee.

88.     Defendants deny the allegations in Paragraph 88 of the Amended Complaint, except admit that Kerr-McGee's Board of Directors approved proceeding with an IPO of Tronox Inc., potentially followed by a stock distribution to Kerr-McGee's shareholders.

89.     Defendants deny the allegations in Paragraph 89 of the Amended Complaint, except admit that in a Lehman Brothers document it was noted that the separation of legacy liabilities could be complicated under a bankruptcy scenario.

90.     Defendants deny the allegations in Paragraph 90 of the Amended Complaint, except admit that Kerr-McGee agreed to reimburse Tronox Inc. for 50 percent of qualifying environmental costs up to a total of $100 million for seven years from the effective date of the MSA.

91.     Defendants deny the allegations in Paragraph 91 of the Amended Complaint, except admit that Tronox Inc. and/or its subsidiaries incurred $550 million in debt in connection with its acquisition of Tronox Worldwide LLC, and at certain times has incurred interest on its debts in excess of $30 million annually.

92.     Defendants deny the allegations in Paragraph 92 of the Amended Complaint, except admit that Tronox Inc. and/or its subsidiaries retained approximately $40 million in cash after the IPO and aver that they were adequately capitalized.

93.     Defendants deny the allegations in Paragraph 93 of the Amended Complaint, except admit that there are certain indemnification obligations between and among Tronox Inc. and/or certain of its subsidiaries and Kerr-McGee and/or certain of its subsidiaries.

94.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Sentences 2 and 3 of Paragraph 94 of the Amended Complaint and, therefore, deny those allegations.  Defendants deny the remaining allegations in Paragraph 94 of the Amended Complaint.

95.    Defendants deny the allegations in Paragraph 95 of the Amended Complaint, except admit that certain members of Tronox's management team participated in a November 2005 road show to make presentations to potential investors in connection with the IPO, and that Kerr-McGee and Lehman Brothers were involved in preparing those presentations.

96.    Defendants deny the allegations in Paragraph 96 of the Amended Complaint, except admit that a Lehman Brothers banker drew a diagram of a pot containing a flower and a weed on more than one occasion and aver that the allegation in Paragraph 96 of the Amended Complaint related to the "conclusion" regarding the purpose or meaning of the drawing is false.

97.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 97 of the Amended Complaint and, therefore, deny those allegations.

98.    Defendants deny the allegations in Paragraph 98 of the Amended Complaint.

99.    Defendants deny the allegations in Paragraph 99 of the Amended Complaint, except admit that it was anticipated that Tronox would be able to realize approximately $150 million in cash following the spin-off through the sale of land in Nevada, and that this sale contract eventually was terminated.

100.    Defendants deny the allegations in Paragraph 100 of the Amended Complaint.

101.    Defendants deny the allegations in Paragraph 101 of the Amended Complaint, except admit that Kerr-McGee Corporation (as it existed at that time) and/or certain of its affiliates and subsidiaries investigated additional wood treatment sites in addition to Manville.

102.    Defendants deny the allegations in Paragraph 102 of the Amended Complaint.

103.    Defendants deny the allegations in Paragraph 103 of the Amended Complaint.

104.    Defendants deny the allegations in Paragraph 104 of the Amended Complaint, except admit that Akin Gump Strauss Hauer & Feld LLP was counsel for the Underwriters for the IPO and commented on and approved the disclosures in the Registration Statement.

105.    Defendants deny the allegations in Paragraph 105 of the Amended Complaint, except admit that Plaintiffs attempt to quote a portion of the Registration Statement.

106.    Defendants deny the allegations in Paragraph 106 of the Amended Complaint, except admit that it quotes portions of the Registration Statement and respectfully refer the Court to the Registration Statement for the terms thereof.

107.    Defendants deny the allegations in Paragraph 107 of the Amended Complaint, except admit that Apollo engaged Morgan Lewis & Bockius to conduct certain due diligence.

108.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Sentences 1 and 3 of Paragraph 108 of the Amended Complaint and, therefore, deny those allegations.  Defendants also deny the remaining allegations in Paragraph 108 of the Amended Complaint, except admit that in December 2005, Tronox LLC entered settlement agreements for certain claims relating to wood treatment.

