KIRKLAND & ELLIS LLP
David J. Zott, P.C. (*admitted pro hac vice*)
Jeffrey J. Zeiger (*admitted pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Attorneys for Tronox Incorporated, Tronox*
*Worldwide LLC, and Tronox LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| TRONOX INCORPORATED, *et al.*, | Case No. 09-10156 (ALG) |
| Debtors. | Jointly Administered |
| TRONOX INCORPORATED, TRONOX WORLDWIDE LLC f/k/a Kerr-McGee Chemical Worldwide LLC, and TRONOX LLC f/k/a Kerr-McGee Chemical LLC, | |
| Plaintiffs, | |
| v. | Adversary Proceeding No. 09-01198 (ALG) |
| ANADARKO PETROLEUM CORPORATION and KERR-MCGEE CORPORATION, | |
| Defendants. | |
| THE UNITED STATES OF AMERICA, | |
| Plaintiff- Intervenor, | |
| v. | |
| TRONOX, INC., TRONOX WORLDWIDE LLC, TRONOX LLC, KERR-MCGEE CORPORATION and ANADARKO | |

PETROLEUM CORPORATION,                    )
                                          )
                    Defendants.           )
_____   )

## PLAINTIFFS' MOTION TO EXTEND ALL DEADLINES IN THE
## CASE MANAGEMENT ORDER AND DEPOSITION PROTOCOL

On July 9, 2010, Defendants Anadarko Petroleum Corporation and Kerr-McGee Corporation filed their Motion to Compel the Production of Documents by Plaintiff-Intervenor the United States of America (the "Motion to Compel"). (Dkt. No. 141)  Absent a consensual resolution, the Motion to Compel is scheduled to be heard on September 16, 2010.  In the Motion to Compel, Defendants contend that the United States' failure to produce documents "has impeded Defendants' ability to defend this litigation...." (Dkt. No. 145 at 4)

Defendants have served a total of 167 document requests on the United States, some of which seek documents over a 40-year period related to Tronox's environmental sites. (*See, e.g.,* Defs.' Request for Production to the United States 31-33, 35-39, 42-49, and 51)  Not surprisingly, the United States is still producing documents in response to these requests and negotiating with Defendants to attempt to narrow the scope of their document requests.

As counsel for Defendants noted at the July 21, 2010 status conference, the current case management order is premised on the substantial completion of document production by March 31, 2010.  Given that the United States is still producing documents, the Amended Case Management Order (Dkt. No. 115) is no longer workable.  Plaintiffs are working with Defendants and the United States to reach an agreed-upon schedule that addresses the issues raised in the Motion to Compel as well as sets a new date for the completion of fact discovery. Although Plaintiffs remain optimistic that a deal can be reached, Plaintiffs cannot afford to wait before seeking relief from this Court.  In addition to the fact discovery cutoff, Plaintiffs' expert

reports are also due on November 1, 2010. Because the parties cannot move forward with the depositions of key environmental witnesses and the deposition of the United States pursuant to Federal Rule of Civil Procedure 30(b)(6) before the United States completes its document production, Plaintiffs' experts cannot finalize their analyses in time to meet the current deadline for expert reports.

To the extent an agreement cannot be reached between now and the August 10, 2010 hearing, Plaintiffs respectfully request that the Court extend the current fact discovery cutoff from November 1, 2010 to March 15, 2011 and extend all other dates in the Amended Case Management Order and the Deposition Protocol Stipulation and Order by four and a half months. Plaintiffs have attached a proposed order as Exhibit 1, which includes a Second Amended Case Management Order setting forth the new proposed dates. Plaintiffs also have attached a redline as Exhibit 2 to this Motion that shows the changes requested by Plaintiffs to the current case management order. If Plaintiffs' motion is granted and all dates in the Amended Case Management Order are extended by four and a half months, trial in this matter would commence on November 1, 2011 or as soon thereafter as the parties may be heard.

Dated: July 26, 2010

Respectfully submitted,

/s/  Jeffrey J. Zeiger

David J. Zott, P.C.
Jeffrey J. Zeiger
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200

Richard M. Cieri
Jonathan S. Henes
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022-4611
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900

*Counsel for Tronox Incorporated,
Tronox Worldwide LLC, and
Tronox LLC*

## CERTIFICATE OF SERVICE

I, Jeffrey J. Zeiger, hereby certify, under penalty of perjury pursuant to 28 U.S.C. § 1746, that on this 26th day of July 2010, I caused a true and correct copy of the foregoing to be served upon the parties listed below by overnight mail and/or e-mail as reflected below:

Via Overnight Mail and E-mail

Melanie Gray
Lydia Protopapas
Jason W. Billeck
Weil, Gotshal & Manges LLP
700 Louisiana, Suite 1600
Houston, Texas  77002

*Counsel for Anadarko
Petroleum Corporation and Kerr-
McGee Corporation*

Via E-mail

David A. Crichlow
Pillsbury Winthrop Shaw  Pittman LLP
1540 Broadway
New York, NY  10036

*Counsel for the Official Committee of
Equity Holders of Tronox Inc.*

David Mark
Kasowitz, Benson, Torres &
Friedman LLP
1633 Broadway
New York, NY  10019

*Counsel for the Official Committee of
Unsecured Creditors*

Robert Trust
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY  10019-7475

*Counsel for Credit Suisse*

Robert W. Yalen
Assistant United States Attorney
86 Chambers Street
New York, New York  10007

/s/  Jeffrey J. Zeiger
Jeffrey J. Zeiger