| | |
|---|---|
| Melanie Gray (*admitted pro hac vice*) | Richard A. Rothman (RR 0507) |
| Lydia Protopapas (LP 8089) | Bruce S. Meyer (BM 3506) |
| Jason W. Billeck (*admitted pro hac vice*) | Lori L. Pines (LP 3005) |
| WEIL, GOTSHAL & MANGES LLP | WEIL, GOTSHAL & MANGES LLP |
| 700 Louisiana, Suite 1600 | 767 Fifth Avenue |
| Houston, Texas 77002 | New York, New York 10153 |
| Telephone: (713) 546-5000 | Telephone: (212) 310-8000 |
| Facsimile: (713) 224-9511 | Facsimile: (212) 310-8007 |
| | |
| James J. Dragna (*admitted pro hac vice*) | Duke K. McCall, III (*admitted pro hac vice*) |
| BINGHAM MCCUTCHEN LLP | BINGHAM MCCUTCHEN LLP |
| 355 South Grand Avenue, Suite 4400 | 2020 K Street, NW |
| Los Angeles, California 90071 | Washington, DC 20006 |
| Telephone: (213) 680-6400 | Telephone: (202) 373-6000 |
| Facsimile: (213) 680-6499 | Facsimile: (202) 373-6001 |

*Counsel to Anadarko Petroleum Corporation and Kerr-McGee Corporation*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| TRONOX INCORPORATED, *et al.*, | ) | Case No. 09-10156 (ALG) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| TRONOX INCORPORATED, TRONOX WORLDWIDE LLC f/k/a Kerr-McGee Chemical Worldwide LLC, and TRONOX LLC f/k/a Kerr-McGee Chemical LLC, | ) ) ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) | Adv. Pro. No. 09-01198 (ALG) |
| | ) | |
| ANADARKO PETROLEUM CORPORATION and KERR-McGEE CORPORATION, | ) ) ) | |
| Defendants. | ) | |
| THE UNITED STATES OF AMERICA, | ) ) | |
| Plaintiff-Intervenor, | ) | |
| v. | ) ) | |
| TRONOX, INC., TRONOX WORLDWIDE LLC, TRONOX LLC, KERR-McGEE CORPORATION and ANADARKO PETROLEUM CORPORATION, | ) ) ) ) | |
| Defendants. | ) | |

**ANADARKO PETROLEUM CORPORATION AND KERR-MCGEE CORPORATION'S RESPONSE TO PLAINTIFFS' MOTION TO EXTEND ALL DEADLINES IN THE CASE MANAGEMENT ORDER AND DEPOSITION PROTOCOL**

Defendants Anadarko Petroleum Corporation ("Anadarko") and Kerr-McGee Corporation ("Kerr-McGee"), a wholly owned subsidiary of Anadarko (collectively "Defendants"), hereby file this Response to Plaintiffs' Motion to Extend All Deadlines in the Case Management Order and Deposition Protocol (Dkt. No. 152) (the "Motion") and respectfully show the Court as follows:

1.   The Tronox Plaintiffs ("Tronox") seek an across-the-board extension of four and one-half months of all deadlines in the controlling Amended Case Management Order ("CMO") (Docket No. 115) based primarily on the abysmal failure of its co-plaintiff intervenor—the United States of America (the "Government")—to comply with its obligations to timely produce responsive and highly critical documents as required by Rule 34 of the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure (collectively, the "Rules").  As the Court is well aware, the Government is the largest purported claimant in this bankruptcy and has filed its own complaint seeking to recover damages based on alleged contingent environmental liabilities and future remediation costs.  These alleged environmental liabilities and remediation costs represent the heart of both Tronox's and the Government's purported multi-billion dollar claims against Anadarko and Kerr-McGee.

2.   Tronox's Motion admits that its case cannot proceed without a complete production of documents by the Government.  More importantly, the Government's continuing and inexcusable failure to satisfy its discovery obligations has frustrated and unduly prejudiced Defendants in their defense of this action, and is the subject of Defendants' Motion to Compel Production of Documents by Plaintiff-Intervenor The United States of America (Dkt. No. 141)

and Memorandum of Law in Support (Dkt. No. 145) (collectively "Motion to Compel"), filed after months of fruitless efforts to negotiate with the Government.[1]

3.     As discussed below, Defendants believe that Tronox and the Government have orchestrated the delay that they now seek in having their claims against Defendants adjudicated. While Defendants agree the current CMO is unworkable because of the Government's refusal to comply with its discovery obligations, the Government's wholesale disregard for the existing deadlines creates substantial doubt that the Government will comply with Tronox's new proposed deadlines. Tronox's proposed extension of deadlines of the CMO provides no safeguards to ensure that the Government will comply with its discovery obligations and fails to responsibly adjust the various other deadlines to account for the additional burdens associated with the Government's wrongful discovery conduct.

