KIRKLAND & ELLIS LLP
David J. Zott, P.C. (*pro hac vice*)
Jeffrey J. Zeiger (*pro hac vice*)
300 North LaSalle
Chicago, Illinois  60654
Telephone:	(312) 862-2000
Facsimile:	(312) 862-2200

*Attorneys for Plaintiffs Tronox Incorporated,
Tronox Worldwide LLC, and Tronox LLC*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| TRONOX INCORPORATED, *et al.*, | Case No. 09-10156 (ALG) |
| Debtors. | Jointly Administered |
| TRONOX INCORPORATED, TRONOX WORLDWIDE LLC f/k/a Kerr-McGee Chemical Worldwide LLC, and TRONOX LLC f/k/a Kerr-McGee Chemical LLC, | |
| Plaintiffs, | |
| v. | Adversary Proceeding No. 09-01198 (ALG) |
| ANADARKO PETROLEUM CORPORATION and KERR-MCGEE CORPORATION, | |
| Defendants. | |
| THE UNITED STATES OF AMERICA, | |
| Plaintiff-Intervenor, | |
| v. | |
| TRONOX, INC., TRONOX WORLDWIDE LLC, TRONOX LLC, KERR-MCGEE CORPORATION and ANADARKO PETROLEUM CORPORATION, | |
| Defendants. | |

## *EX PARTE* MOTION FOR ENTRY OF AN ORDER AUTHORIZING PLAINTIFFS TO FILE THEIR SURREPLY (AND EXHIBITS) TO DEFENDANTS' MOTION TO DISMISS COUNTS IV, V, AND VI OF THE AMENDED ADVERSARY COMPLAINT PARTIALLY UNDER SEAL

Plaintiffs Tronox Incorporated, Tronox Worldwide LLC, and Tronox LLC hereby file this Motion seeking entry of an Order, in substantially the form attached hereto as Exhibit A, authorizing Plaintiffs to file portions of Plaintiffs' Surreply, and corresponding exhibits, to Defendants' Motion to Dismiss Counts IV, V, and VI of the Amended Adversary Complaint (the "Surreply") under seal. In support of this Motion, Plaintiffs respectfully state as follows:

### Jurisdiction

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are section 107(b) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9077-1(b) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Bankruptcy Rules").

### Background

4. Pursuant to this Court's March 16, 2009 Agreed Protective Order [Case No. 09-10156, Dkt No. 248] (the "Protective Order"), any entity participating in discovery in the adversary proceeding *Tronox Inc., et al. v. Anadarko Petroleum Corp., et al.* [Case No. 09-01198] (the "Adversary Proceeding") can designate discovery materials as "Confidential" or "Confidential Outside Counsel's Eyes Only." (Protective Order ¶¶ 1–2) In the event a party decides to file papers containing information derived from discovery materials designated as "Confidential" or "Confidential Outside Counsel's Eyes Only," the Protective Order requires that party to file such papers under seal. (*Id.* ¶ 17) Sealed papers can be released from seal "only as provided by agreement of the undersigned parties or order of the Court." (*Id.*)

5.     Defendants filed a reply brief to their Motion to Dismiss on July 20, 2010 (the "Reply Brief"). In the Reply Brief, Defendants cited to the deposition testimony of former Tronox employees Tom Adams, Mary Mikkelson and Roger Addison, and current Tronox employee Robert Gibney. (Reply Br. at 5 n.2) As explained in the Surreply, Defendants' citation to deposition testimony is improper on a motion to dismiss. But, in the event the Court considers the deposition testimony, Defendants' citations paint an inaccurate picture, and Plaintiffs submit further facts in, and attached as exhibits to, the Surreply to clear the record.

6.     Plaintiffs' Surreply includes information based on documents designated by Anadarko as "Confidential." Plaintiffs believe that the Surreply can be publicly filed and that the Protective Order was not intended to prohibit the public disclosure of the information contained therein. But out of abundance of caution, Plaintiffs seek leave to file portions of the Surreply, and its corresponding exhibits, under seal to ensure compliance with the Protective Order.

**Relief Requested**

7.     By this motion, Plaintiffs seek entry of an order, substantially in the form attached hereto as <u>Exhibit A</u>, authorizing them to file a copy of the Surreply, and its corresponding exhibits, partially under seal in accordance with Section 107(b) of the Bankruptcy Code and the Protective Order, and directing that the Surreply and exhibits, shall remain under seal and confidential, and not be made available to anyone without the consent of the parties or further order of the Court. Plaintiffs intend to file a partially redacted version of the Surreply publicly. Plaintiffs will serve an unredacted version of the Surreply on the Court as well as counsel to Anadarko and the other parties to the Protective Order, including the Official Committee of Unsecured Creditors (the "Creditors Committee"), the Official Committee of Equity Security Holders (the "Equity Committee"), the United States of America (the "United States"), and Credit Suisse, in its capacity as the Administrative Agent for the Debtors' Prepetition Credit Agreement (the "Prepetition Agent").

