KIRKLAND & ELLIS LLP
David J. Zott, P.C. (*pro hac vice*)
Jeffrey J. Zeiger (*pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Attorneys for Tronox Incorporated, Tronox Worldwide LLC, and Tronox LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| TRONOX INCORPORATED, *et al.*, | Case No. 09-10156 (ALG) |
| Debtors. | Jointly Administered |
| TRONOX INCORPORATED, TRONOX WORLDWIDE LLC f/k/a Kerr-McGee Chemical Worldwide LLC, and TRONOX LLC f/k/a Kerr-McGee Chemical LLC, | |
| Plaintiffs, | |
| v. | Adversary Proceeding No. 09-01198 (ALG) |
| ANADARKO PETROLEUM CORPORATION and KERR-MCGEE CORPORATION, | |
| Defendants. | |
| THE UNITED STATES OF AMERICA, | |
| Plaintiff- Intervenor, | |
| v. | |
| TRONOX, INC., TRONOX WORLDWIDE LLC, TRONOX LLC, KERR-MCGEE CORPORATION and ANADARKO | |

| | |
|---|---|
| PETROLEUM CORPORATION, | ) |
| | ) |
| Defendants. | ) |
| | ) |

### PLAINTIFFS' SURREPLY TO DEFENDANTS' MOTION TO DISMISS COUNTS IV, V, AND VI OF THE AMENDED ADVERSARY COMPLAINT

Plaintiffs' opposition to Defendants' Motion to Dismiss Counts IV, V, and VI of the Amended Complaint explained why that motion is not supported by the law and should be denied. In reply, Defendants chose to improperly cite to deposition testimony in an effort to save their motion. Plaintiffs make this surreply to (a) ask the Court to ignore the deposition testimony cited by Defendants because it is irrelevant on a motion to dismiss, and (b) correct Defendants' distorted version of the testimony should the Court choose to examine the factual record. Indeed, in stark contrast to the version of events described in Defendants' motion, Kerr-McGee's former executives have now admitted that the decision to proceed with the spinoff of Tronox was not made until March 2006, defeating Defendants' statute of limitations arguments in their Motion to Dismiss the Amended Complaint. As a result, Plaintiffs will amend their complaint to conform to the evidence in accordance with the Court's Second Amended Case Management Order.

### ARGUMENT

Plaintiffs filed their Amended Complaint on April 28, 2010. [Dkt. No. 123] Defendants moved to dismiss the fiduciary duty and related counts of the complaint on May 26, 2010. [Dkt. No. 131] In their motion, Defendants argued that Plaintiffs' fiduciary duty claims were time barred because "Plaintiffs fail to adequately plead a breach of duty that occurred after the IPO and within the limitations period." (Defs.' Mot. at 9–10) In their opposition, filed June 29, 2010, Plaintiffs explained how the Amended Complaint *does* adequately allege breaches of

2

fiduciary duty after January 12, 2006 (the beginning of the limitations period).[1] (Pls.' Opp'n [Dkt. No. 140] at 5-9) Specifically, Plaintiffs alleged that New Kerr-McGee "fail[ed] to stop the Spin-Off at any time before its completion on March 31, 2006, especially when it became clear that a fundamental premise of Tronox's purported viability—$150 million in proceeds from land sales during Tronox's first three years of existence—was untenable." (Am. Compl. ¶ 166) In addition, Plaintiffs argued that "New Kerr-McGee had the option not to complete the Spin-Off. Instead of putting on the brakes, New Kerr-McGee elected to complete the separation by approving at a March 8, 2006 board meeting the distribution of Tronox's Class B Common Stock to New Kerr-McGee's shareholders and the additional transfer of retiree liabilities to Tronox that were grossly above market effective upon the Distribution." (Pls.' Opp'n at 6–7)

In their reply, filed July 20, 2010, Defendants responded to these arguments, in part, by citing to the deposition testimony of former Tronox employees Tom Adams, Mary Mikkelson and Roger Addison, and current Tronox employee Robert Gibney. (Defs.' Reply at 5 n.2 [Dkt. No. 149]) In addition, Defendants continued to argue that the Distribution and transfer of retiree liabilities were "unabated inertial consequences" of the IPO and were not separate, independent acts. (Defs.' Mot. at 10)

I.     **The Court Should Disregard Defendants' Citations To Deposition Testimony.**

Defendants' citations to deposition testimony are improper on a motion to dismiss. "In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the facts stated in the complaint, documents attached to the complaint as exhibits and documents incorporated by reference in the complaint." *Hayden v. County of Nassau*, 180 F.3d 42, 54 (2d Cir. 1999). Therefore, a court should disregard citations to deposition testimony in briefing on a

---

[1]    Plaintiffs also established in their opposition brief that claims that accrued prior to the limitations period are also timely because the statute of limitations was tolled by Kerr-McGee's conduct and control until after the beginning of the limitations period. (Pls.' Opp'n at 9–15)

3

motion to dismiss for failure to state a claim. *Taifer v. Catherines Stores Corp.*, No. 06 Civ. 2976 (MDF), 2008 WL 7728651, at *2 & n.3 (S.D.N.Y. May 28, 2008) (declining to consider deposition testimony because "[i]n deciding a motion to dismiss, the district court must limit itself to a consideration of the facts alleged on the face of the complaint, and to any documents attached as exhibits or incorporated by reference") (internal quotations omitted); *Iannuzzi v. Wash. Mut. Bank*, No. 07-CV-964 (JFB) (WDW), 2008 WL 3978189, at *6 n.2 (E.D.N.Y. Aug. 21, 2008) (declining to consider a deposition transcript on a motion to dismiss because "the Court cannot consider matters outside the pleadings, such as a deposition transcript."); *see also Cole v. Homier Distr. Co.*, 599 F.3d 856, 863 (8th Cir. 2010) (stating that deposition testimony is "not part of the documents we are permitted to consider in ruling on a motion to dismiss").

