| | |
|---|---|
| Melanie Gray (*admitted pro hac vice*) | Richard A. Rothman (RR 0507) |
| Lydia Protopapas (LP 8089) | Bruce S. Meyer (BM 3506) |
| Jason W. Billeck (*admitted pro hac vice*) | Lori L. Pines (LP 3005) |
| WEIL, GOTSHAL & MANGES LLP | WEIL, GOTSHAL & MANGES LLP |
| 700 Louisiana, Suite 1600 | 767 Fifth Avenue |
| Houston, Texas 77002 | New York, New York 10153 |
| Telephone: (713) 546-5000 | Telephone: (212) 310-8000 |
| Facsimile: (713) 224-9511 | Facsimile: (212) 310-8007 |
| | |
| James J. Dragna (*admitted pro hac vice*) | Thomas R. Lotterman (*admitted pro hac vice*) |
| BINGHAM MCCUTCHEN LLP | Duke K. McCall, III (*admitted pro hac vice*) |
| 355 South Grand Avenue, Suite 4400 | BINGHAM MCCUTCHEN LLP |
| Los Angeles, California 90071 | 2020 K Street, NW |
| Telephone: (213) 680-6400 | Washington, DC 20006 |
| Facsimile: (213) 680-6499 | Telephone: (202) 373-6000 |
| | Facsimile: (202) 373-6001 |

*Counsel for Anadarko Petroleum
Corporation and Kerr-McGee Corporation*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| TRONOX INCORPORATED, *et al.,* | Case No. 09-10156 (ALG) |
| Debtors. | Jointly Administered |
| TRONOX INCORPORATED, TRONOX WORLDWIDE LLC f/k/a Kerr-McGee Chemical Worldwide LLC, and TRONOX LLC f/k/a Kerr-McGee Chemical LLC, | |
| Plaintiffs, | Adversary Proceeding No. 09-01198 (ALG) |
| v. | |
| ANADARKO PETROLEUM CORPORATION AND KERR-MCGEE CORPORATION, | |
| Defendants. | |

|  |
|---|
| THE UNITED STATES OF AMERICA,<br><br>            Plaintiff-Intervenor,<br><br>            v.<br><br>TRONOX, INC., TRONOX WORLDWIDE LLC, TRONOX LLC, KERR-MCGEE CORPORATION, and ANADARDKO PETROLEUM CORPORATION,<br><br>            Defendants. |

**SUPPLEMENTAL DECLARATION OF DUKE K. MCCALL, III
IN SUPPORT OF REPLY MEMORANDUM OF LAW**

DUKE K. MCCALL, III, under penalty of perjury pursuant to 28 U.S.C. § 1746, deposes and states the following:

1. I am a member of the bar of District of Columbia and an attorney with the law firm of Bingham McCutchen LLP, which serves as co-counsel to Defendants Anadarko Petroleum Corporation and Kerr-McGee Corporation (together, "Defendants") in the above-captioned adversary proceeding.

2. I make this Declaration in support of the Reply Memorandum of Law in Further Support of Motion by Defendants Anadarko Petroleum Corporation and Kerr-McGee Corporation, pursuant to Local Rule 7007-1, to place copies of certain additional documents before the Court and to set forth additional facts regarding the discovery dispute with the United States of America (the "Government") that led to the filing of the Reply Memorandum of Law. I have personal knowledge of the matters set forth herein, except where otherwise indicated.

**Documents Submitted with the Reply Memorandum of Law**

3. Attached hereto as <u>Exhibit A</u> is a true and correct copy of a letter from James J. Dragna ("Mr. Dragna") to Joseph A. Pantoja, Assistant United States Attorney ("Mr. Pantoja"), dated April 21, 2010.

4. Attached hereto as <u>Exhibit B</u> is a true and correct copy of a letter from Mr. Pantoja to Mr. Dragna, dated April 28, 2010.

5. Attached hereto as <u>Exhibit C</u> is a true and correct copy of the transcript of the Status Conference regarding the Motion Filed by Plaintiff to Extend All Deadlines in the Case Management Order Protocol, dated August 10, 2010.

6. Attached hereto as <u>Exhibit D</u> is a true and correct copy of an email from Mr. Pantoja to Jason Billeck, dated August 31, 2010, which was forwarded to me on September 1, 2010.

7. Attached hereto as <u>Exhibit E</u> is a true and correct copy of a letter from me to Mr. Pantoja, dated September 23, 2010.

