# EXHIBIT B



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street*
*New York, New York 10007*

April 28, 2010

BY EMAIL & FEDERAL EXPRESS

James J. Dragna, Esq.
Bingham McCutchen LLP
355 South Grand Avenue, Suite 4400
Los Angeles, CA 90071

    Re:   *Tronox Incorporated, et al. v. Anadarko Petroleum Corp., et al.*,
           Adv. Pro. No. 09-01198 (ALG)

Dear Mr. Dragna:

    I write regarding your letter to me dated April 21, 2010, in which you raise concerns about alleged deficiencies in the Government's paper document production to date.

    Your letter mischaracterizes the nature and extent of the discovery that has been provided by the Government to date. As acknowledged in your letter, defendants and the Government have been cooperating on discovery issues. Consistent with the Amended Case Management Order, the Government made substantially all of its responsive paper documents available for inspection by March 31, 2010. In order to streamline that process, the Government, even though not required to, provided defendants with numerous detailed indices or other descriptions of documents concerning the state and federal environmental sites relevant to this action.

    For example, the indices regarding the approximately 170 boxes at Region 5 and the approximately 400 boxes at Region 2 described the contents of those documents on a site specific basis. Virtually all of the indices and descriptions were typed, and the few that were handwritten were legible. The allegedly illegible index attached to your letter relating to the Moss American site was emailed to defendants on February 23, 2010. Defendants never complained about the legibility of any of the Region 5 indices or otherwise sought clarification regarding the content of the index you chose to flag as an example of a deficient index. Indeed, defendants reviewed the indices for the Region 5 paper, including the index attached to your letter, advised the Government of the specific material in which the defendants were interested, and scanned that material in March through the services of IKON Office Solutions. Pursuant to the parties' agreement, defendants recently provided the Government with a set of that material, and the Government is arranging for payment of half of IKON's charges.

James J. Dragna, Esq.                                                                                    Page 2

        As another example, in early February, the Government provided defendants with file inventory sheets describing the EPA Region 2 paper stored at the U.S. National Archives and Records Administration's("NARA's") facility in Lee's Summit, Missouri. On March 31, defendants forwarded to the Government their selection of the Lee's Summit material that they would like to inspect and copy, but defendants have yet to arrange for the actual inspection at the NARA facility despite having received instructions on how to do so.

        There remain additional opportunities for inspection and copying of which defendants have yet to avail themselves, including without limitation the paper at EPA Region 10 and the United States Forest Service, and additional paper at EPA Regions 5 and 2. I assume that Mr. Billeck will follow up with me regarding the foregoing outstanding opportunities for inspection. As was done with the documents copied from Region 5, the Government understands that defendants will provide the Government with a complete set of all the material that is copied/scanned, and that the Government, upon receiving a copy of the vendor's invoice, will pay for half the cost of copying/scanning that material.

        As you know, with respect to the privilege-related issues referenced in your letter, Kirkland & Ellis has been working with defendants on an agreed protocol concerning privileged electronic and paper documents, including what will need to be logged and how it will be logged by the parties, including the Government. Those negotiations have mainly proceeded between defendants and K&E to date, with K&E conveying the Government's comments and concerns as appropriate, and it is my understanding that the discussions are proceeding satisfactorily at the moment. We will continue to work with the parties to arrive at a sensible protocol for privileged material.

        Although we disagree with your characterization of the Government's paper production to date, we would be happy to discuss the matter with you, including arranging for inspection of the paper that has been made available to defendants to date.

        Sincerely,

        PREET BHARARA
        United States Attorney

By: _____
        JOSEPH A. PANTOJA
        Assistant United States Attorney
        Tel. No. (212) 637-2785
        Fax No. (212) 637-2750
        Email: joseph.pantoja@usdoj.gov