# EXHIBIT C

- 1 -

1    UNITED STATES BANKRUPTCY COURT

2    SOUTHERN DISTRICT OF NEW YORK

3    Case No. 09-10156-alg

4    Adv. Case No. 09-01198-alg

5    - - - - - - - - - - - - - - - - - - - -x

6    In the Matter of:

7    TRONOX INCORPORATED, et al.,

8                        Debtors.

9    - - - - - - - - - - - - - - - - - - - -x

10    TRONOX INCORPORATED, et al.,

11                        Plaintiffs,

12        -against-

13    ANADARKO PETROLEUM CORPORATION, et al.,

14                        Defendants.

15    - - - - - - - - - - - - - - - - - - - -x

16                    U.S. Bankruptcy Court

17                    One Bowling Green

18                    New York, New York

19

20                    August 10, 2010

21                    11:11 AM

22

23    B E F O R E :

24    HON. ALLAN L. GROPPER

25    U.S. BANKRUPTCY JUDGE

- 2 -

1

2    Status Conference

3

4    HEARING re Motion Filed by Plaintiff to Extend All Deadlines in

5    the Case Management Order and Discovery Protocol (Adv.

6    Proceeding 09-01198)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    Transcribed by:  Sharona Shapiro

- 3 -

1

2    A P P E A R A N C E S :

3    KIRKLAND & ELLIS, LLP

4          Attorneys for Debtors

5          601 Lexington Avenue

6          New York, NY  10022

7

8    BY:   JONATHAN S. HENES, ESQ.

9

10

11   KIRKLAND & ELLIS, LLP

12          Attorneys for Debtors

13          300 North LaSalle

14          Chicago, IL 60654

15

16   BY:   PATRICK J. NASH, ESQ.

17          JEFFREY J. ZEIGER, ESQ.

18

19

20   TOGUT, SEGAL & SEGAL, LLP

21          Conflicts Counsel for the Debtors

22          One Penn Plaza

23          New York, NY 10119

24

25   BY:   KATHERINE J. WEALL, ESQ.

- 4 -

```
 1

 2    KRAMER LEVIN NAFTALIS & FRANKEL, LLP

 3          Attorneys for Colorado River Authorities

 4          1177 Avenue of the Americas

 5          New York, New York 10036

 6

 7    BY:   P. BRADLEY O'NEILL, ESQ.

 8

 9

10    LOWENSTEIN SANDLER PC

11          Attorneys for Lead Plaintiffs, LaGrange Entities??.

12          65 Livingston Avenue

13          Roseland, NJ 07068

14

15    BY:   IRA M. LEVEE, ESQ.

16

17

18    MILBANK TWEED HADLEY MCCLOY LLP

19          Attorneys for Ad Hoc Committee of Noteholders

20          601 South Figueroa Street,

21          30th Floor

22          Los Angeles, CA 90017

23

24    BY:   ROBERT C. SHENFELD, ESQ.

25
```

- 5 -

1

2      PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

3           Attorneys for Official Committee of Unsecured Creditors

4           1285 Avenue of the Americas

5           New York, NY 10019

6

7      BY:   BRIAN S. HERMANN, ESQ.

8

9

10     PILLSBURY WINTHROP SHAW PITTMAN LLP

11          Attorneys for Committee of Equity Security Holders

12          1540 Broadway

13          New York, NY 10036

14

15     BY:   DAVID A. CRICHLOW, ESQ.

16           KAREN B. DINE, ESQ.

17

18

19     NEVADA OFFICE OF THE ATTORNEY GENERAL

20          Attorneys for NDEP

21          100 North Carson Street

22          Carson City, NV 89701

23

24     BY:   CAROLYN TANNER, ESQ.

25           (TELEPHONICALLY)

- 6 -

1

2  UNITED STATES DEPARTMENT OF JUSTICE

3        United States Attorney's Office

4        86 Chambers Street

5        New York, New York 10007

6

7  BY:   TOMOKO ONOZAWA, AUSA

8        JOSEPH A. PANTOJA, AUSA

9        ROBERT YALEN, AUSA

10

11

12  WEIL, GOTSHAL & MANGES LLP

13        Attorneys for Anadarko Petroleum Corporation

14         and Kerr-McGee

15        700 Louisiana,

16        Suite 1600

17        Houston, TX 77002

18

19  BY:   LYDIA T. PROTOPAPAS, ESQ.

20        MELANIE GRAY, ESQ.

21

22

23

24

25

TRONOX INCORPORATED, et al.

