# EXHIBIT E

BINGHAM

Duke K. McCall, III
Direct Phone: 202.373.6607
Direct Fax:   202.373.6443
duke.mccall@bingham.com

September 23, 2010

**VIA ELECTRONIC MAIL AND FIRST CLASS MAIL**

Joseph L. Pantoja
Assistant United States Attorney
86 Chambers Street
New York, New York 10007

Re:  **United States v. Anadarko Petroleum Corporation - Case No. 09-10156 (ALG), Adv. Pro No. No. 09-1198 (ALG)**

Dear Mr. Pantoja:

I write to summarize, and address the implementation of, the agreements reached with respect to the production of documents by the United States of America (the "Government") in response to Defendants' First Request for Production of Documents to Plaintiff-Intervenor United States of America dated August 10, 2009 and Defendants' Second Request for Production of Documents to Plaintiff-Intervenor United States of America dated January 10, 2010 (collectively "the RFPs").

**The Parties' Agreement**

In an effort to address issues raised in Defendants' July 9, 2010 motion to compel the production of documents by the Government, Defendants and the Government agreed as follows:

(1)    Scope of Production: Subject to the parties' agreements regarding specific categories of documents and with the exception of four categories of documents the Government contends are protected from disclosure, the Government agreed to produce all non-privileged documents responsive to the RFPs. The four categories of documents the Government contends are protected from disclosure are: (i) Grand Jury materials related to the investigation of criminal activities by Government contractors involved in the clean up of the Manville Site; (ii) Internal Revenue Service files related to the investigation of potential fraud in connection with the clean up of the Manville Site by Sevenson Environmental Services, Inc., the Government's primary contractor at the Manville Site; (iii) communications beginning in 2008 (prior to the filing of this litigation) between the Government, Tronox Incorporated and its subsidiaries (collectively "Tronox"), various state and local government agencies or other parties concerning claims for the recovery of response costs at Sites where Tronox is a potentially responsible party ("PRP"); and (iv) communications between the Government and various third parties, including Tronox, related to the restructuring of Tronox,

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo

Bingham McCutchen LLP
2020 K Street NW
Washington, DC
20006-1806

202.373.6000
202.373.6001
bingham.com

A/73510601.1

Joseph Pantoja
Assistant United States Attorney
September 23, 2010
Page 2

including but not limited to the Environmental Claims Settlement Agreement proposed to be entered into in connection with the Joint Plan of Reorganization of Tronox.

   (2) <u>Large Caches of Paper Documents</u>: The Government agreed to pay 50% of the cost of scanning documents Defendants select from the large caches of paper documents the Government has identified as responsive (or potentially responsive) to the RFPs, including the following caches of documents: (i) documents related to the Manville Site stored at the Lee's Summit facility in Kansas City, Missouri; (ii) documents related to the Manville Site located in the Kansas City offices of the Army Corps of Engineers; (iii) documents related to the Manville Site located at EPA Region 2's offices at 290 Broadway; (iv) documents related to the Soda Springs Site located in the offices of EPA Region 10; and (v) documents related to various sites in the offices of the United States Forest Service ("Forest Service") in Golden, Colorado. To facilitate Defendants' selection of documents from these facilities, the Government: (i) provided Defendants with additional information regarding the documents stored at Lee's Summit; (ii) agreed to organize the responsive documents related to the Manville Site located in the Kansas City offices of the Army Corps of Engineers into discrete categories (prime contractor files, subcontractor files, technical materials and cost information) for review by Defendants; (iii) agreed to provide Defendants with a detailed index of the documents located at EPA Region 2's offices at 290 Broadway; (iv) provided Defendants' with an index of the documents related to the Soda Spring Site located in the offices of EPA Region 10; and (v) agreed to provide Defendants with a detailed index of the 125 boxes of documents in the Golden, Colorado offices of the Forest Service.

