# EXHIBIT H

**BINGHAM**

Duke K. McCall, III
Direct Phone: 202.373.6607
Direct Fax:    202.373.6443
Duke.mccall@bingham.com

December 16, 2010

**Via Electronic and First Class Mail**

Joseph L. Pantoja, Esq.
Assistant United States Attorney
86 Chambers Street
New York, NY 10007

Re:    **United States v. Anadarko Petroleum Corporation et al. - Case No. 09-10156 (ALG, Adv. Pro No. 09-1198 (ALG)**

Dear Joe:

I write on behalf of Anadarko Petroleum Corporation and Kerr-McGee Corporation ("Defendants") concerning the responses and objections of the United States of America ("the Government") to Defendants' First Set of Interrogatories ("Interrogatories"). Simply put, the Government's interrogatory responses ("Responses") are inadequate. The Responses fail to set forth the requested information or significant portions thereof, they rely on inappropriate objections to avoid providing substantive answers, and they direct Defendants to unspecified documents the Government claims are included among (or at some future date will be included among) the millions of pages of documents produced in this litigation. Defendants are entitled to full and complete answers to their Interrogatories, which seek to discover the factual bases for the massive environmental liabilities the Government alleges in this case. Defendants request that the Government immediately supplement its Responses to address the deficiencies identified below.

**The Government Has Failed to Provide the Most Basic Information Requested Concerning the Sites, Facilities And Mines at Issue**

The claims of the Government (and its co-Plaintiffs) against Defendants are predicated on the Government's allegation that it is owed in excess of $6.6 billion as a result of environmental liabilities arising at more than 2,500 sites, facilities or mines ("sites"). Defendants have been attempting for well over a year to learn the most basic information about the alleged liabilities at these sites. Toward that end, Defendants' Interrogatories called for the Government to provide the following information when asked to "Identify" a site *to which the Government referred* in its Proofs of Claim:

1.    The name and address/location of each site,

2.    The Debtor or Debtor predecessor that allegedly owned or operated each site,

3.    The time period during which such entity owned or operated the site,

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Washington

Bingham McCutchen LLP
2020 K Street NW
Washington, DC
20006-1806

T +1.202.373.6000
F +1.202.373.6001
bingham.com

A/73609375.1

Joseph L. Pantoja, Esq.
December 16, 2010
Page 2

4. The nature of the operations conducted at each site,

5. The hazardous substances allegedly released at or in the vicinity of or that migrated from each site,

6. The investigation and response actions taken at each site, and

7. The costs incurred to clean-up each site.

There can be no question that Defendants are entitled to this information. Indeed, Defendants' ability to prepare a defense to the Government's claims (and the claims of the Government's co-Plaintiffs) is compromised without it. Nonetheless, in its Responses, the Government provided only names and a limited address information for some but not all of the sites, and fails to supply *any* of the other site information requested in Interrogatories Nos. 1-3, 5, 7, 9 and 11. Thus, well over a year after the Government intervened as a plaintiff in this litigation, Defendants still do not have the most basic information concerning the overwhelming majority of the sites that form the bases of the claims against Defendants, including the addresses for many of the sites, the nature of the operations conducted at each site, the nature and extent of the contamination at each site, the entities allegedly responsible for such contamination, when the contamination allegedly occurred, or the costs required to address such contamination.

Please provide immediately the specific information called for regarding each and every site that is the subject of Defendants' Interrogatories.

### The Government's Objections Do Not Excuse Its Failure to Answer the Interrogatories

In response to each and every Interrogatory, the Government asserts the same litany of boilerplate objections. With respect to Interrogatory Nos. 4, 6 and 12, the Government appears to rely on these objections to provide no response whatsoever. It further appears that with respect to the remaining Interrogatories, the Government relies on these objections to withhold information or provide only a partial answer. None of the Government's objections excuses its failure to answer the Interrogatories fully.

