Melanie Gray *(admitted pro hac vice)*  
Lydia Protopapas (LP 8089)  
Jason W. Billeck *(admitted pro hac vice)*  
WEIL, GOTSHAL & MANGES LLP  
700 Louisiana, Suite 1600  
Houston, Texas 77002  
Telephone: (713) 546-5000  
Facsimile: (713) 224-9511  

Richard A. Rothman (RR 0507)  
Bruce S. Meyer (BM 3506)  
Lori L. Pines (LP 3005)  
WEIL, GOTSHAL & MANGES LLP  
767 Fifth Avenue  
New York, New York 10153  
Telephone: (212) 310-8000  
Facsimile: (212) 310-8007  

James J. Dragna *(admitted pro hac vice)*  
BINGHAM MCCUTCHEN LLP  
355 South Grand Avenue, Suite 4400  
Los Angeles, California 90071  
Telephone: (213) 680-6400  
Facsimile: (213) 680-6499  

Duke K. McCall, III *(admitted pro hac vice)*  
BINGHAM MCCUTCHEN LLP  
2020 K Street, NW  
Washington, DC 20006  
Telephone: (202) 373-6000  
Facsimile: (202) 373-6001  

*Counsel to Anadarko Petroleum Corporation and Kerr-McGee Corporation*

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| TRONOX INCORPORATED, *et al.*, | ) Case No. 09-10156 (ALG) |
| | ) |
| Debtors. | ) Jointly Administered |
| TRONOX INCORPORATED, TRONOX WORLDWIDE LLC f/k/a Kerr-McGee Chemical Worldwide LLC, and TRONOX LLC f/k/a Kerr-McGee Chemical LLC, | ) ) ) ) ) |
| Plaintiffs, | ) |
| v. | ) Adv. Pro. No. 09-1198 |
| | ) |
| ANADARKO PETROLEUM CORPORATION and KERR-McGEE CORPORATION, | ) ) |
| Defendants. | ) |
| THE UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Intervenor, | ) |
| v. | ) |
| ANADARKO PETROLEUM CORPORATION and KERR-McGEE CORPORATION, | ) ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' SURREPLY**

Anadarko Petroleum Corporation ("Anadarko") and Kerr-McGee Corporation (a wholly-owned subsidiary of Anadarko ("Kerr-McGee") (collectively, "Defendants") file this motion to strike (the "Motion") the Surreply to Defendants' Motion to Dismiss Counts IV, V, and VI of the Amended Complaint ("Plaintiffs' Surreply") filed by plaintiffs Tronox Incorporated ("Tronox Inc."), Tronox Worldwide LLC f/k/a Kerr-McGee Chemical Worldwide LLC ("Tronox Worldwide"), and Tronox LLC f/k/a Kerr-McGee Chemical LLC ("Tronox LLC) (collectively, "Plaintiffs"), or in the alternative, to be afforded the opportunity to respond to the merits of Plaintiffs' Surreply in a brief of equal length to the Plaintiffs' brief.

## ARGUMENT

Plaintiffs' Surreply, filed five months after the close of briefing related to Defendants' Motion to Dismiss and without leave of this court, is untimely and improper.  On March 31, 2010, this Court entered a Memorandum of Opinion granting Plaintiffs leave to replead Counts IV, V and VI of their Complaint and directing Plaintiffs to submit an order consistent with the Court's ruling.  On April 27, 2010, the Court entered a Scheduling Order providing that Plaintiffs file any amended complaint by April 28, 2010.  Plaintiffs then filed an Amended Complaint on April 28, 2010 (the "Amended Complaint").  Pursuant to the same April 27, 2010 Scheduling Order, on May 26, 2010, Defendants filed a partial motion to dismiss (the "Partial Motion to Dismiss") Counts IV (Breach of Fiduciary Duty), V (Civil Conspiracy) and VI (Aiding and Abetting Breach of Fiduciary Duty), of the Amended Complaint.  Plaintiffs' Memorandum of Law in Opposition to Defendants' Partial Motion to Dismiss (the "Opposition") was filed June 29, 2010.  Defendants' Reply Memorandum of Law in Support of its Partial Motion to Dismiss (the "Reply") was filed July 20, 2010.  Then, on December 20, 2010, five months after the close of briefing on Defendants' Partial Motion to Dismiss the Amended Complaint, and without

seeking leave of this Court, Plaintiffs filed their purported Surreply [Docket No. 188]. Plaintiffs' improper, unauthorized and untimely Surreply should be rejected or, in the alternative, Defendants should be afforded the opportunity to respond.

