KIRKLAND & ELLIS LLP
David J. Zott, P.C. (*admitted pro hac vice*)
Jeffrey J. Zeiger (*admitted pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654-3406
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Attorneys for Tronox Incorporated, Tronox Worldwide LLC, and Tronox LLC*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| TRONOX INCORPORATED, *et al.*, | Case No. 09-10156 (ALG) |
| Debtors. | Jointly Administered |
| TRONOX INCORPORATED, TRONOX WORLDWIDE LLC f/k/a Kerr-McGee Chemical Worldwide LLC, and TRONOX LLC f/k/a Kerr-McGee Chemical LLC, | |
| Plaintiffs, | |
| v. | Adversary Proceeding No. 09-01198 (ALG) |
| ANADARKO PETROLEUM CORPORATION and KERR-MCGEE CORPORATION, | |
| Defendants. | |
| THE UNITED STATES OF AMERICA, | |
| Plaintiff- Intervenor, | |
| v. | |
| TRONOX, INC., TRONOX WORLDWIDE LLC, TRONOX LLC, KERR-MCGEE CORPORATION and ANADARKO PETROLEUM CORPORATION, | |
| Defendants. | |

### PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO STRIKE OR, IN THE ALTERNATIVE, PLAINTIFFS' REQUEST FOR LEAVE TO FILE SUR-REPLY ON MOTION TO DISMISS INSTANTER

On December 20, 2010, Plaintiffs filed a sur-reply on Defendants' partial motion to dismiss to address Defendants' improper citations to deposition testimony of four witnesses in their reply brief. Ignoring that it was their own improper conduct that necessitated the filing of the sur-reply in the first place, Defendants now seek to strike the sur-reply because Plaintiffs did not first obtain leave to file it. Courts in the Southern District of New York, however, frequently consider sur-replies absent prior leave of court where, as here, the sur-reply addresses new issues raised in a reply brief. Thus, the Court should deny Defendants' motion to strike, or, alternatively, grant leave for Plaintiffs to file their sur-reply instanter.

For the reasons set forth in Plaintiffs' opposition brief, the Amended Complaint sufficiently alleges breach of fiduciary duty, aiding and abetting, and conspiracy claims. Accordingly, Defendants' partial motion to dismiss should be denied. Alternatively, because both parties have submitted portions of the record that they believe support their positions and Defendants are requesting leave to file yet another brief in response "to the merits of Plaintiffs' Surreply in a brief of equal length to the Plaintiffs' brief," it is well within the Court's discretion as a matter of judicial economy to simply defer resolution of these issues until they are properly briefed on summary judgment or, if Defendants do not move for summary judgment, at trial. Delaying resolution of these issues will not prejudice any party or impact the scope of remaining discovery or expert reports.

### ARGUMENT

On March 31, 2010, the Court denied Defendants' motion to dismiss Plaintiffs' fraudulent transfer claims and granted Plaintiffs leave to replead their breach of fiduciary duty, aiding and abetting, and conspiracy claims. [Dkt. No. 117] Plaintiffs filed their Amended

2

Complaint on April 28, 2010. [Dkt. No. 123] Defendants moved to dismiss the amended counts on May 26, 2010. [Dkt. No. 131] Plaintiffs filed their opposition on June 29, 2010. [Dkt. No. 140]

In their reply brief filed July 20, 2010 [Dkt. No. 149], Defendants for the first time cited deposition testimony of former Tronox employees Tom Adams, Mary Mikkelson, and Roger Addison, and current Tronox employee Robert Gibney. (Reply Br. at 5 n.2.) Defendants' improper citations compelled Plaintiffs to file a sur-reply on December 20, 2010 [Dkt. No. 188] (the "Sur-reply"), explaining that citation to such deposition testimony was improper on a motion to dismiss and that if the Court considers the evidence, it also should consider testimony from Defendants' former executives demonstrating why the issues raised in Defendants' motion to dismiss lack merit. On December 22, 2010, Defendants filed a motion to strike Plaintiffs' Sur-reply [Dkt. No. 191] (the "Motion to Strike"). In their filing, Defendants did not indicate whether they intended to pursue their Motion to Strike and, if so, when it would be heard.

