Melanie Gray *(admitted pro hac vice)*  
Lydia Protopapas (LP 8089)  
Jason W. Billeck *(admitted pro hac vice)*  
WEIL, GOTSHAL & MANGES LLP  
700 Louisiana, Suite 1600  
Houston, Texas 77002  
Telephone: (713) 546-5000  
Facsimile: (713) 224-9511  

Richard A. Rothman (RR 0507)  
Bruce S. Meyer (BM 3506)  
Lori L. Pines (LP 3005)  
WEIL, GOTSHAL & MANGES LLP  
767 Fifth Avenue  
New York, New York 10153  
Telephone: (212) 310-8000  
Facsimile: (212) 310-8007  

James J. Dragna *(admitted pro hac vice)*  
BINGHAM MCCUTCHEN LLP  
355 South Grand Avenue, Suite 4400  
Los Angeles, California 90071  
Telephone: (213) 680-6400  
Facsimile: (213) 680-6499  

Duke K. McCall, III *(admitted pro hac vice)*  
BINGHAM MCCUTCHEN LLP  
2020 K Street, NW  
Washington, DC 20006  
Telephone: (202) 373-6000  
Facsimile: (202) 373-6001  

*Counsel to Anadarko Petroleum Corporation and Kerr-McGee Corporation*

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| TRONOX INCORPORATED, *et al.*, | ) Case No. 09-10156 (ALG) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| TRONOX INCORPORATED, TRONOX WORLDWIDE LLC f/k/a Kerr-McGee Chemical Worldwide LLC, and TRONOX LLC f/k/a Kerr-McGee Chemical LLC, | ) ) ) ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) Adv. Pro. No. 09-1198 |
| | ) |
| ANADARKO PETROLEUM CORPORATION and KERR-McGEE CORPORATION, | ) ) |
| | ) |
| Defendants. | ) |
| | ) |
| THE UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Intervenor, | ) |
| v. | ) |
| ANADARKO PETROLEUM CORPORATION and KERR-McGEE CORPORATION, | ) ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION TO STRIKE PLAINTIFFS' SURREPLY**

As outlined in Defendants' Motion to Strike Plaintiffs' Surreply (the "Motion to Strike"), on May 26, 2010 Defendants filed a motion to dismiss Counts IV (Breach of Fiduciary Duty), V (Civil Conspiracy) and VI (Aiding and Abetting Breach of Fiduciary Duty), of the Amended Complaint (the "Partial Motion to Dismiss"). On June 29, 2010, Plaintiffs filed their opposition, and on July 20, 2010, Defendants filed their Reply (the "Reply"). In the Reply, Defendants cited a few lines of deposition testimony in two footnotes, but expressly stated that this testimony was not necessary for the granting of any part of the Partial Motion to Dismiss.

Five months later, on December 20, 2010, Plaintiffs filed their Surreply to the Partial Motion to Dismiss (the "Surreply") without leave of Court, requesting that the Court ignore Defendants' citations to deposition testimony (or in the alternative, consider their own record citations, and deny the motion). Now, in Plaintiffs' Response to Defendants' Motion to Strike (the "Plaintiffs' Response") Plaintiffs attempt to use those two footnotes from July to ask the court to refrain from deciding the Partial Motion to Dismiss at all by converting the entire motion to a motion for summary judgment. This extraordinary request is patently absurd. Defendants' Partial Motion to Dismiss raises serious pleading deficiencies which have the potential to substantially narrow the issues in this case. It is a garden-variety Rule 12(b)(6) motion of the same type that this Court has already addressed with respect to Plaintiffs' original Complaint. In a desperate attempt to avoid reaching the merits of the Partial Motion to Dismiss, Plaintiffs ask the Court to either ignore the motion entirely or transmute it into a completely different motion -- which would require extensive additional briefing -- rather than the simple and obvious course of simply ignoring the two footnotes if the Court should so choose. Defendants' Partial Motion to Dismiss was fully briefed in July, and is ripe for decision.

