**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| TRONOX INCORPORATED, *et al.*, | ) Case No. 09-10156 (ALG) |
| | ) |
| Debtors. | ) Jointly Administered |
| ——————————————— | ) |
| | ) |
| TRONOX INCORPORATED, TRONOX | ) |
| WORLDWIDE LLC f/k/a Kerr-McGee | ) |
| Chemical Worldwide LLC, and TRONOX | ) |
| LLC f/k/a Kerr-McGee Chemical LLC, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Adversary Proceeding No. 09-01198 |
| | ) |
| ANADARKO PETROLEUM | ) |
| CORPORATION and KERR-MCGEE | ) |
| CORPORATION, | ) |
| | ) |
| Defendants. | ) |
| ——————————————— | ) |
| | ) |
| THE UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Intervenor, | ) |
| | ) |
| v. | ) |
| | ) |
| TRONOX, INC., TRONOX WORLDWIDE | ) |
| LLC, TRONOX LLC, KERR-MCGEE | ) |
| CORPORATION, and ANADARKO | ) |
| PETROLEUM CORPORATION, | ) |
| | ) |
| Defendants. | ) |
| ——————————————— | ) |

## THIRD AMENDED CASE MANAGEMENT ORDER

The above-styled and numbered adversary proceeding shall be governed by the following

Case Management Order:

1.     Response to Complaint

       Response to Plaintiffs' Adversary Complaint and the United States of America's Complaint-in-Intervention (the "Complaint-in-Intervention") shall be due on or before **July 31, 2009**.

2.     Motion to Dismiss

       (a)     Should Defendants file a motion(s) to dismiss the Plaintiffs' Adversary Complaint and/or the Complaint-in-Intervention, Plaintiffs and/or the United States shall file their opposition, if any, to the motion(s) to dismiss on or before **September 1, 2009**.

       (b)     Defendants shall file their reply, if any, to the opposition(s) to any motion to dismiss on or before **September 21, 2009**.

3.     Electronic Discovery

       The parties shall meet and confer regarding electronic discovery issues on or before **July 1, 2009**.

4.     Initial Disclosures

       The Plaintiffs, Defendants, and the United States shall serve their initial disclosures on or before **July 14, 2009**.

5.     Joinder of Additional Parties

       Additional parties may be added to this adversary proceeding no later than 60 days prior to the close of fact discovery.

6.     Amendment of Pleadings

       Pleadings may be amended no later than 60 days prior to the close of fact discovery.

7.     Fact Discovery

       (a)     Plaintiffs and Defendants shall substantially complete their document productions by **March 31, 2010.**  The United States, including any and all of its agencies, shall, absent good cause shown, substantially complete its document production in accordance with any Court ruling on Defendants' pending motion to compel the production of documents by the United States [Dkt. No. 141] and the applicable federal rules, including but not limited to Federal Rule of Bankruptcy Procedure 7034, or as otherwise agreed by the parties, by **November 1, 2010.**  If the United States fails to substantially complete its production by November 1, 2010, Defendants (i)

shall be entitled to seek modification of the case management order and (ii) reserve all other rights to seek any and all relief, including sanctions.

(b) Plaintiffs and Defendants shall disclose, via e-mail, any remaining fact witnesses they expect to depose in connection with the adversary proceeding at 1:00 p.m. ET on **February 23, 2011.**

(c) All fact discovery, including all depositions of fact witnesses, shall be completed by **June 7, 2011.**

8. <u>Expert Discovery</u>

(a) Plaintiffs and the United States shall identify each environmental and toxic tort site that any or all of their experts will rely upon, value, estimate, or issue an opinion concerning, or with respect to which Plaintiffs and/or the United States will otherwise present testimony or evidence, in connection with this lawsuit on or before **August 31, 2010**.

(b) Plaintiffs and the United States shall identify other liabilities or categories of liabilities not related to environmental or toxic tort sites that any or all of their experts will rely upon, value, estimate, or issue an opinion concerning, or with respect to which Plaintiffs and/or the United States will otherwise present testimony or evidence, in connection with this lawsuit on or before **September 30, 2010**.

