KIRKLAND & ELLIS LLP
David J. Zott, P.C. *(admitted pro hac vice)*
Jeffrey J. Zeiger *(admitted pro hac vice)*
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Counsel for the Anadarko Litigation Trust*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| TRONOX INCORPORATED, *et al.*, | Case No. 09-10156 (ALG) |
| Debtors. | Jointly Administered |
| TRONOX INCORPORATED, TRONOX WORLDWIDE LLC f/k/a Kerr-McGee Chemical Worldwide LLC, and TRONOX LLC f/k/a Kerr-McGee Chemical LLC, | |
| Plaintiffs, | |
| v. | |
| ANADARKO PETROLEUM CORPORATION *et al.*, | Adversary Proceeding No. 09-01198 (ALG) |
| Defendants. | |
| THE UNITED STATES OF AMERICA, | |
| Plaintiff-Intervenor, | |
| v. | |
| TRONOX, INC., TRONOX WORLDWIDE LLC, TRONOX LLC, KERR-MCGEE | |

| | |
|---|---|
| CORPORATION, and ANADARKO PETROLEUM CORPORATION, | ) ) ) |
| Defendants. | ) ) ) |

## STATEMENT OF UNDISPUTED MATERIAL FACTS
## IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Pursuant to Local Bankruptcy Rule 7056-1, Plaintiff Anadarko Litigation Trust, as successor to Tronox Incorporated, Tronox Worldwide LLC, and Tronox LLC, hereby states that there is no genuine issue to be tried as to the following material facts:

1. The Tronox Debtors[1] filed for chapter 11 on January 12, 2009. (Findings of Fact, Conclusions of Law and Order Confirming the Plan (the "Confirmation Order") [Case No. 09-10156, Dkt. 2567] ¶ 3)

2. Environmental creditors filed more than 120 claims in the Tronox Debtors' chapter 11 cases seeking more than $4.9 billion plus additional unliquidated amounts. (Disclosure Statement [Ex. B to Case No. 09-10156, Dkt. No. 2196] at 30)

3. Tort creditors filed more than 11,500 claims in the Tronox Debtors' chapter 11 cases seeking more than $2 billion plus additional unliquidated amounts. (*Id.*)

4. Following extensive arm's-length negotiations, the Tronox Debtors and their stakeholders reached the Global Creditor Settlement (as defined in the Confirmation Order). (Confirmation Order ¶¶ 36-37)

5. Under the Global Creditor Settlement, the Tronox Debtors' environmental and tort creditors agreed to compromise and release their claims against the Tronox Debtors for

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the First Amended Joint Plan of Reorganization of Tronox Incorporated et al. Pursuant to Chapter 11 of the Bankruptcy Code (the "Plan") [Ex. A to Case No. 09-10156, Dkt. 2567].

2

consideration that included $282.5 million in cash, the Environmental Trust Assets, the Nevada Assets, the Environmental Insurance Assets, the Tort Claims Insurance Assets, and the Proceeds of the Anadarko Litigation. (Plan Article IV.C.2, C.4)

6. On November 30, 2010, the Court confirmed the Plan. (Confirmation Order ¶¶ 92, 94) The Court found that "[t]he Global Creditor Settlement is the cornerstone of the Plan." (*Id.* ¶ 37) The Court also approved the Global Creditor Settlement and specifically found that "the Global Creditor Settlement is fair, reasonable and meets the standard for approval," and was "negotiated at arm's length and in good faith…" (*Id.* ¶¶ 37, 40)

7. On February 14, 2011 (the "Effective Date"), the Plan became effective and the Tronox Debtors emerged from chapter 11. (Notice of (A) Occurrence of Effective Date of Plan of Reorganization, (II) Assumption and Rejection of Executory Contracts and Unexpired Leases and (III) Deadlines for Filing Certain Claims [Case No. 09-10156, Dkt. 2827])

8. On the Effective Date, the Tronox Debtors established the Environmental Response Trusts and funded them with (a) cash, (b) the right to 88% of the proceeds of the Anadarko Litigation, (c) the Environmental Trust Assets, (d) the Nevada Assets, and (e) the Environmental Insurance Assets. (Plan Article IV.C.2)

9. On the Effective Date, the Tronox Debtors established the Tort Claims Trust and funded it with (a) the right to 12% of the proceeds from the Anadarko Litigation, (b) the Funded Tort Claims Trust Amount, and (c) the Tort Claims Insurance Assets. (Plan Article IV.C.4)

10. On the Effective Date, the Tronox Debtors' environmental and tort creditors released and/or provided covenants not to sue the Tronox Debtors on account of their claims. (Plan Article VIII; Consent Decree and Environmental Settlement Agreement [Case No. 09-10156, Dkt. 2555], Article XVI)

Date: August 31, 2011                                Respectfully submitted,

/s/ David J. Zott, P.C.
David J. Zott, P.C. *(admitted pro hac vice)*
Jeffrey J. Zeiger *(admitted pro hac vice)*
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
david.zott@kirkland.com
jeffrey.zeiger@kirkland.com

*Counsel for the Anadarko Litigation Trust*

## CERTIFICATE OF SERVICE

I, Jeffrey J. Zeiger, hereby certify, under penalty of perjury pursuant to 28 U.S.C. § 1746, that on this 31st day of August 2011, I caused a true and correct copy of the foregoing **STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** to be served upon the following:

**VIA U.S. MAIL AND ELECTRONIC MAIL**

Melanie Gray
Jason W. Billeck
Weil, Gotshal & Manges LLP
700 Louisiana, Suite 1600
Houston, TX  77002

*Counsel for Defendants*

**VIA ELECTRONIC MAIL**

Robert William Yalen
Assistant United States Attorney
86 Chambers Street
New York, NY  10007

*Counsel for the United States of America*

　　　　　　　　　　　　　　　　　　　　　　　/s/ Jeffrey J. Zeiger
　　　　　　　　　　　　　　　　　　　　　　　Jeffrey J. Zeiger