**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| IN RE:<br>TRONOX INCORPORATED, *et al.*,<br>        Debtors. | Bankr. Case No. 09-10156 (ALG)<br>(Jointly Administered) |
| TRONOX INCORPORATED, TRONOX WORLDWIDE LLC f/k/a Kerr-McGee Chemical Worldwide LLC, and TRONOX LLC f/k/a Kerr-McGee Chemical LLC,<br><br>        Plaintiffs,<br><br>- against -<br><br>ANADARKO PETROLEUM CORPORATION *et al.*,<br><br>Defendants. | Adversary Proceeding<br>No. 09-01198 (ALG) |
| THE UNITED STATES OF AMERICA,<br><br>        Plaintiff-Intervenor,<br><br>- against -<br><br>TRONOX, INC., TRONOX WORLDWIDE LLC, TRONOX LLC, KERR-MCGEE CORPORATION, and ANADARKO PETROLEUM CORPORATION,<br><br>        Defendants. | |

**STATEMENT OF THE STATE OF NEVADA**
**IN SUPPORT OF THE LITIGATION TRUST'S MOTION FOR PARTIAL**
**SUMMARY JUDGMENT REGARDING THE LITIGATION TRUST'S**
**RECOVERY UNDER SECTION 550(a) OF THE BANKRUPTCY CODE**

The State of Nevada ("Nevada") respectfully submits this Statement in support of the Litigation Trust's Motion for Partial Summary Judgment Regarding Plaintiff's Recovery Under Section 550(a) of the Bankruptcy Code (the "Motion"). [Adv. DE 257]. The Motion seeks a ruling rejecting the "damages cap" proposed by defendants Anadarko Petroleum Corporation, *et al.* (collectively, "Anadarko"). Although Nevada is not a party to this adversary proceeding, it is a party in interest directly affected by the Motion because a damages cap would deprive Nevada of the benefit of the bargain it struck when it settled its significant environmental claims in Tronox's chapter 11 cases. Nevada fully supports every argument made by the Plaintiff in the Motion and the United States in its joinder to the Motion [Adv. DE 259] (the "USA Joinder"), and does not restate them here. Rather, Nevada makes the following brief points in support of the Motion, which the Court may consider as an amicus curiae brief.

ARGUMENT

As the Court is aware, Nevada has a significant stake in the Tronox bankruptcy cases as a result of its claims and causes of action against Debtors. [*See* Proof of Claim No. 2422, Case No. 09-10156]. As such, Nevada had a significant role in negotiating the settlement terms between Tronox and Nevada (among other governmental environmental creditors), which were embodied in the Environmental Settlement Agreement [Exhibit 1 to DE No. 2692, as amended by Exhibit 3 to DE No. 2810, Case No. 09-10156]. The settlement was integrated into and became the foundation for the plan of reorganization that this Court confirmed on November 30, 2010. [Findings of Fact and Conclusions of Law and Order Signed on 11/30/2010 Confirming the First Amended Joint Plan of

2

Pg 3 of 8

Reorganization of Tronox Incorporated et al. [Case No. 09-10156, DE 2567] (the "Confirmation Order"); Chapter 11 Plan/Notice of Filing of Solicitation Versions of Tronox's First Amended Joint Plan of Reorganization and Disclosure Statement Relating Thereto [Case No. 09-10156, DE 2196] (the "Disclosure Statement")].

In connection with the Environmental Settlement Agreement and Plan of Reorganization, the Nevada Trust was created to address the significant perchlorate and other contamination at and emanating from the site of greatest interest to Nevada: the Debtors' former production facilities at Henderson, Nevada. Under the Environmental Settlement Agreement, which was approved by the Court in February 2011, the Nevada Trust is entitled to certain cash payments and other non-cash consideration. A significant portion of this consideration consists of twenty-five percent (25.00%) of the governmental environmental creditors' share of the proceeds of this adversary proceeding.

