Bethany P. Recht (admitted pro hac vice)
Keating Muething and Klekamp, PLL
One East Fourth St.
Suite 1400
Cincinnati, Ohio 45202
Phone: (513) 579-6408
Fax: (513) 579-6457
BRecht@KMKLAW.com
Attorney for Tronox Incorporated Tort Claims Trust

**Hearing date: To Be Determined**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| IN RE: | ) | Bank. Case No. 09-10156 (ALG) |
|     TRONOX INCORPORATED, *et al.,* | ) | (Jointly Administered) |
| _____ | ) | |
|         Debtors. | ) | |
| | ) | |
| TRONOX INCORPORATED, TRONOX | ) | Adversary Proceeding |
| WORLDWIDE LLC f/k/a Kerr-McGee | ) | No. 09-01198 (ALG) |
| Chemical Worldwide LLC, and TRONOX | ) | |
| LLC f/k/a Kerr-McGee Chemical LLC, | ) | |
| | ) | |
|         Plaintiffs, | ) | |
| | ) | |
|   -against- | ) | |
| | ) | |
| ANADARKO PETROLEUM | ) | |
| CORPORATION, *et al.*, | ) | |
| | ) | |
|         Defendants. | ) | |
| _____ | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
|         Plaintiff-Intervenor, | ) | |
| | ) | |
|   -against- | ) | |
| | ) | |
| TRONOX, INC., TRONOX WORLDWIDE | ) | |
| LLC, TRONOX LLC, KERR-MCGEE | ) | |
| CORPORATION, and ANADARKO | ) | |
| PETROLEUM CORPORATION, | ) | |
| | ) | |
|         Defendants | ) | |
| _____ | ) | |
| | ) | |

## STATEMENT OF THE TRONOX INCORPORATED TORT CLAIMS TRUST IN SUPPORT OF THE ANADARKO LITIGATION TRUST'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING THE LITIGATION TRUST'S RECOVERY UNDER SECTION 550(A) OF THE BANKRUPTCY CODE

The Tronox Incorporated Tort Claims Trust ("Tort Claims Trust") fully supports the Anadarko Litigation Trust's ("Litigation Trust") motion for partial summary judgment (and the United States' joinder thereto) seeking a ruling rejecting the "damages cap" proposed by Defendants Anadarko Petroleum Corporation, et al. (collectively, "Anadarko").[1]

Anadarko's contention that the Litigation Trust's recovery should be capped in the amount of unpaid creditor claims should be rejected. The Tort Claims Trust agrees with the Litigation Trust and the United States that Anadarko's request to cap damages lacks any basis in law and contradicts the terms of the confirmed Plan and the Tort Claims Trust Agreement. Capping damages payable to the Litigation Trust impairs the consideration that Holders of Allowed Tort Claims bargained to receive in exchange for releasing their claims against Tronox.

The Tort Claims Trust was established to settle the liabilities of the Tronox debtors in this action and to compensate the Holders of Allowed Tort Claims. The Holders of Allowed Tort Claims are individuals who have sustained serious, life-threatening personal injuries (many of which proved fatal) or substantial property damage from the pollution and improper activities of Tronox's predecessor, Kerr-McGee Corporation ("Kerr-McGee"). As other parties have established, the settlement was imperative to the Court's approval of the Plan and to Tronox's emergence from bankruptcy.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in Tronox Incorporated Tort Claims Trust Agreement ("Tort Claims Trust Agreement"), the Tronox Incorporated Tort Claims Trust Distribution Procedures (the "TDPs"), and the First Amended Joint Plan of Reorganization of Tronox Incorporated *et al.* pursuant to Chapter 11 of the Bankruptcy Code (the "Plan").

The Holders of Allowed Tort Claims number in the thousands, and they have sustained more than an estimated $2 billion in damages from Kerr McGee's pollution and misconduct. They include:

- Individuals who sustained serious, life-threatening and/or fatal personal injuries caused by Kerr-McGee's improper discharge of creosote and other hazardous chemicals at its former production facilities, including its wood treating site in Avoca, Pennsylvania.

- Individuals seeking compensation for substantial private property damage, environmental contamination, remediation, restoration, radiation, or other matters on private property caused by the improper release by Kerr-McGee or resulting exposure to creosote, benzene, or other chemicals.

