# Exhibit A

COPYRIGHT, 1948
By THE BOBBS-MERRILL COMPANY

---

COPYRIGHT, © 1957
By THE BOBBS-MERRILL COMPANY, INC.

---

COPYRIGHT, © 1979
By THE BOBBS-MERRILL COMPANY, INC.

---

All Rights Reserved
Printed in the United States of America

ɔott, 48 Idaho 783, 285

what constitutes ɔssession and delivery fact to be determined ·urt in case a jury is ience in the particular ;, 10 Idaho 338, 77 P.

ɔonsideration does not d invalid. Feltham v. P. 763 (1921); Snell v. 285 P. 483 (1930). ırt to determine bona from all facts and nce. Snell v. Prescott, 33 (1930).

: to release six chattel excused on the ground deration for one of the ;gage is not fraudulent ; lack of consideration, on of fraud can only be n a proper proceeding. ıo 196, 279 P.2d 1064

for a mere nominal ;tacked as fraudulent, ıe rules applicable to California Consol. 10 Idaho 786, 81 P. 50 203 U.S. 579, 27 S. Ct. 6). from husband to wife usband had sufficient to pay his debts. , 42 Idaho 270, 245 P. ɔott, 48 Idaho 783, 285

ıaracter of party for n issue of fraud in 647.

ɔrovisions of this ɔf a purchaser for ıaser had previous r, or of the fraud · 21; R.S., § 3023;

ːYSIS

**Bona Fide Transfers.**

Transfer of stock by a married woman, as authorized by R.S., § 2612, although procured by duress and coercion on the part of her husband, is good where transferee is bona fide holder for value, without notice or knowledge of such duress or coercion. Bryan v. Montandon, 6 Idaho 352, 55 P. 650 (1898).

Transfer of property for purpose of defrauding creditors is good as between the parties. Berryman v. Dore, 47 Idaho 582, 277 P. 565 (1929).

**Fraudulent Transfers.**

Where a debtor conveyed land to a minor daughter after a suit against the debtor had been instituted, it made out a prima facie case of fraudulent transfer under this section, and the grantee's daughter's successor had burden of showing good faith and that consideration had been paid. Kantola v. Hendrickson, 52 Idaho 217, 12 P.2d 866 (1932).

**Collateral References.**

37 Am. Jur. 2d, Fraudulent Conveyances, §§ 6-9, 18-24.

37 C.J.S., Fraudulent Conveyances, §§ 115-136, 140-186.

**55-910. Uniform Fraudulent Conveyance Act — Definitions.** — In this act "assets" of a debtor means property not exempt from liability for his debts. To the extent that any property is liable for any debts of the debtor, such property shall be included in his assets.

"Conveyance" includes every payment of money, assignment, release, transfer, lease, mortgage or pledge of tangible or intangible property, and also the creation of any lien or encumbrance.

"Creditor" is a person having any claim, whether matured or unmatured, liquidated or unliquidated, absolute, fixed or contingent.

"Debt" includes any legal liability, whether matured or unmatured, liquidated or unliquidated, absolute, fixed or contingent. [1969, ch. 463, § 1, p. 1300.]

**Compiler's notes.** The words "this act" refer to S.L. 1969, ch. 463, §§ 1-13 compiled herein as §§ 55-910 — 55-922.

**Mont.** Rev. Codes Ann. §§ 29-101 — 29-113.
**Nev.** Rev. Stat. §§ 112.010 — 112.130.
**Utah** Code Ann. 1953 §§ 25-1-1 — 25-1-16.
**Wash.** Rev. Code §§ 19.40.010-19.40.130.
**Wyo.** Stat. 1957 §§ 34-14-101 — 34-14-113.

**In General.**

Fraudulent transfers which occurred prior to the 1969 enactment of the Uniform Fraudulent Conveyance Act (§§ 55-910 to 55-922) are subject only to the provisions of I.C. §§ 55-901 to 55-909 since, without the clear indication of legislative intent, a retroactive application of a law is not allowed. Blankenship v. Myers, 97 Idaho 356, 544 P.2d 314 (1975).

**Collateral References.**

37 Am. Jur. 2d, Fraudulent Conveyances, §§ 58, 67, 100, 103, 132, 145, 149.

37 C.J.S., Fraudulent Conveyances, § 7.

Transaction in consideration of discharge of antecedent debt owed by one other than grantor as based on "fair consideration" under Uniform Fraudulent Conveyance Act. 30 A.L.R.2d 1209.

**55-911. Insolvency — Person — Partnership.** — (1) A person is insolvent when the present fair salable value of his assets is less than the amount that will be required to pay his probable liability on his existing debts as they become absolute and matured.

(2) In determining whether a partnership is insolvent there shall be added to the partnership property the present fair salable value of the separate assets of each general partner in excess of the amount sufficient to meet the claims of his separate creditors, and also the amount of any unpaid subscription to the partnership of each limited partner, provided the present fair salable value of the assets of such limited partner is sufficient to pay his debts, including such unpaid subscription. [1969, ch. 463, § 2, p. 1300.]

