Hearing Date: November 29, 2011 at 10:30 a.m. ET

KIRKLAND & ELLIS LLP
David J. Zott, P.C. *(admitted pro hac vice)*
Jeffrey J. Zeiger *(admitted pro hac vice)*
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:     (312) 862-2200

*Counsel for the Anadarko Litigation Trust*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | ) |
| | ) Chapter 11 |
| TRONOX INCORPORATED, *et al.*, | ) Case No. 09-10156 (ALG) |
| | ) Jointly Administered |
| Reorganized Debtors. | ) |
| | ) |
| | ) |
| TRONOX INCORPORATED, | ) |
| TRONOX WORLDWIDE LLC | ) |
| f/k/a Kerr-McGee Chemical Worldwide LLC, | ) |
| and TRONOX LLC f/k/a Kerr-McGee | ) |
| Chemical LLC, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Adversary Proceeding No. 09-01198 (ALG) |
| | ) |
| ANADARKO PETROLEUM | ) |
| CORPORATION *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

|  |  |
|---|---|
| THE UNITED STATES OF AMERICA, | ) ) ) |
| Plaintiff-Intervenor, | ) ) ) |
| v. | ) ) ) |
| TRONOX, INC.,<br>TRONOX WORLDWIDE LLC,<br>TRONOX LLC,<br>KERR-MCGEE CORPORATION, and<br>ANADARKO PETROLEUM<br>CORPORATION, | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF THEIR CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT LIMITING PLAINTIFF'S POTENTIAL DAMAGE AWARD PURSUANT TO SECTIONS 544, 548 AND 550(A) OF THE BANKRUPTCY CODE**

Pursuant to Rule 7056-1(c) of the Local Bankruptcy Rules for the U.S. Bankruptcy Court for the Southern District of New York, Plaintiff responds to Defendants' Statement of Undisputed Material Facts in Support of their Cross-Motion for Partial Summary Judgment as follows:

1.   Undisputed.

2.   Undisputed.

3.   Undisputed.

4.   Disputed. Defendants filed the objections set forth in footnote 5 of Defendants' Statement of Undisputed Material Facts. The specific objection to which Defendants refer stated that Defendants objected "to the extent the Plan is intended to circumvent the limitations of

2

section 550(a) of the Bankruptcy Code by increasing the measure of damages otherwise applicable to the Anadarko Litigation." (Plan Obj. ¶ 44)

5. Undisputed.

6. Undisputed, except that Defendants selectively and misleadingly quoted only a portion of these statements. The reservation of rights in the Plan to which they refer states:

> Nothing herein or in any documents executed in connection herewith (including the Anadarko Litigation Trust Agreement) shall prejudice the rights of Tronox, the Anadarko Litigation Trustee or Anadarko, and the parties expressly reserve all rights and defenses with respect to the Anadarko Litigation, the Anadarko Section 502(h) Claim and any and all matters not expressly addressed herein, including, without limitation, Tronox's or the Litigation Trustee's ability to seek to subordinate or disallow the Section 502(h) Claim.

(Plan at 29 n.4)

7. Undisputed as to the first sentence of paragraph 7. Disputed as to the second sentence. The reservation of rights to which Defendants refer states: "In particular, the Commenters specifically reserve the right to assert all available arguments, and assert all available claims and defenses concerning the effect, if any, of the Proposed Settlement on the determination or measure of damages (including, to the extent relevant, the value of the claims being resolved pursuant to the Proposed Settlement) in the Anadarko Litigation, including under Section 550 of the Bankruptcy Code." (Ex. 1 to Defs.' SUF)

8. Undisputed.

9. Undisputed.

10. Undisputed as to the first sentence of paragraph 10. Disputed as to the second sentence of paragraph 10. The Government's Motion to Approve the Consent Decree and Environmental Settlement Agreement Among the Debtors, the Environmental Response Trust Trustees, the United States, and Certain State and Local Environmental Agencies states that "to the extent the Anadarko Defendants are concerned that any provisions regarding the cash

