Melanie Gray *(admitted pro hac vice)*
Lydia Protopapas (LP 8089)
Jason W. Billeck *(admitted pro hac vice)*
WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1600
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511

James J. Dragna *(admitted pro hac vice)*
BINGHAM MCCUTCHEN LLP
335 South Grand Avenue, Suite 4400
Los Angeles, California 90071
Telephone: (213) 680-6400
Facsimile: (213) 680-6499

Richard A. Rothman (RR 0507)
Bruce S. Meyer (BM 3506)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Thomas R. Lotterman *(admitted pro hac vice)*
Duke K. McCall, III *(admitted pro hac vice)*
BINGHAM MCCUTCHEN LLP
2020 K Street, NW
Washington, DC 20006
Telephone: (202) 373-6000
Facsimile: (202) 373-6001

*Counsel to Defendants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>TRONOX INCORPORATED, *et al.*,<br>               **Debtors.** | Chapter 11<br><br>Case No. 09-10156 (ALG)<br><br>Jointly Administered |
| TRONOX INCORPORATED, TRONOX WORLDWIDE LLC f/k/a Kerr-McGee Chemical Worldwide LLC, and TRONOX LLC f/k/a Kerr-McGee Chemical LLC,<br><br>          **Plaintiffs,**<br>v.<br><br>ANADARKO PETROLEUM CORPORATION and KERR-MCGEE CORPORATION, KERR-MCGEE OIL & GAS CORPORATION, KERR-MCGEE WORLDWIDE CORPORATION, KERR-MCGEE INVESTMENT CORPORATION, KERR-MCGEE CREDIT LLC, KERR-MCGEE SHARED SERVICES COMPANY LLC, AND KERR-MCGEE STORED POWER COMPANY LLC<br><br>          **Defendants.** | Adv. Pro. No. 09-01198 (ALG)<br><br><br><br><br><br>**DECLARATION OF DUKE K. MCCALL, III IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* AND MOTION FOR RELIEF UNDER FRCP 36(a)(6)** |
| THE UNITED STATES OF AMERICA,<br><br>          **Plaintiff-Intervenor,**<br>v.<br><br>TRONOX, INC., TRONOX WORLDWIDE LLC, TRONOX LLC, KERR-MCGEE CORPORATION and ANADARKO PETROLEUM CORPORATION,<br><br>         **Defendants.** | |

DUKE K. MCCALL, III, declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury that the following is true and correct:

1. I am a member of the bars of the State of South Carolina and the District of Columbia, and I am an attorney with the law firm Bingham McCutchen LLP, which serves as co-counsel to Defendants Anadarko Petroleum Corporation and Kerr-McGee Corporation (collectively, "Defendants") in the above-captioned adversary proceeding.

2. I make this Declaration in support of Defendants' Motion *In Limine* and Motion for Relief Under FRCP 36(a)(6) to set forth additional facts relevant to this dispute with Plaintiffs and to place copies of certain documents cited in the Motion before the Court. I have personal knowledge of the matters set forth herein.

## FACTUAL BACKGROUND

3. Throughout this case, Tronox and the United States have claimed that Tronox is liable for environmental remediation and toxic torts claims at more than 2,700 sites. During a hearing held before this Court on August 10, 2010, counsel for Tronox stated that there was "a list of 2,801 sites that our environmental expert is currently considering." And, during a hearing on December 22, 2010, counsel for Tronox stated that "there are about 2,800 sites that we believe Tronox became exclusively liable for through the IPO."

4. Defendants sought discovery about the nature and extent of Tronox's alleged liability at the more than 2,700 sites. Defendants' discovery efforts included over 50 requests for production and at least 25 interrogatories which specifically targeted these allegations.

5. Plaintiffs objected to Defendants' discovery requests as too broad. In response to the discovery requests, Plaintiffs produced documents and information about the nature

and extent of Tronox's liability for environment remediation and toxic torts for only a small fraction of the more than 2,700 sites.

6. In response to Defendants' discovery requests asking Plaintiffs to identify detailed information about individual sites, Plaintiffs provided only lists of sites and their approximate locations.

7. On July 9, 2010, Defendants filed a Motion to Compel the United States to produce documents, on which the Court heard arguments on December 22, 2010.

8. At the December 22, 2010 hearing, counsel for the United States stated that "Tronox has an expert who we anticipate will prove liability at all of these sites" and that "a number of the sites are going to be established through an expert and through an expert report and the information developed and divulged to the Court in that fashion."

9. Defendants insisted that a provision be added to the Third Amended Case Management Order requiring Plaintiffs to identify by March 15, 2011, "each environmental and toxic tort site that any or all of their experts will rely upon, value, estimate, or issue an opinion concerning, or with respect to which [Plaintiffs] will otherwise present testimony or evidence, in connection with this lawsuit."

10. On March 15, 2011, Plaintiffs produced a list of 2,772 sites that they claim are at issue in this litigation. For more than 1,000 of those sites, the only address provided is an unspecific reference to a city and/or state.

11. On May 24, 2011, Defendants served Requests for Admission asking Plaintiffs to admit that (i) most sites on Plaintiffs' March 15, 2011 list were never owned or operated by Tronox's predecessors; (ii) the United States never incurred costs to remediate those sites nor authorized funding for such; (iii) the United States never issued (and Tronox

never received) CERCLA notices of liability regarding those sites; and (iv) Tronox did not receive written claims or assessments for those sites.

12. Tronox objected to the scope of Defendants' Requests for Admission as "overly broad and unduly burdensome to the extent" that they sought "information concerning sites which Plaintiffs' environmental expert, Dr. Ram, has not assigned specific costs or sites that Dr. Ram has not used to assign specific costs to other sites." Tronox limited its responses to Defendants' Requests for Admission "to sites for which Dr. Ram has assigned specific costs or sites that Dr. Ram has used to assign specific costs to other sites."

