# EXHIBIT B





## "Clear Heads . . . and Honest Hearts" – United States Supreme Court Pares Bankruptcy Court Jurisdiction in the Anna Nicole Smith Case

Posted By Sara Coelho
Published on June 24, 2011

Category: Jurisdiction

Yesterday, in a 5-4 decision captioned Stern v. Marshall [1], the Supreme Court held that the Constitution precludes federal bankruptcy judges from entering a final judgment on a state law counterclaim that is not resolved in the process of ruling on the creditor's proof of claim.  We will comment further on the case and its implications in a later post, but for now a short summary to whet your appetite.

The Supreme Court's rare foray into bankruptcy jurisdiction arises from the soap-opera saga of Vickie Lynn Marshall (better know to observers of popular culture as Anna Nicole Smith) and her dispute with the family of her deceased octogenarian husband, J. Howard Marshall II, over the inheritance of his fortune.  Smith herself, you will recall, died in 2007, but her bankruptcy estate (she filed for bankruptcy in 1996) continued the fight, asserting a counterclaim for tortious interference against Marshall's son in response to the proof of claim he filed in the bankruptcy asserting that Smith had defamed him.  The counterclaim resulted in a multi-million-dollar judgment by the bankruptcy court in Smith's favor, and spawned contentious post-trial and appellate challenges to the bankruptcy court's jurisdiction.  The Supreme Court's decision yesterday affirmed the 9th Circuit's reversal of the judgment in Smith's favor and apparently ended this legal odyssey with a victory for Smith's step-son.  Even though the decision is not as salacious as the underlying dispute, it is well worth the read for the very real impact it is likely to have on what claims can be heard by a bankruptcy judge.

The quote in the title of this post refers not to the protagonists in this novella – we will refrain from any comment on the quality of their heads or their hearts and the effect of a 10-figure fortune on either – but to the rationale for the Supreme Court's decision.  The Court concluded that, while the statutory jurisdiction of the bankruptcy courts under 28 U.S.C. § 157 was broad enough to encompass Smith's counterclaim against her step-son for tortious interference with her husband's alleged promise to leave his fortune to his young bride, that statutory authority exceeded Congress's power under the Constitution and the separation of powers doctrine, which requires that the "judicial power of the United States" be vested in judges who have life tenure and whose salaries may not be diminished during their tenure.  U.S. Const. Art. III, § 1.  These protections were designed to prevent the political branches from encroaching on the judicial power and ensure that decisions are rendered by judges unaffected by any need to "curry[] favor with Congress or the Executive."  Bankruptcy judges, however, are appointed pursuant to Article I of the Constitution, which confers on the Congress the power to "establish . . . uniform Laws on the subject of Bankruptcies throughout the United States," and do not enjoy constitutionally imposed salary and tenure protections.  U.S. Const. Art. I, § 8.  Citing precedent from 1856 that "Congress may not 'withdraw from judicial cognizance any matter which, from its nature, is the subject of a suit at the common law, or in equity, or admiralty,'" and rejecting the application of precedent providing for limited exceptions to this doctrine, the Court found that Congress could not confer authority on a bankruptcy judge to hear Smith's counterclaim.

The Supreme Court's decision will have ramifications in many bankruptcy cases.  In cases where a debtor has compulsory state-law counterclaims to a proof of claim, the claimant will be entitled to have the counterclaim tried in federal district court and this may cause significant delay.  Indeed, as noted in the dissent, a "constitutionally required game of jurisdictional ping-pong between courts would lead to inefficiency, increased cost, delay, and needless additional suffering among those faced with bankruptcy."  More on "jurisdictional ping-pong," and possible strategies to avoid it, in a subsequent post.

## Share this article

---

Article printed from Weil Bankruptcy Blog: **http://business-finance-restructuring.weil.com**

URL to article: **http://business-finance-restructuring.weil.com/jurisdiction/%e2%80%9cclear-heads-and-honest-hearts%e2%80%9d-%e2%80%93-united-states-supreme-court-pares-bankruptcy-court-jurisdiction-in-the-anna-nicole-smith-case/**

Copyright © 2012 Weil Bankruptcy Blog. All rights reserved.