**Exhibit A**

**DEFENDANTS' (I) REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' UNDISPUTED STATEMENT OF FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT SEEKING DISMISSAL OF (A) CONSTRUCTIVE FRAUDULENT TRANSFER CLAIMS INVOLVING TRANSFERS MADE BY TRONOX LLC; (B) ANADARKO PETROLEUM CORPORATION AS A SUBSEQUENT TRANSFEREE WITH RESPECT TO ALL ALLEGED FRAUDULENT TRANSFERS; AND (C) ALL ACTUAL AND CONSTRUCTIVE FRAUDULENT TRANSFER CLAIMS PROTECTED BY SECTION 546(e) OF THE BANKRUPTCY CODE, AND (II) SUPPLEMENTAL STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF THE MOTION**

Pursuant to Rule 7056-1 of the Local Bankruptcy Rules for the Southern District of New York, Defendants[1] submit this (I) Reply to Plaintiffs' Response to the SOF ("Plaintiffs' Response"), and (II) Supplemental SOF in Support of the Motion (the "Reply SOF").

**I.    Reply to Plaintiffs' Response**

1. Because Plaintiffs do not dispute Defendants' SOF 1, no reply is required.

2. Because Plaintiffs do not dispute Defendants' SOF 2, no reply is required.

3. Because Plaintiffs do not dispute Defendants' SOF 3, no reply is required.

4. Because Plaintiffs do not dispute Defendants' SOF 4, no reply is required.

5. Because Plaintiffs do not dispute Defendants' SOF 5, no reply is required.

6. Because Plaintiffs do not dispute Defendants' SOF 6, no reply is required.

7. Because Plaintiffs do not dispute Defendants' SOF 7, no reply is required.

8. Because Plaintiffs do not dispute Defendants' SOF 8, no reply is required.

9. Because Plaintiffs do not dispute Defendants' SOF 9, no reply is required.

10. Because Plaintiffs do not dispute Defendants' SOF 10, no reply is required.

11. Because Plaintiffs do not dispute Defendants' SOF 11, no reply is required.

12. Because Plaintiffs do not dispute Defendants' SOF 12, no reply is required.

13. Because Plaintiffs do not dispute Defendants' SOF 13, no reply is required.

---

[1]   Capitalized terms used but not defined herein shall have the meanings ascribed in the SOF in support of the Motion, or if not defined therein, in the Defendants' Reply to which this Reply SOF is affixed.

14. Because Plaintiffs do not dispute Defendants' SOF 14, no reply is required.

15. Because Plaintiffs do not dispute Defendants' SOF 15, no reply is required.

16. Because Plaintiffs do not dispute Defendants' SOF 16, no reply is required.

17. Because Plaintiffs do not dispute Defendants' SOF 17, no reply is required.

18. Because Plaintiffs do not dispute Defendants' SOF 18, no reply is required.

19. Because Plaintiffs do not dispute Defendants' SOF 19, no reply is required.

20. Because Plaintiffs do not dispute Defendants' SOF 20, no reply is required.

21. Because Plaintiffs do not dispute Defendants' SOF 21, no reply is required.

22. Because Plaintiffs do not dispute Defendants' SOF 22, no reply is required.

23. Defendants dispute Plaintiffs' statement that the Project Focus transfers became effective on November 28, 2005. Project Focus was implemented on or about December 31, 2002 through the execution of written stock transfers and related documents dated December 31, 2002.[2] Mr. Williams's report includes an exhibit titled "Summary of Project Focus Asset Transfers from Tronox to Kerr-McGee" that shows "[t]he specific assets transferred from Tronox (or its predecessors) to Kerr-McGee as of December 31, 2002."[3] As of December 31, 2002, these transfers made in connection with Project Focus were both complete and effective. There was no certainty that a future sale, spinoff, or other transaction would occur. To the extent that additional transfers related to Project Focus were made after December 31, 2002, such transfers are immaterial outliers. Plaintiffs' Response, however, does not raise a material issue of disputed fact because the written stock transfers and related documents speak for themselves and Defendants' characterization of such documents was not intended to, and did not, alter what is set forth therein.

---

[2] *See* Decl. of David L. Siddall Authenticating Documents and Certifying Records of Regularly Conducted Business Activity, attached as App. A to Defendants' SOF.

