Melanie Gray (*admitted pro hac vice*)
Lydia Protopapas (LP 8089)
Jason W. Billeck (*admitted pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1600
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511

Richard A. Rothman (RR 0507)
Bruce S. Meyer (BM 3506)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

James J. Dragna (*admitted pro hac vice*)
BINGHAM MCCUTCHEN LLP
355 South Grand Avenue, Suite 4400
Los Angeles, California 90071
Telephone: (213) 680-6400
Facsimile: (213) 680-6499

Thomas R. Lotterman (*admitted pro hac vice*)
Duke K. McCall, III (*admitted pro hac vice*)
BINGHAM MCCUTCHEN LLP
2020 K Street, NW
Washington, DC 20006
Telephone: (202) 373-6000
Facsimile: (202) 373-6001

Kenneth N. Klee (KK 5910)
David M. Stern (*admitted pro hac vice*)
KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, California 90067
Telephone: (310) 407-4000
Facsimile: (310) 407-9090

*Counsel to Defendants*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| TRONOX INCORPORATED, *et al.*, | ) | Case No. 09-10156 (ALG) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| TRONOX INCORPORATED, TRONOX WORLDWIDE LLC f/k/a Kerr-McGee Chemical Worldwide LLC, and TRONOX LLC f/k/a Kerr-McGee Chemical LLC, | ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| ANADARKO PETROLEUM CORPORATION and KERR-MCGEE CORPORATION, KERR-MCGEE OIL & GAS CORPORATION, KERR-MCGEE WORLDWIDE CORPORATION, KERR-MCGEE INVESTMENT CORPORATION, KERR-MCGEE CREDIT LLC, KERR-MCGEE SHARED SERVICES COMPANY LLC, and KERR-MCGEE STORED POWER COMPANY LLC | ) ) ) ) ) ) ) ) | Adv. Pro. No. 09-01198 (ALG) |
| | ) | |
| Defendants. | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Intervenor, | ) | |
| v. | ) | |
| | ) | |
| TRONOX, INC., TRONOX WORLDWIDE LLC, TRONOX LLC, KERR-MCGEE CORPORATION and ANADARKO PETROLEUM CORPORATION, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ANADARKO PETROLEUM CORPORATION AND KERR-MCGEE CORPORATION'S ORIGINAL ANSWER TO COMPLAINT IN INTERVENTION

Anadarko Petroleum Corporation ("Anadarko"), Kerr-McGee Corporation ("Kerr-McGee"),[1] (collectively, the "Defendants"), hereby file their Answer to the Complaint in Intervention ("Complaint") filed by the United States of America[2]:

### GENERAL DENIAL

Except as otherwise expressly admitted, Defendants deny each and every allegation and averment in the Complaint, including, without limitation, all allegations and averments contained in the preamble, headings, or subheadings of the Complaint. Allegations and averments in the Complaint to which no responsive pleading is required shall be deemed as denied. Defendants expressly reserve the right to amend and/or supplement their Answer as may be necessary.

Defendants do not adopt or incorporate the United States' definitions into this Answer. Further, reference to any entity is limited to that entity as it existed at the time period for which the allegation relates, without reference to any reorganizations or changes in that entity's structure or ownership.

### NATURE OF THE ACTION

1.    Defendants admit the allegations in Sentence 1 of Paragraph 1 of the Complaint to the limited extent that this is an adversary proceeding brought by the United States

---

[1] For the avoidance of confusion, Defendants note that Defendant Kerr-McGee Corporation is defined as and referred to throughout this Answer as "Kerr-McGee." This Defendant is a completely separate and distinct entity from the company generally referred to in this Answer as Kerr-McGee Corporation. These two companies are, and always have been, separate and distinct entities. Kerr-McGee did not exist until 2001. After Kerr-McGee was formed, Kerr-McGee Corporation became a subsidiary of Kerr-McGee and was subsequently renamed Tronox Worldwide LLC.

