**Presentment Date:** May 24, 2012, 10:00 a.m., Eastern Time
**Objection Deadline:** May 24, 2012, 9:00 a.m., Eastern Time

| | |
|---|---|
| Melanie Gray (*admitted pro hac vice*) | Richard A. Rothman (RR 0507) |
| Lydia Protopapas (LP 8089) | Bruce S. Meyer (BM 3506) |
| Jason W. Billeck (*admitted pro hac vice*) | WEIL, GOTSHAL & MANGES LLP |
| WEIL, GOTSHAL & MANGES LLP | 767 Fifth Avenue |
| 700 Louisiana, Suite 1600 | New York, New York 10153 |
| Houston, Texas 77002 | Telephone: (212) 310-8000 |
| Telephone: (713) 546-5000 | Facsimile: (212) 310-8007 |
| Facsimile: (713) 224-9511 | |
| James J. Dragna (*admitted pro hac vice*) | Thomas R. Lotterman (*admitted pro hac vice*) |
| BINGHAM MCCUTCHEN LLP | Duke K. McCall, III (*admitted pro hac vice*) |
| 355 South Grand Avenue, Suite 4400 | BINGHAM MCCUTCHEN LLP |
| Los Angeles, California 90071 | 2020 K Street, NW |
| Telephone: (213) 680-6400 | Washington, DC 20006 |
| Facsimile: (213) 680-6499 | Telephone: (202) 373-6000 |
| | Facsimile: (202) 373-6001 |

Kenneth N. Klee (KK 5910)
David M. Stern (*admitted pro hac vice*)
KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, California 90067
Telephone: (310) 407-4000
Facsimile: (310) 407-9090

*Counsel to Defendants*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| TRONOX INCORPORATED, *et al*., | ) | Case No. 09-10156 (ALG) |
| Debtors. | ) | |
| | ) | Jointly Administered |
| TRONOX INCORPORATED, TRONOX WORLDWIDE LLC f/k/a Kerr-McGee Chemical Worldwide LLC, and TRONOX LLC f/k/a Kerr-McGee Chemical LLC, | ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| KERR-MCGEE CORPORATION, KERR-MCGEE OIL & GAS CORPORATION, KERR-MCGEE WORLDWIDE CORPORATION, KERR-MCGEE INVESTMENT CORPORATION, KERR-MCGEE CREDIT LLC, KERR-MCGEE SHARED SERVICES COMPANY LLC, and KERR-MCGEE STORED POWER COMPANY LLC | ) ) ) ) ) ) ) | Adv. Pro. No. 09-01198 (ALG) |
| Defendants. | ) | |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Intervenor, | ) | |
| v. | ) | |
| TRONOX, INC., TRONOX WORLDWIDE LLC, TRONOX LLC, KERR-MCGEE CORPORATION and ANADARKO PETROLEUM CORPORATION, | ) ) ) | |
| Defendants. | ) | |

**NOTICE OF PRESENTMENT OF REPORTS AND
RECOMMENDATIONS GRANTING IN PART DEFENDANTS' MOTION
FOR PARTIAL SUMMARY JUDGMENT AND LETTER REGARDING
<u>WHETHER TO RECOMMEND DISMISSAL WITH OR WITHOUT PREJUDICE</u>**

PLEASE TAKE NOTICE that Anadarko Petroleum Corporation and Kerr-McGee Corporation, on behalf of themselves and certain of their affiliates, will present the attached Report and Recommendation Granting Defendants' Motion for Partial Summary Judgment Seeking Dismissal of Anadarko Petroleum Corporation as a Subsequent Transferee with Respect to all Alleged Fraudulent Transfers (attached hereto as **Exhibit A**) and Report and Recommendation Granting Defendants' Motion for Partial Summary Judgment Seeking Dismissal of Constructive Fraudulent Transfer Claims Involving Transfers Made by Tronox LLC (attached hereto as **Exhibit B**) (collectively, the "**Reports and Recommendations**") to the Honorable Allan L. Gropper, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, for signature on May 24, 2012 at 10:00 a.m. (Eastern Time). At a hearing on May 8, 2012, the Court requested that Plaintiffs and Defendants each submit a letter advising the Court of their respective position as to whether the Reports and Recommendations should recommend dismissal with or without prejudice. Attached as **Exhibit C** is a letter dated May 21, 2012 from Melanie Gray to the Court regarding that issue.

