**Exhibit A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | ) | |
| | ) | Chapter 11 |
| TRONOX INCORPORATED, *et al.*, | ) | Case No. 09-10156 (ALG) |
| | ) | Jointly Administered |
| Reorganized Debtors. | ) | |
| | ) | |
| | ) | |
| TRONOX INCORPORATED, | ) | |
| TRONOX WORLDWIDE LLC | ) | |
| f/k/a Kerr-McGee Chemical Worldwide LLC, | ) | |
| and TRONOX LLC f/k/a Kerr-McGee | ) | |
| Chemical LLC,[1] | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. 09-01198 (ALG) |
| | ) | |
| KERR-McGEE CORPORATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

---

[1] Pursuant to the Anadarko Litigation Trust Agreement, which was approved by the Court on February 14, 2011 (Dkt. No. 2812), the Anadarko Litigation Trust was appointed as the representative of each of the Plaintiff Debtors' estates, as that term is used in section 1123(b)(3)(B) of the Bankruptcy Code, with the power and right to prosecute this matter. By the same agreement and Order, the Anadarko Litigation Trust was "deemed substituted" for the Debtor Plaintiffs in this matter "as the party in such litigation."

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Intervenor, | ) |
| | ) |
| v. | ) |
| | ) |
| TRONOX, INC., | ) |
| TRONOX WORLDWIDE LLC, | ) |
| TRONOX LLC, | ) |
| KERR-MCGEE CORPORATION, and | ) |
| ANADARKO PETROLEUM | ) |
| CORPORATION, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## [PROPOSED] FINAL JUDGMENT

On May 15, 2012, the Court called this case for trial. The Court determined that it had jurisdiction over the subject matter and the parties to this proceeding, and tried this proceeding without a jury. For the reasons set forth in the Court's 166-page December 12, 2013 Memorandum of Opinion, After Trial ("Opinion"), and the Court's Supplemental Memorandum of Opinion dated _____, the Court now enters judgment in this case in favor of Plaintiffs.

IT IS HEREBY ORDERED, DECLARED AND ADJUDGED as follows:

1. The Court finds for Plaintiffs Tronox Incorporated, Tronox Worldwide LLC, and Tronox LLC and against Defendants Kerr-McGee Corporation, Kerr-McGee Worldwide Corporation, Kerr-McGee Oil & Gas Corporation, Kerr-McGee Investment Corporation, Kerr-McGee Credit LLC, Kerr-McGee Shared Services Company LLC, and Kerr-McGee Stored Power Company LLC on Count I of the

2

      Second Amended Complaint (Dkt. No. 223), pursuant to 11 U.S.C. § 544(b) and 11 U.S.C. § 550(a) for the reasons set forth in the Court's Opinion.

2. The Court finds for the Plaintiffs Tronox Incorporated and Tronox Worldwide LLC and against Defendants Kerr-McGee Corporation, Kerr-McGee Worldwide Corporation, Kerr-McGee Oil & Gas Corporation, Kerr-McGee Investment Corporation, Kerr-McGee Credit LLC, Kerr-McGee Shared Services Company LLC, and Kerr-McGee Stored Power Company LLC on Count II of the Second Amended Complaint (Dkt. No. 223), pursuant to 11 U.S.C. § 544(b) and 11 U.S.C. § 550(a) for the reasons set forth in the Court's Opinion.

3. The Transfers and Obligations among Plaintiffs and Defendants as set forth in the Court's Opinion are hereby AVOIDED.

4. The Court finds for the Defendants and against Plaintiffs on Counts III and IV of the Second Amended Complaint.

5. The Court previously dismissed Counts V and VI of the Second Amended Complaint.

6. The parties previously stipulated to the dismissal of Count II of the Second Amended Complaint against Tronox LLC.

7. The Court dismisses Count I of the Complaint-in-Intervention (Dkt. No. 25), regarding the automatic stay, as moot.

8. To the extent necessary, the Court hereby conforms the pleadings to the evidence to clarify that each of Defendants Kerr-McGee Corporation, Kerr-McGee Worldwide Corporation, Kerr-McGee Oil & Gas Corporation, Kerr-McGee Investment Corporation, Kerr-McGee Credit LLC, Kerr-McGee Shared Services

      Company LLC, and Kerr-McGee Stored Power Company LLC is a defendant for the purposes of the Complaint-in-Intervention.

9. The Court finds for the Plaintiff-Intervenor United States of America and against Defendant Kerr-McGee Corporation, Kerr-McGee Worldwide Corporation, Kerr-McGee Oil & Gas Corporation, Kerr-McGee Investment Corporation, Kerr-McGee Credit LLC, Kerr-McGee Shared Services Company LLC, and Kerr-McGee Stored Power Company LLC on Counts 2 and 3 of the Complaint-in-Intervention (Dkt. No. 25), pursuant to the Federal Debt Collection Procedures Act for the reasons set forth in the Court's Opinion.

10. For the reasons set forth in the Court's Opinion, no damages are awarded on the Complaint-in-Intervention.

11. The Court dismisses with prejudice all claims against Defendant Anadarko Petroleum Corporation.

12. Kerr-McGee Corporation's January 10, 2014 Proof of Claim is disallowed.

13. The Court dismisses all other claims and defenses not otherwise addressed in this Final Judgment.

14. Pursuant to the Anadarko Litigation Trust Agreement, which was approved by the Court on February 14, 2011 (Dkt. No. 2812), the Anadarko Litigation Trust was appointed as the representative of each of the Plaintiff Debtors' estates, as that term is used in section 1123(b)(3)(B) of the Bankruptcy Code, with the power and right to prosecute this matter. By the same agreement and Order, the Anadarko Litigation Trust was "deemed substituted" for the Debtor Plaintiffs in this matter "as the party in such litigation."

15. Pursuant to 11 U.S.C. § 550(a), the Anadarko Litigation Trust is awarded the value of the fraudulently transferred property. As stated in the Court's Opinion, the Court finds that value of the fraudulently transferred property, measured as of November 28, 2005, is $14,459,000,000.

16. The Court finds that the fraudulently transferred property appreciated 30.4% between November 28, 2005, and June 15, 2012. Therefore, the value of the fraudulently transferred property was $18,854,536,000 as of June 15, 2012.

17. The Court awards pre-judgment interest at a rate of 6%, compounded annually, from June 15, 2012, until the date of this judgment.

18. The Court finds that the amount of prejudgment interest through February 12, 2014 is $1,918,494,067.

19. Therefore, Defendants shall forthwith pay the Anadarko Litigation Trust $20,773,030,067, plus pre-judgment interest from February 12, 2014, until the date of this judgment and post-judgment interest in accordance with 28 U.S.C. § 1961 from the date of this judgment until the date of payment of the damages award.

20. Execution shall issue for this Final Judgment.

21. This Court expressly retains jurisdiction to the extent necessary to protect or effectuate this Final Judgment. The Court's retention of jurisdiction shall in no way affect the finality of this Final Judgment.

22. This Final Judgment finally disposes of all parties and claims.

23. This Court has authority to enter this Final Judgment. To the extent that an appellate court should disagree, this Final Judgment, the Court's Opinion, and the

Court's Supplemental Memorandum of Opinion dated _____ should be deemed proposed findings of fact and conclusions of law for final entry by the District Court.

IT IS SO ORDERED.

New York, New York
Dated: _____, 2014

_____
United States Bankruptcy Judge