109.    Defendants deny the allegations in Paragraph 109 of the Amended Complaint, except admit that Paragraph 109 quotes, in part, statements contained in a November 2006 email from a former Anadarko employee.

110.    Defendants deny the allegations in Paragraph 110 of the Amended Complaint.

111.    Defendants deny the allegations in Paragraph 111 of the Amended Complaint, except admit that in connection with the spin-off, Kerr-McGee and/or certain of its subsidiaries and Tronox Inc. and/or certain of its subsidiaries entered into: (a) a Master Separation Agreement; (b) a Registration Rights Agreement; (c) a Transitional License Agreement; (d) a Tax Sharing Agreement; (e) an Employee Benefits Agreement; and (f) a Transition Services Agreement.

112.    Defendants deny the allegations in Paragraph 112 of the Amended Complaint, except admit that (i) as provided in the Master Separation Agreement, on November 28, 2005, among other things, Kerr-McGee Worldwide Corporation transferred its interest in Kerr-McGee Chemical Worldwide LLC to Tronox Inc. and agreed to reimburse Tronox Inc. for certain environmental costs up to a total of $100 million; (ii) certain intercompany debt was eliminated; (iii) Kerr-McGee owned 22,889,431 shares of Class B Common Stock in Tronox Inc.; (iv) Kerr-McGee received approximately $787.8 million consisting of: (a) $224.7 million in proceeds from the IPO of Tronox Inc.'s Class A Common Stock; (b) $537.1 million in proceeds from the $550 million in debt Tronox incurred in connection with the spin-off; and (c) approximately $26 million in cash which was the excess cash Tronox Inc. had on hand above $40 million at the time of the IPO; and (v) certain indemnities were provided to and by Tronox Inc.

113.    Defendants deny the allegations in Paragraph 113 of the Amended Complaint, except admit that in connection with the MSA, Tronox Inc. agreed to sponsor certain employee benefit plans, including a defined benefit plan and retiree medical and life insurance

plans, for certain employees and/or retirees, including employees and/or retirees involved in the chemical, refining, coal, nuclear, and offshore contract drilling business units.

114.    Defendants deny the allegations in Paragraph 114 of the Amended Complaint, except admit that (i) Tronox Inc. completed the IPO of its Class A Common Stock on November 28, 2005; (ii) Kerr-McGee owned a majority voting interest in Tronox Inc. until March 30, 2006; and (iii) certain officers of Kerr-McGee served on Tronox Inc.'s Board of Directors, including serving as the Chairman of Tronox Inc.'s Board, for a period after the IPO.

115.    The allegations in Sentences 1, 2, and 3 of Paragraph 115 of the Amended Complaint amount to legal conclusions for which no response is required.  To the extent a response is required, Defendants deny those allegations.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding the reasons the closings did not occur at various times and, therefore, deny those allegations.  Defendants also deny the remaining allegations in Paragraph 115 of the Amended Complaint, except admit that (i) it was anticipated that Tronox would be able to realize approximately $150 million in cash following the spin-off through the sale of land in Nevada; (ii) sales of portions of the land initially had estimated closing dates of July, October, and November 2005 but did not close on those dates; and (iii) this sale contract eventually was terminated by Centex in January 2007.

116.    Defendants deny the allegations in Paragraph 116 of the Amended Complaint, except admit that (i) on March 8, 2006 the Board of Directors of Kerr-McGee approved the distribution of shares of Tronox Inc. Class B Common Stock to the shareholders of Kerr-McGee; (ii) after the distribution, Kerr-McGee no longer held any interest in Tronox Inc.; and (iii) pursuant to the terms of the November 28, 2005 Employee Benefits Agreement, certain assets and liabilities held in the Kerr-McGee Retirement Plan and Trust were transferred to the Tronox Inc. Retirement Plan and Trust effective as of the Distribution Date.

117.    Defendants deny the allegations in Paragraph 117 of the Amended Complaint, except admit that Kerr-McGee distributed its shares of Tronox Inc.'s Class B Common Stock to its shareholders through a dividend of such securities on March 30, 2006.