4.     Accordingly, Defendants object to the Motion and ask the Court to adopt their revisions to the CMO, reflected in the proposed Second Amendment Case Management Order attached as Exhibit A, which will ensure the Government's compliance and prevent further delay.[2] Specifically, Defendants request that the Court enter their proposed amended CMO that requires:

- the Government complete its production by producing documents responsive to all of Defendants' Requests for the Production of Documents in accordance with Rule 7034 of the Federal Rules of Bankruptcy Procedure no later than October 1, 2010, and orders that its failure to do so will result in appropriate sanctions, including exclusion of evidence or claims;[3]

---

[1] Defendants incorporate the Motion to Compel in its entirety.

[2] Defendants expressly reserve the right to seek appropriate relief under Rule 7037 of the Federal Rules of Bankruptcy Procedure.

[3] In their motion, Plaintiffs also request an extension of all deadlines in the Deposition Protocol Stipulation and Order (Dkt. No. 115) ("Deposition Protocol") by four and one half months. Defendants oppose a four and a half month extension and instead suggest a sixty day extension of all dates in the Deposition Protocol. Accordingly, the parties should be required to disclose the remaining fact witnesses they expect to depose no later than October 1, 2010.

- Tronox and the Government identify those environmental sites or liabilities upon which they rely in supporting their allegations at least 70 days before the close of fact discovery;

- Defendants have at least 90 days from the date that Plaintiffs' and the Government's experts serve their reports before Defendants shall be required to serve their expert reports; and

- the trial date be further extended to give the Court sufficient time to rule on any dispositive motions, including Defendants' anticipated motion for summary judgment.

5. Entry of the Defendants' proposed amended CMO would establish the following dates:

- the Government shall complete its document production by producing documents responsive to all of Defendants' Requests for the Production of Documents by **October 1, 2010**;

- all fact discovery, including all depositions of fact witnesses, shall be completed by **February 25, 2011**;

- Tronox and the Government shall identify each site or liability that their experts may rely upon on or before **December 17, 2010**;

- Tronox and the Government shall serve expert reports on or before **February 25, 2011,** and Defendants shall serve expert reports on or before **May 26, 2011**;

- dispositive motions shall be filed on or before **October 21, 2011**; and

- trial shall commence on **February 13, 2012**.

### Background

6. Defendants have served the Government with 167 distinct requests for production of documents. But, as more fully discussed in the Motion to Compel, the Government has done little to respond to these requests, falling far short of meeting the minimum obligations imposed by the Rules. Moreover, the CMO requires each of the Plaintiffs, Defendants, ***and the Government*** to substantially complete their document production by March 31, 2010 — a

4

deadline Defendants have met after expending significant time and resources. Nonetheless, the Government has simply ignored this deadline.

7. Despite numerous, but unsuccessful efforts to meet and confer, Defendants filed their Motion to Compel on July 9, 2010, which was initially set for hearing on August 5, 2010. Just as the Government failed to timely comply with its discovery obligations, it represented to Defendants that it couldn't timely respond to the Motion to Compel. As a matter of professional courtesy, Defendants agreed to extend the Government's response date and continue the hearing on the Motion to Compel until September 16, 2010. Exploiting this courtesy, Plaintiffs shortly thereafter filed and set the instant Motion in an apparent attempt to prevent the Court from hearing the nature and extent of the Government's wanton disregard of its discovery obligations when ruling on the request for extension.

8. In an attempt to narrow the issues related to the instant Motion, Defendants attempted to negotiate with the Government to try to limit the discovery issues that this Court must decide in ruling on their Motion to Compel, but the Government has refused to engage in any meaningful discussion. Consequently, Defendants believe that Tronox's proposed modifications to the CMO may be meaningless and completely undermine the purpose of the extension: to require the Government to complete its production by a date certain.