**Basis for Relief Requested**

8. Section 107(b) of the Bankruptcy Code provides courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. 11 U.S.C. § 107(b)(1) ("On request of a party in interest, the bankruptcy court shall ... protect an entity with respect to a trade secret or confidential research, development, or commercial information."). Bankruptcy Rule 9018 provides, in part, that "on motion ...the court may make any order which justice requires ... to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information ... ." Fed. R. Bankr. P. 9018.

9. In addition, the Protective Order requires Plaintiffs to seek the relief requested. (Protective Order at ¶ 17)

**Reason for Proceeding on *Ex Parte* Basis**

10. Plaintiffs are proceeding on an *ex parte* basis, as opposed to notice and a hearing, because Plaintiffs have an immediate need to file its Surreply and exhibts under seal. Plaintiffs must file their Surreply with sufficient promptness to allow the Court to fully consider the arguments set forth therein. Lack of notice and hearing will not prejudice any party. Indeed, Tronox, Anadarko, the Creditors Committee, the Equity Committee, the United States, and the Prepetition Agent have all agreed to the Protective Order, which requires that material designated as confidential be filed under seal and not released unless "provided by agreement of the undersigned parties or order of the Court." (*Id.*)

**Motion Practice**

11. This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated, and a discussion of their application to this Motion. Accordingly, Plaintiffs respectfully submit that this Motion satisfies Local Rule 9013(a).

4

## Notice

12. Plaintiffs have provided notice of this Motion to: (a) counsel to Anadarko; (b) counsel to the Prepetition Agent; (c) counsel to the Creditors Committee; (d) counsel to the Equity Committee; and (e) the Office of the United States Attorney for the Southern District of New York. In light of the nature of the relief requested, Plaintiffs respectfully submit that no further notice is necessary.

## No Prior Request

13. No prior application for the relief requested herein has been made to this or any other court.

Dated: December 20, 2010

Respectfully submitted,

/s/ Jeffrey J. Zeiger

David J. Zott, P.C.
Jeffrey J. Zeiger
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois  60654-3406
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

Richard M. Cieri
Jonathan S. Henes
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

*Attorneys for Tronox Incorporated, Tronox Worldwide LLC, and Tronox LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 20, 2010, a true and correct copy of the foregoing *EX PARTE* **MOTION FOR ENTRY OF AN ORDER AUTHORIZING PLAINTIFFS TO FILE THEIR SURREPLY (AND EXHIBITS) TO DEFENDANTS' MOTION TO DISMISS COUNTS IV, V, AND VI OF THE AMENDED ADVERSARY COMPLAINT PARTIALLY UNDER SEAL** was served on the following counsel of record as indicated below.

*Via email rtrust@cravath.com*
Robert Trust
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475

*Via email Robert.Yalen@usdoj.gov*
Robert William Yalen
Assistant United States Attorney Counsel for the United States
6 Chambers Street
New York, New York 10007

*Via email david.crichlow@pillsburylaw.com*
David A. Crichlow
Craig A. Barbarosh
Karen B. Dine
Pillsbury Winthrop Shaw Pittman LLP
1540 Broadway
New York, New York 10036

*Via email joseph.pantoja@usdoj.gov*
Joseph Pantoja
Assistant U.S. Attorney
Southern District of New York
86 Chambers Street
New York, New York 10007

*Via email and Overnight Mail*
jason.billeck@weil.com
Melanie Gray *(admitted pro hac vice)*
Lydia Protopapas (LP 8089)
Jason W. Billeck *(admitted pro hac vice)*
WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1600
Houston, Texas 77002

*Via email richard.rothman@weil.com*
Richard A. Rothman (RR 0507)
Bruce S. Meyer (BM 3506)
Lori L. Pines (LP 3005)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153

*Via email jim.dragna@bingham.com*
James J. Dragna *(admitted pro hac vice)*
BINGHAM MCCUTCHEN LLP
355 South Grand Avenue, Suite 4400
Los Angeles, California 90071

*Via email duke.mccall@bingham.com*
Duke K. McCall, III *(admitted pro hac vice)*
BINGHAM MCCUTCHEN LLP
2020 K Street, NW
Washington, DC 20006

*Via email rkravitz@paulweiss.com*
Robert N. Kravitz, Esq.
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, New York 10019-6064
Tel: (212) 373-3000

*/s/ Jeffrey J. Zeiger*
Jeffrey J. Zeiger