Likely aware of this rule, Defendants attempted to "have their cake and eat it too." Defendants included their citations in footnotes and prefaced the citations by stating that the "Court should be aware" of the testimony. (*See, e.g.*, Defs.' Reply at 5 n.2) But, of course, the only reason Defendants chose to cite the testimony was in the hope that it would influence the Court. This is precisely what is not allowed on a motion to dismiss for failure to state a claim. *See Hayden*, 180 F.3d at 54. There is no exception for footnote citations. Thus, the Court should strike Defendants' references to deposition testimony from their reply brief and disregard them when considering Defendants' motion.

## II. In The Event The Court Considers Defendants' Deposition Citations, The Evidence Compiled To Date Establishes That Plaintiffs' Fiduciary Duty Claims Are Timely.

Plaintiffs do not believe the Court needs to resort to any deposition testimony to decide the motion to dismiss in Plaintiffs' favor. But, in the event the Court considers the deposition testimony, Defendants' citations paint an inaccurate picture.

First, Defendants cite to the deposition testimony of Tronox personnel for the proposition that Tronox personnel knew Kerr-McGee had missed three closing dates on Nevada land sales and that they believed at the time that the sales would still close. That is beside the point. Regardless of what Tronox personnel knew at the time, Kerr-McGee knew that the land sales were critical to Tronox's viability; Kerr-McGee knew that the closing dates had been missed; Kerr-McGee knew that closing conditions had not yet been met        REDACTED

REDACTED

REDACTED

REDACTED        ; and Kerr-McGee knew that the buyer of the Nevada land could walk away from the $500 million contract for a paltry $2 million liquidated damages fee. Kerr-McGee concealed all of this from the market and, despite the importance of the land sales to Tronox's survival, chose to go forward with the spinoff anyway. Given the tenuous nature of the land sales at the time of the distribution and the importance of these sales to Tronox's future, proceeding with the spinoff was a breach of fiduciary duty.

Second, recent testimony by Kerr-McGee's former executives establishes that Kerr-McGee decided to proceed with the spinoff and complete its fraudulent scheme in March 2006—within the limitations period for breach of fiduciary duty claims. By the time of the November 2005 IPO, Tronox's business was already declining.        REDACTED

REDACTED

**REDACTED**

**REDACTED** In sum, Defendants' own witnesses and documents establish that Kerr-McGee's decision to complete the spin-off was not an "unabated inertial consequence" of the IPO. Kerr-McGee could have—and should have—"put the brakes on." Given the poor showing of the IPO and new knowledge regarding land sales, Kerr-McGee's decision to charge onward was a new breach of fiduciary duty by Kerr-McGee.

6

## CONCLUSION

Contrary to the one-sided view presented by Defendants' improper citation to deposition testimony, the full record in this case reveals that Plaintiffs' fiduciary duty claims are timely.[2] Accordingly, Plaintiffs intend to amend their complaint to conform with this evidence prior to January 15, 2011, in accordance with Section 6 of the Second Amended Case Management Order. And, for the reasons stated herein and in Plaintiffs' opposition to Defendants' motion to dismiss, the Court should deny Defendants' motion.

Dated: December 20, 2010

Respectfully submitted,

/s/ David J. Zott, P.C.

KIRKLAND & ELLIS LLP

David J. Zott, P.C. (*pro hac vice*)
Jeffrey J. Zeiger (*pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Richard M. Cieri
Jonathan S. Henes
601 Lexington Avenue
New York, New York 10022-4611
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

*Attorneys for Plaintiffs Tronox Incorporated, Tronox Worldwide LLC, and Tronox LLC*

---

[2] And, as discussed in Plaintiffs' Opposition to Defendants' Motion to Dismiss, even if the fiduciary duty claims accrued outside of the limitations period, they are timely because the statute of limitations was tolled. (Pls.' Opp'n at 9–15)

7

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 20, 2010, a true and correct copy of the foregoing **PLAINTIFFS' SURREPLY TO DEFENDANTS' MOTION TO DISMISS COUNTS IV, V, AND VI OF THE AMENDED ADVERSARY COMPLAINT** was served on the following counsel of record as indicated below.

*Via overnight mail and email jason.billeck@weil.com*
Melanie Gray *(admitted pro hac vice)*
Lydia Protopapas (LP 8089)
Jason W. Billeck *(admitted pro hac vice)*
WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1600
Houston, Texas 77002

*Via email david.crichlow@pillsburylaw.com*
David A. Crichlow
Craig A. Barbarosh
Karen B. Dine
PILLSBURY WINTHROP SHAW PITTMAN LLP
1540 Broadway
New York, New York 10036

*Via email joseph.pantoja@usdoj.gov*
Robert William Yalen
Assistant U.S. Attorney
Southern District of New York
86 Chambers Street
New York, New York 10007

*Via email duke.mccall@bingham.com*
Duke K. McCall, III *(admitted pro hac vice)*
BINGHAM MCCUTCHEN LLP
2020 K Street, NW
Washington, DC 20006

*Via email rtrust@cravath.com*

Robert Trust
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019-7475

*Via email dfriedman@kasowitz.com*
David M. Friedman
David J. Mark
Ross G. Shank
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, New York 10019

*Via email richard.rothman@weil.com*
Richard A. Rothman (RR 0507)
Bruce S. Meyer (BM 3506)
Lori L. Pines (LP 3005)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153

*/s/ Jeffrey J. Zeiger*
Jeffrey J. Zeiger

8