8. Attached hereto as <u>Exhibit F</u> is a true and correct copy of an email from Mr. Pantoja to me, dated October 13, 2010.

9. Attached hereto as <u>Exhibit G</u> is a true and correct copy of an email from me to Mr. Pantoja, dated November 2, 2010.

10. Attached hereto as <u>Exhibit H</u> is a true and correct copy of a letter from me to Mr. Pantoja, dated December 16, 2010.

**Additional Facts In Support of the Reply Memorandum of Law**

11. As memorialized in correspondence between the parties previously submitted to the Court, in August 2010, the Government and Defendants reached an agreement regarding the

2

Government's production of documents in this case whereby the Government and Defendants agreed to split the cost of scanning the Government's responsive paper documents. Defendants agreed to this arrangement even though Defendants have borne 100% of the cost of scanning and producing Defendants' paper documents.

12. Defendants' review of documents produced by the Government to date indicates that the Government has not produced:

(a) Any of the approximately 160 boxes of documents related to the Manville Site that Defendants requested from the Lee's Summit facility in Kansas City;

(b) Any of the approximately 38 boxes of documents related to the Manville Site that Defendants requested from the Kansas City offices of the Army Corps of Engineers;

(c) A significant portion of the 12-plus boxes of documents related to the Manville Site that Defendants requested from EPA Region 2's offices at 290 Broadway;

(d) Any of the approximately 20 boxes of documents related to the Soda Springs Site that Defendants requested from the offices of EPA Region 10;

(e) Any of the approximately 125 boxes of documents Defendants requested related to various sites in the offices of the United States Forest Service in Golden, Colorado; or

(f) Any of the approximately 9 boxes of documents Defendants requested from the Baltimore offices of the Army Corps of Engineers.

13. The Government also has not produced any of the following categories of documents, indices for which were first provided to Defendants on October 25, 2010:

    (a) Documents in the custody of EPA Region 4 related to various sites;

    (b) Documents in the custody of EPA Region 6 related to various sites;

    (c) Documents in the offices of the Forest Service related to the White King/ Lucky Lass Site;

    (d) Documents in the custody of the Bureau of Land management, in Phoenix, Arizona and Albuquerque, New Mexico, related to uranium mining;

    (e) Documents in the custody of the Bureau of Indian Affairs, in Gallup, New Mexico, related to uranium mining; and

    (f) Documents in the custody of the Nuclear Regulatory Commission, stored at the Federal Records Center in Suitland, Maryland related to various sites.

14. Defendants' initial review of the documents produced by the Government indicates that the Government has not produced any potentially relevant documents for more than 1,900 of the approximately 2,500 sites for which the Government alleges it is owed more than $6.6 billion.

15. The overwhelming majority of the paper and electronic documents the Government has produced relate to only one site, the Manville Site.

16. The Government has failed to provide Defendants with a list of the environmental sites its experts will rely upon, value, estimate, or issue an opinion concerning in this litigation, as required by Paragraph 8(a) of the Second Amended Case Management Order, although the Government was required to provide this list on August 31, 2010. On August 31, 2010, the

4

Government forwarded to Defendants a list of tort sites, but failed to disclose any environmental sites, and has not made any such disclosures since. (*See* Ex. D).

17. The Government has failed to provide Defendants with detailed information concerning the environmental sites at issue in response to Defendants' interrogatories, asserting that the information sought may be derived from documents in the possession of Defendants or documents that will be produced in discovery. (*See* Ex. H).

18. The Government did not make available for inspection the documents held by the Army Corps of Engineers' Kansas City District until October 20, 2010. (*See* Ex. F). Defendants had a team of attorneys at the facility on the morning of October 20, 2010, when the doors opened, to inspect the boxes of documents. Those attorneys marked certain of the documents selected for scanning during their visit. On November 2, 2010, I emailed the Government to confirm Defendants' selection of the documents to be scanned from this facility. (*See* Ex. G).

19. On April 21, 2010, Defendants requested that the Government produce a privilege log. (*See* Ex. A). In its April 28, 2010 response, the Government declined to provide one. (*See* Ex. B). On September 23, 2010, Defendants again requested a privilege log from the Government. (*See* Ex. E). Despite these efforts, the Government still has not provided Defendants with a privilege log.

20. Depositions of key third-party fact witnesses who reside outside the subpoena power of the Court (and thus are unlikely to appear at trial) have been taken, including former employees of Tronox's Safety and Environmental Affairs group.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: December 20, 2010

Duke K. McCall, III