- 7 -

1                    P R O C E E D I N G S

2            THE COURT:  -- Tronox from those in the courtroom.

3    Then I'll take appearances from anyone on the phone who wishes

4    to appear.

5            MR. HENES:  Good morning, Your Honor.  John Henes,

6    Kirkland & Ellis on behalf of Tronox.

7            MR. NASH:  Pat Nash, Kirkland & Ellis on behalf of the

8    debtor, Tronox.

9            MR. ZEIGER:  Jeffrey Zeiger, Kirkland & Ellis on

10   behalf of Tronox.

11           MR. PANTOJA:  Joseph Pantoja from the U.S. Attorney's

12   Office on behalf of the government.

13           MR. ONOZAWA:  Tomoko Onozawa from the U.S. Attorney's

14   Office on the government's behalf.

15           MR. YALEN:  Rob Yalen, U.S. Attorney's Office on

16   behalf of the United States.

17           MS. GREENBLATT:  Nicole Greenblatt from Kirkland &

18   Ellis on behalf of Tronox.

19           MR. HERMANN:  Good morning, Your Honor.  Brian Hermann

20   for the creditors' committee from Paul Weiss.

21           MR. CRICHLOW:  Good morning, Your Honor.  David

22   Crichlow on behalf of the equity committee from Pillsbury

23   Winthrop Shaw Pittman.

24           MS. DINE:  Your Honor, Karen Dine also from Pillsbury

25   Winthrop on behalf of the equity committee.

- 8 -

1        MR. O'NEILL:  Your Honor, Brad O'Neill, Kramer Levin

2   on behalf of the Colorado River Authorities.

3        MS. GRAY:  Melanie Gray and Lydia Protopapas on behalf

4   of Anadarko and Kerr-McGee.

5        THE COURT:  Anyone else wish to appear?

6     (No response)

7        THE COURT:  All right, on the telephone, anybody wish

8   to appear?

9        MS. TANNER:  Good morning, Your Honor.  This is

10  Carolyn Tanner in the Attorney General's Office on behalf of

11  Nevada Division of Environmental Protection.

12       THE COURT:  Anyone else?

13     (No response)

14       THE COURT:  All right, go ahead, Mr. Henes.

15       MR. HENES:  Thank you, Your Honor.  Your Honor, we

16  have a relatively simple agenda today.

17       THE COURT:  A lot of people are here for a very simple

18  agenda --

19       MR. HENES:  That happens.

20       THE COURT:  -- but that's fine.

21       MR. HENES:  I think that's good news.  I think when

22  you start to get momentum to the end you start seeing more and

23  more people show up.  That's my hope, at least.

24       I'm going to let Mr. Zeiger stand up in a moment to

25  talk about the discovery issues with Anadarko and how they were

TRONOX INCORPORATED, et al.

- 9 -

1    resolved.  I just want to give you a very brief status of the

2    case right now which is not going to be a lot of details.

3           Today's hearing was supposed to be a disclosure

4    statement hearing.  As you know, we adjourned that until

5    September 16th.  The reason we adjourned that is we've made a

6    significant amount of progress towards a deal.  We're still

7    discussing and negotiating some of the fine points, and as a

8    result we really can't publicly state exactly where we are

9    because we don't want information getting out into the market

10   that could change.  But we are optimistic that we're going to

11   get it done.  We have a meeting today back at our offices when

12   the hearing's over.  Hopefully we'll hammer out some more of

13   the details and hopefully we'll have something public to

14   announce very shortly.  So that's really the status update.  I

15   can give you more but I really --

16           THE COURT:  No, I don't.  I'll be here on September

17   16th --

18           MR. HENES:  As will we.

19           THE COURT:  -- and the hearing has been adjourned.  We

20   have a very limited calendar today.

21           I received an ex parte application on the part of

22   Anadarko and Kerr-McGee to file their tome in opposition to the

23   disclosure statement partially under seal, which I denied.  And

24   that's on the record.  And I certainly hope that they will be

25   one of the many parties that you will discuss the disclosure

TRONOX INCORPORATED, et al.

- 10 -

1    statement with, as is practice in connection with all

2    disclosure statements, so that the disclosure statement is

3    informative but relatively neutral.  And obviously a disclosure

4    statement can very readily state parties' differing opinions on

5    pending litigation.  That has never, in my experience,

6    prevented an appropriate and properly informative disclosure

7    statement from being approved by the Court, saving litigation

8    for a different forum and a different time.

9          But you now have another month to hopefully bring some

10   of this together and I'll -- do we have a new deadline for

11   objections to the disclosure statement?  I assume that the

12   notice of adjournment had that date, but if it doesn't that's

13   something that probably should be set.