   (3) <u>Small Caches of Paper Documents</u>: The Government agreed to pay 50% of the cost to scan all of the following, smaller caches of paper documents: (1) documents in the possession of EPA Region 9 related to the Henderson Site; and (2) documents located in the Baltimore, Maryland office of the Army Corps of Engineers.

   (4) <u>Deferral of Defendants' Motion to Compel</u>: In order to facilitate the production of the requested documents and hopefully narrow the issues brought before the court on Defendants' motion to compel, Defendants agreed to postpone the hearing on Defendants' motion to compel until after November 1, 2010--the amended deadline for the substantial completion of the Governments' production of documents under the Court's Amended Case Management Order.

   (5) <u>Avoidance of Unnecessary Productions</u>: Based on additional information obtained from the Government, Defendants agreed to forego the production of certain identified caches of documents, with the understanding that Defendants may seek the production of these documents in the future if the information Defendants have requested is not contained in other documents the Government has agreed to produce. In particular, Defendants agreed to forego, for the time being, the production of the following categories of documents stored at the Lee's Summit facility in Kansas City, Missouri: (i) all 83 boxes of documents included under Accession # 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 and all 5 boxes of documents included under Accession # 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 (based on a review of a

Joseph Pantoja
Assistant United States Attorney
September 23, 2010
Page 3

portion of the documents at Lee's Summit, Defendants believe other requested documents at Lee's Summit may contain summaries of the limited information Defendants seek from these boxes); (ii) all 58 boxes of documents included under Accession # 412-080027 (Defendants again believe that other requested documents contain summaries of the information included in these boxes); and (iii) based on the Governments' representations that the submittal registers included under Accession # 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 are cumulative, Defendants agree to accept the production of only the final submittal register included in these 6 boxes.

### Implementation of the Parties' Agreement

Defendants have re-noticed the hearing on their motion to compel for November 9, 2010, the week after the deadline for the substantial completion of the Governments' production of documents under the Court's Amended Case Management Order. Defendants would like to resolve as many issues as possible in advance of the hearing, and therefore, propose the following:

    (1)    <u>Identification of Withheld Documents</u>: Defendants request that the Government specifically identify, in accordance with the privilege protocol agreed to between the parties, the categories of documents included in each of the four groupings of documents identified above that the Government contents are protected from disclosure. In order to facilitate the timely resolution of any dispute with respect to the Government's decision not to produce these documents, we ask that the Government provide its privilege log for these documents to Defendants by October 15, 2010.

Defendants understand that the Government also is withholding responsive documents the Government contends are protected from disclosure under the attorney work product doctrine or attorney-client privilege and documents the production of which the Government contends would be unduly burdensome because such documents are duplicative of other documents being produced by the Government (e.g., microfiche copies of documents produced in hard-copy form). To avoid any confusion or misunderstanding concerning the responsive documents being withheld, Defendants request that the Government: (i) provide Defendants with a privilege log specifically identifying all categories of documents the Government contends are protected from disclosure under the attorney work product doctrine or attorney-client privilege; and (ii) specifically identify all categories of documents the Government is withholding from its production on any basis other than a claim of privilege, including all documents withheld based on a claim that such production is unduly burdensome. To avoid further delays in this matter, and to facilitate the timely resolution of any disputes regarding the withheld documents, Defendants request that the Government provide this information to Defendants no later than October 15, 2010.

Joseph Pantoja
Assistant United States Attorney
September 23, 2010
Page 4

(2) <u>Production of Remaining Documents</u>: Defendants also request that the Government raise with Defendants any concerns or issues with respect to the production of responsive documents no later than October 15, 2010. With respect to the responsive documents identified for production, Defendants request the following:

(i) Defendants previously identified for the Government the documents at Lee's Summit that Defendants believe are responsive to the RFPs and should be produced. Defendants understand that these documents are in the process of being scanned. Please let us know when Defendants should expect to receive these documents.