First, the Government asserts that each of the twelve Interrogatories is "unduly burdensome or otherwise imposes obligations greater than imposed" by applicable court rules. By way of example, however, Interrogatories Nos. 1-7, 9 and 10 simply ask the Government to identify the sites the Government contends give rise to the environmental liabilities at issue. Similarly, Interrogatory Nos. 8 and 11 simply ask the Government to identify the individuals at the Government with knowledge of the sites the Government alleges are at issue and the Government's estimates of the costs that will be incurred to clean up those sites. In short, any burden imposed is the product of the sweeping nature of the Government's claims which allege environmental liabilities in excess of $6.6 billion at more than 2,500 sites. It is not the result of the twelve targeted Interrogatories

Joseph L. Pantoja, Esq.
December 16, 2010
Page 3

Defendants have propounded. If the Government is withholding any information based on its "unduly burdensome" objection, please provide that information immediately.

Second, the Government objects to each Interrogatory on the ground that Defendants seek information "already in the possession of the Anadarko Defendants, or that may be derived or ascertained from an examination, audit or inspection of documents previously made available or provided to . . . the Anadarko Defendants." This objection is unfounded for several reasons. First, as Defendants have explained to the Government on multiple occasions, Defendants are not in possession of the information sought in these Interrogatories. Indeed, the Interrogatories were propounded because Defendants have been unable (and remain unable) to ascertain the information sought from the documents in their possession or that have been made available to Defendants. Moreover, as the Federal Rules of Civil Procedure make clear a party may not avoid its obligation to answer an interrogatory by simply stating that the answer may be derived or ascertained from an examination, audit or inspection of available documents. Rule 33 provides:

> *If the if the burden of deriving or ascertaining the answer will be substantially the same for either party* the responding party may answer by:
>
> (1) *specifying the records that must be reviewed*, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
>
> (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Fed. R. Civ. P. 33(d) (emphasis added); *see also* Local Bankruptcy Rule 7033-1(f)(1) (stating that the answering party must provide "sufficient detail to permit the interrogating party to locate and identify the records and ascertain the answer as readily as could the party from whom discovery was sought"). The burden of deriving or ascertaining the answer is not substantially the same for Defendants and the Government because the Government has already collected the requested information in support of its Proofs of Claim and Adversary Complaint. Moreover, the Government has not specified --in any of its responses--the records that must be reviewed to ascertain the information requested. Thus, the Government's refusal to produce any of the requested information on this ground violates the applicable rules, and Defendants request that the Government immediately supplement their responses to provided the requested information.[1]

---

[1]    For the same reasons that this general objection is improper, so too is the Government's response to Interrogatory No. 9 in stating "[t]he cleanup costs estimated

Joseph L. Pantoja, Esq.
December 16, 2010
Page 4

Third, the Government interposes an objection to each Interrogatory on the grounds that it seeks information protected from the work product doctrine or other applicable privileges. Again, this objection is unfounded. Defendants do not seek work product or privileged materials -- what they seek is the information upon which the Government relied in preparing its Complaint and Proofs of Claim against the Defendants, as well as other *facts* obtained during its investigation as to the bases for its claims. Defendants are entitled to such information and the Government may not hide behind assertions of work product or privilege in refusing to provide it. If such information is being withheld on this basis, please provide it immediately.

Finally, in apparent reliance on some or all of these objections, the Government has failed to provide any answer to Interrogatory Nos. 4 and 6. These Interrogatories seek information regarding the Government's assertion that "approximately 270 chemical manufacturing, fertilizer manufacturing, R&D/Lab, agricultural chemical and other sites" and "properties known as the 'Secret Sites'" were transferred to Debtor or its affiliate debtors by Kerr-McGee Corporation in late 2005 and 2006 and that these are sites for which Debtor has, or may in the future have, environmental liabilities. These allegations, which Defendants believe to be false, underlie the Government's fraudulent transfer claims. Interrogatory Nos. 4 and 6 seek to probe the bases of these allegations by inquiring as to the time period during which Kerr-McGee allegedly owned each such site, the date ownership of each site was allegedly transferred to Debtor or its affiliate and the mechanism through which the alleged transfers occurred. Defendants are entitled to this information, and none of the boilerplate objections asserted as the Government's response excuse the Government's refusal to answer the questions posed.