Surreplies are generally not permitted in federal court and are not authorized by the Federal Rules of Civil Procedure, nor are they expressly allowed for under the Local Rules for the Bankruptcy Court for the Southern District of New York. See Kapiti v. Kelly, 2008 WL 754686, at *1, n.1 (S.D.N.Y. March 12, 2008) ("Allowing parties to submit surreplies is not a regular practice that courts follow, because such a procedure has the potential for placing a court 'in the position of refereeing an endless volley of briefs.'") (citing Byrom v. Delta Family Care Disability and Survivorship Plan, 343 F.Supp.2d 1163, 1188 (N.D.Ga. 2004)); see also E.T.I. Euro Telecom Int'l N.V. v. Republic of Boliva, 2008 WL 4129987, at *1, n.2 (S.D.N.Y. Sept. 4, 2008) (disregarding defendant's "response" brief as essentially an unauthorized surreply, filed in contravention of individual practices, and denying belated request for permission to file surreply); Fedrick v. Mercedes-Benz USA, LLC, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005). Nor are unauthorized surreplies permitted under the Second Amended Case Management Order governing this proceeding, entered by the Court August 27, 2010 (the "Case Management Order").

Moreover, Plaintiffs' Surreply should be struck because Plaintiffs filed their brief without seeking leave of court. The proper procedure for submitting a surreply is to first request leave to file a surreply which should include the basis for the request. U.S. v. Int'l Bus. Machs. Corp., 66 F.R.D. 383, 384-85 (S.D.N.Y. 1975); see also In re Worldcom, 2007 WL 198262, at *5 (Bankr. S.D.N.Y. July 9, 2007). Once leave is granted, then a party may submit its reply papers. Int'l Bus. Machs., 66 F.R.D. at 385. A party cannot satisfy the requirement to first seek leave of court

3

by filing its surreply at the same time it requests leave, because otherwise, the requirement that leave be requested would be rendered useless. Int'l Bus. Machs., 66 F.R.D. at 385 ("The proposed reply papers should not accompany the request for leave to submit them. To permit the reply papers to accompany the request . . . is to enable the requesting party to accomplish its goal of placing the papers before the court, thereby reducing the question of whether the papers should be accepted for filing to relative unimportance."); In re Worldcom, 2007 WL 198262, at *5 ("[T]he proposed reply papers should not be filed contemporaneously with the request for leave to submit them."). Here, in clear contradiction of established law, Plaintiffs have filed their Surreply papers at the same time that they sought leave to file the Surreply from the Court. Accordingly, Plaintiffs' Surreply should be struck.

Furthermore, Plaintiffs – by delaying filing until December 20, 2010 – failed to promptly advise the parties or this Court of the purported issues raised in its brief. Plaintiffs waited until five months after the briefs related to the Partial Motion to Dismiss had been filed to raise any complaint about the citations in Defendants' Reply. Even Plaintiffs' improper attempt to inject irrelevant record testimony into the motion to dismiss briefing through their Surreply is inexplicably delayed, considering Luke Corbett and Robert Wohleber were deposed in October 20-21, 2010 and November 3-5, 2010, respectively. Thus, Plaintiffs still delayed the filing of their Surreply by almost two months, even if the testimony they cited was relevant to the Partial Motion to Dismiss, which it is not. The only reason for Plaintiffs' delayed submission appears to be to secure a strategic advantage by raising misleading, out-of-context record testimony before the Court.

In addition, while the Court should not consider Plaintiffs' new evidence, it is in any event incomplete and misleading, and if the Court were to consider it, Defendants request an

4

opportunity to fully respond to Plaintiffs' points. Included among Plaintiffs' misleading arguments is that certain prospective land deals were concealed from the public. (Surreply at 5). However, even at this late date, Plaintiffs have no evidence of any concealment. On the contrary, the contract at issue was the subject of extensive due diligence, including during the sale process, and was reviewed by counsel for the underwriters of the IPO. In addition, as set forth in the Reply Memorandum, Tronox executives confirmed that, as Tronox publicly stated, they continued to believe it was reasonable to expect the proceeds even well after the IPO. See Reply Mem. at 5 n.2. More importantly, Plaintiffs have not alleged a single fact, and have pointed to no evidence suggesting that anything happened with respect to these land sale contracts between January 2006 and March 2006 that would have undercut Tronox's projections of the value of its real estate. Thus, these latest arguments have no impact on Defendants' statute of limitations arguments and are irrelevant to the Partial Motion to Dismiss.

In addition, Plaintiffs argue that because the results of the IPO were allegedly disappointing, and Kerr-McGee still went forward with the distribution of its Tronox Class B shares to Kerr-McGee's own shareholders, Kerr-McGee somehow committed a tort after January 2006. (Surreply at 5-6). This is nonsense. Regardless of when the final decision to distribute Tronox stock to Kerr-McGee shareholders was made, that distribution had no impact on the financial condition of Tronox, or its creditors or minority shareholders, and caused no injury to those parties. Tronox was a separate company as of the IPO, with an independent Board, and as set out in the Partial Motion to Dismiss, all the legal predicates for the distribution had been made in November 2005. (Partial Motion to Dismiss at 12-13). Plaintiffs' belated effort to game the statute of limitations should be rejected.