I.    **Plaintiffs Were Not Required To Seek Leave Prior To Filing The Sur-Reply.**

Under Second Circuit precedent, a court should permit a party to file a sur-reply where the opposing party presents new support in a reply brief. *See Douce v. Origin ID TMAA 1404-236-5547*, No. 08 Civ. 483(DLC), 2009 WL 382708, at *4 n.7 (S.D.N.Y. Feb. 17, 2009) (citing *Bayway Ref. Co. v. Oxygenated Mktg. & Trading A.G.*, 215 F.3d 219, 227 (2d Cir. 2000)). By improperly citing deposition testimony in their reply brief, Defendants presented new support for their arguments that fairness dictates Plaintiffs should be allowed to address. This is especially true given the impropriety of Defendants' attempt to sway the Court by citing deposition testimony out of context in the reply brief. *See Iannuzzi v. Wash. Mut. Bank*, No. 07-CV-964 (JFB) (WDW), 2008 WL 3978189, at *6 n.2 (E.D.N.Y. Aug. 21, 2008) (in deciding a motion to dismiss, "the Court cannot consider matters outside the pleadings, such as a deposition

3

transcript."); *see also Cole v. Homier Distrib. Co.*, 599 F.3d 856, 863 (8th Cir. 2010) (stating that deposition testimony is "not part of the documents we are permitted to consider in ruling on a motion to dismiss"). Indeed, the fact that Defendants are attempting to base their motion to dismiss on improper evidence that is taken out of context and only paints half the picture highlights the weakness of their arguments.

Contrary to Defendants' assertions in the Motion to Strike, courts in this district regularly consider sur-replies even where the court did not grant prior leave to file the sur-reply. *See, e.g., Krantz & Berman, LLP v. Dalal*, No. 09 Civ. 9339(DLC), 2010 WL 2674590, at *4 (S.D.N.Y. May 11, 2010) (noting court's consideration of sur-reply despite filing party not having prior leave of court); *Correspondent Servs. Corp. v. JVW Inv., Ltd.*, No. 99 Civ. 8934 RWS, 2004 WL 2181087, at *7 (S.D.N.Y. Sept. 29, 2004) (same); *Dallas v. Goldberg*, No. 95 Civ. 9076 LTS RLE, 2003 WL 22872325, at *1 (S.D.N.Y. Dec. 05, 2003) (same).

This is especially the case where, as here, an issue is not raised until reply papers are served. *See Dallas*, 2003 WL 22872325, at *1 (finding that party's filing of a sur-reply, "while not specifically authorized by the Court, was not unjustified in light of Defendants' failure to disclose, much less argue, [an] issue until their reply papers were served."). Here, Defendants chose to improperly cite deposition testimony in their reply brief, contrary to binding precedent. Plaintiffs should be given the opportunity to address Defendants' improper use of deposition testimony before the Court decides the motion. *See Correspondent Servs. Corp.*, 2004 WL 2181087, at *7 (allowing the filing of sur-reply without prior leave of court in "an exercise of this Court's discretion . . . so as to permit comprehensive adjudication of the issues raised."). The Court should exercise its discretion to consider Plaintiffs' Sur-reply so as to fairly consider the new issues created by Defendants' improper procedural maneuvering.

**II.     The Court Should Grant Plaintiffs Leave To File Sur-reply Instanter.**

If the Court concludes leave is required to file a sur-reply, Plaintiffs respectfully request leave to file the Plaintiffs' Sur-reply instanter. Good cause exists for leave because, as discussed above, Defendants introduced new support for their arguments in their reply brief, and Plaintiffs should be given the opportunity to rebut these new points. *See Douce*, 2009 WL 382708, at *4 n.7; *Correspondent Servs. Corp.*, 2004 WL 2181087, at *7.

**III.    The Court Has Discretion To Defer The Issues Raised In Defendants' Partial Motion To Dismiss To Summary Judgment Or Trial.**

Defendants' partial motion to dismiss should be denied for the reasons stated in Plaintiffs' opposition brief. Alternatively, the Court has discretion as a matter of judicial economy and case management to convert Defendants' partial motion to dismiss into a motion for summary judgment and consider it after the close of discovery in accordance with the case management order.

"When material outside the complaint is presented to and not excluded by the court, '[a motion to dismiss] shall be treated as one for summary judgment and disposed of as provided in [Federal Rule of Civil Procedure] 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion . . . .'" *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002) (citing Fed. R. Civ. P. 12(b)). Indeed, if the Court chooses to consider the extrinsic evidence submitted by either party in connection with Defendants' partial motion to dismiss, "the court [is] obligated to convert the motion to one for summary judgment and give the parties an opportunity to conduct appropriate discovery and submit the additional supporting material contemplated by Rule 56." *Id.* at 154. This conversion requirement is "strictly enforced" whenever a court considers extra-pleading material in ruling on a motion to dismiss. *Friedl v. City of New York*, 210 F.3d 79, 83–84 (2d Cir. 2000) (quoting *Amaker v. Weiner*, 179 F.3d 48, 50 (2d Cir. 1999)); *see also Global Network Commc'ns, Inc. v. City of New*

5

*York*, 458 F.3d 150, 155 (2d Cir. 2006) (noting that conversion of a 12(b)(6) motion to a summary judgment motion is the "proper procedural device to consider matters outside the pleadings, such as facts unearthed in discovery, depositions, affidavits, statements, and any other relevant form of evidence"). This requirement is not a mere formality, but rather a matter of fundamental fairness that allows a plaintiff to rebut evidence put forth by a defendant in its motion to dismiss. *See id.* (noting that the purpose of a court's conversion of a motion to dismiss to a motion for summary judgment is so that "a plaintiff will have an opportunity to contest defendant's relied-upon evidence by submitting material that controverts it").