## ARGUMENT

Even if Plaintiffs' untimely and unauthorized Surreply were permitted, Plaintiffs' argument that the Partial Motion to Dismiss should be converted to a motion for summary judgment and deferred until after the close of discovery fails to explain why the court should not choose the more efficient route of simply excluding the two footnotes in Defendants' Reply, and ruling on the pending motion.  Federal Rule of Civil Procedure 12(d) -- as made applicable by Rule 7012 of the Federal Rules of Bankruptcy Procedure -- provides that if, on a motion under Fed. R. Civ. P. 12(b)(6), matters outside the pleadings are presented to and *not excluded* by the court, the motion must be treated as one for summary judgment under Fed. R. Civ. P. 56, and that all parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.  See Fonte v. Bd. of Managers of Cont'l Towers Condo., 848 F.2d 24, 25 (2d. Cir. 1988).  Conversion is only "strictly enforced" where there is a "legitimate possibility" that the district court will rely on material outside the complaint in ruling on the motion.  See Friedl v. City of New York, 210 F.3d 79, 83 (2d Cir. 2000) (citation omitted). Thus, the relevant question is whether the court, in its discretion, considers the materials outside the complaint.

The "evidence put forth" by Defendants upon which Plaintiffs' hang their request for conversion (Pl. Resp. at 6), is limited to the two footnotes that expressly state that the Court's consideration of any cited testimony is "not necessary for the granting of this Motion." (Def. Reply at 5, n.2; 17, n.9).  The notion that those two footnotes should convert the Partial Motion to Dismiss into a summary judgment motion, and thereby delay the Court's ruling, is groundless. The Court can simply disregard and exclude any consideration of the evidence cited therein.[1]

---

[1] Courts in this circuit regularly exclude from consideration minor proffers of evidence on motions to dismiss, rather than convert a Rule 12(b)(6) motion to a Rule 56 motion.  See, e.g., Schwartz v. Dennison, 518 F. Supp. 2d 560, 569 n.8 (S.D.N.Y. 2007) (declining to convert Rule 12(b)(6) motion to summary judgment motion, and instead excluded two sworn affidavits submitted by defendants with their briefing);  Schatt v. Curtis Mgmt. Group, Inc., 764 F. Supp.

3

Indeed, in the Surreply, Plaintiffs themselves request that the Court simply disregard the deposition testimony footnoted in the Reply, and proceed to decide the Partial Motion to Dismiss. Surreply at 4.

Despite Plaintiffs' assertion that the testimony cited in Defendants' Reply and Plaintiffs' Surreply "bears directly on the issues" raised in the Partial Motion to Dismiss (Pl. Opp. at 6), that motion is actually based on several legal arguments that should result in dismissal of Counts IV, V, and VI, and for which the testimony cited by the parties has no bearing whatsoever.[2] Thus, there is simply no reason for the Court to delay its ruling on Defendants' Partial Motion to Dismiss, when it can decide that motion solely on the face of the Amended Complaint and the parties' legal arguments. A ruling on the Partial Motion to Dismiss could eliminate three causes of action that will obviate the need for additional discovery by the parties with respect to issues specific to those claims and for further determination of those issues by the Court. Accordingly, Defendants request that the Court decide the Partial Motion to Dismiss as soon as the Court's schedule permits.[3]

---

902, 915 n.21 (S.D.N.Y. 1991) (focusing, on Rule 12(b)(6) motion, exclusively on the face of the pleadings and excluding from analysis any extraneous material submitted as to the factual merits of claims, and noting a Rule 12(b)(6) motion does not automatically "become[]" one for summary judgment if affidavits are submitted in support thereof); Network Enters. Inc. v. Reality Racing, Inc., 2010 WL 3529237, at *3 n.5 (S.D.N.Y. Aug. 24, 2010) (declining plaintiff's request to convert the motion to dismiss into a motion for summary judgment where, in considering the motion, the Court relied solely on the facts alleged in the complaint); Levy v. Cohen, 2010 WL 4065607, at *1 n.1 (E.D.N.Y. Oct. 14, 2010) ("Because Defendants' motion can be decided on these papers alone, the Court has excluded all other materials from its consideration of Defendants' motion, including Defendants' exhibits, and does not convert Defendants' motion to dismiss into one for summary judgment.").