(c) Plaintiffs and the United States shall supplement the disclosures set forth in paragraphs 8(a) and (b) in a timely manner if they learn that such disclosures are incomplete or incorrect in some respect. Plaintiffs and the United States shall complete any such supplementation by **March 15, 2011**, provided that Plaintiffs and the United States may supplement the disclosures set forth in paragraphs 8(a) and (b) after March 15, 2011 for good cause shown.

(d) Defendants agree that they will not seek any extensions of the expert discovery deadlines set forth below based on the number of or types of sites or liabilities included in Plaintiffs' or the United States' expert reports or the length of Plaintiffs' or the United States' expert reports if all of the liabilities or categories of liabilities that Plaintiffs' and the United States' experts rely upon, value, estimate or issue an opinion concerning in their reports are disclosed on the schedule provided in paragraphs 8(a)-(c).

(e) Plaintiffs and the United States shall identify their experts on or before **February 3, 2011**, and shall serve reports from their expert(s) retained under Federal Rule of Civil Procedure 26(a)(2) on or before **June 7, 2011.**

(d)      Defendants shall identify their experts on or before **May 24, 2011**, and shall serve reports from Defendants' expert(s) retained under Federal Rule of Civil Procedure 26(a)(2) on or before **September 9, 2011**.

(e)      Plaintiffs and the United States shall identify any rebuttal experts and serve any rebuttal expert reports pursuant to Federal Rule of Civil Procedure 26 on or before **October 17, 2011**.

(f)      Depositions of all parties' experts and rebuttal experts shall be completed by **December 12, 2011**.

(g)      Nothing in this Third Amended Case Management Order shall be construed to prohibit, or to permit, the United States of America from identifying and calling experts.

9.      <u>Dispositive Motions</u>

(a)      All potentially dispositive motions shall be filed on or before **January 16, 2012**.

(b)      All opposition papers shall be due and filed on or before 30 days after the filing of any potentially dispositive motion.

(c)      Replies to any response to any dispositive motions shall be due and filed on or before 20 days after the filing of any response to any potentially dispositive motion.

10.      <u>Witness and Exhibit Lists and Motions in Limine</u>

(a)      Witness lists, separately identifying each witness that the parties intend to call or may call as a witness, other than as a rebuttal witness, shall be exchanged 45 days before the start of trial.

(b)      Exhibits, other than those used for rebuttal purposes, and deposition designations shall be exchanged on or before 30 days before the start of trial. Any deposition counter designations and objections to exhibits shall be exchanged on or before 15 days before the start of trial.

(c)      The parties shall file any motions in limine on or before 45 days before the start of trial. Any oppositions to such motions in limine shall be filed on or before 20 days before the start of trial. Any replies to such oppositions to the motions in limine shall be filed on or before 10 days before the start of trial.

11.      <u>Trial</u>

Trial shall commence on **March 28, 2012**, or as soon thereafter as the parties may be heard.

12. Other Items

The parties' agreement to this schedule shall not be construed as a waiver of any right or privilege under the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Court's Local Rules, or any other applicable state or federal law, including any right to move to compel or preclude discovery.

13. Modification of Scheduling Order

This case management order may be modified by mutual agreement of the parties, subject to Court approval, or by motion for good cause shown. This case management order is contingent upon trial of the above-styled and numbered adversary proceeding in this Bankruptcy Court, and shall be reconsidered in the event any party seeks to try this case in a different court, whether through the request of a trial by jury or otherwise. Defendants believe it may be appropriate or necessary to continue the current **March 28, 2012** trial date to provide the Court an opportunity to rule on any dispositive motions sufficiently in advance of trial. Plaintiffs do not believe that it is appropriate or necessary to continue the trial date because Defendants choose to file a dispositive motion. The parties, however, agree that nothing herein shall waive any party's right to seek a continuance of the trial date to allow additional time for the Court to rule on any dispositive motions.

SO ORDERED this 7th day of February, 2011

*/s/ Allan L. Gropper*_____
UNITED STATES BANKRUPTCY JUDGE