Anadarko's suggestion that the Litigation Trust's recovery be capped at the amount of unpaid creditor claims should be rejected. Anadarko's cap would require the Court to estimate Nevada's proof of claim and then limit Anadarko's damages to those required to pay only those estimated amounts net of any consideration already received by Nevada. But this would eviscerate the terms of the settlement that Nevada and the other governmental entities negotiated that allowed Tronox to reorganize successfully. Under that agreement, Nevada is entitled to 25% of the environmental creditors' share of the entire litigation proceeds—regardless of what that amount turns out to be. In addition, Anadarko's cap would eliminate one of the other significant benefits that Nevada negotiated for and received under the Settlement Agreement: the avoidance of lengthy claims estimation proceedings that would have resulted in significant additional costs to Nevada. In fact, the avoidance of "expensive and lengthy estimation" proceedings was

3

one factor that this Court cited in approving the Environmental Settlement Agreement. Confirmation Order ¶ 38.

The limited objection to the Settlement filed by Anadarko did not question any provisions regarding Nevada's claims. [Case No. 09-10156, DE 2724]. Anadarko's objections to the Plan did not dispute the consideration provided under the Settlement, the fact that Anadarko would be precluded from objecting to Nevada's claim, or the status of Nevada's claim as "impaired." [Case No. 09-10156, DE 2398]. Nor did Anadarko's objections ask this Court to hold estimation proceedings. Rather, both objections were focused on third party exculpation matters. Based on the record before it, the Court approved the Environmental Settlement Agreement as "reasonable, fair and equitable pursuant to Bankruptcy Rule 9019 and section 1123 of the Bankruptcy Code," Confirmation Order ¶ 99, and confirmed the Plan. Thus, Anadarko's failure to challenge Nevada's claim at the proper time, coupled with its failure to request estimation hearings with respect to Nevada's claim, now prohibits Anadarko from doing so, post confirmation.

There is simply no basis for Anadarko to challenge Nevada's claim. The Environmental Settlement Agreement provides that Nevada's proof of claim and other Governments' claims are deemed amended to be consistent with the Settlement and are treated as allowed. [Environmental Settlement Agreement ¶¶ 123-25, 143; Plan Definitions ¶ 4].[1] Nevada's claim was finally settled with no right of challenge by any

---

[1] Paragraph 123 of the Environmental Settlement Agreement provides that "[i]n addition to the payments made by Debtors to the … the Henderson Trust as set forth [herein],… in settlement and full satisfaction of all claims asserted by the …States against Debtors and Reorganized Tronox with respect to any and all costs of response incurred or to be incurred in connection with the Owned Sites and Non-Owned Sites (including but not limited to the liabilities and other obligations in the…States' … Proofs of Claim), the Anadarko Litigation Trustee shall distribute to the … Henderson Trustee,… the Anadarko Litigation Proceeds. Distributions from the Anadarko Litigation Proceeds … shall be made in addition to the funding from the … Henderson Trust Environmental Cost Account…. . These payments shall be on account of allowed claims of the Governments and/or resolutions of causes of action of the Governments, and shall be allocated as set forth in Paragraphs 124 and 125 below." (Environmental Settlement Agreement ¶ 123). Paragraph 143 of the Settlement Agreement provides that "[t]o the extent necessary, the Governments' Proofs of Claim are deemed amended to be consistent with this Settlement Agreement". (Environmental Settlement Agreement ¶ 143).

4

party because Reorganized Tronox is bound by the Settlement, and the Plan provides that after its Effective Date, Reorganized Tronox "shall have the sole authority" to object to claims and settle them. [Plan, Art. VII.C.; *see also* Motion to Approve Settlement Agreement. Case No. 09-10156, DE 2692, and Confirmation Order ¶ 137 (reserved causes of action exclude those resolved in the Settlement)]. As such, there is no authority for Anadarko to now attempt to challenge, estimate or reduce Nevada's claim.

This Court overruled all objections to the Plan, with a few specific rulings and reservations of rights regarding Anadarko's objections. (Confirmation Order ¶¶ 93, 189-97). All parties, including Anadarko and the Debtors, reserved "any available arguments … concerning the effect, if any, of the Plan Documents on the determination of liability or measure of damages … in the Anadarko Litigation…." (Confirmation Order ¶ 191) However, this reservation regarding arguments over the effect of Plan Documents does not alter the Court's express approval of the Plan and the Settlement under Bankruptcy Rule 9019, and thereby Nevada's allowed claim and claim treatment. [*Id*. ¶¶ 35-41, 85, 94-95, 98-100; Order Approving the (A) Execution Versions of the Environmental Response Trust and Anadarko Litigation Trust Agreements and (B) First Amendment to Consent Decree and Environmental Settlement Agreement. Case No. 09-10156, DE ¶ 2812]