- Private parties who have claims against Kerr-McGee for breach of contract, indemnification, contribution, reimbursement, or cost recovery related to environmental monitoring or remediation, including individuals involved in the investigation and resulting clean-up of contamination at former Kerr-McGee sites.

- Individuals asserting claims for personal physical injury or death caused by asbestos-related diseases resulting from exposure to products or toxins manufactured or disposed by Kerr-McGee.

In exchange for releasing their resulting claims against Tronox, the Holders of Allowed Tort Claims agreed to accept claims against the three assets transferred to the Tort Claims Trust under the Plan. Those assets are (1) $12.5 million in cash, (2) an assignment of Tronox's interests in certain insurance assets, which have come to be worth approximately $5 million, and (3) most importantly, a 12% interest in this litigation. These assets are the only source of

3

compensation for the tort claimants. Although there was risk in accepting the litigation interest, given the potential that the Litigation Trust might not prevail and the small size of the other two assets in comparison to the claims, the tort claimants nevertheless agreed to accept it because a share of the total litigation proceeds provided the greatest chance to fairly compensate the individuals harmed or killed by Kerr-McGee's tortious conduct. Indeed, without the litigation proceeds, the tort claimants will only recover an average of less than 1% of the value of their claims. It would be fundamentally unfair and contrary to the agreement reached among the Tort Claims Trust, the Debtors, and Tronox's other stakeholders to now limit the Tort Claims Trust's recovery to an amount that approximates the recovery received by other creditors that did not take the risks inherent in receiving consideration in the form of a contingent asset.

In sum, the Tort Claims Trust was designed to properly compensate the expansive, varying, and particularly devastating injuries to individual claimants affected by Tronox and its predecessors' operations. Accordingly, the Plan recognized the importance of the proceeds of the Litigation Trust as an asset to the Tort Claims Trust to be used to compensate these individuals. Although the interest in the proceeds to the Litigation Trust was a contingent asset, it was clearly and purposefully bargained for in settlement decisions. The Holders of Allowed Tort Claims surrendered their right to pursue claims against Tronox with the understanding that the proceeds from this litigation, if successful, would be an asset used to pay their claims. Changing the terms of the settlement and Plan at this juncture would deprive these individuals of access to a significant asset, one for which they expressly bargained. In fact, it causes the holders of tort claims to forfeit the most important part of their bargain with no coinciding compensating benefit.

4

For the reasons stated above and the reasons contained in the Litigation Trust's motion and the motion of the United States, the Tort Claims Trust respectfully requests that Court grant the Litigation Trust's Motion, reject Defendants' proposed damages cap, and reaffirm the terms of the Plan and settlement agreements.

                Respectfully submitted,

                /s/ Bethany P. Recht
                Bethany P. Recht (admitted pro hac vice)
                One East Fourth St.
                Suite 1400
                Cincinnati, Ohio 45202
                Phone: (513) 579-6408
                Fax: (513) 579-6457
                BRecht@KMKLAW.com
                Attorney for Creditor,
                Tronox Incorporated Tort Claims Trust

OF COUNSEL:
KEATING MUETHING & KLEKAMP PLL
One East Fourth Street
Suite 1400
Cincinnati, Ohio 45202
(513) 579-6400

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a copy of the foregoing STATEMENT OF THE TRONOX INCORPORATED TORT CLAIMS TRUST IN SUPPORT OF THE ANADARKO LITIGATION TRUST'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING THE LITIGATION TRUST'S RECOVERY UNDER SECTION 550(A) OF THE BANKRUPTCY CODE was served this 26th day of September, 2011 via the Court's CM/ECF system and by ordinary U.S. Mail on the following parties:

    Melanie Gray
    Jason W. Billeck
    Weil, Gotshal & Manges LLP
    700 Louisiana, Suite 1600
    Houston, TX 77002

    Robert William Yalen
    Assistant United States Attorney
    86 Chambers Street
    New York, NY 10007

    David J. Zott, P.C.
    Jeffrey J. Zeiger
    Kirkland & Ellis, LLp
    300 North LaSalle
    Chicago, IL 60654

    /s/ Bethany P. Recht
    Bethany P. Recht

4075039.2