**Cited in:** Mohar v. McLelland Lumber Co., 95 Idaho 38, 501 P.2d 722 (1972).

**Collateral References.**
37 Am. Jur. 2d, Fraudulent Conveyances, § 15.
37 C.J.S., Fraudulent Conveyances, §§ 104-109.

**55-912. Fair consideration.** — Fair consideration is given for property, or obligation,

(1) When in exchange for such property, or obligation, as a fair equivalent therefor, and in good faith, property is conveyed or an antecedent debt is satisfied, or

(2) When such property, or obligation is received in good faith to secure a present advance or antecedent debt in amount not disproportionately small as compared with the value of the property, or obligation obtained. [1969, ch. 463, § 3, p. 1300.]

**Collateral References.**
37 Am. Jur. 2d, Fraudulent Conveyances, §§ 18-20.
37 C.J.S., Fraudulent Conveyances, §§ 140-186.
Assumption of mortgage as consideration for conveyance attacked as in fraud of creditors. 6 A.L.R.2d 270.
Conveyance or transfer in consideration of legal services, rendered or to be rendered, as fraudulent as against creditors. 45 A.L.R.2d 500.

**55-913. Conveyance rendering person insolvent.** — Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration. [1969, ch. 463, § 4, p. 1300.]

**Cited in:** United States v. Bertie, 529 F.2d 506 (9th Cir. 1976).

**Collateral References.**
37 Am. Jur. 2d, Fraudulent Conveyances, §§ 1, 15, 18, 21.
37 C.J.S., Fraudulent Conveyances, § 107.

**55-914. Conveyance by persons in business.** — Every conveyance made without fair consideration when the person making it is engaged or is about to engage in a business or transaction for which the property remaining in his hands after the conveyance is an unreasonably small capital, is fraudulent as to creditors and as to other persons who become creditors during the continuance of such business or transaction without regard to his actual intent. [1969, ch. 463, § 5, p. 1300.]

**Collateral References.**
37 Am. Jur. 2d, Fraudulent Conveyances, §§ 1, 18, 121, 140, 141.
37 C.J.S., Fraudulent Conveyances, §§ 133-139.

**55-915. Conveyance by a person about to incur debts.** — Every conveyance made and every obligation incurred without fair consideration when the person making the conveyance or entering into the obligation intends or believes that he will incur debts beyond his ability to pay as they

Fraudulent Conveyances,

is given for property,

n, as a fair equivalent
an antecedent debt is

good faith to secure
ot disproportionately
obligation obtained.

ttacked as in fraud of
2d 270.
ansfer in consideration of
ered or to be rendered, as
nst creditors. 45 A.L.R.2d

— Every conveyance
is or will be thereby
t regard to his actual
curred without a fair

lent Conveyances, § 107.

ry conveyance made
engaged or is about
operty remaining in
y small capital, is
to become creditors
without regard to

udulent Conveyances,

r debts. — Every
t fair consideration
into the obligation
bility to pay as they

mature, is fraudulent as to both present and future creditors. [1969, ch. 463, § 6, p. 1300.]

**Collateral References.**
37 Am. Jur. 2d, Fraudulent Conveyances, §§ 1, 18, 121, 140, 141.
37 C.J.S., Fraudulent Conveyances, §§ 133-139.

**55-916. Conveyance made with intent to defraud.** — Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors. [1969, ch. 463, § 7, p. 1300.]

**Cited in:** United States v. Bertie, 529 F.2d 506 (9th Cir. 1976).

**Collateral References.**
37 Am. Jur. 2d, Fraudulent Conveyances, §§ 1, 7, 106, 139, 140.
37 C.J.S., Fraudulent Conveyances, §§ 110-114, 133-139.
Conveyance as fraudulent where made in contemplation of possible liability for future tort. 38 A.L.R.3d 597.
Venue of action to set aside as fraudulent conveyance of real property. 37 A.L.R.2d 568.

**55-917. Conveyance of partnership property.** — Every conveyance of partnership property and every partnership obligation incurred when the partnership is or will be thereby rendered insolvent, is fraudulent as to partnership creditors, if the conveyance is made or obligation is incurred,

(1) To a partner, whether with or without a promise by him to pay partnership debts, or

(2) To a person not a partner without fair consideration to the partnership as distinguished from consideration to the individual partners. [1969, ch. 463, § 8, p. 1300.]

**Collateral References.**
37 C.J.S., Fraudulent Conveyances, § 105.

**55-918. Rights of creditors whose claims have matured.** — (1) Where a conveyance or obligation is fraudulent as to a creditor, such creditor, when his claim has matured may, as against any person except a purchaser for fair consideration without knowledge of the fraud at the time of the purchase, or one who has derived title immediately or mediately from such a purchaser,

(a) Have the conveyance set aside or obligation annulled to the extent necessary to satisfy his claim, or

(b) Disregard the conveyance and attach or levy execution upon the property conveyed.

(2) A purchaser who without actual fraudulent intent has given less than a fair consideration for the conveyance or obligation, may retain the property or obligation as security for repayment. [1969, ch. 463, § 9, p. 1300.]

**Collateral References.**
37 C.J.S., Fraudulent Conveyances, §§ 122, 157, 161, 165, 167, 236, 304-465.
Accountability and liability for rents and profits of grantee of fraudulently conveyed real property. 60 A.L.R.2d 593.