3

payments or allocations in the Settlement Agreement will prejudice their rights in the Anadarko Litigation, the Confirmation Order makes clear that 'all parties reserve the right to make any available arguments, and assert any available claims and available defenses concerning the effect, if any, of the Plan Documents on the determination of liability or measure of damages (including, to the extent relevant, the value of the Tort Claims and the Environmental Claims) in the Anadarko Litigation, including under section 550 of the Bankruptcy Code.' See Confirmation Order ¶ 191." (Case No. 09-10156, Dkt. No. 2692 at 24–25)

11. Undisputed.

12. Undisputed.

13. Undisputed.

14. Undisputed.

15. Undisputed as to the first and second sentences of paragraph 15. Disputed as the third sentence of paragraph 15. The Plan provides:

> "[i]n accordance with the Environmental Response Trust Agreements, upon completion of environmental activities and reimbursement of any costs therefor required for an Owned Site and certain of the Other Sites, any funds held for that site by the Environmental Response Trust shall be transferred (a) first, in accordance with instructions provided by the United States and the appropriate state, to the account for any other Owned Sites in that state with remaining environmental activities to be performed related to such sites and a need for additional trust funding; (b) second, in accordance with instructions provided by the United States after consultation with the states, to accounts for Owned Sites in other States with remaining environmental activities to be performed related to the sites and a need for additional trust funding; (c) to certain of the Other Sites; and (d) fourth, to the 'Superfund' established under CERCLA." (Plan at 26)

16. Undisputed.

17. Undisputed.

18. Undisputed.

19. Undisputed.

4

20. Undisputed.

21. Disputed as to the first sentence of paragraph 21. Tort claimants filed 11,501 proofs of claim against the Tronox estates totaling approximately $2.05 billion plus unliquidated amounts. (Disc. Stmt. at 30) In addition, because Defendants failed to respond to Plaintiff's Statement of Undisputed Material Facts in Support of Plaintiff's Motion for Partial Summary Judgment [Dkt No. 258] ("Plaintiff's SUF") as required by Rule 7056-1(c), paragraph 3 of Plaintiff's SOF is "deemed admitted for purposes of the motion." Local Rule 7056-1. Undisputed as to the second sentence of paragraph 21.

22. Disputed. In the Disclosure Statement, for purposes of settlement only, Tronox estimated the Tort Claims at between $500 million and $1 billion. (Disc. Stmt. at 11) Tronox's estimate was a "preliminary estimate based on its evaluation of the Claims to date and input from representatives for Holders of Tort Claims based on the estimates used in the settlement negotiation process" and was "subject to change." (*Id.* at 11 n.10) Tronox stated that "[n]othing herein shall prejudice the right of Tronox or any party in interest to assert any and all objections to, or defenses with respect to, any Tort Claims." (*Id.*)

23. Disputed. On or about June 14, 2010, Tronox's restructuring advisors, Alvarez & Marsal North America, LLC, prepared a Summary of Claims and Schedule by Group of claims against Tronox, which provided estimates of Net Active Claims. (TRX-ADV20985391) The document speaks for itself.

24. Undisputed as to the first sentence of paragraph 24. Disputed as to the second sentence of paragraph 24. The Report of Denise Neumann Martin, Ph.D, served by Plaintiff on June 24, 2011, estimates                    REDACTED

5

REDACTED         (Report of Denise Neumann Martin at 30) The Martin Report did not attempt to value the proofs of claim filed against Tronox's estates.

25. Disputed. The Analysis Research Planning Corporation report does not provide a valuation of the Tort Claims or an analysis of Tronox's tort liabilities. Instead, it merely critiques the Martin Report.