13. The United States objected to the scope of Defendants' Requests for Admission "to the extent that they purport to require disclosure for environmental sites other than those for which Roux Associates has assigned specific costs in its expert report in this adversary proceeding. To such extent, the Requests are overbroad and unduly burdensome." The United States limited its responses to Defendants' Requests for Admission to sites "as to which Roux Associates has assigned specific costs in its expert report."

14. Dr. Neil Ram of Roux Associates, Plaintiffs' environmental expert, provided in his report an "estimate of the future costs as of November 2005 that Tronox likely would incur for environmental sites that Kerr-McGee Corporation or its affiliates or predecessors owner, operated and/or used for waste disposal (the 'Kerr-McGee Sites')."

15. Roux Associates assigned Tronox specific costs greater than $0 for necessary and appropriate environmental response actions for 372 sites.

16. Roux Associates assigned Tronox specific costs of $0 for necessary and appropriate environmental response actions for 164 sites.

17. Roux Associates did not assign Tronox any specific cost or liability for necessary and appropriate environmental response actions for the remaining sites listed on Plaintiffs' March 15, 2011 list.

18. In its expert report, Roux Associates states that "the sites for which Roux Associates assigned no costs include: (i) 25 'pipeline' sites; (ii) 656 mining related sites ... ; (iii) 196 undisclosed AgChem sites ... ; (iv) 1228 service stations; (v) 71 undisclosed waste disposal sites; and (vi) 34 'other' domestic sites."

19. In its expert report, Roux Associates states that, for the majority of 656 mining-related sites which received no assignment of specific costs, "costs for necessary and appropriate environmental response actions were not estimated because site-specific information with which to develop cost elements was lacking and Roux Associates did not have sufficient time to conduct site inspections at these sites to determine whether or not historical mine features are present."

20. Several of the sites excluded from Roux Associates' analysis appear to have been redeveloped. For instance, the Sisonex/Silsonix corporate site now houses an auto parts retailer.

21. Plaintiffs' toxic tort expert, Dr. Denise Martin of NERA, evaluated Tronox's alleged toxic tort liabilities. All of the sites considered by Dr. Martin are among the 372 sites to which Roux Associates assigned a specific cost greater than $0.

22. On September 8, 2011, Defendants met and conferred with Plaintiffs to discuss Plaintiffs' answers to Defendants' Requests for Admission. Defendants requested that Plaintiffs either provide a complete response to the Requests for Admission or stipulate that they would not rely upon or offer evidence at trial about any but the 372 sites. Plaintiffs refused. On October 11, 2011, Defendants put their request in writing.

23. On November 11, 2011, Tronox responded in writing and stated that "it is unduly burdensome to require Tronox to investigate various issues at thousands of sites to which Tronox has not assigned costs for its solvency analysis. Nor will Tronox stipulate that it 'will not seek to introduce any testimony or evidence concerning the sties excluded from their responses' to Defendants' unduly burdensome RFAs." Tronox also stated that it "is free to argue that its estimate of contingent liabilities is conservative because it does not include liabilities for sites for which Tronox's expert did not assign costs."

24. Roux Associates argues in its report that its estimate of Tronox's environmental remediation liabilities as of November 2005 is "conservative" and "likely understated because [Roux Associates] does not assign any costs for more than 2,000 of the Kerr-McGee sites."

## DOCUMENTS SUBMITTED WITH THE MOTION

25. Attached hereto as Exhibit A is a true and correct copy of an excerpt from the transcript of a hearing held before this Court on August 10, 2010.

26. Attached hereto as Exhibit B is a true and correct copy of an excerpt from the transcript of a hearing held before this Court on December 22, 2010.

27. Attached hereto as Exhibit C is a true and correct copy of the Third Amended Case Management Order.

28. Attached hereto as Exhibit D is a true and correct copy of the list of environmental sites disclosed by Plaintiffs on March 15, 2011, in accordance with the Third Amended Case Management Order.

29. Attached hereto as Exhibit E is a true and correct copy of Defendants' First Request for Admissions to Plaintiffs, dated May 24, 2011.

30. Attached hereto as <u>Exhibit F</u> is a true and correct copy of Defendants' First Request for Admissions to Plaintiff-Intervenor, dated May 24, 2011.

31. Attached hereto as <u>Exhibit G</u> is a true and correct copy of Plaintiff's Combined Responses and Objections to Defendants' First Requests for Admission and Fifth Set of Interrogatories, dated August 5, 2011.

32. Attached hereto as <u>Exhibit H</u> is a true and correct copy of the United States of America's Responses and Objections to Defendants' First Request for Admissions to Plaintiff-Intervenor, dated August 5, 2011.

33. Attached hereto as <u>Exhibit I</u> is a true and correct copy of excerpts of the expert report of Roux Associates, Inc. entitled Environmental Liability Evaluation of Tronox Legacy Sites, dated June 24, 2011.

34. Attached hereto as <u>Exhibit J</u> is a true and correct copy of a letter from me to Jeffrey J. Zeiger of Kirkland & Ellis LLP and Robert W. Yalen of the United States Attorney's Office, dated October 11, 2011.

35. Attached hereto as <u>Exhibit K</u> is a true and correct copy of a letter from Jeffrey J. Zeiger of Kirkland & Ellis LLP to me, dated November 11, 2011.

36. Attached hereto as <u>Exhibit L</u> is a true and correct copy of a letter from Robert W. Yalen of the United States Attorney's Office to me, dated January 19, 2012.

Executed on: March 8, 2012

_____
Duke K. McCall, III

A/74767179.1