[3] *See* Expert Report of Jack F. Williams dated June 24, 2011 at 44, Ex. 3 ("Williams Report").

2

24.   Defendants dispute Plaintiffs' statement that the Project Focus transfers became effective on November 28, 2005. Project Focus was implemented on or about December 31, 2002 through the execution of written stock transfers and related documents dated December 31, 2002.[4] Mr. Williams's report includes an exhibit titled "Summary of Project Focus Asset Transfers from Tronox to Kerr-McGee" that shows "[t]he specific assets transferred from Tronox (or its predecessors) to Kerr-McGee as of December 31, 2002."[5] As of December 31, 2002, these transfers made in connection with Project Focus were both complete and effective. There was no certainty that a future sale, spinoff, or other transaction would occur. To the extent that additional transfers related to Project Focus were made after December 31, 2002, such transfers are immaterial outliers. Plaintiffs' Response, however, does not raise a material issue of disputed fact because the written stock transfers and related documents speak for themselves and Defendants' characterization of such documents was not intended to, and did not, alter what is set forth therein.

25.   Because Plaintiffs do not dispute Defendants' SOF 25, no reply is required.

26.   Because Plaintiffs do not dispute Defendants' SOF 26, no reply is required.

27.   Because Plaintiffs do not dispute Defendants' SOF 27, no reply is required.

28.   Plaintiffs do not dispute that Defendants' definition of "TWLLC" was accurate as stated. Defendants do not object to the additional statements referenced in the second sentence of paragraph 28 of Plaintiffs' Response. Defendants dispute any implication that Defendants' SOF 28 constitutes an inaccurate reading of the document. Plaintiffs' Response does not raise a material issue of disputed fact because the MSA speaks for itself and Defendants' quoted language was not intended to, and did not, alter what is set forth therein.

29.   Plaintiffs do not dispute that Defendants' quotation of the MSA was accurate as stated. Defendants do not object to the additional statements referenced in the second sentence of

---

[4]   *See supra* note 2.

[5]   *See supra* note 3.

paragraph 29 of Plaintiffs' Response. Defendants dispute Plaintiffs' characterization of such additional statements as the "relevant portion of the document." Plaintiffs' Response does not raise a material issue of disputed fact because the MSA speaks for itself and Defendants' quoted language was not intended to, and did not, alter what is set forth therein.

30. Because Plaintiffs do not dispute Defendants' SOF 30, no reply is required.

31. Plaintiffs do not dispute that Defendants' quotation of Tronox Inc.'s 2005 Annual Report Form 10-K filed March 29, 2006 was accurate as stated. Defendants do not object to the additional statements referenced in subpart (i) of paragraph 31 of Plaintiffs' Response. Defendants dispute Plaintiffs' characterization of the additional statements as the "relevant portion of the document." Plaintiffs' Response does not raise a material issue of disputed fact because Tronox Inc.'s 2005 Annual Report speaks for itself and Defendants' quoted language was not intended to, and did not, alter what is set forth therein.

32. Plaintiffs do not dispute that Defendants' quotation of Kerr-McGee's Current Report Form 8-K filed April 5, 2006 was accurate as stated. Defendants do not object to the additional statements referenced in the second sentence of paragraph 32 of Plaintiffs' Response. Defendants dispute Plaintiffs' characterization of the additional statements as the "relevant portion of the document." Plaintiffs' Response does not raise a material issue of disputed fact because Kerr-McGee's Current Report speaks for itself and Defendants' quoted language was not intended to, and did not, alter what is set forth therein.

4

33.     Defendants dispute Plaintiffs' contention that the terms "net proceeds" and "borrowings" are "vague and undefined," as these terms were used in a similar context in Tronox's own 2005 Annual Report Form 10-K filed March 29, 2006.[6] Plaintiffs' Response does not raise a material issue of disputed fact because the document speaks for itself and Defendants' quoted language was not intended to, and did not, alter what is set forth therein.

34.     Plaintiffs do not dispute that Defendants' quotation of Kerr-McGee's Annual Report Form 10-K filed March 15, 2006 was accurate as stated.  Defendants do not object to the additional statements referenced in the second sentence of paragraph 34 of Plaintiffs' Response. Defendants dispute Plaintiffs' characterization of the additional statements as the "relevant portion of the document."  Plaintiffs' Response does not raise a material issue of disputed fact because Kerr-McGee's Annual Report speaks for itself and Defendants' quoted language was not intended to, and did not, alter what is set forth therein.