[2] In the Complaint, the United States identifies Anadarko and Kerr-McGee as defendants, but does not identify as defendants any of their affiliates. Given certain developments in the above-captioned case, additional Kerr-McGee entities have been named by the Tronox plaintiffs in connection with their claims. To the extent that Kerr-McGee Oil & Gas Corporation, Kerr-McGee Worldwide Corporation, Kerr-McGee Investment Corporation, Kerr-McGee Shared Services Company LLC, and/or Kerr-McGee Stored Power Company LLC are determined to be defendants to the United States' claims under the Federal Debt Collection Procedures Act, this answer is also filed on their behalf. Defendants in no way admit that the Complaint asserts claims against these other defendants, and Defendants fully reserve their right to assert that the United States may not recover from these additional defendants, *inter alia*, on the basis that these additional defendants were not identified as defendants in the Complaint.

pursuant to Sections 3304 and 3306 of the Federal Debt Collection Procedures Act 28 U.S.C. §§ 3001-3308 ("FDCPA"). The allegations in Sentence 2 of Paragraph 1 of the Complaint are legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations in Sentence 2 of Paragraph 1 of the Complaint. Defendants deny all remaining allegations in Paragraph 1 of the Complaint.

2.      The allegations in Paragraph 2 of the Complaint are legal conclusions for which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3.      Defendants admit the allegations in Sentence 1 of Paragraph 3 of the Complaint. Defendants deny all remaining allegations in Paragraph 3 of the Complaint.

4.      Defendants admit that this Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b). Consistent with Fed. R. Bankr. P. 7012(b) and Local Rule 7012-1, Defendants do not consent to the entry of final orders or judgment by this Court on any of the claims in the Complaint. Defendants deny all remaining allegations in Paragraph 4 of the Complaint.

5.      Defendants admit that, pursuant to 28 U.S.C. § 157, the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.) and the Amended Standing Order of Reference of the District Court for the Southern District of New York (M10-468), dated February 1, 2012 (Preska, C.J.), this Court may exercise subject matter jurisdiction.

## DEFENDANTS

6.      Defendants admit the allegations in Paragraph 6 of the Complaint.

7.      Defendants admit that "New-Co Chemical, Inc." was incorporated on May 17, 2005 by the filing of a Certificate of Incorporation with the Delaware Secretary of State; and

on September 12, 2005, an Amended and Restated Certificate of Incorporation was filed with the Delaware Secretary of State changing the name of "New-Co Chemical, Inc." to "Tronox Incorporated." Defendants deny all remaining allegations in Paragraph 7 of the Complaint.

8.      The allegations in Paragraph 8 of the Complaint are legal conclusions for which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 8 of the Complaint.

9.      Defendants admit the allegations in Paragraph 9 of the Complaint.

10.     The allegations in Paragraph 10 of the Complaint are legal conclusions for which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 10 of the Complaint.

11.     Defendants admit the allegations in Paragraph 11 of the Complaint.

12.     The allegations in Paragraph 12 of the Complaint are legal conclusions for which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 12 of the Complaint.

13.     Defendants deny the allegations in Paragraph 13 of the Complaint, except admit that Kerr-McGee was the ultimate corporate parent of Tronox Inc. for a period of time prior to the IPO.

14.     Defendants deny the allegations of Paragraph 14 of the Complaint, except that Defendants admit that Kerr-McGee Worldwide LLC formed Tronox, Inc. to acquire, among other things, Tronox Worldwide LLC and its subsidiaries, some of which held what is defined in the Complaint as the Chemical Business.

15.     Defendants deny the allegations in Paragraph 15 of the Complaint, except admit that, for a certain period of time, Kerr-McGee was the ultimate corporate parent of Kerr-McGee Chemical Worldwide LLC and Kerr-McGee Chemical LLC.

16.     The allegations in Paragraph 16 of the Complaint are legal conclusions for which no response is required.  To the extent a response is required, Defendants deny all allegations in Paragraph 16 of the Complaint.

17.     Defendants admit the allegations in Paragraph 17 of the Complaint.

18.     Defendants admit the allegations in Paragraph 18 of the Complaint.

19.     The allegations in Paragraph 19 of the Complaint are legal conclusions for which no response is required.  To the extent a response is required, Defendants deny all allegations in Paragraph 19 of the Complaint.

## GENERAL ALLEGATIONS

### Kerr-McGee Corporate History

20.     Defendants admit that an entity that was at one time an affiliate of Kerr-McGee was founded in 1929 as Anderson Drilling Company, an oil and gas exploration company.  Defendants deny all remaining allegations in Paragraph 20 of the Complaint.

21.     Defendants admit that Kerr-McGee Corporation (as it existed at that time) and/or certain of its subsidiaries or affiliates or any of their predecessors between 1945 and the 1970s acquired various businesses, including in the oil and gas, mining, forest products, nuclear, and chemical industries.  Defendants deny all remaining allegations in Paragraph 21 of the Complaint.