PLEASE TAKE FURTHER NOTICE that responses or objections, if any, to the Reports and Recommendations must comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules, must be set forth in a writing describing the basis therefore, and must be filed with the Bankruptcy Court electronically in accordance with General Order M-242, as amended by General Order M-269, by registered users of the Court's electronic case filing system (the User's Manual for the Electronic Case Filing System can be found at www.nysb.uscourts.gov. the official website for the Bankruptcy Court) and, by all other parties in interest, on a 3-1/2 inch disk, preferably in Portable Document Format (PDF), Word or any other Windows-based word processing format (with a hard copy delivered directly to Chambers) and served upon each of the following: (a) counsel to Plaintiffs, Kirkland

& Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Jeffrey Zeiger; (b) the United States Attorney for the Southern District of New York, 86 Chambers Street, Third Floor, New York, New York 10007, Attn: Robert William Yalen; (c) counsel to Anadarko Petroleum Corporation and Kerr-McGee Corporation, Weil, Gotshal & Manges LLP, 700 Louisiana, Suite 1600, Houston, Texas, 77002, Attn: Melanie Gray and Lydia Protopapas; (d) counsel to Anadarko Petroleum Corporation and Kerr-McGee Corporation, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York, 10153, Attn: Richard Rothman; and (e) all persons or entities that have served and filed notices of appearance in these chapter 11 cases pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure (with service on the Rule 2002 parties by email only), so as to be received not later than May 24, 2012 at 10:00 a.m. (Eastern Time) (the "**Objection Deadline**").

PLEASE TAKE FURTHER NOTICE that if a written objection is timely filed and received by the parties set forth above, the Court will notify the parties of the date and time of the hearing to consider the Reports and Recommendations and any Objections thereto. The parties are required to attend such hearing, and failure to attend in person or by counsel may result in relief being granted or denied upon default.

PLEASE TAKE FURTHER NOTICE that if no written objection to the Reports and Recommendations has been properly filed and served by the Objection Deadline, the Bankruptcy Court may enter the Reports and Recommendations without a hearing.

Houston, Texas
Dated: May 21, 2012

|  |  |
|---|---|
| Richard A. Rothman (RR 0507) | /s/ Melanie Gray |
| Bruce S. Meyer (BM 3506) | Melanie Gray (*admitted pro hac vice*) |
| WEIL, GOTSHAL & MANGES LLP | Lydia Protopapas (LP 8089) |
| 767 Fifth Avenue | Jason W. Billeck (*admitted pro hac vice*) |
| New York, New York 10153 | WEIL, GOTSHAL & MANGES LLP |
| Telephone: (212) 310-8000 | 700 Louisiana, Suite 1600 |
| Facsimile: (212) 310-8007 | Houston, Texas 77002 |
|  | Telephone: (713) 546-5000 |
|  | Facsimile: (713) 224-9511 |

Thomas R. Lotterman (*admitted pro hac vice*)
Duke K. McCall, III (*admitted pro hac vice)*
BINGHAM MCCUTCHEN LLP
2020 K Street, NW
Washington, DC 20006
Telephone:  (202) 373-6000
Facsimile:  (202) 373-6001

James J. Dragna (*admitted pro hac vice*)
BINGHAM MCCUTCHEN LLP
355 South Grand Avenue, Suite 4400
Los Angeles, California  90071
Telephone:  (213) 680-6400
Facsimile:  (213) 680-6499
*Counsel to Defendants*

Kenneth N. Klee (KK 5910)
David M. Stern *(admitted pro hac vice)*
KLEE, TUCHIN, BOGDANOFF & STERN LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, California 90067-6049
Telephone: (310) 407-4000
Facsimile: (310) 407-9090

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 21, 2012, a true and correct copy of the foregoing Notice of Presentment of Reports and Recommendations Granting in Part Defendants' Motion for Partial Summary Judgment and Letter Regarding Whether to Recommend Dismissal With or Without Prejudice was served on the following counsel of record as indicated below.