118.    Defendants deny the allegations in Paragraph 118 of the Amended Complaint.

119.    Defendants deny the allegations in Paragraph 119 of the Amended Complaint.

120.    Defendants deny the allegations in Paragraph 120 of the Amended Complaint, except admit that in connection with the MSA, and in consideration of assets transferred, Kerr-McGee Worldwide Corporation received approximately $785 million, and that the MSA provided for certain mutual indemnities and/or reimbursement rights and obligations.

121.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 121 of the Amended Complaint regarding the amount Tronox has allegedly spent on "Legacy Liabilities" since November 28, 2005 and, therefore, deny those allegations.  Defendants deny the remaining allegations in Paragraph 121 of the Amended Complaint, except admit that (i) in connection with the MSA, Kerr-McGee Worldwide Corporation transferred its interest in Tronox Worldwide LLC to Tronox Inc.; (ii) the net intercompany debt was converted into equity in Tronox Inc.; (iii) Tronox Inc. received a right to be reimbursed for up to $100 million of certain environmental costs; (iv) Tronox Inc. has been paid approximately $4 million pursuant to the MSA reimbursement provision; and (v) the reimbursement obligation set forth in the MSA expires by its terms in November 2012.

122.    Defendants deny the allegations in Paragraph 122 of the Amended Complaint.

123. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 123 of the Amended Complaint regarding the conclusions allegedly reached by the unnamed individuals referenced in Paragraph 123 of the Amended Complaint and, therefore, deny those allegations. Defendants deny the remaining allegations in Paragraph 123 of the Amended Complaint.

124. Defendants deny the allegations in Paragraph 124 of the Amended Complaint, except admit that on June 22, 2006, Anadarko and Kerr-McGee entered into a merger agreement pursuant to which Anadarko would acquire 100 percent of the outstanding stock of Kerr-McGee for approximately $70.50/share in cash, and that this represented approximately a 40 percent premium to Kerr-McGee's share price as of the last trading day preceding the acquisition announcement.

125. Defendants deny the allegations in Paragraph 125 of the Amended Complaint, except admit that Kerr-McGee's shareholders voted to approve the offer on August 10, 2006, and thereafter Kerr-McGee became a wholly owned subsidiary of Anadarko.

126. Defendants deny the allegations in Paragraph 126 of the Amended Complaint, except admit that (i) Luke R. Corbett served as Kerr-McGee's Chairman and Chief Executive Officer prior to the acquisition; (ii) Robert M. Wohleber served as Kerr-McGee's Chief Financial Officer prior to the acquisition, as well as the Chairman of the Board of Tronox Inc. for a certain period of time after the IPO; and (iii) Gregory F. Pilcher served as Kerr-McGee's General Counsel prior to the acquisition.

127. Defendants deny the allegations in Paragraph 127 of the Amended Complaint, except admit that certain indemnities were provided to Kerr-McGee's officers and directors for acts and omissions occurring prior to the effective time of the Anadarko acquisition.

128.    Defendants deny the allegations in Paragraph 128 of the Amended Complaint, except admit that (i) Plaintiffs quote, in part, statements contained in a December 2006 email from a former Anadarko employee regarding the Manville site; and (ii) Plaintiffs quote, in part, language from Anadarko's 2006 and 2007 Annual Reports.

129.    Defendants deny the allegations in Paragraph 129 of the Amended Complaint, except admit that Plaintiffs quote, in part, language from Anadarko's 2008 Annual Report and respectfully refer the Court to the Annual Report for the terms thereof.

130.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Sentences 2 and 3 of Paragraph 130 of the Amended Complaint and, therefore, deny those allegations.  Defendants deny the remaining allegations in Paragraph 130 of the Amended Complaint.

131.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 131 of the Amended Complaint and, therefore, deny those allegations.

132.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 132 of the Amended Complaint regarding Tronox's liquidity and efforts in general to obtain debtor-in-possession ("DIP") financing and, therefore, deny those allegations. Defendants deny the remaining allegations in Paragraph 132 of the Amended Complaint, except admit that Anadarko is not primarily in the business of lending money and that in 2008 Tronox contacted Anadarko to inquire as to whether Anadarko would consider providing DIP financing to Tronox.

133.    Defendants deny the allegations in Paragraph 133 of the Amended Complaint, except admit that Anadarko was willing to consider potentially providing DIP financing to Tronox.

134.    Defendants deny the allegations in Paragraph 134 of the Amended Complaint, except admit that Lehman Brothers noted that the separation of legacy liabilities could be complicated under a bankruptcy scenario.