## Argument

**A. The Court Should Order the Government to Complete Its Document Production by October 1, 2010**

9. Defendants do not oppose a further amendment to the CMO extending various deadlines as long as the order holds the Government accountable for its refusal to comply with those deadlines. Otherwise, Defendants will continue to be prejudiced by the Government's failure to produce documents central to this litigation. The case cannot meaningfully proceed until the Government completes its document production. The Government is in possession of

5

critical information related to these sites and environmental liabilities. Defendants are indisputably entitled to discovery on these matters. And at this point neither Tronox nor the Government have identified the environmental sites that form the basis for the alleged liability they now seek to foist upon Defendants. This has been highly prejudicial to the Defendants, who have been put in the position of trying to divine which sites might form the basis of Tronox's and the Government's allegations, and then struggling to obtain (on their own) critical information necessary to assess allegations at those phantom sites.

10. For example, in response to Defendants' document request seeking documents supporting the Government's purported claim in excess of $4 billion related to the alleged contingent uranium liabilities, the Government has produced only 5 boxes of documents related to approximately 70 of the ***600-plus*** alleged mining sites the Government alleges were contaminated. Based on the discovery provided to date, Defendants simply cannot identify these alleged 600 sites, nor can they begin to analyze the alleged environmental liabilities related to these unknown sites. To properly assess the Government's allegations, Defendants need information regarding the specific liabilities alleged to exist at the sites and information regarding the specific remediation costs alleged to have been incurred there. Without such information, Defendants cannot even begin to assess the Government's purported proofs of claim of over $5 billion. This is but one of many examples of the Government's monumental failure to comply with its discovery obligations.[4]

---

[4] Another example, as described in Defendants' Motion to Compel, is the Government's refusal to produce documents responsive documents as required by Rule 7034. *See* Mem. of Law (Dkt. No. 145) at 10-15. Instead, the Government seeks to shift the burden onto Defendants to locate responsive documents allegedly stored in warehouses and other locations across the country. While Defendants dispute that they should be required to search through warehouses in the hopes of stumbling upon responsive documents, Defendants nevertheless made a good faith effort to work with the Government on this issue. Originally, Defendants agreed that they would wander the warehouses in search for responsive documents ***provided*** the Government produced detailed indices of boxes with potentially responsive materials. This effort broke

11. The Government's March 31, 2010, deadline to substantially complete discovery has long passed, and the Government's actions to date provide no comfort that it will comply with an extended deadline unless it knows meaningful sanctions will be entered if it fails. Therefore, a blind extension of deadlines without imposing the accountability contemplated by Rule 7037 will likely result in additional requests for extensions and continued delay. Defendants therefore request that the Government be required to complete its production in accordance with Rule 7034 by October 1, 2010, and that failure to substantially complete production by this date will result in an appropriately harsh sanction, such as exclusion of evidence or claims.

**B.    The Court Should Require Tronox and the Government to Identify Alleged Sites and Related Environmental Liabilities Before December 17, 2010 and Allow Defendants' Experts 90 Days to Serve Their Reports After Receiving Tronox's and The Government's Expert Reports**

12. The Government's failure to timely produce documents related to the environmental sites or liabilities also prevents Defendants' expert witnesses from timely preparing their reports. Since at least May 2009, Tronox and the Government have had the luxury of working together to identify and value claims associated with the alleged environmental sites. Defendants have not. While Tronox and the Government have alleged that Defendants are responsible for Tronox's environmental liabilities, they have failed to identify the specific sites forming the basis of their claims. Their generic allegations make it impossible for Defendants' expert witnesses to assess and/or value these purported environmental liabilities. Stated differently, Defendants' experts cannot assess or value the alleged environmental liabilities in this case without knowing where those liabilities supposedly reside and how they

---

down, however, when the Government began producing indices that were incomprehensive and wholly failed to identify with any clarity the documents in the Government's possession. In many instances, the Government failed to provide any index at all of the contents of the boxes located within certain warehouses.

7

were allegedly calculated. Thus, Defendants may first learn of the existence of certain sites upon which Tronox and the Government rely when they are identified in their expert reports.

13. Given the alleged number of potential environmental sites at issue, any analysis related to these sites or liabilities will be a substantial undertaking. Requiring Defendants' experts to analyze environmental liabilities and serve their reports only 35 days after first learning about specific sites—as Tronox currently proposes—is not only unfair and prejudicial, it is simply untenable. Accordingly, Defendants request that (i) Tronox and the United States be required to identify each site or environmental liability that any of their experts may rely upon no later than December 17, 2010, and (ii) Defendants have 90 days from service of Tronox's and the Government's expert reports to serve their expert reports.