14         MR. HENES:  Yes.

15         THE COURT:  And hopefully the deadline will be a

16   little longer this time --

17         MR. HENES:  Yes.

18         THE COURT:  -- because I know when you made the motion

19   the first time you were compressed in terms of time.  But

20   obviously the more time there is the more time there is for you

21   to discuss with parties any fine tuning that may be useful in

22   connection with the disclosure statement.  And clearly, nobody

23   has to file an objection to a disclosure statement on the

24   docket.  They can send the debtors any riders, any amendments

25   they think are appropriate and the matter hopefully can be

TRONOX INCORPORATED, et al.

- 11 -

1    worked out.

2        MR. HENES:  Yes, Your Honor.  And that's our hope.

3    We'll work with everybody that --

4        THE COURT:  That's pretty standard practice, at least

5    in this part of the country, and I'm sure it will work in this

6    case as well as in other cases.

7        MR. HENES:  Thank you, Your Honor.  I will -- I'm

8    going to sit down --

9        THE COURT:  Well, let me ask, does anybody wish to be

10   heard with regard to the status of the matter generally?

11       MR. CRICHLOW:  Yes, Your Honor.  David Crichlow,

12   Pillsbury Winthrop Shaw Pittman on behalf of the equity

13   committee, and we do wish to be heard.  One other thing that

14   the Court should be aware of and consider with respect to

15   status is I'm happy to hear Mr. Henes report, again, that

16   they're making considerable progress towards reaching a plan

17   and a consensual deal.  We are not aware of what that progress

18   is because the current incarnation of what's being discussed we

19   haven't been involved in the discussions.  But we remain

20   hopeful that we have approached the debtor, it's clear to them

21   and we've made clear in this court before that we continue to

22   work on an alternative plan and proposals that, as best we can

23   tell, without getting into detail, currently track a structure

24   that they are discussing now.

25       And we're hopeful that if we can have constructive

TRONOX INCORPORATED, et al.

- 12 -

1    discussions then perhaps we may be able to reach a fully

2    consensual conclusion to this case.  But if that is not the

3    case and if the equity committee determines that the new plan

4    that is going to be proposed does not fairly provide a

5    distribution equity for which we think we would be entitled, we

6    would then be moving to terminate exclusivity, which is going

7    to terminate by statute on September 13th.  What we would want

8    to be filing, we would probably want to bring that on on an

9    expedited basis and be able to file our disclosure statement so

10   that a hearing could happen within close confines to the

11   debtors' hearing on its disclosure statement.  And we wanted to

12   give the Court a head's up.  The reason we have not done that

13   is we want to continue to move toward a constructive

14   resolution.

15          And what we should let the Court know is we've made a

16   proposal.  We won't get into detail about it because Mr. Henes

17   has not gotten into detail about his, but I can report in open

18   court that our proposal does have its equity financing locked

19   up and we think it's more value additive and we're going to

20   continue to talk to the debtors.  But I did want the Court to

21   be aware, procedurally, of what we may be bringing on if we are

22   not able to reach a consensual resolution with the parties.

23          THE COURT:  Well, I certainly endorse the concept of a

24   consensual resolution.  I'm sure the debtors do too.  Sometimes

25   that is difficult to reach.  But you mentioned procedure.  It

TRONOX INCORPORATED, et al.

- 13 -

1  seems to me that in order to keep my calendar functioning in a

2  manner that satisfies all interested parties, that it would

3  probably be a good idea before any motions are filed for there

4  to be a telephone call or perhaps a chambers conference among

5  the most directly interested parties at which any motions for

6  relief are scheduled and we can keep the procedures in

7  reasonable order.

8          MR. CRICHLOW:  We are happy to do that, Your Honor --

9          THE COURT:  I think that might --

10         MR. CRICHLOW:  -- and thanks for your guidance.

11         THE COURT:  -- that might be a good idea.  All right.

12  Now shall we procee -- anyone else?

13      (No response)

14         THE COURT:  Shall we then proceed to the motion that

15  is on the calendar today?

16         MR. ZEIGER:  Thank you, Your Honor.  Good morning,

17  Your Honor.  Jeffrey Zeiger on behalf of Tronox, and I believe

18  Ms. Gray is going to join me as well.

19         THE COURT:  She has moved from the back of the court

20  where she always sits to the front of the court.  I think we

21  can give her a standing invitation to sit at the front of the

22  court if she wishes to and I don't think there will be any

23  concession thereby that she's either sitting on the debtors'

24  side, the committee's side or anyone else's side.  All right.