(ii) Defendants understood that the Government was in the process of organizing the Army Corps of Engineers documents located at the Kansas City District office into the categories previously discussed. Defendants are prepared to review these documents as soon as they are ready for review. Your e-mail earlier this week suggests that this has not been done. Please arrange to have the documents organized as proposed, as soon as possible, and let us know when the documents will be ready for Defendants to review.

(iii) Defendants have not received the detailed index of the documents at 290 Broadway that the Government proposed to create in its August 13, 2010 correspondence. Please let us know when we should expect to receive this index.

(iv) Defendants have identified on the enclosed copy of the index of documents related to the Soda Springs Site the categories of documents Defendants believe are responsive to the RFPs and should be produced. Please let us know when the Government will produce the requested documents.

(v) Defendants have not received the detailed index of the 125 boxes of documents in the Golden, Colorado offices of the Forest Service. Defendants understand from subsequent communications that the Government may have decided to scan and produce all of the responsive documents. Please let us know when we should expect to receive these documents or the promised index.

(vi) Although your recent e-mail suggests a contrary understanding, Defendants understood that the Government had agreed to scan and produce the responsive Manville documents in the Baltimore, Maryland office of the Army Corps of Engineers. Given the comparatively small quantity of documents at issue, Defendants request the Government proceed with the scanning and production of these documents.

(vii) Based on the descriptions provided in the Government's August 30th and September 21st e-mails, Defendants are willing to forego the production of both the lab data at EPA's National Air and Radiation Environmental Lab for the West Chicago and Lindsay Light Sites and the EPA Contract Lab Program data in Edison, New Jersey related to the Engineering Evaluation and Cost Analysis performed for the Manville Site. Defendants' agreement to forego the production of both sets of lab data is conditional, and Defendants may seek the production of these documents in the future, if Defendants conclude such production is warranted.

Joseph Pantoja
Assistant United States Attorney
September 23, 2010
Page 5

                *                *                *

I look forward to discussing with you further the timely production of the requested documents.

Sincerely,

Duke K. McCall, III


Enclosure

cc:    Counsel of Record (via Electronic Mail and First Class Mail)

TABLE OF CONTENTS
KERR MCGEE CHEMICAL CORPORATION -SITE FILE (KMCSF)

FROM SDMS-Central

**0.0 - TABLE OF CONTENTS**
**1.0 - SITE IDENTIFICATION**
    1.1 - Correspondence (at FRC)
    1.2 - Background (at FRC)
    1.3 - SCAP 2 Summary Report (at FRC)
    1.4 - Preliminary Assessment Data/Reports (at FRC)
    1.5 - Site Inspection Reports/Documents (at FRC)
    1.6 - HRS Documentation Package     PLEASE KEEP INTACT (at FRC)
        1.6.1 - FOIA EXEMPT/CONFIDENTIAL    PLEASE KEEP INTACT (at FRC)
    1.7 - Field Operations Work Plan (at FRC)
    1.8 - Sampling and Analysis Data (at FRC)
    1.9 - NPL Documentation (at FRC)
        1.9.1 - Comments on Listing (at FRC)
    1.10 - Field Notebooks (at FRC)
**2.0 - REMEDIAL INVESTIGATION/FEASIBILITY STUDY**
    2.1 - Correspondence (at FRC)
    2.2 - Sampling and Analysis Plan/Air Modeling Plan/Gamma Survey Plan (at FRC)
        2.2.1 - Comments (at FRC)
        2.2.2 - CONFIDENTIAL BUSINESS INFORMATION
    2.3 - Work Plan (2 Volumes) (at FRC)
        2.3.1 - Comments (at FRC)
    2.4 - Sampling and Analysis Data (2 Volumes) (at FRC)
        2.4.1 - Oversight Data and Comments (at FRC)
    2.5 - Monthly Reports (at FRC)
    2.6 - Risk Assessment (at FRC)
        2.6.1 - Comments (at FRC)
        2.6.2 - Interim Risk Assessment Deliverables (at FRC)
    2.7 - Health and Safety Plan (at FRC)
    2.8 - Monitor Well Reports/Groundwater Data Quality Reports (at FRC)
    2.9 - RI/FS Oversight (at FRC)
    2.10 - Remedial Investigation Interim Reports and Technical Memoranda (at FRC)
        2.10.1 - Comments (at FRC)
        2.10.2 - Technical Memoranda (at FRC)
        2.10.3 - Air Pathway Analysis Report (at FRC)
        2.10.4 - Groundwater Modeling (at FRC)
        2.10.5 - Finch Spring Sediment Sampling (at FRC)
        2.10.6 - NPDES (at FRC)
    2.11 - Preliminary Site Characterization Report (2 Volumes) (at FRC)
        2.11.1 - Comments (at FRC)
    2.12 - Remedial Investigation Report (at FRC)