**Issues Regarding Specific Interrogatory Responses**

Defendants seek clarification regarding the following Interrogatory Responses:

Interrogatory No. 2 - The Government failed to include in its Response to this Interrogatory approximately 20 of the facilities that were listed in the Government's Proof of Claim and for which information was specifically requested in this Interrogatory. Please confirm that the Government no longer seeks to pursue any claims against or recovery from Defendants related to the omitted facilities, which include: Chicago, IL; Church Rock, NM; Hattiesburg, MS; Irvington, NJ; Lincoln County, NV; Lukchukai Mountains, AZ; Milwaukee, WI; Nashville, TN; Paterson, NJ; Powder Springs, GA; Red Mountain, AZ; Riley Pass, SD; Rincon, GA; Rushville, IN; Sewaren, NJ; Superior National Forest, MN; Theodore, AL; Toledo, OH; Tuolumne County, CA and West Chicago, IL.

---

for these mines are reflected in documents that have been or will be produced in discovery, including information in RACER data and other evidence." This vague reference to some set of "documents" is insufficient and violates the applicable rules.

Joseph L. Pantoja, Esq.
December 16, 2010
Page 5

Interrogatory No. 3 - In response to Defendants' request in this Interrogatory that the Government identify the "approximately 270 chemical manufacturing, fertilizer manufacturing, R&D/Lab, agricultural chemical and other sites" referenced in the Government's Proofs of Claim, the Government identified only 255 such facilities. Please confirm that the list of 255 sites identified in the Government's response is complete.

Interrogatory No. 5 - The Government failed to include in its Response to this Interrogatory two of the facilities that were listed in the Government's Proofs of Claim and for which information was specifically requested in this Interrogatory. Please confirm that the Government no longer seeks to pursue any claims against or recovery from Defendants related to the omitted facilities, which include: Jackson, MI and Rome, NY.

Interrogatory No. 10 - This Interrogatory calls for the Government to "identify all estimates of clean up costs for each and every site, facility or mine that is the subject of the United States' Proofs of Claim." In response, the Government states that it is "construing this request to be seeking identification of formal, final or publicly available estimates of the cost of conducting cleanup at a site, and refers the Anadarko Defendants to the annexed Exhibit 7." Exhibit 7 is a chart listing 20 sites and vaguely references documents allegedly reflecting clean up cost estimates.

There is no basis for the Government to construe this Interrogatory as seeking only the identification of "formal, final or publicly available" cost estimates. The Interrogatory asks for "all estimates of clean up costs." The Government's decision to construe the Interrogatory as "seeking identification of formal, final or publicly available estimates" appears intended to avoid providing the cost estimates included in the Government's Proofs of Claims -- the very allegations targeted by this discovery. The Government is not permitted to re-write discovery requests in an effort to avoid providing the requested information. Defendants again ask that the Government provide the requested cost estimates.

In doing so, the Government further is asked to comply with Rule 33(d), to the extent the Government chooses to reference documents in its response. The vague (and in some instances unintelligible) references included in the Government's prior responses (*e.g.*, "cost information," "information available on online databases, like CERCLIS," and "Superfund State Contracts") are not adequate.

Interrogatory No. 12 - Please explain the basis for the Government's objection to this Interrogatory, and its refusal to identify the persons assisting in the preparation of the Government's responses to these Interrogatories.

Joseph L. Pantoja, Esq.
December 16, 2010
Page 6

Please let me know when you are available to meet and confer in an attempt to resolve Defendants' concerns regarding the Government's deficient interrogatory responses.

Sincerely,

*Duke McCall /ple*

Duke K. McCall, III.

cc: Jeffrey J. Zeiger, Esq.