5

In short, Plaintiffs' Surreply is untimely and improper. Surreplies are not permitted, except by specific leave of court, which Plaintiffs inexplicably failed to seek. Plaintiffs' Surreply should therefore be stricken, or Defendants should be granted leave to briefly respond.

In addition, Plaintiffs indicated in their Surreply that they intend to amend the Amended Complaint, pursuant to paragraph 6 of the Case Management Order, by January 15, 2011. While Paragraph 6 of the Case Management Order provides that pleadings "may be amended no later than 60 days prior to the close of fact discovery," it does not give Plaintiffs the right to amend their pleadings for a second time without seeking leave pursuant to Fed. R. Civ. P. 15 and Fed. R. Bankr. P. 7015. Plaintiffs already amended the pleadings once by filing their Amended Complaint on April 28, 2010. The April 27, 2010 Scheduling Order did not give Plaintiffs the right to file a second amended complaint. Any further amendment is not permitted at this stage without the Court's leave.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' Surreply should be stricken, or, in the alternative, Defendants should be afforded the opportunity to respond to the merits of Plaintiffs' Surreply in a brief of equal length.

Houston, Texas
Dated: December 22, 2010                                         /s/ Lydia Protopapas
                                                  Melanie Gray (*admitted pro hac vice*)

Richard A. Rothman (RR 0507)        Lydia Protopapas (LP 8089)
Bruce S. Meyer (BM 3506)            Jason W. Billeck (*admitted pro hac vice*)
Lori L. Pines (LP 3005)                Weil, Gotshal & Manges LLP
Weil, Gotshal & Manges LLP          700 Louisiana, Suite 1600
767 Fifth Avenue                        Houston, Texas  77002
New York, New York 10153           Telephone:  (713) 546-5000
Telephone:  (212) 310-8000            Facsimile:  (713) 224-9511
Facsimile:  (212) 310-8007

                                                  James J. Dragna (*admitted pro hac vice*)
Duke K. McCall, III (*admitted pro hac vice*)  Bingham McCutchen LLP
Bingham McCutchen LLP             355 South Grand Avenue, Suite 4400
2020 K Street, NW                    Los Angeles, California  90071
Washington, DC 20006               Telephone:  (213) 680-6400
Telephone:  (202) 373-6000            Facsimile:  (213) 680-6499
Facsimile:  (202) 373-6001

                                                  *Counsel to Anadarko Petroleum Corporation*
                                                  *and Kerr-McGee Corporation*

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on December 22, 2010, a true and correct copy of the foregoing **Motion To Strike Plaintiffs' Surreply** was served on the following counsel of record as indicated below.

| | |
|---|---|
| *Via email jonathan.henes@kirkland.com*<br>Jonathan S. Henes<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, New York 10022 | *Via email jeffrey.zeiger@kirkland.com and jzeiger@kirkland.com*<br>Jeffrey J. Zeiger<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle Street<br>Chicago, Illinois 60654 |
| *Via email susan.golden@usdoj.gov*<br>Susan D. Golden<br>OFFICE OF THE UNITED STATES TRUSTEE<br>33 Whitehall Street<br>New York, New York 10004 | *Via email rtrust@cravath.com*<br>Robert Trust<br>CRAVATH, SWAINE & MOORE LLP<br>Worldwide Plaza<br>825 Eighth Avenue<br>New York, New York 10019-7475 |
| *Via email david.crichlow@pillsburylaw.com*<br>David A. Crichlow<br>Craig A. Barbarosh<br>Karen B. Dine<br>PILLSBURY WINTHROP SHAW PITTMAN LLP<br>1540 Broadway<br>New York, New York 10036 | *Via email dfriedman@kasowitz.com; rshank@kasowitz.com; and dmark@kasowitz.com*<br>David M. Friedman<br>David J. Mark<br>Ross G. Shank<br>KASOWITZ, BENSON, TORRES & FRIEDMAN LLP<br>1633 Broadway<br>New York, New York 10019 |
| *Via email joseph.pantoja@usdoj.gov and robert.yalen@usdoj.gov*<br>Joseph Pantoja<br>Robert Yalen<br>Assistant U.S. Attorney<br>SOUTHERN DISTRICT OF NEW YORK<br>86 Chambers Street<br>New York, New York 10007<br><br>Houston, Texas<br>Dated: December 22, 2010 | *Via email shanep@sullcrom.com*<br>Penny Shane<br>Jessica Klein<br>SULLIVAN & CROMWELL LLP<br>125 Broad Street<br>New York, NY 10004<br><br><br><br><br>/s/ Christopher A. Stauble<br>Christopher A. Stauble |