Defendants' decision to cite deposition testimony in their reply brief has resulted in both parties submitting evidence that bears directly on the issues raised in Defendants' partial motion to dismiss. Defendants now seek leave to file yet another brief to address the "merits" of the evidence cited in Plaintiffs' Sur-reply. On this record, there is more than a sufficient basis for the Court to simply defer resolution of these issues until they are properly raised on summary judgment. Indeed, should the Court deny Defendants' partial motion to dismiss (as Plaintiffs believe is required), the Court likely would need to reach these very same issues and see some of the very same evidence on summary judgment. The Court need not adjudicate these issues twice. There can be no dispute that these claims are sufficiently important to both sides that they should be decided with the benefit of a fully-developed record. No prejudice will result by deferring resolution of these claims. Plaintiffs' fraudulent transfer claims against both Kerr-McGee and Anadarko survived challenge in Defendants' first motion to dismiss. The issues raised in Defendants' second partial motion to dismiss will not impact the scope of remaining discovery or expert reports. The parties' failure to notify the Court that Defendants' partial

6

motion to dismiss was ripe for decision and their agreement to waive argument further underscores the lack of urgency.[1]

## CONCLUSION

Because Defendants improperly cited extrinsic evidence in their reply brief, the Court should deny Defendants' Motion to Strike and consider the issues raised in Plaintiffs' Sur-reply. Plaintiffs respectfully request that the Court deny Defendants' partial motion to dismiss or, alternatively, delay resolution of the issues raised in Defendants' motion until they are properly raised on summary judgment or at trial.

Chicago, Illinois
Dated: January 12, 2011

Respectfully submitted,

/s/ *Jeffrey J. Zeiger*

KIRKLAND & ELLIS LLP
David J. Zott, P.C. (*admitted pro hac vice*)
Jeffrey J. Zeiger (*admitted pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654-3406
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Attorneys for Plaintiffs Tronox Incorporated, Tronox Worldwide LLC, and Tronox LLC*

---

[1] In the Sur-reply, Plaintiffs informed the Court of their tentative plans to submit a Second Amended Complaint to incorporate "evidence directly on point with respect to the statute of limitations issue." Based on concerns expressed by the Court at the December 22, 2010 hearing, Plaintiffs will stand on the factual allegations contained in the Amended Complaint. Out of an abundance of caution, however, Plaintiffs are seeking leave of Court to name additional parties as defendants that were recently identified in response to discovery as the owners of assets that Plaintiffs seek to recover.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 12, 2011, a true and correct copy of the foregoing **PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO STRIKE OR, IN THE ALTERNATIVE, PLAINTIFFS' REQUEST FOR LEAVE TO FILE SUR-REPLY ON MOTION TO DISMISS INSTANTER** was served on the following counsel of record as indicated below.

*Via overnight mail and email*
*jason.billeck@weil.com*
Melanie Gray *(admitted pro hac vice)*
Lydia Protopapas (LP 8089)
Jason W. Billeck *(admitted pro hac vice)*
WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1600
Houston, Texas 77002

*Via email rtrust@cravath.com*

Robert Trust
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019-7475

*Via email david.crichlow@pillsburylaw.com*
David A. Crichlow
Craig A. Barbarosh
Karen B. Dine
PILLSBURY WINTHROP SHAW PITTMAN LLP
1540 Broadway
New York, New York 10036

*Via email dfriedman@kasowitz.com*
David M. Friedman
David J. Mark
Ross G. Shank
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, New York 10019

*Via email joseph.pantoja@usdoj.gov*
Robert William Yalen
Assistant U.S. Attorney
Southern District of New York
86 Chambers Street
New York, New York 10007

*Via email richard.rothman@weil.com*
Richard A. Rothman (RR 0507)
Bruce S. Meyer (BM 3506)
Lori L. Pines (LP 3005)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153

*Via email duke.mccall@bingham.com*
Duke K. McCall, III *(admitted pro hac vice)*
BINGHAM MCCUTCHEN LLP
2020 K Street, NW
Washington, DC 20006

*/s/ Jeffrey J. Zeiger*
Jeffrey J. Zeiger