[2] See, e.g., Def. Reply at 14-16 (arguing that Plaintiffs failed to adequately assert that Kerr-McGee breached a fiduciary duty it owed to minority shareholders, as a parent of an insolvent company, or as a promoter); 17-21 (Plaintiffs' conclusory allegations are insufficient to state a claim for conspiracy); and 22-26 (Oklahoma law does not recognize a claim for aiding and abetting breach of fiduciary duty, and Plaintiffs have not adequately pled an aiding and abetting claim)).

[3] Plaintiffs have filed a motion for leave to amend their complaint, which Defendants will not oppose. Plaintiffs' proposed amendment merely adds additional Kerr-McGee subsidiaries as named Defendants and has no impact on the Partial Motion to Dismiss.

4

Finally, contrary to Plaintiffs' suggestion that the court should convert the motion to dismiss because *Plaintiffs* submitted evidence (Pl. Resp. at 6), Plaintiffs' own submission of evidence in their Surreply certainly cannot automatically convert Defendants' motion into a motion for summary judgment.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Surreply should be stricken and Defendants' Partial Motion to Dismiss should not be converted to a motion for summary judgment and should be decided at the Court's earliest convenience.

Houston, Texas
Dated: January 14, 2011

|  |  |
|---|---|
| | _/s/ Melanie Gray_____ |
| Richard A. Rothman (RR 0507) | Melanie Gray (*admitted pro hac vice*) |
| Bruce S. Meyer (BM 3506) | Lydia Protopapas (LP 8089) |
| Lori L. Pines (LP 3005) | Jason W. Billeck (*admitted pro hac vice*) |
| Weil, Gotshal & Manges LLP | Weil, Gotshal & Manges LLP |
| 767 Fifth Avenue | 700 Louisiana, Suite 1600 |
| New York, New York 10153 | Houston, Texas 77002 |
| Telephone: (212) 310-8000 | Telephone: (713) 546-5000 |
| Facsimile: (212) 310-8007 | Facsimile: (713) 224-9511 |
| | |
| Duke K. McCall, III (*admitted pro hac vice*) | James J. Dragna (*admitted pro hac vice*) |
| Bingham McCutchen LLP | Bingham McCutchen LLP |
| 2020 K Street, NW | 355 South Grand Avenue, Suite 4400 |
| Washington, DC 20006 | Los Angeles, California 90071 |
| Telephone: (202) 373-6000 | Telephone: (213) 680-6400 |
| Facsimile: (202) 373-6001 | Facsimile: (213) 680-6499 |
| | |
| | *Counsel to Anadarko Petroleum Corporation and Kerr-McGee Corporation* |

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on January 14, 2011, a true and correct copy of the foregoing **Defendants' Reply In Support of Their Motion To Strike Plaintiffs' Surreply** was served on the following counsel of record as indicated below.

*Via email jonathan.henes@kirkland.com*
Jonathan S. Henes
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022

*Via email jeffrey.zeiger@kirkland.com and jzeiger@kirkland.com*
Jeffrey J. Zeiger
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois 60654

*Via email susan.golden@usdoj.gov*
Susan D. Golden
OFFICE OF THE UNITED STATES TRUSTEE
33 Whitehall Street
New York, New York 10004

*Via email rtrust@cravath.com*
Robert Trust
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019-7475

*Via email david.crichlow@pillsburylaw.com*
David A. Crichlow
Craig A. Barbarosh
Karen B. Dine
PILLSBURY WINTHROP SHAW PITTMAN LLP
1540 Broadway
New York, New York 10036

*Via email dfriedman@kasowitz.com; rshank@kasowitz.com; and dmark@kasowitz.com*
David M. Friedman
David J. Mark
Ross G. Shank
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, New York 10019

*Via email joseph.pantoja@usdoj.gov and robert.yalen@usdoj.gov*
Joseph Pantoja
Robert Yalen
Assistant U.S. Attorney
SOUTHERN DISTRICT OF NEW YORK
86 Chambers Street
New York, New York 10007

*Via email shanep@sullcrom.com*
Penny Shane
Jessica Klein
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004

Houston, Texas
Dated: January 14, 2011

/s/ *Ann Scarpa*
Ann Scarpa

6