Upon confirmation, the terms contained within a Chapter 11 plan bind the debtor and all associated creditors. *See* 11 USC § 1141(a). Additionally, the confirmed plan functions as a valid final judgment on the merits. *In re Varat Enterprises, Inc.,* 81 F.3d 1310, 1315 (4th Cir. 1996). As a result, the doctrine of *res judicata* applies, precluding collateral attack or alteration. *Stoll v. Gottlieb,* 305 U.S. 165, 170-171 (1938); *Travelers Indem. Co. v. Bailey,* 129 S. Ct. 2195, 2205-06 (2009); *In re Laing,* 31 F.3d 1050, 1051 (10th Cir. 1994). The effect of this preclusion is broad and encompasses all issues that a party could have or should have raised prior to final confirmation. *Trulis v. Barton,* 107 F.3d 685, 691 (9th Cir. 1995); *In re Varat,* 81 F.3d at 1315. In this case, Anadarko did

5

not challenge Nevada's proof of claim, the Environmental Settlement Agreement (as it relates to Nevada's proof of claim), or the Plan (as it relates to the treatment of Nevada's proof of claim). As such, it is estopped from collaterally challenging that proof of claim as part of a defense of an adversary proceeding to which Nevada is not even a party.

Nevada's claim is impaired under the Plan. Nevada compromised its claim and agreed to claim treatment under the Settlement and the Plan on the basis that it would cease incurring litigation costs, and would receive the promised claim treatment. It compromised its claim on the basis that no one could challenge its claim and claim treatment and contend that Nevada is entitled to less. Anadarko is arguing the right to contest the amount of Nevada's allowed claim, and thereby to reduce the amount that Nevada is entitled to recover under the Plan, in the form of an adversary proceeding defense. That argument is precluded as a matter of law and equity, since Anadarko is bound by the Plan Confirmation Order and Settlement Approval Order, with res judicata effect.

Allowing Anadarko to now reduce Nevada's allowed claim, and to limit the consideration Nevada agreed to receive under the Plan for its agreement to the Environmental Settlement Agreement terms, would be an impermissible rewriting of the Environmental Settlement Agreement and the Plan to which Nevada agreed. To further allow this to occur in the guise of a proposed cap on damages in an adversary as to which Nevada is not a party would be inequitable and unjust.

In agreeing to its treatment under the Plan, Nevada valued all of the consideration it was receiving, including its portion of the litigation recovery. Anadarko had the ability to challenge Nevada's treatment under the Plan if it believed that the consideration Nevada was receiving was too valuable. Anadarko had the ability and the standing to seek an estimation hearing. It did none of these things. It cannot do so now.

CONCLUSION

For the reasons stated above and the reasons contained in the Litigation Trust's motion and the United States' Joinder, Nevada respectfully requests that the Court grant the Motion.

Dated: Las Vegas, Nevada
September 21, 2011

Respectfully submitted,

/s/ Dawn M. Cica
Dawn M. Cica
LEWIS and ROCA LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV  89169
Tel: (775) 949-8257
Fax: (775) 216-6208
E-mail:  dcica@lrlaw.com

*Attorneys for the Nevada Division
Of Environmental Protection*

# CERTIFICATE OF SERVICE

I, Dawn M. Cica, hereby certify, under penalty of perjury pursuant to 28 U.S.C. § 1746, that on this 21st day of September 2011, I caused a true and correct copy of the foregoing Statement of the State of Nevada in Support of the Litigation Trust's Motion for Partial Summary Judgment regarding the Litigation Trust's Recovery under Section 550(a) of the Bankruptcy Code to be served upon the following:

**Via U.S. Mail**

U.S. Bankruptcy Court
Southern District of New York
Attn: Judge A. Gropper
One Bowling Green
New York, NY 10004

**Via U.S. Mail and Electronic Mail**

Lydia Protopapas
Weil, Gotshal &
Manges LLP 700
Louisiana, Suite 1600
Houston, Texas 77002
lydia.protopapas@weil.com
*Counsel for Defendants*

**Via Electronic Mail**

Robert William Yalen
Assistant United States
Attorney 86 Chambers
Street
New York, New York 10007
robert.yalen@usdoj.gov
*Counsel for the United States of America*

Jeffrey Zeiger
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
jeffrey.zeiger@kirkland.com
*Counsel for the Litigation Trust*