26. Disputed. While the Court has not undertaken a formal valuation for the Tort Claims, it has determined that the Tort Creditors' exchange of claims for the litigation proceeds and other consideration was fair and traded reasonably equivalent value. (Conf. Order ¶¶ 37–38, 40)

27. Disputed. Environmental claimants (other than Indirect Environmental claimants) filed 122 proofs of claim against the Tronox estates totaling approximately $4.9 billion plus unliquidated amounts. (Disc. Stmt. at 30) In addition, because Defendants failed to respond to Plaintiff's SUF as required by Rule 7056-1(c), paragraph 2 of Plaintiff's SUF is "deemed admitted for purposes of the motion." Local Rule 7056-1. The quotation from Mr. Keefer's testimony is correct in footnote 43 but Plaintiff disputes the characterization of the testimony.

28. Disputed. In the Disclosure Statement, for purposes of settlement only, Tronox estimated the minimum future costs at the sites subject to the government proofs of claims to be, in the aggregate, between $1.4 billion and $5.2 billion. (Disc. Stmt. at 7) Tronox's estimate was a "preliminary estimate based on its evaluation to date of future clean-up costs from 2010 forward associated with more than 2,800 sites that were transferred to Tronox through the Spinoff" and was "subject to change." (*Id.* at 7 n.7) Tronox stated that "[n]othing herein shall prejudice the right of Tronox or any party in interest to assert any and all objections to, or defenses with respect to, any Environmental Claims." (*Id.*)

29.   Disputed. On or about June 14, 2010, Tronox's restructuring advisors, Alvarez & Marsal North America, LLC, prepared a Summary of Claims and Schedule by Group of claims against Tronox, which provided estimates of Net Active Claims. (TRX-ADV20985391) The document speaks for itself.

30.   Disputed. On June 24, 2011, Plaintiff served the Environmental Liability Evaluation of Tronox Legacy Sites prepared by Neil M. Ram, Ph.D, where Dr. Ram

REDACTED

(Ram Report, Executive Summary at 1) Dr. Ram did not attempt to value the proofs of claim filed against Tronox's estates.

31.   No response required.

32.   Disputed. While the Court has not undertaken a formal valuation for the Environmental Claims, it has determined that the Environmental Creditors' exchange of claims for the litigation proceeds and other consideration was fair and traded reasonably equivalent value. (Conf. Order ¶¶ 37–38, 40)

33.   Undisputed as to the first and second sentences of paragraph 33. Disputed as the third and fourth sentences of paragraph 33. As stated in Tronox's Consolidated Financial Statements for the three-year period ended December 31, 2010, "Tronox's environmental creditors received approximately $325.9 million in cash and accounts receivable, other non-monetary assets (including the sites associated with the Legacy Environmental Liabilities) valued at $68.4 million, and the rights to 88% of any proceeds, if any, from the litigation that the Company commenced in May 2009 against Kerr-McGee and its new parent, Anadarko

Petroleum Corporation ('Anadarko'), related to the Spin-Off (the 'Anadarko Litigation')." (Tronox Incorporated, Debtor-in-Possession as of January 12, 2009, Consolidated Financial Statements, December 31, 2010, 2009 and 2008, available at http://files.shareholder.com/downloads/TRX/1464256511x0x511000/AE88E707-C3D0-454D-81B6-6646344A516D/2008-2010_Year_End_Financial_Statements.pdf) In addition, the Environmental Response Trusts have already received certain insurance assets. (Plan at 26)

34. Undisputed as to the first sentence of paragraph 34. Disputed as to the second and third sentences of paragraph 34. The Expert Report of Grant W. Newton, served on June 24, 2011, estimated the present value of the insurance policies as of November 28, 2005, not as of the date of Tronox's emergence from bankruptcy. (Newton Report at 50) As of the emergence date, the policies had expired or were largely depleted. (Newton Report at 50; *see* 12/1/10 R. Gibney Tr. at 74:22–75:5 (stating that the Henderson AIG Insurance policy expires at the end of 2010))