35.     Because Plaintiffs do not dispute Defendants' SOF 35, no reply is required.

36.     Because Plaintiffs do not dispute Defendants' SOF 36, no reply is required.

37.     Because Plaintiffs do not dispute Defendants' SOF 37, no reply is required.

38.     Defendants do not dispute that Kerr-McGee's 2002 Annual Report and 2005 Annual Report include tables summarizing "outstanding 'commodity-related derivative contracts,'" as referenced in the first sentence of paragraph 38 of Plaintiffs' Response.  Defendants dispute Plaintiffs' statement that Kerr-McGee's 2005 Quarterly Report for the period ending September 30, 2005 fails to include "'tables disclosing the values of various hedging contracts' in Table 2, as asserted in paragraph 38 and footnote 57."  Tables summarizing outstanding commodity-related derivative contracts are disclosed in this filing at Item 2, as stated in Defendants' SOF paragraph 38 and footnote 57.  Plaintiffs' Response does not raise a material issue of disputed fact because Kerr-McGee's 2002 and 2005 Annual Reports and

---

[6] *See* Tronox Inc. 2005 Annual Report Form 10-K filed March 29, 2006, at Items 1 & 2 ("[T]he *net proceeds* from the IPO of approximately $224.7 million were distributed to Kerr-McGee. . . . [T]he company distributed to Kerr-McGee the net proceeds from the *borrowings* of approximately $537.1 million.") (emphasis added).

5

2005 Quarterly Report speak for themselves and Defendants' characterization of these tables was not intended to, and did not, alter what is set forth therein. Defendants also dispute Plaintiffs' characterization that these tables "purportedly show" or "purport[] to summarize" the hedging contracts to the extent Plaintiffs imply that the tables are not accurate. Defendants further dispute Plaintiffs' characterization of these tables to the extent it excludes interest rate derivative or swap contracts.

39.    Defendants do not dispute that Anadarko's 2007 and 2008 Annual Reports include tables summarizing "'financial derivative instruments related to [Anadarko's] oil and gas production as of' December 31, 2007 and December 31, 2008, respectively," as referenced in the first full sentence of paragraph 39 of Plaintiffs' Response. Plaintiffs' Response does not raise a material issue of disputed fact because Anadarko's 2007 and 2008 Annual Reports speak for themselves and Defendants' characterization of these tables was not intended to, and did not, alter what is set forth therein. Defendants dispute, however, Plaintiffs' characterization that these tables "purport[] to summarize" the hedging contracts to the extent Plaintiffs imply that the tables are not accurate. Defendants also dispute Plaintiffs' characterization of such tables to the extent it excludes interest rate derivative or swap contracts.

40.    Plaintiffs do not dispute that Defendants' quotation of the Williams Report was accurate as stated. Defendants do not object to the additional statements referenced in the fourth sentence of paragraph 40 of Plaintiffs' Response. Defendants dispute Plaintiffs' characterization of the additional statements as the "relevant portion of the document." Plaintiffs' Response does not raise a material issue of disputed fact because the Williams Report speaks for itself and Defendants' quoted language was not intended to, and did not, alter what is set forth therein.

41.    Because Plaintiffs do not dispute Defendants' SOF 41, no reply is required.

42.    Plaintiffs do not dispute that Defendants' quotation of the Williams Report was accurate as stated. Defendants do not object to the additional statements referenced in paragraph 42 of Plaintiffs' Response. Defendants dispute Plaintiffs' characterization of the additional statements as the "relevant portion of the document." Plaintiffs' Response does not raise a material issue of disputed fact

6

because the Williams Report speaks for itself and Defendants' quoted language was not intended to, and did not, alter what is set forth therein.[7]

43. Defendants dispute the grounds for Plaintiffs' objection that some of the conclusions referenced in paragraph 43 of the SOF are not set out in the cited portions of the Williams Report. Plaintiffs concede that they "do not dispute the information contained in the Williams Report" and that the "Williams Report speaks for itself." Plaintiffs' Response does not raise a material issue of disputed fact because the Williams Report speaks for itself and Defendants' citation to the Williams Report was not intended to, and did not, alter what is set forth therein.