22.     Defendants admit that by 2000, Kerr-McGee Corporation (as it existed at that time) and/or certain of its subsidiaries or affiliates or any of their predecessors had discontinued many of its historic operations, including uranium exploration, mining and processing, and coal mining, and had three operating businesses: the oil and gas exploration and production business, the chemicals business ("Chemical Business"), and a battery business. Defendants deny all remaining allegations in Paragraph 22 of the Complaint.

23.     The allegations in Paragraph 23 of the Complaint are legal conclusions for which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 23 of the Complaint, except admit that at some time, Kerr-McGee Corporation (as it existed at that time) and/or certain of its subsidiaries or affiliates or any of their predecessors had discontinued certain operations, and there were certain liabilities associated with these operations.

24.     Defendants admit that in 1999, the EPA notified Kerr-McGee Corporation (as it existed at that time) and Kerr-McGee Chemical LLC that they potentially may be liable for clean-up costs at a Federal creosote site located in Manville, New Jersey ("Manville"). Defendants deny all remaining allegations in Paragraph 24 of the Complaint.

25.     Defendants admit that on October 18, 1999, the EPA sent Kerr-McGee Corporation (as it existed at that time) and/or certain of its subsidiaries or affiliates a letter to determine whether those companies would voluntarily finance or perform the remedial work at Manville, and that the letter informed Kerr-McGee Corporation (as it existed at that time) and/or certain of its subsidiaries or affiliates on October 18, 1999 that the selected remedy for the first phase of the cleanup at Manville was estimated at $59,100,000.  Defendants deny all remaining allegations in Paragraph 25 of the Complaint.

26.     **The Complaint does not contain a Paragraph 26.**

27.     Defendants admit that the EPA sent a letter to Kerr-McGee Corporation (as it existed at that time) on October 26, 2000 informing the company that a remedy had been selected for the second phase of cleanup at Manville.  Defendants deny all remaining allegations in Paragraph 27 of the Complaint.

28.     Defendants deny the allegations in Paragraph 28 of the Complaint.

29.     Defendants deny the allegations in Paragraph 29 of the Complaint, except to the extent that Kerr-McGee Corporation (as it existed at that time) became a subsidiary of Kerr-McGee in connection with the acquisition of HS Resources in 2001.

30.     Defendants deny the allegations in Paragraph 30 of the Complaint, except to the extent that Kerr-McGee Corporation (as it existed at that time) retained a direct or indirect interest in certain entities that previously operated certain legacy businesses.

31.     Defendants admit that on August 1, 2001, Kerr-McGee Corporation (as it existed at that time) changed its name to "Kerr-McGee Operating Corporation."  Defendants deny all remaining allegations in Paragraph 31 of the Complaint.

32.     Defendants admit that on August 1, 2001, Kerr-McGee Holdco, Inc. changed its name to "Kerr-McGee Corporation," the entity currently known as Kerr-McGee. Defendants deny all remaining allegations in Paragraph 32 of the Complaint.

33.     Defendants admit that Kerr-McGee directly owned 100% of the stock of Kerr-McGee Operating Corporation as of August 1, 2001.  Defendants deny all remaining allegations in Paragraph 33 of the Complaint.

34.     Defendants admit that Kerr-McGee was the ultimate corporate parent of all of Kerr-McGee Operating Corporation's subsidiaries, including Kerr-McGee Chemical LLC. Defendants deny all remaining allegations in Paragraph 34 of the Complaint.

35.     Defendants admit that Kerr-McGee Chemical Worldwide LLC was created in October 2002 as a subsidiary of Kerr-McGee Operating Corporation, and then Kerr-McGee Operating Corporation merged with and into Kerr-McGee Chemical Worldwide LLC on December 31, 2002. Defendants deny all remaining allegations in Paragraph 35 of the Complaint.

36.     Defendants admit that on December 31, 2002, a Certificate of Merger was filed with the Delaware Secretary of State, merging Kerr-McGee Operating Corporation with

and into Kerr-McGee Chemical Worldwide LLC, with Kerr-McGee Chemical Worldwide LLC surviving the merger, effective December 31, 2002. Defendants deny all remaining allegations in Paragraph 36 of the Complaint.

37.    Defendants deny the allegations in Paragraph 37 of the Complaint, except admit that after December 31, 2002 Kerr-McGee Chemical LLC was a subsidiary of Kerr-McGee Chemical Worldwide LLC.