*Via email david.zott@kirkland.com, jeffrey.zeiger@kirkland.com and jzeiger@kirkland.com*
David J. Zott
Jeffrey J. Zeiger
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois 60654

*Via email jonathan.henes@kirkland.com*
Jonathan S. Henes
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022

*Via email joseph.pantoja@usdoj.gov and robert.yalen@usdoj.gov*
Joseph Pantoja
Robert Yalen
Assistant U.S. Attorney
SOUTHERN DISTRICT OF NEW YORK
86 Chambers Street
New York, New York 10007


Houston, Texas                                              */s/ Rene Olvera*
Dated: May 21, 2012                                         Rene Olvera

# Exhibit A

US_ACTIVE:\44000747\1\15337.0004

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re | Chapter 11 |
| TRONOX INCORPORATED, *et al.*, | Case No. 09-10156 (ALG) |
| Debtors. | Jointly Administered |
| TRONOX INCORPORATED, TRONOX WORLDWIDE LLC f/k/a Kerr-McGee Chemical Worldwide LLC, and TRONOX LLC f/k/a Kerr-McGee Chemical LLC, | |
| Plaintiffs, | |
| v. | Adversary Proceeding No. 09-01198 |
| KERR-MCGEE CORPORATION, KERR-MCGEE OIL & GAS CORPORATION, KERR-MCGEE WORLDWIDE CORPORATION, KERR-MCGEE INVESTMENT CORPORATION, KERR-MCGEE CREDIT LLC, KERR-MCGEE SHARED SERVICES COMPANY LLC, and KERR-MCGEE STORED POWER COMPANY LLC, | |
| Defendants. | |
| THE UNITED STATES OF AMERICA, | |
| Plaintiff-Intervenor, | |
| v. | |
| TRONOX, INC., TRONOX WORLDWIDE LLC, TRONOX LLC, KERR-MCGEE CORPORATION, and ANADARKO PETROLEUM CORPORATION, | |
| Defendants. | |

# REPORT AND RECOMMENDATION GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT SEEKING DISMISSAL OF ANADARKO PETROLEUM CORPORATION AS A SUBSEQUENT TRANSFEREE WITH RESPECT TO ALL ALLEGED FRAUDULENT TRANSFERS

Upon consideration the filings submitted by the parties and arguments presented at the May 8, 2012 hearing (the "**Hearing**") on Defendants' Motion For Partial Summary Judgment Seeking Dismissal Of (I) Constructive Fraudulent Transfer Claims Involving Transfers Made By Tronox LLC; (II) Anadarko Petroleum Corporation As A Subsequent Transferee With Respect To All Alleged Fraudulent Transfers; And (III) All Actual And Constructive Fraudulent Transfer Claims Protected by Section 546(e) Of The Bankruptcy Code [Dkt. No. 307] (the "**Motion**"), and for the reasons set forth on the record by the Court at the Hearing, and to the extent the Court has authority consistent with Article III of the United States Constitution and pursuant to Local Bankruptcy Rule 9033-1, IT IS HEREBY RECOMMENDED TO THE UNITED STATES DISTRICT COURT THAT IT:

1. grant the Motion in part;

2. find that Defendant Anadarko Petroleum Company ("**Anadarko**") is not an initial, mediate, immediate or subsequent transferee under 11 U.S.C. § 550; and

3. dismiss Counts I, II and III of Plaintiffs' Second Amended Adversary Complaint [Dkt. No. 223] with prejudice as to Anadarko.