### Claims for Relief

### COUNT I
### Actual Fraudulent Transfer

135.    Defendants incorporate by reference all responses contained in the foregoing paragraphs as if set forth fully herein.

136.    Defendants deny the allegations in Paragraph 136 of the Amended Complaint.

137.    Defendants deny the allegations in Paragraph 137 of the Amended Complaint.

138.    Defendants deny the allegations in Paragraph 138 of the Amended Complaint, except admit that Kerr-McGee was either the direct or indirect parent of the Tronox entities at the time of the IPO.

139.    Defendants deny the allegations in Paragraph 139 of the Amended Complaint.

140.    Defendants deny the allegations in Paragraph 140 of the Amended Complaint.

141.    Defendants deny the allegations in Paragraph 141 of the Amended Complaint.

142.    Defendants deny the allegations in Paragraph 142 of the Amended Complaint.

143.    Defendants deny the allegations in Paragraph 143 of the Amended Complaint.

## COUNT II
## Constructive Fraudulent Transfer

144.    Defendants incorporate by reference all responses contained in the foregoing paragraphs as if set forth fully herein.

145.    Defendants deny the allegations in Paragraph 145 of the Amended Complaint.

146.    Defendants deny the allegations in Paragraph 146 of the Amended Complaint.

147.    Defendants deny the allegations in Paragraph 147 of the Amended Complaint, except admit that Kerr-McGee was either the direct or indirect parent of the Tronox entities at the time of the IPO.

148.    Defendants deny the allegations in Paragraph 148 of the Amended Complaint.

149.    Defendants deny the allegations in Paragraph 149 of the Amended Complaint.

150.    Defendants deny the allegations in Paragraph 150 of the Amended Complaint.

151.    Defendants deny the allegations in Paragraph 151 of the Amended Complaint.

152.    Defendants deny the allegations in Paragraph 152 of the Amended Complaint.

153.    Defendants deny the allegations in Paragraph 153 of the Amended Complaint.

154.    Defendants deny the allegations in Paragraph 154 of the Amended Complaint.

## COUNT III
## Constructive Fraudulent Transfer

155.     Defendants incorporate by reference all responses contained in the foregoing paragraphs as if set forth fully herein.

156.     Defendants deny the allegations in Paragraph 156 of the Amended Complaint.

157.     Defendants deny the allegations in Paragraph 157 of the Amended Complaint.

158.     Defendants deny the allegations in Paragraph 158 of the Amended Complaint.

159.     Defendants deny the allegations in Paragraph 159 of the Amended Complaint.

160.     Defendants deny the allegations in Paragraph 160 of the Amended Complaint.

161.     Defendants deny the allegations in Paragraph 161 of the Amended Complaint.

162.     Defendants deny the allegations in Paragraph 162 of the Amended Complaint.

## COUNT IV
## Breach of Fiduciary Duty

163.     Defendants incorporate by reference all responses contained in the foregoing paragraphs as if set forth fully herein.

164.     Pursuant to the Order Denying in Part and Granting in Part Defendants' Motion to Dismiss Plaintiffs' Adversary Complaint filed on April 30, 2010, Defendants will file a motion to dismiss Counts IV, V, and VI of the Amended Complaint on or before May 26,

2010, and are therefore not required to respond to the allegations in Paragraph 164 of the Amended Complaint at this time.

165.    Pursuant to the Order Denying in Part and Granting in Part Defendants' Motion to Dismiss Plaintiffs' Adversary Complaint filed on April 30, 2010, Defendants will file a motion to dismiss Counts IV, V, and VI of the Amended Complaint on or before May 26, 2010, and are therefore not required to respond to the allegations in Paragraph 165 of the Amended Complaint at this time.

166.    Pursuant to the Order Denying in Part and Granting in Part Defendants' Motion to Dismiss Plaintiffs' Adversary Complaint filed on April 30, 2010, Defendants will file a motion to dismiss Counts IV, V, and VI of the Amended Complaint on or before May 26, 2010, and are therefore not required to respond to the allegations in Paragraph 166 of the Amended Complaint at this time.