**C.    The Court Should Set Trial on February 12, 2012**

14. Defendants also request that the Court set the trial of this matter on February 12, 2012 to allow sufficient time for this Court to consider dispositive motions. Given the likelihood that Defendants will file a motion for summary judgment disposing of most, if not all, of the causes of action alleged, this proposed trial date is in the best interest of all parties and the Court. Under Tronox's proposed extension, trial would commence less than one month after any reply to a dispositive motion is filed. Tronox's proposed trial date would necessarily require the parties to simultaneously prepare for trial and participate in complex motion practice, while significantly limiting the Court's time to rule on these motions.

## Conclusion

15. Defendants have labored to meet the deadlines in the current CMO. The Government's inexcusable delay and refusal to comply with its discovery obligations and this Court's orders have impaired Defendants' ability to obtain the information necessary to prepare their defense. The Court should therefore enter Defendants' proposed Second Amended Case

8

Management Order attached as Exhibit A, and grant such other and further relief as it deems just and proper.

Houston, Texas
Dated: August 6, 2010

/s/ Melanie Gray

Richard A. Rothman (RR 0507)  
Bruce S. Meyer (BM 3506)  
Lori L. Pines (LP 3005)  
WEIL, GOTSHAL & MANGES LLP  
767 Fifth Avenue  
New York, New York 10153  
Telephone: (212) 310-8000  
Facsimile: (212) 310-8007

Melanie Gray (*admitted pro hac vice*)  
Lydia Protopapas (LP 8089)  
Jason W. Billeck (*admitted pro hac vice*)  
WEIL, GOTSHAL & MANGES LLP  
700 Louisiana, Suite 1600  
Houston, Texas 77002  
Telephone: (713) 546-5000  
Facsimile: (713) 224-9511

Duke K. McCall, III (*admitted pro hac vice*)  
BINGHAM MCCUTCHEN LLP  
2020 K Street, NW  
Washington, DC 20006  
Telephone: (202) 373-6000  
Facsimile: (202) 373-6001

James J. Dragna (*admitted pro hac vice*)  
BINGHAM MCCUTCHEN LLP  
355 South Grand Avenue, Suite 4400  
Los Angeles, California 90071  
Telephone: (213) 680-6400  
Facsimile: (213) 680-6499

*Counsel to Anadarko Petroleum Corporation and Kerr-McGee Corporation*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 6, 2010, a true and correct copy of **Anadarko Petroleum Corporation and Kerr-McGee Corporation's Response to Plaintiffs' Motion to Extend all Deadlines in the Case Management Order and Deposition Protocol** was served on the following counsel of record as indicated below:

| | |
|---|---|
| *Via email jonathan.henes@kirkland.com* | *Via email jeffrey.zeiger@kirkland.com and jzeiger@kirkland.com* |
| Jonathan S. Henes | Jeffrey J. Zeiger |
| KIRKLAND & ELLIS LLP | KIRKLAND & ELLIS LLP |
| 601 Lexington Avenue | 300 North LaSalle Street |
| New York, New York 10022 | Chicago, Illinois 60654 |
| | |
| *Via email susan.golden@usdoj.gov* | *Via email rtrust@cravath.com* |
| Susan D. Golden | Robert Trust |
| OFFICE OF THE UNITED STATES TRUSTEE | CRAVATH, SWAINE & MOORE LLP |
| 33 Whitehall Street | Worldwide Plaza |
| New York, New York 10004 | 825 Eighth Avenue |
| | New York, New York 10019-7475 |
| | |
| *Via email david.crichlow@pillsburylaw.com* | *Via email dfriedman@kasowitz.com;* |
| David A. Crichlow | David M. Friedman |
| Craig A. Barbarosh | KASOWITZ, BENSON, TORRES & FRIEDMAN LLP |
| Karen B. Dine | 1633 Broadway |
| PILLSBURY WINTHROP SHAW PITTMAN LLP | New York, New York 10019 |
| 1540 Broadway | |
| New York, New York 10036 | |

*Via email joseph.pantoja@usdoj.gov*
Joseph Pantoja
Assistant U.S. Attorney
SOUTHERN DISTRICT OF NEW YORK
86 Chambers Street
New York, New York 10007


Houston, Texas
Dated:  August 6, 2010

*/s/ Ann Scarpa*
Ann Scarpa