25         MR. ZEIGER:  Well, Your Honor, in the great tradition

TRONOX INCORPORATED, et al.

- 14 -

1    of this case the parties traded proposals as late as 1 a.m.

2    last night and reached an agreement on a new schedule in the

3    hallway about three minutes before the hearing began.  The

4    government is on board, the defendants are on board, and Tronox

5    is on board.  So we apologize to the Court to the extent --

6          THE COURT:  No --

7          MR. ZEIGER:  -- you spent time reading our pleadings

8    on this, which I'm sure you did, but nothing like a deadline to

9    bring a little reasonableness on all sides to the discussion.

10         THE COURT:  Well, the pleadings are relatively short.

11   I should say the pleadings relative to this particular motion

12   are relatively short.  And I gather that, just so we can be

13   certain because we don't want to have a play without Hamlet,

14   that the government will be able to produce the documents that

15   have been requested on the schedule.  I think it's the

16   government who really should be heard from here.  But tell me

17   what your agreement is because you tell me the government has

18   agreed.

19         MR. ZEIGER:  I will and then obviously they can -- Ms.

20   Grey or the government can be heard as well on this.  But

21   subject to certain caveats that I'll explain in a moment, the

22   government will substantially complete its document production

23   by November 1, 2010 -- this November 1.

24         THE COURT:  I think we should use years as well as

25   dates.

TRONOX INCORPORATED, et al.

- 15 -

1         MR. ZEIGER:  I think it's better to be clear on these

2    points.  The government will produce -- substantially complete

3    its document production in accordance with the applicable

4    federal rules and in accordance with your order on the motion

5    to compel which is scheduled to be heard on September 16, 2010.

6    That should not be taken as a sign that we're not going to

7    reach agreement on that too.  Everybody's working

8    constructively towards trying to get an agreed set of documents

9    that the government will provide and hopefully take some of

10   these issues, again, of the Court's plate.  To the extent the

11   government doesn't hit that deadline, defendants shall be

12   entitled to reopen this schedule and also seek whatever relief

13   they want to seek from Your Honor.

14         THE COURT:  All right.

15         MR. ZEIGER:  The other core substantive issue that

16   defendants raised with respect to our proposal was that they

17   felt a little jammed on the expert related issues in the case.

18   And I think that was a fair concern based on the current

19   schedule.  To alleviate that, on Saturday we sent them a list

20   of 2,801 sites that our environmental expert is currently

21   considering, so they now have a list of the specific sites that

22   as of today will be included in our environmental report.

23   We'll do the same for our tort expert and also give them

24   descriptions of the other liabilities that we'll then roll up

25   into our solvency analysis.

TRONOX INCORPORATED, et al.

- 16 -

1        In exchange -- let me -- one other thing we've agreed

2   to, we will give them additional time to respond to our expert

3   report, I think about another three weeks, up to sixty days to

4   respond to our expert report.  In exchange for that they agree

5   to not seek additional time on the expert discovery schedule,

6   our expert report schedule, to the extent we comply with our

7   obligations to keep them informed of what sites are being

8   included in the analysis on a real-time basis.  To the extent

9   we don't do that they can seek additional time --

10        THE COURT:  2,081 isn't enough?

11        MR. ZEIGER:  Well, I didn't say they would all remain.

12   They may go up, they may go down.  But we've agreed to do is

13   tell them kind of on a real-time basis which ones are in and

14   which ones are out.  I frankly think it's more than enough but

15   we can save the merits and the tomes for another day.

16        THE COURT:  All right.

17        MR. ZEIGER:  The defendant's -- one other caveat on

18   the defendant's agreement.  They won't seek to get additional

19   time to respond to the reports based on the size of the reports

20   or the number of sites, but if there is some truly unforeseen

21   circumstances that comes up they have the ability to ask Your

22   Honor for additional time.

23        And I think I've summarized all this accurately.

24   That puts us on target after a dispositive motion period for a

25   early December 2010 trial date.  And we will submit an order

TRONOX INCORPORATED, et al.

- 17 -

1    setting forth all of this to chambers.

2           THE COURT:  All right.  Ms. Gray?

3           MS. GRAY:  Thank you, Your Honor.  Mr. Zeiger

4    accurately represented the agreement that we were able to reach

5    at the last minute and we appreciate that.  We're sorry that

6    we're now in August and still don't have what we consider to be

7    the vast majority of the documents that will really be the

8    heart of these environmental liabilities that the Court has

9    either heard or read so much about.