TABLE OF CONTENTS
KERR MCGEE CHEMICAL CORPORATION -SITE FILE (KMCSF)

FROM SDMS-Central

- 2.12.1 - Draft RI Report (2 Volumes) (at FRC)
- 2.12.2 - Final RI Report (4 Volumes) (at FRC)
- 2.13 - Feasibility Study Interim Report and Technical Memoranda (at FRC)
  - 2.13.1 - Remedial Action Objectives Memorandum (at FRC)
  - 2.13.2 - Development and Screening Memorandum (at FRC)
  - 2.13.3 - Comparative Analysis Report (2 Volumes) (at FRC)
- 2.14 - Feasibility Study Report (at FRC)
- 2.15 - Proposed Plan (at FRC)
- 2.16 - FOIA EXEMPT/CONFIDENTIAL (at FRC)

**3.0 - RECORD OF DECISION**
- 3.1 - Correspondence
- 3.2 - ROD
- 3.3 - Amendments to the ROD

**4.0 - REMEDIAL DESIGN/REMEDIAL ACTION**
- 4.1 - Correspondence
- 4.2 - FOIA EXEMPT/CONFIDENTIAL
- 4.3 - Statement of Work/Work Plans
- 4.4 - Monthly Reports
- 4.5 - Health and Safety Plan
- 4.6 - Ground Water SAP/QAPP/Point of Compliance & Data (4 Volumes)
- 4.7 - Remedial Action Project Implementation Plan
- 4.8 - Construction QA/QC Plan
- 4.9 - Process Changes Deliverable
- 4.10 - Plans and Specifications
- 4.11 - Remedial Action Completion Report (2 Volumes)
- 4.12 - Remedial Action Construction Oversight
- 4.13 - PRP CERCLA Removal Oversight Report

**5.0 - OPERATION AND MAINTENANCE**
- 5.1 - Fertilizer Plant (See also 4.9)
- 5.2 - Groundwater Data
  - 5.2.1 - Data Quality Reports and Database Updates (2 Volumes)

**6.0 - INTERNAL CORRESPONDENCE/MEETINGS**
- 6.1 - CONFIDENTIAL (at FRC)
- 6.2 - Questionaire (at FRC)

**7.0 - DELETION/FIVE YEAR REVIEW**
- 7.2 - Five Year Review Reports
- 7.3 - Post 5-Year Review (2 Volumes)
- 7.10 - CONFIDENTIAL

**8.0 - PRELIMINARY CLOSE OUT**
- 8.1 - Correspondence

TABLE OF CONTENTS
KERR MCGEE CHEMICAL CORPORATION -SITE FILE (KMCSF)

FROM SDMS-Central

19.1 - Correspondence
19.2 - Cost Recovery

**20.0 - WORK ASSIGNMENTS**
20.1 - Work Assignment C10018 (Risk Assessment) (WAM File) (at FRC)
20.2 - Work Assignment 20-37-OPD3 RI/FS Oversight (WAM File) (at FRC)
20.3 - Start Up (Work Assignment Forms, SOW, WP, Permits, Contracts) (at FRC)