35. Disputed. Tronox's "tort creditors received approximately $17.6 million in cash and accounts receivable and the rights to 12% of any proceeds that may be recovered in the Anadarko Litigation." (Tronox Incorporated, Debtor-in-Possession as of January 12, 2009, Consolidated Financial Statements, December 31, 2010, 2009 and 2008, available at http://files.shareholder.com/downloads/TRX/1464256511x0x511000/AE88E707-C3D0-454D-81B6-6646344A516D/2008-2010_Year_End_Financial_Statements.pdf) In addition, the Torts Claim Trust has already received certain insurance assets. (Plan at 27)

36. Disputed. By operation of the Plan, all of the consideration due to the Environmental Response Trusts and Tort Claims Trust already has been transferred to those trusts, including (a) Funded Environmental Amount and Funded Tort Claims Trust Amount, as

8

defined in the Plan, (b) the Environmental Trust Assets, (c) the Nevada Assets, (d) the Environmental Insurance Assets and Tort Claims Insurance Assets, (e) and the right to 100% of the Proceeds of this litigation. (Plan at 26–27) Moreover, Defendants' calculation of the value provided to the environmental and tort creditors is wrong as set forth above. (*See* Resp. to SUF 34)

37.     Disputed. As both of these declarations, Tronox's Disclosure Statement, the Plan, the Global Settlement, Tronox's confirmation briefing, and Tronox's presentation at the confirmation hearing all make clear, Tronox's environmental and tort creditors surrendered large but unquantified claims for consideration that included the possibility of a large but uncertain litigation recovery. That was the basis for the declarants stating their understanding that "no Class of creditors is recovering more than in full under the Plan on account of its Claims." (Decl. of Dennis L. Wanlass in Supp. of Confirmation of the 1st Am. J. Plan of Reorganization of Tronox Inc., *et al* Pursuant to Ch. 11 of the Bankr. Code [Case No. 09-10156, Dkt. No. 2500] at 15; *see also* Decl. of Todd R. Snyder in Supp. of Confirmation of the 1st Am. J. Plan of Reorganization of Tronox Inc., *et al* Pursuant to Ch. 11 of the Bankr. Code [Case No. 09-10156, Dkt. No. 2501] at 11) As to the third sentence, the Confirmation Order speaks for itself.

38.     Plaintiff does not dispute the information contained in the Williams Report.
REDACTED

The Williams Report speaks for itself.

39.     Undisputed.

40. Plaintiff does not dispute the information contained in the Williams Report. The Williams Report speaks for itself. Because some of the calculations in this paragraph do not appear in the Williams Report, Plaintiff disputes them.

41. Plaintiff does not dispute the information contained in the Williams Report. The Williams Report speaks for itself. Because some of the calculations in this paragraph do not appear in the Williams Report, Plaintiff disputes them.

Date: October 31, 2011

Respectfully submitted,

/s/ David J. Zott, P.C.
David J. Zott, P.C. *(admitted pro hac vice)*
Jeffrey J. Zeiger *(admitted pro hac vice)*
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:    (312) 862-2200
david.zott@kirkland.com
jeffrey.zeiger@kirkland.com

*Counsel for the Anadarko Litigation Trust*

# CERTIFICATE OF SERVICE

I, Jeffrey J. Zeiger, hereby certify, under penalty of perjury pursuant to 28 U.S.C. § 1746, that on this 31st day of October 2011, I caused a true and correct copy of the foregoing Plaintiff's Response to Defendants' Statement of Undisputed Material Facts in Support of their Cross-Motion for Partial Summary Judgment Limiting Plaintiff's Potential Damage Award Pursuant to Sections 544, 548 and 550(a) of the Bankruptcy Code to be served upon the following:

**VIA FEDERAL EXPRESS AND ELECTRONIC MAIL**

Melanie Gray
Jason W. Billeck
Weil, Gotshal & Manges LLP
700 Louisiana, Suite 1600
Houston, TX 77002

*Counsel for Defendants*

**VIA ELECTRONIC MAIL**

Robert William Yalen
Assistant United States Attorney
86 Chambers Street
New York, NY 10007

*Counsel for the United States of America*

                    /s/ Jeffrey J. Zeiger