44. Because Plaintiffs do not dispute Defendants' SOF 44, no reply is required.

45. Defendants dispute the grounds for Plaintiffs' objection that some of the conclusions referenced in paragraph 45 of the SOF are not set out in the cited portions of the Williams Report. Plaintiffs concede that they "do not dispute the information contained in the Williams Report" and that the "Williams Report speaks for itself." Plaintiffs' Response does not raise a material issue of disputed fact because the Williams Report speaks for itself and Defendants' citation to the Williams Report was not intended to, and did not, alter what is set forth therein.

46. Because Plaintiffs do not dispute Defendants' SOF 46, no reply is required.

47. Because Plaintiffs do not dispute Defendants' SOF 47, no reply is required.

48. Because Plaintiffs do not dispute Defendants' SOF 48, no reply is required.

49. Because Plaintiffs do not dispute Defendants' SOF 49, no reply is required.

50. Because Plaintiffs do not dispute Defendants' SOF 50, no reply is required.

---

[7] While Defendants' quotation of the Williams Report was accurate as stated, it appears that Williams' statement that his opinions would not materially change if the Court were to determine that the assessment of reasonably equivalent value must be made on a separate legal entity basis is not accurate. Indeed, Plaintiffs conceded in the Response that Tronox LLC received reasonably equivalent value. *See, e.g.,* Response at 2.

7

51. Defendants do not dispute that the table referenced in SOF 51 does not appear on the referenced page of the Expert Report of Jeff D. Balcombe ("Balcombe Report"). The table appears on page 44 of the Balcombe Report. Plaintiffs' Response does not raise a material issue of disputed fact.

52. Because Plaintiffs do not dispute Defendants' SOF 52, no reply is required.

53. Defendants are unclear as to the basis of Plaintiffs' objection to SOF 53. Plaintiffs' Response does not raise a material issue of disputed fact because the Rebuttal and Supplemental Report of Jack F. Williams ("Williams Rebuttal") speaks for itself and Defendants' citation to the Williams Rebuttal was not intended to, and did not, alter what is set forth therein. To avoid confusion, Defendants restate the portion of the Williams Rebuttal below:

> Mr. Balcombe asserts that, based on the analysis in my Affirmative Report, 'it is evident that Tronox LLC received REV' as of the Project Focus Date.[8] I agree that the value of the assets transferred to Tronox LLC was greater than the value of the assets transferred from Tronox LLC on the Project Focus Date.

54. Because Plaintiffs do not dispute Defendants' SOF 54, no reply is required.

55. Plaintiffs do not dispute that Defendants' quotation of the Williams Report was accurate as stated. Defendants do not object to the additional statements referenced in the fourth sentence of paragraph 55 of Plaintiffs' Response. Defendants dispute Plaintiffs' characterization of the additional statements as the "relevant portion of the document." Plaintiffs' Response does not raise a material issue of disputed fact because the Williams Report speaks for itself and Defendants' quoted language was not intended to, and did not, alter what is set forth therein.

56. Undisputed.

57. Undisputed.

58. Undisputed.

59. Undisputed.

60. Undisputed.

---

[8] The Williams Rebuttal further notes: "Balcombe Report at 62."

8

  61. Undisputed.

  62. Undisputed.

  63. Undisputed.

  64. Undisputed.

  65. Undisputed, except that Plaintiffs inaccurately quote the cited document. The cited portion of the document states, in full: "This version replaces the Annex A previously provided as part of Anadarko Petroleum Corporation and Kerr-McGee Corporation's Response to Plaintiffs' Second Set of Interrogatories."[9]

  66. Undisputed, except that Plaintiffs selectively and incorrectly quote the cited portion of the document. Defendants have attached Revised Annex A to this Reply as <u>Exhibit 1</u>.