38.    Defendants admit that Kerr-McGee Chemical Worldwide LLC and Kerr-McGee Oil & Gas Corporation entered into an Assignment, Assumption and Indemnity Agreement effective as of December 31, 2002. Defendants deny all remaining allegations in Paragraph 38 of the Complaint.

39.    Defendants admit that, under the Assignment, Assumption and Indemnity Agreement, Kerr-McGee Chemical Worldwide LLC was the "Assignor" and Kerr-McGee Oil & Gas Corporation was the "Assignee." Defendants deny all remaining allegations in Paragraph 39 of the Complaint.

40.    Defendants admit that Paragraph 40 of the Complaint correctly quotes certain language in the Assignment, Assumption, and Indemnity Agreement.

41.    Defendants admit that "E&P Business," as defined in the Assignment, Assumption and Indemnity Agreement, refers to Kerr-McGee's oil and gas exploration, production and development businesses. Defendants deny all remaining allegations in Paragraph 41 of the Complaint.

42.    Defendants admit that the Assignment, Assumption, and Indemnity Agreement states in part that "Assignor desires to assign and Assignee desires to assume those liabilities and obligations that arise out of the E&P Business." Defendants deny all remaining allegations in Paragraph 42 of the Complaint.

43.    Defendants admit that the United States correctly quotes a portion of the Assignment, Assumption, and Indemnity Agreement.  Defendants deny all remaining allegations in Paragraph 43 of the Complaint.

44.    Defendants admit that the United States correctly quotes a portion of the Assignment, Assumption, and Indemnity Agreement.  Defendants deny all remaining allegations in Paragraph 44 of the Complaint.

45.    Defendants admit that the United States correctly quotes a portion of the Assignment, Assumption, and Indemnity Agreement.  Defendants deny all remaining allegations in Paragraph 45 of the Complaint.

46.    Defendants admit that the United States correctly quotes a portion of the Assignment, Assumption, and Indemnity Agreement.  Defendants deny all remaining allegations in Paragraph 46 of the Complaint.

47.    Defendants admit that the United States correctly quotes a portion of the Assignment, Assumption, and Indemnity Agreement.  Defendants deny all remaining allegations in Paragraph 47 of the Complaint.

48.    Defendants deny the allegations in Paragraph 48 of the Complaint.

49.    Defendants deny the allegations in Paragraph 49 of the Complaint, except admit that on December 31, 2002, Kerr-McGee Operating Corporation was merged into its subsidiary Kerr-McGee Chemical Worldwide LLC.

50.    Defendants deny the allegations in Paragraph 50 of the Complaint.

51.    Defendants deny the allegations in Paragraph 51 of the Complaint.

52.    Defendants deny the allegations in Paragraph 52 of the Complaint.

**Tronox Spin-Off**

53.    Defendants deny the allegations in Paragraph 53 of the Complaint, except admit that "New-Co Chemical, Inc." was incorporated on May 17, 2005 by the filing of a

Certificate of Incorporation with the Delaware Secretary of State, in preparation for a potential transfer of, among other things, Kerr-McGee Chemical Worldwide LLC and its subsidiaries; and on September 12, 2005, an Amended and Restated Certificate of Incorporation was filed with the Delaware Secretary of State changing the name of "New-Co Chemical, Inc." to "Tronox Incorporated."

54.     Defendants deny the allegations in Paragraph 54 of the Complaint, except admit that Kerr-McGee was exploring multiple options, including a sale or spin-off of Kerr-McGee Chemical Worldwide LLC, whose certain direct and indirect subsidiaries held the Chemical Business.

55.     Defendants admit that in April 2005 the EPA sent a letter to Kerr-McGee and Kerr-McGee Chemical LLC containing a demand for $178.8 million in connection with Manville, and aver that such demand was fully and properly disclosed by Kerr-McGee. Defendants deny all remaining allegations in paragraph 55 of the Complaint.

56.     Defendants deny the allegations in Paragraph 56 of the Complaint, except admit that Kerr-McGee and/or certain of its subsidiaries or affiliates utilized a centralized cash management system and provided certain financing.

57.     Defendants deny the allegations in Paragraph 57 of the Complaint, except admit that Kerr-McGee solicited bids for Kerr-McGee Chemical Worldwide LLC.

58.     Defendants admit certain potential bidders decided not to bid on Kerr-McGee Chemical Worldwide LLC and stated that one of the reasons was the environmental liabilities.  Defendants deny all remaining allegations in Paragraph 58 of the Complaint.