New York, New York
Dated: _____, 2012

_____
United States Bankruptcy Judge

# Exhibit B

US_ACTIVE:\44000747\1\15337.0004

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| TRONOX INCORPORATED, *et al.*, | ) | Case No. 09-10156 (ALG) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| _____ | ) | |
| | ) | |
| TRONOX INCORPORATED, TRONOX WORLDWIDE LLC f/k/a Kerr-McGee Chemical Worldwide LLC, and TRONOX LLC f/k/a Kerr-McGee Chemical LLC, | ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. 09-01198 |
| | ) | |
| KERR-MCGEE CORPORATION, KERR-MCGEE OIL & GAS CORPORATION, KERR-MCGEE WORLDWIDE CORPORATION, KERR-MCGEE INVESTMENT CORPORATION, KERR-MCGEE CREDIT LLC, KERR-MCGEE SHARED SERVICES COMPANY LLC, and KERR-MCGEE STORED POWER COMPANY LLC, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Intervenor, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TRONOX, INC., TRONOX WORLDWIDE LLC, TRONOX LLC, KERR-MCGEE CORPORATION, and ANADARKO PETROLEUM CORPORATION, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**REPORT AND RECOMMENDATION GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT SEEKING DISMISSAL OF CONSTRUCTIVE FRAUDULENT TRANSFER CLAIMS INVOLVING TRANSFERS MADE BY TRONOX LLC**

Upon consideration of Plaintiffs' stipulation in the Joint Pretrial Order filed May 4, 2012 [Dkt. No. 383] and the filings submitted by the parties in support of and in opposition to Defendants' Motion For Partial Summary Judgment Seeking Dismissal Of (I) Constructive Fraudulent Transfer Claims Involving Transfers Made By Tronox LLC; (II) Anadarko Petroleum Corporation As A Subsequent Transferee With Respect To All Alleged Fraudulent Transfers; And (III) All Actual And Constructive Fraudulent Transfer Claims Protected by Section 546(e) Of The Bankruptcy Code [Dkt. No. 307] (the "**Motion**"), and to the extent the Court has authority consistent with Article III of the United States Constitution and pursuant to Local Bankruptcy Rule 9033-1, IT IS HEREBY RECOMMENDED TO THE UNITED STATES DISTRICT COURT THAT IT:

1. grant the Motion in part;

2. find that Plaintiff Tronox LLC received reasonably equivalent value as a result of the transfers at issue in this Adversary Proceeding for the purposes of 11 U.S.C. §§ 544 & 548 and the Oklahoma Uniform Fraudulent Transfer Act; and

3. dismiss Plaintiff Tronox LLC's claims for constructive fraudulent transfer under Counts II and III of the Second Amended Adversary Complaint [Dkt. No. 223] with prejudice.

New York, New York
Dated: _____, 2012

_____
United States Bankruptcy Judge

US_ACTIVE:\44000747\1\15337.0004          2

# Exhibit C

US_ACTIVE:\44000747\1\15337.0004

**Weil, Gotshal & Manges LLP**

700 Louisiana, Suite 1600
Houston, TX 77002-2755
+1 713 546 5000 tel
+1 713 224 9511 fax

**Melanie Gray**
+1 713 546 5045
melanie.gray@weil.com

May 21, 2012

Hon. Allan L. Gropper
United States Bankruptcy Court
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004-1408

Re:   *Tronox Incorporated, et al. v. Anadarko Petroleum Corporation, et al.*; Adv. Proc. No. 09-01198

Dear Judge Gropper,

Pursuant to the Court's request at the hearing held on May 8, 2012 (the "Hearing"), Anadarko Petroleum Corporation ("Anadarko"), Kerr-McGee Corporation and certain of their affiliates (collectively, the "Defendants"), respectfully request a report and recommendation[1] dismissing, with prejudice, (i) all claims of Tronox Incorporated, Tronox Worldwide LLC, Tronox LLC, and the litigation trustee as successor to such plaintiffs (collectively, the "Plaintiffs"), against Anadarko (the "Anadarko Claims") under Counts I, II and III of the Second Amended Adversary Complaint (the "Complaint"), and (ii) all constructive fraudulent transfer claims involving transfers made by Tronox LLC under Counts II and III of the Complaint (the "Tronox LLC Claims").[2]

With respect to the Anadarko Claims, Plaintiffs requested at the Hearing that "the Court . . . dismiss Anadarko without prejudice . . . so as not to foreclose [Plaintiffs'] ability to [later] pursue Anadarko as a subsequent transferee" should new facts arise establishing a basis for such liability.[3] With respect to the Tronox LLC Claims,

---

[1]   *See* Motion for Partial Summary Judgment Seeking Dismissal of (I) Constructive Fraudulent Transfer Claims Involving Transfers Made by Tronox LLC; (II) Anadarko Petroleum Corporation as a Subsequent Transferee with Respect to All Alleged Fraudulent Transfers; and (III) All Actual and Constructive Fraudulent Transfer Claims Protected by Section 546(e) of the Bankruptcy Code (Dkt. No. 307) (the "Motion"), at 3 n.4 (clarifying that Defendants seek only a report and recommendation of dismissal from the bankruptcy court).