167.    Pursuant to the Order Denying in Part and Granting in Part Defendants' Motion to Dismiss Plaintiffs' Adversary Complaint filed on April 30, 2010, Defendants will file a motion to dismiss Counts IV, V, and VI of the Amended Complaint on or before May 26, 2010, and are therefore not required to respond to the allegations in Paragraph 167 of the Amended Complaint at this time.

168.    Pursuant to the Order Denying in Part and Granting in Part Defendants' Motion to Dismiss Plaintiffs' Adversary Complaint filed on April 30, 2010, Defendants will file a motion to dismiss Counts IV, V, and VI of the Amended Complaint on or before May 26, 2010, and are therefore not required to respond to the allegations in Paragraph 168 of the Amended Complaint at this time.

169.    Pursuant to the Order Denying in Part and Granting in Part Defendants' Motion to Dismiss Plaintiffs' Adversary Complaint filed on April 30, 2010, Defendants will file

a motion to dismiss Counts IV, V, and VI of the Amended Complaint on or before May 26, 2010, and are therefore not required to respond to the allegations in Paragraph 169 of the Amended Complaint at this time.

170.    Pursuant to the Order Denying in Part and Granting in Part Defendants' Motion to Dismiss Plaintiffs' Adversary Complaint filed on April 30, 2010, Defendants will file a motion to dismiss Counts IV, V, and VI of the Amended Complaint on or before May 26, 2010, and are therefore not required to respond to the allegations in Paragraph 170 of the Amended Complaint at this time.

171.    Pursuant to the Order Denying in Part and Granting in Part Defendants' Motion to Dismiss Plaintiffs' Adversary Complaint filed on April 30, 2010, Defendants will file a motion to dismiss Counts IV, V, and VI of the Amended Complaint on or before May 26, 2010, and are therefore not required to respond to the allegations in Paragraph 171 of the Amended Complaint at this time.

172.    Pursuant to the Order Denying in Part and Granting in Part Defendants' Motion to Dismiss Plaintiffs' Adversary Complaint filed on April 30, 2010, Defendants will file a motion to dismiss Counts IV, V, and VI of the Amended Complaint on or before May 26, 2010, and are therefore not required to respond to the allegations in Paragraph 172 of the Amended Complaint at this time.

173.    Pursuant to the Order Denying in Part and Granting in Part Defendants' Motion to Dismiss Plaintiffs' Adversary Complaint filed on April 30, 2010, Defendants will file a motion to dismiss Counts IV, V, and VI of the Amended Complaint on or before May 26, 2010, and are therefore not required to respond to the allegations in Paragraph 173 of the Amended Complaint at this time.

174.    Pursuant to the Order Denying in Part and Granting in Part Defendants'
Motion to Dismiss Plaintiffs' Adversary Complaint filed on April 30, 2010, Defendants will file
a motion to dismiss Counts IV, V, and VI of the Amended Complaint on or before May 26,
2010, and are therefore not required to respond to the allegations in Paragraph 174 of the
Amended Complaint at this time.

175.    Pursuant to the Order Denying in Part and Granting in Part Defendants'
Motion to Dismiss Plaintiffs' Adversary Complaint filed on April 30, 2010, Defendants will file
a motion to dismiss Counts IV, V, and VI of the Amended Complaint on or before May 26,
2010, and are therefore not required to respond to the allegations in Paragraph 175 of the
Amended Complaint at this time.

176.    Pursuant to the Order Denying in Part and Granting in Part Defendants'
Motion to Dismiss Plaintiffs' Adversary Complaint filed on April 30, 2010, Defendants will file
a motion to dismiss Counts IV, V, and VI of the Amended Complaint on or before May 26,
2010, and are therefore not required to respond to the allegations in Paragraph 176 of the
Amended Complaint at this time.

177.    Pursuant to the Order Denying in Part and Granting in Part Defendants'
Motion to Dismiss Plaintiffs' Adversary Complaint filed on April 30, 2010, Defendants will file
a motion to dismiss Counts IV, V, and VI of the Amended Complaint on or before May 26,
2010, and are therefore not required to respond to the allegations in Paragraph 177 of the
Amended Complaint at this time.