10          The case management orders have been aggressive at the

11   insistence of Tronox and the government, and we have complied

12   with all of our obligations at a huge expense with regard to

13   the documents that we have produced.  And I hope that we won't

14   be back in front of the Court after November 1st with a

15   situation that we're in today where the government has not

16   complied with its obligations under an existing order of the

17   Court.

18          The only slight modification to what Mr. Zeiger

19   represented is actually the time between their report and ours

20   is sixty-two days, not sixty, but I'm sure that that was just

21   an oversight.  We have agreed on specific dates so that will be

22   contained in the order.

23          But you know, if we are back in front of this Court

24   after November 1st and the government hasn't complied with its

25   obligations just we'll inform the Court we will be seeking

- 18 -

1    sanctions because of the delay and the prejudice and the cost

2    that Anadarko and Kerr-McGee have incurred as a result of this

3    litigation having to be extended by virtue of the fact that we

4    haven't been provided with the documents that were requested,

5    I want to say over a year ago.  But thank you, Your Honor.

6              THE COURT:  All right, thank you.

7              Anyone else?

8              MR. YALEN:  Good morning, Your Honor.  Robert Yalen

9    for the United States.  Mr. Zeiger did describe accurately what

10   we would agree to in a new case management order.  Obviously,

11   we have been undertaking great efforts to produce significant

12   documents in response to the very broad requests of Anadarko.

13   And if there is no settlement of the motion to compel which is

14   pending before Your Honor, certainly our opposition to that

15   motion will explain how in fact their challenges are off base.

16              That said, there are a lot of documents at issue in

17   this case all around the country, paper and electronic.  And we

18   believe that we can substantially complete production by the

19   date mentioned by Mr. Zeiger.

20              I suppose it goes without saying, but I'll say anyway

21   that by agreeing in the case management order that Anadarko

22   would have the right to seek such sanctions as it wants to seek

23   if this order is not met, we obviously do not agree that any

24   sanctions would be warranted.  We think we've behaved with the

25   utmost reasonableness and aggressiveness, in fact, in producing

TRONOX INCORPORATED, et al.

- 19 -

1    documents that they have asked for.  But we believe the new

2    substantial completion date is workable.

3          THE COURT:  Well, I'm glad to hear that.  I would only

4    comment that I would hope the parties would spend more time

5    producing documents than litigating a document production

6    motion.  However, if the motion involves categories that the

7    proponent wants and that the subject of the demand believes to

8    be too burdensome or otherwise improper, well, that's an issue

9    that perhaps should be decided sooner rather than later if

10   that's the issue.  If the issue is not scope but timing --

11   well, I assume at this point it would have to be a question of

12   scope, is that right?

13         MR. YALEN:  Well, I -- you know, I don't mean to --

14   pre --

15         THE COURT:  But -- or I don't know.

16         MR. YALEN:  -- pre-argue their motion.  I --

17         THE COURT:  I'll leave that for another day.

18         MR. YALEN:  I believe there are scope -- there may be

19   scope issues, but as Mr. Zeiger has mentioned there are

20   discussions and we hope to resolve any scope issues.

21         THE COURT:  All right.

22         MR. YALEN:  And the timing issues, I can only assure

23   the Court that we are pursuing the project as fast as possible.

24         THE COURT:  All right.  Well, I'll enter an

25   appropriate order and look forward to receiving that from the

TRONOX INCORPORATED, et al.

- 20 -

1    parties.

2              Anyone else?

3        (No response)

4              THE COURT:  All right, thank you.  And I'm delighted

5    you were able to reach this point and give you full cart

6    blanche to reach any further agreements even if it's only two

7    minutes before a hearing.

8              MR. ZEIGER:  Thank you, Your Honor.

9              THE COURT:  Thank you.

10        (Proceedings concluded at 11:30 AM)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

- 21 -

1

2                               I N D E X

3

4                              RULINGS

5                                              Page Line

6    Plaintiffs' motion to extend all            19    24

7    deadlines in the case management

8    order and discovery protocol approved

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

- 22 -

1

2                         C E R T I F I C A T I O N

3

4    I, Sharona Shapiro, certify that the foregoing transcript is a

5    true and accurate record of the proceedings.

6    Sharona Shapiro   Digitally signed by Sharona Shapiro
                        DN: cn=Sharona Shapiro, c=US
                        Reason: I am the author of this document
7    _____   Date: 2010.08.12 14:46:57 -04'00'

8    Sharona Shapiro

9    AAERT Certified Electronic Transcriber (CET**D-492)

10

11   Veritext

12   200 Old Country Road

13   Suite 580

14   Mineola, NY 11501

15

16   Date:   August 12, 2010

17

18

19

20

21

22

23

24

25