  67. Undisputed.

  68. Undisputed.

  69. Undisputed.

  70. Undisputed.

## II. SOF Supplement

  71. Kerr-McGee's Current Report Form 8-K, filed Jan. 24, 2006, at Item 1.01, states:

> On January 23, 2006, Kerr-McGee Oil & Gas Corporation ("KMOG"), a wholly owned subsidiary of Kerr-McGee Corporation (the "Company"), entered into an Agreement and Plan of Merger (the "Agreement") with W&T Offshore, Inc. ("W&T"), pursuant to which KMOG agreed to sell substantially all of the Company's offshore U.S. Gulf of Mexico "shelf" oil and gas leasehold interests and related assets to W&T through the merger of W&T Energy V, LLC, a Delaware limited liability company and wholly owned subsidiary of W&T, with and into Kerr-McGee Oil & Gas (Shelf) LLC ("KMG Sub"), a Delaware limited liability company and wholly owned subsidiary of KMOG. KMG Sub will be the surviving entity in the merger and will become a wholly owned subsidiary of W&T, and KMOG will receive cash base merger consideration of $1,339,400,000.

---

[9] May 20, 2011 Letter from Billeck to Hileman, at Annex A, n.1 ("<u>Revised Annex A</u>").

**EXHIBIT 1**

**REVISED ANNEX A**

# ANNEX A[1]

| Entity/Asset Name[2] | Transferor | Transferee | Current Owner/Ownership History |
|---|---|---|---|
| 14 shares of Kerr-McGee NW Shelf Australia Energy Pty. Ltd. | Kerr-McGee Operating Corporation | Kerr-McGee Oil & Gas Corporation | Kerr-McGee Oil & Gas Corporation |
| 1,000 shares of Kerr-McGee Pipe-Line (New South Wales) Pty. Ltd. | Kerr-McGee Operating Corporation | Kerr-McGee Oil & Gas Corporation | Entity was de-registered on or about March 31, 2006 |
| 1,000 shares of Kerr-McGee Oil & Gas Corporation | Kerr-McGee Operating Corporation | Kerr-McGee Worldwide Corporation | Kerr-McGee Worldwide Corporation |
| 1,000 shares of Kerr-McGee Gas Marketing (New South Wales) Pty. Ltd. | Kerr-McGee Operating Corporation | Kerr-McGee Oil & Gas Corporation | Entity was de-registered on or about March 31, 2006 |
| 1,000 shares of Benedum - Trees Oil Company | Kerr-McGee Operating Corporation | Kerr-McGee Worldwide Corporation ** | Kerr-McGee Oil & Gas Corporation |
| 9,954,000 shares of Devon Energy Corporation Stock | Kerr-McGee Operating Corporation | KM Investment Corporation | Shares sold in public markets or converted to satisfy Debt Exchangeable for Common Stock (a.k.a. DECS) |
| 1,000 shares of Sun Offshore Gathering Company | Kerr-McGee Operating Corporation | Kerr-McGee Worldwide Corporation ** | Kerr-McGee Oil & Gas Corporation |
| 1,000 shares of Oryx Gas Marketing Company | Kerr-McGee Operating Corporation | Kerr-McGee Worldwide Corporation ** | Kerr-McGee Oil & Gas Corporation |
| 1,000 shares of Oryx Pipe Line Company | Kerr-McGee Operating Corporation | Kerr-McGee Worldwide Corporation ** | Entity dissolved on or about February 3, 2004 |
| 1,000 shares of Oryx Energy Payroll Company | Kerr-McGee Operating Corporation | Kerr-McGee Worldwide Corporation ** | Entity dissolved on or about March 31, 2004 |
| 1,000 shares of Oryx Services Company | Kerr-McGee Operating Corporation | Kerr-McGee Worldwide Corporation ** | Entity dissolved on or about December 16, 2003 |

---

[1]   This version replaces the Annex A previously provided as part of Anadarko Petroleum Corporation and Kerr-McGee Corporation's Response to Plaintiffs' Second Set of Interrogatories.

[2]   With respect to equity transfers, it is assumed for purposes of this Annex that the assets and liabilities owned or owed by the transferred entity were transferred in connection with the equity transfer and such assets and liabilities are not individually and separately identified.

**   Distribution to Kerr-McGee Worldwide Corporation and, thereafter, contributed to Kerr-McGee Oil & Gas Corporation.
***  Distribution to Kerr-McGee Worldwide Corporation and, thereafter, contributed to Kerr-McGee Shared Services Company LLC.