59.     Defendants deny the allegations in Paragraph 59 of the Complaint, except admit that Apollo Management V, L.P. ("Apollo") negotiated with Kerr-McGee for the purchase of Kerr-McGee Chemical Worldwide LLC throughout 2005.

60.     Defendants admit that Apollo conducted extensive due diligence in connection with its efforts to acquire Kerr-McGee Chemical Worldwide LLC, including due diligence of environmental liabilities.  Defendants deny all remaining allegations in Paragraph 60 of the Complaint.

61.     Defendants admit that as part of Kerr-McGee's negotiations with Apollo, Kerr-McGee offered a $400 million environmental indemnification provision.  Defendants deny all remaining allegations in Paragraph 61 of the Complaint.

62.     Defendants deny the allegations in Paragraph 62 of the Complaint.

63.     Defendants admit the allegations in Paragraph 63 of the Complaint.

64.     Defendants admit that New-Co Chemical, Inc. was formed in preparation of New-Co Chemical, Inc.'s potential acquisition of, among other things, Kerr-McGee Chemical Worldwide LLC.  Defendants deny all remaining allegations in Paragraph 64 of the Complaint.

65.     Defendants admit the allegations in Paragraph 65 of the Complaint.

66.     Defendants admit that Tronox Inc.'s Class A stock was offered at an IPO where approximately 17,480,000 shares of Tronox Inc. Class A Common Stock were offered to the public; Tronox Inc. completed the IPO of its Class A Common Stock on November 28, 2005; Kerr-McGee owned 22,889,431 shares of Class B Common Stock in Tronox Inc.; and Kerr-McGee distributed its shares of Tronox Inc.'s Class B Common Stock to its shareholders through a dividend of such securities on March 30, 2006.  Defendants deny all remaining allegations in Paragraph 66 of the Complaint.

67.     Defendants admit that certain of the terms of the spin off of Kerr-McGee Chemical Worldwide LLC were governed by the Master Separation Agreement ("MSA") between Tronox, Inc., Kerr-McGee and Kerr-McGee Worldwide Corporation.  Defendants deny all remaining allegations in Paragraph 67 of the Complaint.

68.     Defendants deny the allegations in Paragraph 68 of the Complaint.

69.    Defendants admit that Kerr-McGee received approximately $224.7 million in proceeds from the IPO of Tronox Inc.'s Class A Common Stock.  Defendants deny all remaining allegations in Paragraph 69 of the Complaint.

70.    Defendants admit that Tronox Inc. and Tronox Worldwide LLC entered into a $450 million secured Credit Agreement consisting of a $250 million revolver and a $200 million term loan under a six year senior secured credit facility; and Tronox Worldwide LLC and Tronox Finance Corporation issued $350 million in aggregate principal amount of unsecured notes due 2012.  Defendants deny all remaining allegations in Paragraph 70 of the Complaint.

71.    Defendants admit that, as provided in the MSA, Kerr-McGee received approximately $537.1 million in proceeds from the debt Tronox Inc. and Tronox Worldwide LLC incurred in connection with the spin off.  Defendants deny all remaining allegations in Paragraph 71 of the Complaint.

72.    Defendants admit that at the time of the spin-off, Tronox, Inc. had established environmental reserves for certain sites.  Defendants deny all remaining allegations in Paragraph 72 of the Complaint.

73.    Defendants admit the allegations in Paragraph 73 of the Complaint.

74.    Defendants admit that Kerr-McGee's reimbursement obligation extended to any site associated with a Former Operation, as defined in the MSA, where a reserve was established on Schedule 2.5(a), as well as sites associated with any Former Operation not listed on Schedule 2.5(a).  Defendants deny all remaining allegations in Paragraph 74 of the Complaint.

75.    Defendants admit that, under the terms of the MSA, for any site associated with a Former Operation listed on Schedule 2.5(a), Kerr-McGee agreed to reimburse Tronox Inc. of qualifying environmental costs paid in excess of the Reserve Amount, as defined in the MSA,

by more than $200,000. Defendants deny all remaining allegations in Paragraph 75 of the Complaint.

76.    Defendants admit that, under the terms of the MSA, for sites associated with any Former Operation not listed on Schedule 2.5(a), Kerr-McGee agreed to reimburse Tronox Inc. for 50 percent of qualifying environmental costs when such costs exceed $200,000. Defendants deny all remaining allegations in Paragraph 76 of the Complaint.