[2]   For the reasons explained in Defendants' Notification of Lack of Consent to Final Adjudication of Fraudulent Transfer Claims and Motion for Leave Regarding Fiduciary Duty Claim (Dkt. No. 308), and in the reply in support thereof (Dkt. No. 369), Defendants do not seek a final order dismissing the Anadarko Claims or the Tronox LLC Claims, but only a report and recommendation. An opinion issued the day after the Hearing by Judge Rakoff underscores the rationale for Defendants' request. *See Kirschner v. Agoglia*, 11 Civ. 8250, 2012 WL 1622496, at *3-4, 10 (S.D.N.Y. May 9, 2012) (holding that fraudulent transfer claims involve private rights that may be adjudicated only by an Article III court and that "even assuming that [consent] would make a difference," the movants had not consented) (internal citation omitted).

[3]   May 8, 2012 Hr'g Tr. at 23:9-24:3.

**Weil, Gotshal & Manges LLP**

Honorable Allan L. Gropper
May 21, 2012
Page 2

Plaintiffs stipulated to the dismissal of such claims in the pre-trial order,[4] however, the pre-trial order does not specify whether such dismissal is with or without prejudice. Nonetheless, Defendants made clear in their reply to the Motion that their consent to Plaintiffs' dismissal was premised on the dismissal being with prejudice and on the basis that Tronox LLC received reasonably equivalent value for its transfers.[5] Defendants now submit an appropriately styled report and recommendation giving effect to Plaintiffs' dismissal of the Tronox LLC Claims on that basis.

Plaintiffs should not be permitted to avoid the consequences of adverse rulings by either seeking dismissal without prejudice (as in the case of the Anadarko Claims) or consenting to dismissal without prejudice (as in the case of the Tronox LLC Claims). Pursuant to Rule 56, Defendants are "entitled to judgment as a matter of law"[6] and a "full measure of relief"[7] that will both prevent relitigation of matters "raised and decided in a previous suit"[8] and eliminate the cost and vexation of multiple suits.[9] In requesting dismissal without prejudice, Plaintiffs improperly seek to retain the ability to relitigate (i) the Anadarko Claims despite a massive four-plus year discovery effort[10] which has failed to uncover a single item of evidence supporting these claims, and (ii) the Tronox LLC Claims, which Plaintiffs did not even bother to argue in their response to the Motion given the complete absence of any supporting evidence. As explained by the United States Supreme Court, a principal purpose "of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and we think [Rule 56] should be interpreted in a way that allows it to accomplish this purpose."[11] A "without prejudice" dismissal of the Anadarko and Tronox LLC Claims would offend this principle, fail to finally dispose of these deficient claims and potentially require Defendants to relitigate them—at great expense—despite the fact that Defendants have already demonstrated that they are meritless. Many other courts have rejected similar attempts to "avoid the prospect of an adverse decision" on a motion for summary judgment "by dismissing a claim without prejudice."[12] Defendants submit that this Court should follow suit.

---

[4] *See* Joint Pretrial Order (Dkt. No. 383).

[5] Defendants' Reply to Plaintiffs' Opposition to the Motion, (Dkt. No. 356), at 3 n.6.

[6] *See* FED. R. CIV. PROC. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) ("The moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."); *see also Yeiser v. GMAC Mortg. Corp.*, 535 F. Supp. 2d 413, 421 (S.D.N.Y. 2008) ("It is long settled . . . that a summary judgment dismissal is considered a decision on the merits for *res judicata* purposes.") (citing *Weston Funding Corp. v. Lafayette Towers, Inc.*, 550 F.2d 710, 715 (2d Cir. 1977)).

[7] *Murphy v. Gallagher*, 761 F.2d 878, 879 (2d Cir. 1985) (quoting *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 535 (5th Cir. 1978)).

[8] *Id*.

[9] *Allen v. McCurry*, 449 U.S. 90, 94 (1980).