178.    Pursuant to the Order Denying in Part and Granting in Part Defendants'
Motion to Dismiss Plaintiffs' Adversary Complaint filed on April 30, 2010, Defendants will file
a motion to dismiss Counts IV, V, and VI of the Amended Complaint on or before May 26,

2010, and are therefore not required to respond to the allegations in Paragraph 178 of the
Amended Complaint at this time.

### COUNT V
### Civil Conspiracy

179.    Defendants incorporate by reference all responses contained in the
foregoing paragraphs as if set forth fully herein.

180.    Pursuant to the Order Denying in Part and Granting in Part Defendants'
Motion to Dismiss Plaintiffs' Adversary Complaint filed on April 30, 2010, Defendants will file
a motion to dismiss Counts IV, V, and VI of the Amended Complaint on or before May 26,
2010, and are therefore not required to respond to the allegations in Paragraph 180 of the
Amended Complaint at this time.

181.    Pursuant to the Order Denying in Part and Granting in Part Defendants'
Motion to Dismiss Plaintiffs' Adversary Complaint filed on April 30, 2010, Defendants will file
a motion to dismiss Counts IV, V, and VI of the Amended Complaint on or before May 26,
2010, and are therefore not required to respond to the allegations in Paragraph 181 of the
Amended Complaint at this time.

182.    Pursuant to the Order Denying in Part and Granting in Part Defendants'
Motion to Dismiss Plaintiffs' Adversary Complaint filed on April 30, 2010, Defendants will file
a motion to dismiss Counts IV, V, and VI of the Amended Complaint on or before May 26,
2010, and are therefore not required to respond to the allegations in Paragraph 182 of the
Amended Complaint at this time.

183.    Pursuant to the Order Denying in Part and Granting in Part Defendants'
Motion to Dismiss Plaintiffs' Adversary Complaint filed on April 30, 2010, Defendants will file
a motion to dismiss Counts IV, V, and VI of the Amended Complaint on or before May 26,

2010, and are therefore not required to respond to the allegations in Paragraph 183 of the Amended Complaint at this time.

184.    Pursuant to the Order Denying in Part and Granting in Part Defendants' Motion to Dismiss Plaintiffs' Adversary Complaint filed on April 30, 2010, Defendants will file a motion to dismiss Counts IV, V, and VI of the Amended Complaint on or before May 26, 2010, and are therefore not required to respond to the allegations in Paragraph 184 of the Amended Complaint at this time.

185.    Pursuant to the Order Denying in Part and Granting in Part Defendants' Motion to Dismiss Plaintiffs' Adversary Complaint filed on April 30, 2010, Defendants will file a motion to dismiss Counts IV, V, and VI of the Amended Complaint on or before May 26, 2010, and are therefore not required to respond to the allegations in Paragraph 185 of the Amended Complaint at this time.

186.    Pursuant to the Order Denying in Part and Granting in Part Defendants' Motion to Dismiss Plaintiffs' Adversary Complaint filed on April 30, 2010, Defendants will file a motion to dismiss Counts IV, V, and VI of the Amended Complaint on or before May 26, 2010, and are therefore not required to respond to the allegations in Paragraph 186 of the Amended Complaint at this time.

187.    Pursuant to the Order Denying in Part and Granting in Part Defendants' Motion to Dismiss Plaintiffs' Adversary Complaint filed on April 30, 2010, Defendants will file a motion to dismiss Counts IV, V, and VI of the Amended Complaint on or before May 26, 2010, and are therefore not required to respond to the allegations in Paragraph 187 of the Amended Complaint at this time.

188.    Pursuant to the Order Denying in Part and Granting in Part Defendants' Motion to Dismiss Plaintiffs' Adversary Complaint filed on April 30, 2010, Defendants will file

a motion to dismiss Counts IV, V, and VI of the Amended Complaint on or before May 26, 2010, and are therefore not required to respond to the allegations in Paragraph 188 of the Amended Complaint at this time.

189.    Pursuant to the Order Denying in Part and Granting in Part Defendants' Motion to Dismiss Plaintiffs' Adversary Complaint filed on April 30, 2010, Defendants will file a motion to dismiss Counts IV, V, and VI of the Amended Complaint on or before May 26, 2010, and are therefore not required to respond to the allegations in Paragraph 189 of the Amended Complaint at this time.