ANNEX A                                                                                                                                                       **CONFIDENTIAL**

09-01198-mew    Doc 356-1    Filed 04/16/12    Entered 04/16/12 18:52:19    Exhibit A
Pg 12 of 16

| Entity/Asset Name[2] | Transferor | Transferee | Current Owner/Ownership History |
|---|---|---|---|
| 1,000 shares of Oryx Crude Trading & Transportation Inc. | Kerr-McGee Operating Corporation | Kerr-McGee Worldwide Corporation ** | Kerr-McGee Oil & Gas Corporation |
| 1,000 shares of Kerr-McGee Natural Gas, Inc. | Kerr-McGee Operating Corporation | Kerr-McGee Worldwide Corporation ** | Kerr-McGee Oil & Gas Corporation |
| 100 shares of Kerr-McGee L.P. Corporation | Kerr-McGee Operating Corporation | Kerr-McGee Worldwide Corporation ** | Kerr-McGee L.P. Corporation was converted into Kerr-McGee Onshore South LLC effective January 1, 2006 and merged with and into Westport Oil & Gas Company, L.P. later that same day. Westport Oil & Gas Company, L.P. thereafter changed its name to "Kerr-McGee Oil & Gas Onshore LP." |
| 1% General Partnership interest in Sun Pennsylvania Limited Partnership | Kerr-McGee Operating Corporation | Kerr-McGee Worldwide Corporation ** | Kerr-McGee Oil & Gas Corporation |
| 5,000 shares of Kerr-McGee Yemen Ltd. | Kerr-McGee Operating Corporation | Kerr-McGee Worldwide Corporation ** | Entity dissolved on or about February 26, 2006 |
| 1,000 shares of Kerr-McGee West Africa Investment Ltd. | Kerr-McGee Operating Corporation | Kerr-McGee Worldwide Corporation ** | Entity dissolved on or about February 27, 2006 |
| 5,000 shares of Kerr-McGee du Maroc Ltd. | Kerr-McGee Operating Corporation | Kerr-McGee Worldwide Corporation ** | Kerr-McGee Oil & Gas Corporation |
| 5,000 shares of Kerr-McGee Hazar Ltd. | Kerr-McGee Operating Corporation | Kerr-McGee Worldwide Corporation ** | Entity dissolved on or about September 23, 2008 |
| 5,000 shares of Kerr-McGee Eire Exploration Ltd. | Kerr-McGee Operating Corporation | Kerr-McGee Worldwide Corporation ** | Entity dissolved on or about September 23, 2008 |
| 5,000 shares of Kerr-McGee Benin Ltd. | Kerr-McGee Operating Corporation | Kerr-McGee Worldwide Corporation ** | Kerr-McGee Oil & Gas Corporation and Anadarko Global Funding I Company |
| 1,000 shares of Kerr-McGee Astrid Ltd. | Kerr-McGee Operating Corporation | Kerr-McGee Worldwide Corporation ** | Entity dissolved on or about February 27, 2006 |
| 1,000 shares of Kerr-McGee Anton Ltd. | Kerr-McGee Operating Corporation | Kerr-McGee Worldwide Corporation ** | Entity dissolved on or about December 30, 2005 |

** Distribution to Kerr-McGee Worldwide Corporation and, thereafter, contributed to Kerr-McGee Oil & Gas Corporation.
*** Distribution to Kerr-McGee Worldwide Corporation and, thereafter, contributed to Kerr-McGee Shared Services Company LLC.

ANNEX A                                                            2                                                            **CONFIDENTIAL**