77.    Defendants admit that, under the terms of the MSA, Kerr-McGee agreed to reimburse Tronox Inc. for 50 percent of qualifying environmental costs up to a total of $100 million for seven years from the effective date of the MSA.  Defendants deny all remaining allegations in Paragraph 77 of the Complaint.

78.    Defendants admit that, on August 29, 2008, the United States sued Tronox LLC for reimbursement of approximately $280 million plus interest in costs incurred by the EPA at Manville in the U.S. District Court for the District of New Jersey, Civil Action No. 3:08-cv-04368.  Defendants deny all remaining allegations in Paragraph 78 of the Complaint.

79.    Defendants admit the allegations in Paragraph 79 of the Complaint.

80.    Defendants admit that together with Debtors' "First Day Motions," the Debtors included the Declaration of Gary Barton, then Senior Director at Alvarez & Marsal, restructuring consultants hired by the Debtors on or around July 2008, and formerly the Debtors' Chief Restructuring Officer.  Defendants deny all remaining allegations in Paragraph 80 of the Complaint.

81.    Defendants admit that in his Declaration, Mr. Barton cites the financial burden of the liabilities from the "Legacy Businesses" as a contributing factor in the Debtors' financial decline, as well as citing the deteriorating global economy, rising raw material and energy costs, and decreasing demand for consumer products as contributing factors in the

Debtors' financial decline.  Defendants deny the remaining allegations in Paragraph 81 of the Complaint.

## Federal Debt Collection Procedure Act

82.    The allegations in Paragraph 82 of the Complaint are legal conclusions for which no response is required.  To the extent a response is required, Defendants deny all allegations in Paragraph 82 of the Complaint.

83.    The allegations in Paragraph 83 of the Complaint are legal conclusions for which no response is required.  To the extent a response is required, Defendants deny all allegations in Paragraph 83 of the Complaint.

84.    The allegations in Paragraph 84 of the Complaint are legal conclusions for which no response is required.  To the extent a response is required, Defendants deny all allegations in Paragraph 84 of the Complaint.

85.    The allegations in Paragraph 85 of the Complaint are legal conclusions for which no response is required.  To the extent a response is required, Defendants deny all allegations in Paragraph 85 of the Complaint.

86.    The allegations in Paragraph 86 of the Complaint are legal conclusions for which no response is required.  To the extent a response is required, Defendants deny all allegations in Paragraph 86 of the Complaint.

87.    The allegations in Paragraph 87 of the Complaint are legal conclusions for which no response is required.  To the extent a response is required, Defendants deny all allegations in Paragraph 87 of the Complaint.

88.    The allegations in Paragraph 88 of the Complaint are legal conclusions for which no response is required.  To the extent a response is required, Defendants deny all allegations in Paragraph 88 of the Complaint.

89.     The allegations in Paragraph 89 of the Complaint are legal conclusions for which no response is required.   To the extent a response is required, Defendants deny all allegations in Paragraph 89 of the Complaint.

90.     The allegations in Paragraph 90 of the Complaint are legal conclusions for which no response is required.   To the extent a response is required, Defendants deny all allegations in Paragraph 90 of the Complaint.

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment Claim Re: Automatic Stay)

91.     Defendants incorporate by reference all responses contained in the foregoing Paragraphs 1 through 90 as if set forth fully herein.

92.     The allegations in Paragraph 92 of the Complaint are legal conclusions for which no response is required.   To the extent a response is required, Defendants deny all allegations in Paragraph 92 of the Complaint.

93.     The allegations in Paragraph 93 of the Complaint are legal conclusions for which no response is required.   To the extent a response is required, Defendants deny all allegations in Paragraph 93 of the Complaint.

94.     The allegations in Paragraph 94 of the Complaint are legal conclusions for which no response is required.   To the extent a response is required, Defendants deny all allegations in Paragraph 94 of the Complaint.

95.     The allegations in Paragraph 95 of the Complaint are legal conclusions for which no response is required.   To the extent a response is required, Defendants deny all allegations in Paragraph 95 of the Complaint.

96.     The allegations in Paragraph 96 of the Complaint are legal conclusions for which no response is required.   To the extent a response is required, Defendants deny all allegations in Paragraph 96 of the Complaint.

## SECOND CLAIM FOR RELIEF
### (FDCPA: Fraudulent Transfers Pursuant to 28 U.S.C. § 3304(b)(1)(A))

97.    Defendants incorporate by reference all responses contained in the foregoing Paragraphs 1 through 96 as if set forth fully herein.