[10] Although the pending litigation was initiated in May 2009, very significant discovery was provided to the United States government by both Plaintiffs and Defendants prior to the initiation of this lawsuit.

[11] *Celotex*, 477 U.S. at 323-24.

[12] *Galasso v. Eisman, Zucker, Klein & Ruttenberg*, 310 F. Supp. 2d 569, 572 (S.D.N.Y. 2004) (denying the plaintiff's motion to dismiss because "a party should not be permitted to avoid the prospect of an adverse decision on a dispositive motion by dismissing a claim without prejudice") (citing *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990)

**Weil, Gotshal & Manges LLP**

Honorable Allan L. Gropper
May 21, 2012
Page 3

As Plaintiffs either expressly or implicitly seek dismissal of the Anadarko and Tronox LLC Claims without prejudice, the propriety of their requests should be informed by the standards of Rules 41(a)(2) and 15.[13]  These rules permit dismissal without prejudice only where Defendants will not be prejudiced.[14]  In making this prejudice determination, the Second Circuit considers "the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial."[15]  Here, Defendants have expended substantial effort and incurred great expense during the three-year course of this litigation.[16]  Fact and expert discovery has resulted in the production of over 10 million pages of documents, the initial, response, reply and surrebuttal reports of approximately 17 experts and over 80 fact and expert depositions.[17]  Despite this immense discovery undertaking, Plaintiffs have no evidence whatsoever supporting either the Anadarko or Tronox LLC Claims.  This is true even though Plaintiffs were specifically challenged to produce such evidence in the Motion.  It will be highly prejudicial to Defendants if, at this advanced stage of the litigation, Plaintiffs are permitted to dismiss their unsupported claims without prejudice and later require Defendants to relitigate them.  These claims have been at issue since the very outset of this litigation and the absence of any supporting evidence is not the result of

---

(affirming denial of the plaintiff's motion for dismissal without prejudice where plaintiff's purpose for filing the motion was to avoid an actual adjudication of her claims); *Manti Transp., Inc., v. Assoc. Commercial Corp.*, No. 00 Civ. 6807, 2002 WL 369807, at *4-5 (E.D.N.Y. Mar. 8, 2002) (denying the plaintiff's motion to dismiss without prejudice because "dismissal without prejudice would be manifestly prejudicial to defendant"); *Pace v. S. Exp. Co.*, 409 F.2d 331, 334 (7th Cir. 1969) (upholding the trial court's denial of the plaintiff's motion to dismiss without prejudice where, after the defendant had moved for summary judgment, the plaintiff "had ample opportunity to show that there were justiciable issues involved, but has failed to make such a showing"); *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 358 (10th Cir. 1996) (affirming denial of the plaintiff's motion to dismiss without prejudice because "a party should not be permitted to avoid the prospect of an adverse decision on a dispositive motion by dismissing a claim without prejudice")); *Toolasprashad v. Schult*, 9:10-CV-1050, 2011 WL 3157290, at *3 (N.D.N.Y. July 26, 2011) (rejecting dismissal without prejudice and explaining, "given that Judge Homer recommended dismissal of Petitioner's claims, Petitioner's attempt to now have the case dismissed without prejudice suggests a motive to avoid being bound by an adverse decision"); *Giguere's Supermarkets, Inc. v. Hannaford Bros. Co.*, No. 81-2043-MA, 1983 WL 1788, at *2 (D. Mass. Feb. 7, 1983) (stating that plaintiffs' motion for dismissal without prejudice "should not be used to circumvent a prospective and imminent ruling on summary judgment and the subsequent effects of such a ruling").

[13] Dismissal of an action under Rule 41(a)(2) and dismissal of a claim under Rule 15 are governed by the same standard. *Wakefield v. N. Telecom, Inc.*, 769 F.2d 109, 114 n.4 (2d Cir. 1985).

[14] *D'Alto v. Dahon Cal., Inc.*, 100 F.3d 281, 283 (2d Cir. 1996) ("A voluntary dismissal without prejudice under Rule 41(a)(2) will be allowed 'if the defendant will not be prejudiced thereby.'").