190.    Pursuant to the Order Denying in Part and Granting in Part Defendants' Motion to Dismiss Plaintiffs' Adversary Complaint filed on April 30, 2010, Defendants will file a motion to dismiss Counts IV, V, and VI of the Amended Complaint on or before May 26, 2010, and are therefore not required to respond to the allegations in Paragraph 190 of the Amended Complaint at this time.

191.    Pursuant to the Order Denying in Part and Granting in Part Defendants' Motion to Dismiss Plaintiffs' Adversary Complaint filed on April 30, 2010, Defendants will file a motion to dismiss Counts IV, V, and VI of the Amended Complaint on or before May 26, 2010, and are therefore not required to respond to the allegations in Paragraph 191 of the Amended Complaint at this time.

## COUNT VI
### Aiding And Abetting Breach of Fiduciary Duty

192.    Defendants incorporate by reference all responses contained in the foregoing paragraphs as if set forth fully herein.

193.    Pursuant to the Order Denying in Part and Granting in Part Defendants' Motion to Dismiss Plaintiffs' Adversary Complaint filed on April 30, 2010, Defendants will file a motion to dismiss Counts IV, V, and VI of the Amended Complaint on or before May 26,

2010, and are therefore not required to respond to the allegations in Paragraph 193 of the Amended Complaint at this time.

194.    Pursuant to the Order Denying in Part and Granting in Part Defendants' Motion to Dismiss Plaintiffs' Adversary Complaint filed on April 30, 2010, Defendants will file a motion to dismiss Counts IV, V, and VI of the Amended Complaint on or before May 26, 2010, and are therefore not required to respond to the allegations in Paragraph 194 of the Amended Complaint at this time.

195.    Pursuant to the Order Denying in Part and Granting in Part Defendants' Motion to Dismiss Plaintiffs' Adversary Complaint filed on April 30, 2010, Defendants will file a motion to dismiss Counts IV, V, and VI of the Amended Complaint on or before May 26, 2010, and are therefore not required to respond to the allegations in Paragraph 195 of the Amended Complaint at this time.

196.    Pursuant to the Order Denying in Part and Granting in Part Defendants' Motion to Dismiss Plaintiffs' Adversary Complaint filed on April 30, 2010, Defendants will file a motion to dismiss Counts IV, V, and VI of the Amended Complaint on or before May 26, 2010, and are therefore not required to respond to the allegations in Paragraph 196 of the Amended Complaint at this time.

197.    Pursuant to the Order Denying in Part and Granting in Part Defendants' Motion to Dismiss Plaintiffs' Adversary Complaint filed on April 30, 2010, Defendants will file a motion to dismiss Counts IV, V, and VI of the Amended Complaint on or before May 26, 2010, and are therefore not required to respond to the allegations in Paragraph 197 of the Amended Complaint at this time.

## Defendants' Affirmative Defenses

Defendants assert the following affirmative defenses and reserve the right to amend this Answer to assert other and further defenses when and if, in the course of their investigation, discovery, or preparation for trial it becomes appropriate. By designating these matters "defenses," Defendants do not intend to suggest either that Plaintiffs do not bear the burden of proof as to such matters or that such matters are not elements of Plaintiffs' *prima facie* case against Defendants.

1.      The Amended Complaint fails to state a claim upon which relief can be granted.

2.      Plaintiffs lack standing to assert certain claims in the Amended Complaint.

3.      Plaintiffs' claims are barred, in whole or in part, by the statute of limitations or repose.

4.      Plaintiffs' claims are barred, in whole or in part, by the business judgment rule.

5.      Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or laches.

6.      Plaintiffs' claims are barred, in whole or in part, because Defendants took any property transferred in good faith and for value, and Defendants may retain any interest transferred or may enforce any obligation incurred, as the case may be, to the extent that Defendants gave value to the Debtors in exchange for the transfer.

7.      Any recovery against Defendants is limited by the single satisfaction rule in 11 U.S.C. §550(d).

8.      Plaintiffs' claims are barred, in whole or in part, by the doctrines of accord and satisfaction and/or payment.

9.      Plaintiffs' claims are barred, in whole or part, because Defendants took for value, in good faith, and without knowledge of the voidability of the transfer avoided.

10.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of unclean hands and *in pari delicto*.

11.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of ratification.