| Entity/Asset Name[2] | Transferor | Transferee | Current Owner/Ownership History |
|---|---|---|---|
| 5,000 shares of Kerr-McGee Americas Ltd. | Kerr-McGee Operating Corporation | Kerr-McGee Worldwide Corporation ** | Ownership of Kerr-McGee Americas Ltd. was transferred from Kerr-McGee Oil & Gas Corporation to Kerr-McGee Latin America, Ltd. on May 5, 2008. Ownership was then transferred to Anadarko Offshore Holding Company when its parent, Kerr-McGee Latin America Ltd., merged into Anadarko Offshore Holding Company on June 17, 2008. Kerr-McGee Americas Ltd. was subsequently merged with and into Anadarko Brazil Investment I LLC on December 15, 2009. |
| 1,000 shares of Kerr-McGee Olonga Ltd. | Kerr-McGee Operating Corporation | Kerr-McGee Worldwide Corporation ** | Entity dissolved on or about September 23, 2008 |
| 1,000 shares of Mediterranean Exploration Ltd. | Kerr-McGee Operating Corporation | Kerr-McGee Worldwide Corporation ** | Entity dissolved on or about July 13, 2004 |
| 5,000 shares of Sunningdale Abu Dhabi Ltd. | Kerr-McGee Operating Corporation | Kerr-McGee Worldwide Corporation ** | Entity's name was changed to Anadarko Global Funding II Ltd. on December 7, 2007. |
| 5,000 shares of Atlantic Exploration & Production Ltd. | Kerr-McGee Operating Corporation | Kerr-McGee Worldwide Corporation ** | Atlantic Exploration & Production Ltd.'s name was changed to "A.E.P. Ltd." on March 13, 2003 and then merged into Anadarko Brazil Investment II LLC on September 23, 2008 |
| 5,000 shares of Kerr-McGee Bahamas Ltd. | Kerr-McGee Operating Corporation | Kerr-McGee Worldwide Corporation ** | Kerr-McGee Bahamas Ltd.'s name was changed to "K.M. Bahamas Ltd." on March 13, 2003 and later changed to "Kerr-McGee Angola Ltd." on September 3, 2003. |
| 1,000 shares of Kerr-McGee Offshore Canada Ltd. | Kerr-McGee Operating Corporation | Kerr-McGee Worldwide Corporation ** | Entity dissolved on or about December 22, 2009 |
| 4,099,994 shares of Kerr-McGee (Thailand) Ltd. | Kerr-McGee Operating Corporation | Kerr-McGee Worldwide Corporation ** | Kerr-McGee Oil & Gas Corporation |
| 1 ordinary share of Kerr-McGee Oil (U.K.) PLC | Kerr-McGee Operating Corporation | Kerr-McGee Oil & Gas Corporation | Sold in August 2005 |

\*\*   Distribution to Kerr-McGee Worldwide Corporation and, thereafter, contributed to Kerr-McGee Oil & Gas Corporation.
\*\*\*  Distribution to Kerr-McGee Worldwide Corporation and, thereafter, contributed to Kerr-McGee Shared Services Company LLC.

ANNEX A

3

CONFIDENTIAL

| Entity/Asset Name[2] | Transferor | Transferee | Current Owner/Ownership History |
|---|---|---|---|
| Headquarters building at 123 Robert S. Kerr Avenue, Oklahoma City, OK and associated surface estates | Kerr-McGee Operating Corporation | Kerr-McGee Shared Services Company LLC | The transfer of the headquarters building to Kerr-McGee Shared Services Company LLC also included the transfer of the surface estates of the following associated lots: Lots 1-40, Block 20, Oklahoma City Original Plat, City of Oklahoma City, County of Oklahoma, State of Oklahoma; Sold on or about July 11, 2007 |
| Cessna 650 Airplane | Kerr-McGee Operating Corporation | Kerr-McGee Shared Services Company LLC | Sold in December of 2006 |
| Dassault-Breguet Falcon 60 Airplane | Kerr-McGee Corporation | Kerr-McGee Shared Services Company LLC | |
| 1,000 Preference Shares of ADA Funding, Ltd. | Kerr-McGee Operating Corporation | Kerr-McGee Credit LLC | Entity dissolved on or about March 30, 2006 |
| 1,000 shares of Kerr-McGee Credit LLC | Kerr-McGee Operating Corporation | Kerr-McGee Worldwide Corporation | Entity dissolved on or about December 10, 2007 |
| 100% of membership interests in Kerr-McGee Foundation Corporation | Kerr-McGee Operating Corporation | Kerr-McGee Worldwide Corporation *** | Kerr-McGee Foundation Corporation changed its name to "Kerr-McGee Anadarko Foundation" on August 10, 2006 and was thereafter merged into Anadarko Foundation on or about October 1, 2008; Anadarko Petroleum Corporation is currently a member of Anadarko Foundation |
| 1,000 shares of K-M Insurance Company | Kerr-McGee Operating Corporation | Kerr-McGee Worldwide Corporation *** | Entity dissolved on or about October 1, 2007 |
| 120,000 shares of Kerr-McGee International Insurance Ltd. | Kerr-McGee Operating Corporation | Kerr-McGee Worldwide Corporation *** | Kerr-McGee Shared Services Company LLC |
| 1,000 shares of KM Investment Corporation | Kerr-McGee Operating Corporation | Kerr-McGee Worldwide Corporation | Kerr-McGee Worldwide Corporation |
| 1,000 shares of Kerr-McGee Stored Power Company LLC | Kerr-McGee Operating Corporation | Kerr-McGee Worldwide Corporation | Kerr-McGee Worldwide Corporation |

\*\*   Distribution to Kerr-McGee Worldwide Corporation and, thereafter, contributed to Kerr-McGee Oil & Gas Corporation.
\*\*\*  Distribution to Kerr-McGee Worldwide Corporation and, thereafter, contributed to Kerr-McGee Shared Services Company LLC.