98.    The allegations in Paragraph 98 of the Complaint are legal conclusions for which no response is required.    To the extent a response is required, Defendants deny all allegations in Paragraph 98 of the Complaint.

99.    Defendants deny the allegations in Paragraph 99 of the Complaint.

100.    Defendants deny the allegations in Paragraph 100 of the Complaint.

101.    Defendants deny the allegations in Paragraph 101 of the Complaint.

102.    Defendants deny the allegations in Paragraph 102 of the Complaint.

103.    Defendants deny the allegations in Paragraph 103 of the Complaint.

104.    The allegations in Paragraph 104 of the Complaint are legal conclusions for which no response is required.    To the extent a response is required, Defendants deny all allegations in Paragraph 104 of the Complaint.

## THIRD CLAIM FOR RELIEF
### (FDCPA: Fraudulent Transfers Pursuant to 28 U.S.C. § 3304(b)(1)(B))

105.    Defendants incorporate by reference all responses contained in the foregoing Paragraphs 1 through 104 as if set forth fully herein.

106.    Defendants deny the allegations in Paragraph 106 of the Complaint.

107.    Defendants deny the allegations in Paragraph 107 of the Complaint.

108.    The allegations in Paragraph 108 of the Complaint are legal conclusions for which no response is required.    To the extent a response is required, Defendants deny all allegations in Paragraph 108 of the Complaint.

109.    The allegations in Paragraph 109 of the Complaint are legal conclusions for which no response is required.  To the extent a response is required, Defendants deny all allegations in Paragraph 109 of the Complaint.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses and reserve the right to amend this Answer to assert other and further defenses when and if, in the course of their investigation or at trial it becomes appropriate.  By designating these matters "defenses," Defendants do not intend to suggest either that the United States does not bear the burden of proof as to such matters or that such matters are not elements of the United States' *prima facie* case against Defendants.

1.    The Complaint fails to state a claim upon which relief can be granted.

2.    Pursuant to 28 U.S.C. § 3307(a) and other applicable law, the United States' claims are barred, in whole or in part, to the extent that Defendants received the transfer(s) or obligation(s) in good faith and for a reasonably equivalent value.

3.    Pursuant to 28 U.S.C. § 3307(d) and other applicable law, the United States' claims are barred, in whole or in part, to the extent that Defendants received the transfer(s) or obligation(s) in good faith and for value, and, to such extent, Defendants are entitled to (i) a lien on or a right to retain any interest in the asset(s) transferred; (ii) enforcement of any obligation incurred; or (iii) a reduction in the amount of the liability on the judgment.

4.    Pursuant to 28 U.S.C. §§ 3306(a), 3308, and other applicable law, the United States' claims are barred, in whole or in part, by "principles of law and equity, including the law merchant and the law relating to principal and agent, estoppel, laches, fraud, misrepresentation, duress, coercion, mistake, insolvency, or other validating or invalidating cause."

5.    Pursuant to 28 U.S.C. §§ 3306(a), 3307(b)-(c), and other applicable law, the United States is barred from obtaining any judgment in excess of the lesser of: (i) the amount

17

of the applicable "debt" (as defined in the FDCPA) of the applicable transferor(s) or obligor(s); and (ii) the value of the asset(s) transferred, "subject to adjustment as the equities may require."

6.       Pursuant to 28 U.S.C. § 3307(a) and (b)(2) and other applicable law, the United States' claims against Anadarko are barred, in whole or in part, to the extent that: (i) Anadarko is neither an initial nor subsequent transferee nor an initial nor subsequent obligee of the transfer(s); or (ii) Anadarko is a subsequent transferee or obligee and either (a) Kerr-McGee received the transfer(s) or obligation(s) in good faith and for a reasonably equivalent value, or (b) Anadarko received the transfer(s) or obligation(s) in good faith and for value.

7.       The United States lacks standing to assert certain claims in the Complaint.

8.       Other parties dispute whether the United States may prosecute the FDCPA claims and/or have asserted that they hold some or all of the claims which the United States asserts in the Complaint.  To the extent a court finally determines that those other parties' assertions are correct in whole or in part, the United States lacks standing to assert such claims.

9.       The United States' claims are barred in whole or in part by the statute of limitations or repose.

10.      The United States' claims are barred, in whole or in part, to the extent that any other statutory defenses to the FDCPA apply, including, without limitation, any applicable defenses under Subchapter B and Subchapter C of the FDCPA, or to the extent that the FDCPA does not itself apply, including, without limitation, as a result of 28 U.S.C. §§ 3001 and 3003.