[15] *Id.* at 283 (The factors courts in the Second Circuit consider in determining whether a defendant will be prejudiced include: "[1] the plaintiff's diligence in bringing the motion; [2] any 'undue vexatiousness' on plaintiff's part; [3] the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial; [4] the duplicative expense of relitigation; and [5] the adequacy of plaintiff's explanation for the need to dismiss." (quoting *Zagano*, 900 F.2d at 14)).

[16] *See Zagano*, 900 F.2d at 14 (holding that plaintiff's motion to dismiss without prejudice was "far too late" where litigation had been "vigorously contested" for over four years); *Bosteve Ltd. v. Marauszwki*, 110 F.R.D. 257, 259 (E.D.N.Y. 1986) (denying the plaintiffs' request for dismissal without prejudice because, *inter alia*, the action had "been pending for nearly two years," during which time the "defendant [had] expended substantial sums on pretrial discovery and counsel fees").

[17] *See Bosteve Ltd.*, 110 F.R.D. at 259; *Comunidad Autonoma del Pais Vasco v. Am. Bureau of Shipping, Inc.*, 04CIV.671, 2006 WL 2254958, at *4 (S.D.N.Y. Aug. 4, 2006) (explaining that the "completion of substantial discovery is sufficient" for a defendant to suffer prejudice).

Weil, Gotshal & Manges LLP

Honorable Allan L. Gropper
May 21, 2012
Page 4

happenstance, but the unfounded nature of the claims. The passage of yet more time will not validate these invalid claims.

In addition to the stage of the litigation, courts within the Second Circuit also consider whether a plaintiff has timely requested the dismissal and adequately articulated a rationale for a dismissal "without prejudice." Courts reject an inadequately explained request made in the face of a summary judgment motion on the rationale that such request is merely calculated to circumvent an adverse ruling.[18] Here, Plaintiffs' requested "without prejudice" dismissal of the Anadarko Claims was made at the Hearing on the Motion, and was clearly intended to avert the consequences of an adverse ruling as it was, in fact, offered only in the event the Court ruled in Defendants' favor. Under the circumstances, Plaintiffs' request cannot be explained as anything *other than* an effort to avoid being bound by an adverse ruling. Moreover, Plaintiffs' suggested rationale for dismissing the Anadarko Claims without prejudice—that new facts may turn up at trial—is legally insufficient. The Second Circuit has specifically held that a party may not escape an adverse ruling "in the hopes that 'something will turn up'" and indeed "the text and policy behind Rule 56 . . . was intended to prevent such [a result]."[19] Because Plaintiffs' requested dismissal without prejudice was both untimely and unsupported by a legally cognizable rationale, the Court should reject such request as an impermissible attempt to circumvent an adverse ruling.

The same goes for Plaintiffs' implicit effort to procure a "without prejudice" dismissal of the Tronox LLC Claims. Plaintiffs only agreed to dismiss the Tronox LLC Claims in response to a summary judgment motion and they have not offered any rationale supporting a "without prejudice" dismissal of those claims. As such, any dismissal of the Tronox LLC claims should be with prejudice.

For all of the foregoing reasons, the Court should recommend that the Anadarko and Tronox Claims be dismissed with prejudice to refiling so that these factually unsupported claims may be properly disposed of pursuant to Rule 56, judicial resources may be preserved and Defendants may be protected from the cost and vexation of multiple suits on these claims.

Sincerely,

*/s/ Melanie Gray*

Melanie Gray

cc: David J. Zott                                     Joseph Pantoja
    Jeffrey J. Zeiger                                Robert Yalen
    KIRKLAND & ELLIS LLP                             Assistant U.S. Attorneys
    300 North LaSalle Street                         SOUTHERN DISTRICT OF NEW YORK
    Chicago, Illinois 60654                          86 Chambers Street
                                                     New York, New York 10007

---

[18] *See supra* n. 12.

[19] *Weinstock v. Columbia Univ.*, 224 F.3d 33, 49-50 (2d Cir. 2000) ("Plaintiff would have us follow the advice of David Copperfield's mentor, the amicable Mr. Micawber, and let matters proceed in the hope that 'something will turn up.' This notion is inconsistent with the text and policy behind Rule 56 of the Federal Rules of Civil Procedure, which was intended to prevent such calendar profligacy.").