12.     Plaintiffs' claims are barred, in whole or in part, to the extent that any of the alleged transfer(s) were authorized by law or court order.

13.     Plaintiffs' claims are barred, in whole or in part, based on the doctrine of subsequent intervening cause.

14.     Any transfer to Defendants from the Debtors was in exchange for reasonably equivalent value.

15.     Defendants assert all rights of recoupment and setoff.

16.     Plaintiffs' claims are barred, in whole or part, to the extent their alleged injuries were not caused, actually or proximately, or contributed to by any acts on the part of the Defendants.

17.     To the extent Plaintiffs seek equitable subordination of the Defendants' claims to the other creditors, such other creditors have not suffered injury by virtue of the Defendants' alleged conduct.

18.     Plaintiffs' claims are barred, in whole or part, to the extent the alleged transfers were not made to or on behalf of the Defendants.

19.     Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' own comparative fault or wrongdoing.

20.    Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate their damages, if any.

21.    Plaintiffs' claims are barred, in whole or in part, by the single entity defense.

22.    Plaintiffs' claims are barred, in whole or part, because Defendants at all times acted in good faith, with reasonable care and diligence.  Defendants thus lacked scienter.

### PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request that the Court dismiss Plaintiffs' claims against them; enter a judgment that Plaintiffs take nothing; award costs, disbursements, and attorneys' fees to Defendants; and grant Defendants all such other and further relief, whether in law or equity, to which they are entitled and that the Court deems just and proper.

Houston, Texas
Dated: May 19, 2010


|  | /s/ Melanie Gray |
|---|---|
| Richard A. Rothman (RR 0507) | Melanie Gray (*admitted pro hac vice*) |
| Bruce S. Meyer (BM 3506) | Lydia Protopapas (LP 8089) |
| Lori L. Pines (LP 3005) | Jason W. Billeck (*admitted pro hac vice*) |
| Weil, Gotshal & Manges LLP | Weil, Gotshal & Manges LLP |
| 767 Fifth Avenue | 700 Louisiana, Suite 1600 |
| New York, New York 10153 | Houston, Texas 77002 |
| Telephone: (212) 310-8000 | Telephone: (713) 546-5000 |
| Facsimile: (212) 310-8007 | Facsimile: (713) 224-9511 |
| | |
| Duke K. McCall, III (*admitted pro hac vice*) | James J. Dragna (*admitted pro hac vice*) |
| Bingham McCutchen LLP | Bingham McCutchen LLP |
| 2020 K Street, NW | 355 South Grand Avenue, Suite 4400 |
| Washington, DC 20006 | Los Angeles, California 90071 |
| Telephone: (202) 373-6000 | Telephone: (213) 680-6400 |
| Facsimile: (202) 373-6001 | Facsimile: (213) 680-6499 |

*Counsel to Anadarko Petroleum Corporation and Kerr-McGee Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **Anadarko Petroleum Corporation and Kerr-McGee Corporation's Original Answer to Plaintiffs' Amended Adversary Complaint** was served on the following counsel of record on May 19, 2010, as indicated below:

***Via email jonathan.henes@kirkland.com***
Jonathan S. Henes
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022

***Via email jeffrey.zeiger@kirkland.com***
***and jzeiger@kirkland.com***
Jeffrey J. Zeiger
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois 60654

***Via email susan.golden@usdoj.gov***
Susan D. Golden
OFFICE OF THE UNITED STATES TRUSTEE
33 Whitehall Street
New York, New York 10004

***Via email rtrust@cravath.com***
Robert Trust
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019-7475

***Via email david.crichlow@pillsburylaw.com***
David A. Crichlow
Craig A. Barbarosh
Karen B. Dine
PILLSBURY WINTHROP SHAW PITTMAN LLP
1540 Broadway
New York, New York 10036

***Via email dfriedman@kasowitz.com***
David M. Friedman
David J. Mark
Ross G. Shank
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, New York 10019

***Via email joseph.pantoja@usdoj.gov***
Lev L. Dassin
U.S. ATTORNEY FOR THE
SOUTHERN DISTRICT OF NEW YORK
By:  Joseph Pantoja
Assistant U.S. Attorney
86 Chambers Street
New York, New York 10007

Houston, Texas
Dated:  May 19, 2010

*/s/ Melanie Gray*
Melanie Gray