ANNEX A

4

CONFIDENTIAL

| Entity/Asset Name[2] | Transferor | Transferee | Current Owner/Ownership History |
|---|---|---|---|
| 1,000 shares of Kerr-McGee Stored Power Corporation | Kerr-McGee Chemical LLC | Distributed to Kerr-McGee Operating Corporation and then subsequently contributed from Kerr-McGee Operating Corporation to Kerr-McGee Stored Power Company LLC | Kerr-McGee Stored Power Company LLC |
| 2,000,000 units in US Avestor LLC | Kerr-McGee Chemical LLC | Distributed to Kerr-McGee Operating Corporation and then subsequently contributed from Kerr-McGee Operating Corporation to Kerr-McGee Stored Power Company LLC | Entity dissolved on or about November 12, 2010 |
| 5,000 shares of Kerr-McGee of Canada Northwest, Ltd. | Kerr-McGee Chemical Worldwide LLC | Kerr-McGee Worldwide Corporation ** | Kerr-McGee Oil & Gas Corporation |
| Kerr-McGee Federal Limited Partnership 1-1981 | Tronox Worldwide LLC | Kerr-McGee Oil & Gas Corporation | Kerr-McGee Oil & Gas Corporation |
| P&P Land Co. | Kerr-McGee Chemical Worldwide LLC | Kerr-McGee Shared Services Company LLC | Kerr-McGee Shared Services Company LLC |
| Stock of Kerr-McGee Australia Exploration and Production Pty. Ltd. | Kerr-McGee Chemical Worldwide LLC | Kerr-McGee Worldwide Corporation ** | Name changed from Kerr-McGee (ZOC) Energy Pty. Ltd. on or about July 27, 2003. Current owner is Kerr-McGee Oil & Gas Corporation |
| Assets assigned pursuant to the Assignment Agreement dated as of 12/31/02 | Kerr-McGee Chemical Worldwide LLC | Kerr-McGee Oil & Gas Corporation | N/A |
| Lease No. 008479-000 in Stephens County, Oklahoma | Tronox Worldwide LLC | Kerr-McGee Oil & Gas Onshore LP | Kerr-McGee Oil & Gas Onshore LP |

** Distribution to Kerr-McGee Worldwide Corporation and, thereafter, contributed to Kerr-McGee Oil & Gas Corporation.
*** Distribution to Kerr-McGee Worldwide Corporation and, thereafter, contributed to Kerr-McGee Shared Services Company LLC.

ANNEX A

5

CONFIDENTIAL

| Entity/Asset Name[2] | Transferor | Transferee | Current Owner/Ownership History |
|---|---|---|---|
| Cash paid to Kerr-McGee Worldwide Corporation in exchange for contribution of membership interests of Tronox Worldwide LLC to Tronox Incorporated (approximately $762.9 million, as adjusted in accordance with § 3.5(a) of the MSA) | Tronox Incorporated | Kerr-McGee Worldwide Corporation | N/A |
| Cash in Excess of $40 million (pursuant to Section 2.4(a) of the MSA) | Tronox Group[3] | Kerr-McGee Worldwide Corporation | N/A |

---

[3]  Tronox Group is defined as Tronox Incorporated, each Subsidiary of Tronox immediately after 11/28/05, Tiwest Pty. Ltd., Tiwest Sales Pty. Ltd., and the Tiwest Joint Venture and each other Person that is controlled directly or indirectly by Tronox immediately after the 11/28/05.

\*\*  Distribution to Kerr-McGee Worldwide Corporation and, thereafter, contributed to Kerr-McGee Oil & Gas Corporation.
\*\*\*  Distribution to Kerr-McGee Worldwide Corporation and, thereafter, contributed to Kerr-McGee Shared Services Company LLC.