11.      To the extent the United States' claims may derive from, relate to, and/or be asserted in connection with, the claims of persons who are or were creditors of the bankruptcy estate of Tronox Inc., or its affiliated debtors, and/or any recovery by the United States may be shared with or allocated to such creditors, 11 U.S.C. § 546(e) bars such claims.

12.      The United States' claims are barred, in whole or in part, to the extent that any of the alleged transfer(s) or obligation(s) were authorized by law or court order.

13.     The United States' claims are barred, in whole or in part, by the doctrines of ratification or waiver.

14.     The United States' claims are barred, in whole or in part, by the doctrines of accord and satisfaction and/or payment.

15.     The United States' claims are barred, in whole or in part, based on the doctrine of subsequent intervening cause.

16.     The United States' claims are barred, in whole or part, to the extent the alleged transfer(s) and obligation(s) were not made to or for the benefit of the Defendants.

17.     Defendants assert all rights of recoupment and setoff.

18.     Any recovery is limited by the single right of recovery.

19.     Defendants reserve the right to raise additional and/or different defenses and affirmative defenses at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, the Defendants respectfully request that this Court enter proposed findings of fact and conclusions of law, recommending to the United States District Court for the Southern District of New York that the United States take nothing on account of their claims against the Defendants.  The Defendants further respectfully request that the District Court enter a final judgment that the United States take nothing; award costs, disbursements and attorneys' fees to the Defendants; and grant the Defendants all such other and further relief, whether in law or equity, to which Defendants are entitled and that the District Court deems just and proper.

Houston, Texas
Dated: April 23, 2012


|  |  |
|---|---|
|  | _/s/ Melanie Gray_ |
| Richard A. Rothman (RR 0507) | Melanie Gray (*admitted pro hac vice*) |
| Bruce S. Meyer (BM 3506) | Lydia Protopapas (LP 8089) |
| WEIL, GOTSHAL & MANGES LLP | Jason W. Billeck (*admitted pro hac vice*) |
| 767 Fifth Avenue | WEIL, GOTSHAL & MANGES LLP |
| New York, New York 10153 | 700 Louisiana, Suite 1600 |
| Telephone:  (212) 310-8000 | Houston, Texas  77002 |
| Facsimile:  (212) 310-8007 | Telephone:  (713) 546-5000 |
|  | Facsimile:  (713) 224-9511 |
|  |  |
| Thomas R. Lotterman (*admitted pro hac vice*) | James J. Dragna (*admitted pro hac vice*) |
| Duke K. McCall, III (*admitted pro hac vice*) | BINGHAM MCCUTCHEN LLP |
| BINGHAM MCCUTCHEN LLP | 355 South Grand Avenue, Suite 4400 |
| 2020 K Street, NW | Los Angeles, California  90071 |
| Washington, DC 20006 | Telephone:  (213) 680-6400 |
| Telephone:  (202) 373-6000 | Facsimile:  (213) 680-6499 |
| Facsimile:  (202) 373-6001 |  |
|  |  |
|  | Kenneth N. Klee (KK 5910) |
|  | David M. Stern (*admitted pro hac vice*) |
|  | KLEE, TUCHIN, BOGDANOFF & STERN LLP |
|  | 1999 Avenue of the Stars, 39th Floor |
|  | Los Angeles, California 90067-6049 |
|  | Telephone: (310) 407-4000 |
|  | Facsimile: (310) 407-9090 |
|  | *Counsel to Defendants* |

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **Anadarko Petroleum Corporation and Kerr-McGee Corporation's Original Answer to the Government's Complaint in Intervention** was served on the following counsel of record on April 23, 2012, as indicated below:

*Via email jonathan.henes@kirkland.com*
Jonathan S. Henes
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022

*Via email jeffrey.zeiger@kirkland.com*
*and jzeiger@kirkland.com*
Jeffrey J. Zeiger
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois 60654

*Via email joseph.pantoja@usdoj.gov*
U.S. ATTORNEY FOR THE
SOUTHERN DISTRICT OF NEW YORK
By:  Joseph Pantoja
Assistant U.S. Attorney
86 Chambers Street
New York, New York 10007

Houston, Texas
Dated:  April 23, 2012

 */s/ Rene Olvera*                                    
Rene Olvera