| | |
|---|---|
| Melanie Gray (*admitted pro hac vice*) | P. Sabin Willett (*admitted pro hac vice*) |
| Lydia Protopapas (LP 8089) | Thomas R. Lotterman (*admitted pro hac vice*) |
| Jason W. Billeck (*admitted pro hac vice*) | James J. Dragna (*admitted pro hac vice*) |
| WINSTON & STRAWN LLP | BINGHAM MCCUTCHEN LLP |
| 1111 Louisiana Street, 25th Floor | One Federal Street |
| Houston, TX 77002-5242 | Boston, MA 02110-1726 |
| Telephone:   (713) 651-2600 | Telephone:   (617) 951-8000 |
| Facsimile:   (713) 651-2700 | Facsimile:   (617) 951-8736 |
| Gregory Silbert (GS 0033) | Kenneth N. Klee (KK 5910) |
| WEIL, GOTSHAL & MANGES LLP | David M. Stern (*admitted pro hac vice*) |
| 767 Fifth Avenue | KLEE, TUCHIN, BOGDANOFF & STERN LLP |
| New York, NY 10153 | 1999 Avenue of the Stars, 39th Floor |
| Telephone:   (212) 310-8000 | Los Angeles, CA 90067 |
| Facsimile:   (212) 310-8007 | Telephone:   (310) 407-4000 |
| | Facsimile:   (310) 407-9090 |

*Counsel to Defendants*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| TRONOX INCORPORATED, et al., | Case No. 09-10156 (ALG) |
| Debtors. | Jointly Administered |
| TRONOX INCORPORATED, et al., | |
| Plaintiffs, | |
| v. | |
| KERR-MCGEE CORPORATION, et al., | |
| Defendants. | Adv. Pro. No. 09-01198 (ALG) |
| THE UNITED STATES OF AMERICA, | **DEFENDANTS' RESPONSE TO PLAINTIFFS' POST-TRIAL REQUEST FOR ATTORNEYS' FEES AND COSTS** |
| Plaintiff-Intervenor, | |
| v. | |
| TRONOX, INC., et al., | |
| Defendants. | |

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................... 1

ARGUMENT ......................................................................................................................... 2

I.   THE AMERICAN RULE PRECLUDES AN AWARD OF ATTORNEYS' FEES TO PLAINTIFFS. .................................................................................................................. 2

    A.   Section 550 Does Not Provide A Basis For Departing From The American Rule Against Fee Shifting. ............................................................................................. 2

    B.   Courts Considering The American Rule And Governing Precedent Have Concluded That Section 550 Does Not Provide An Exception To The American Rule Against Fee Shifting. ......................................................................................................... 3

    C.   Plaintiffs' Policy Arguments Are Meritless. ................................................................. 7

II.   THE OVERWHELMING MAJORITY OF THE COSTS PLAINTIFFS SEEK ARE NOT RECOVERABLE. ............................................................................................................. 8

    A.   Plaintiffs' Expert Fees Are Not Recoverable. ............................................................. 8

    B.   Plaintiffs' Remaining Costs Are Not Recoverable Or Lack Sufficient Detail to Permit An Award Without Further Disclosure. ..................................................................... 10

CONCLUSION ...................................................................................................................... 11

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Alyeska Pipeline Service Co. v. Wilderness Soc'y*,
　421 U.S. 240 (1975) .................................................................................................2, 5

*BankBoston, N.A. v. Sokolowski (In re Sokolowski)*,
　205 F.3d 532 (2d Cir. 2000) ...........................................................................................2

*Cini v. Genesis Enters., Inc. (In re Cini)*,
　Adv. No. 11-00056, 2011 WL 6209610 (Bankr. D. Mont. Dec. 14, 2011) ...................3, 4

*Combs v. Shelter Mut. Ins. Co.*,
　551 F.3d 991 (10th Cir. 2008) ........................................................................................3

*Crawford Fitting Co. v. J. T. Gibbons, Inc.*,
　482 U.S. 437 (1987) .................................................................................................8, 9

*Exec. Benefits Ins. Agency v. Arkison (In re Bellingham Ins. Agency)*,
　702 F.3d 553 (9th Cir. 2012), *cert. granted*, 133 S. Ct. 2880 (2013) .............................6

*F.D. Rich Co. v. United States ex rel. Indus. Lumber Co.*,
　417 U.S. 116 (1974) .......................................................................................................7

*In re Cahillane*,
　408 B.R. 175 (N.D. Ind. 2009) .......................................................................................4

*In re Chateaugay*,
　920 F.2d 183 (2d Cir. 1990) ...........................................................................................4

*In re Fugazy Express, Inc.*,
　159 B.R. 432 (Bankr. S.D.N.Y. 1993) ....................................................................4, 5, 6

*In re Gen. Motors Corp.*,
　110 F.3d 1003 (4th Cir. 1997) ....................................................................................7, 8

*In re Lexington Oil & Gas Ltd.*,
　423 B.R. 353 (Bankr. E.D. Okla. 2010) .........................................................................3

*In re Linc Capital, Inc.*,
　310 B.R. 847 (Bankr. N.D. Ill. 2004) .............................................................................5

*In re Meadows*,
    396 B.R. 485 (B.A.P. 6th Cir. 2008)......................................................................................3

*In re Omeprazole Patent Litig.*,
    2012 WL 5427791 (S.D.N.Y. Nov. 7, 2012) ......................................................................10

*In re Phillips*,
    379 B.R. 765 (Bankr. N.D. Ill. 2007) ..................................................................................6

*In re Tousa, Inc.*,
    422 B.R. 783 (Bankr. S.D. Fla. 2009), *rev'd on other grounds*, 444 B.R. 613 (S.D.
    Fla. 2011), *rev'd,* 680 F.3d 1298 (11th Cir. 2012)..........................................................5, 6

*In re Tousa, Inc.*,
    No. 10-62035 (S.D. Fla. Jan. 27, 2014) ...............................................................................6

*Key Tronic Corp. v. United States*,
    511 U.S. 809 (1994)........................................................................................................2, 3

*KMS Fusion, Inc. v. United States*,
    39 Fed. Cl. 593 (Fed. Cl. 1997) ..........................................................................................8

*LFG, LLC. v. Navarre*,
    No. 01C9451, 2002 WL 1379112 (N.D. Ill. June 26, 2002) ...............................................5

*Marek v. Chesny*,
    473 U.S. 1 (1985)................................................................................................................5

*Martinez v. Hutton (In re Harwell)*,
    05-41744-ABC, 2011 WL 4566443 (Bankr. M.D. Fla. Sept. 30, 2011) .................................6

*Marx v. Gen. Revenue Corp.*,
    133 S. Ct. 1166 (2013).......................................................................................................2

*Roadway Express., Inc. v. Piper*,
    447 U.S. 752 (1980)...........................................................................................................5

*Summit Valley Indus., Inc. v. Local 112, United Bhd. of Carpenters & Joiners of Am.*,
    456 U.S. 717 (1982)...........................................................................................................7

*United States ex rel. Evergreen Pipeline Constr. Co. v. Merritt Meridian Constr. Corp.*,
    95 F.3d 153 (2d Cir. 1996)............................................................................................9, 10

**STATUTES**

11 U.S.C. § 362(k) ...........................................................................................................................3

11 U.S.C. § 550 ................................................................................................................................9

28 U.S.C. § 1821 .................................................................................................................... *passim*

28 U.S.C. § 1920 .................................................................................................................... *passim*

28 U.S.C. § 3306 ..............................................................................................................................3

Okla. Stat. tit. 24, § 119 ...................................................................................................................3

S.D.N.Y. Local Civ. R. 54.1(c)(1) ...................................................................................................8

**OTHER AUTHORITIES**

1 Bankr. Litig. § 5:234 (West 2013) ................................................................................................6

**INTRODUCTION**

Plaintiffs' request for an award of attorneys' fees in this case is contrary to law and should be rejected. Plaintiffs acknowledge in a footnote to their brief, *see* Pltfs. Br. at 8 n.4, as they must, that the "American Rule" generally requires litigants to pay their own attorneys' fees. Plaintiffs argue for an exception to this rule based on Section 550 of the Bankruptcy Code. *Id.* But the plain language of Section 550 does not authorize an award of attorneys' fees, and the Supreme Court has squarely rejected the very policy arguments Plaintiffs advance in favor of allowing a fee award under Section 550. Plaintiffs are thus forced to rely on dicta from a few courts, and a vacated decision from another, that cannot be reconciled with the text of Section 550 or well-established case law regarding the American Rule. Plaintiffs also choose to ignore that every court which has considered Section 550 against the backdrop of the American Rule has concluded that Section 550 does not establish an exception to the general American Rule against fee shifting.

Plaintiffs' request for litigation costs suffers similar flaws. The overwhelming majority of the costs Plaintiffs seek are not recoverable as a matter of law. Plaintiffs failed to provide sufficient information about the remaining costs for Defendants—or the Court—to assess whether such costs are recoverable. This is reason enough to deny Plaintiffs' request outright. But in an effort to minimize the issues before the Court, Defendants have requested additional information from Plaintiffs in the hope that the parties can present the Court with a stipulation as to those costs the Court has discretion to award. Absent a production of the information needed to determine whether the costs sought are recoverable, Plaintiffs' request for costs should be denied in its entirety.

# ARGUMENT

## I. THE AMERICAN RULE PRECLUDES AN AWARD OF ATTORNEYS' FEES TO PLAINTIFFS.

### A. Section 550 Does Not Provide A Basis For Departing From The American Rule Against Fee Shifting.

Under the general American Rule, which has been the law in the United States for more than two centuries, a "prevailing party may not recover attorneys' fees as costs or otherwise." *Alyeska Pipeline Service Co. v. Wilderness Soc'y*, 421 U.S. 240, 245 (1975). As the Supreme Court explained in *Alyeska*, the American Rule governs unless Congress has made "*specific and explicit* provisions for the allowance of attorneys' fees under selected statutes granting or protecting various federal rights." *Id.* at 260 (emphasis added); *see also Marx v. Gen. Revenue Corp.*, 133 S. Ct. 1166, 1175 (2013); *Key Tronic Corp. v. United States*, 511 U.S. 809, 818-19 (1994) (recognizing the "general practice of not awarding fees to a prevailing party absent *explicit statutory authority*" (emphasis added)).

Section 550 of the Bankruptcy Code, the *only* statutory provision Plaintiffs invoke in their request for attorneys' fees, does not contain the necessary "specific and explicit" authorization to reverse the American Rule and shift fees. Plaintiffs do not even attempt to suggest that it does. Under *Alyeska*, that should end the inquiry; Plaintiffs' attempt to recover attorneys' fees is foreclosed.

That Section 550 cannot somehow be read to include an "implicit" authorization for fee shifting is reinforced by the decision of Congress not to include a general provision in the Bankruptcy Code authorizing an award of attorneys' fees. *See BankBoston, N.A. v. Sokolowski (In re Sokolowski)*, 205 F.3d 532, 535 (2d Cir. 2000) ("there is no general right to attorney's fees in bankruptcy actions"). When Congress determined that fee shifting should be available in

particular bankruptcy proceedings, it made that intent plain through "specific and explicit" language. Thus, for example, Section 362 of the Code provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and *attorneys' fees*." 11 U.S.C. § 362(k) (emphasis added). Section 550, by contrast, provides that a trustee may recover "the property transferred" or "the value of such property," *id. at* § 550(a), but does not include a specific and explicit provision for the recovery of attorneys' fees, confirming that Congress did not intend to permit fee shifting under Section 550. *See Key Tronic*, 511 U.S. at 818-19 (observing that express authorization to recover attorneys' fees under some sections of statutory scheme but not others "strongly suggest[s] a deliberate decision not to authorize such awards" under the latter).[1]

>    B.    **Courts Considering The American Rule And Governing Precedent Have Concluded That Section 550 Does Not Provide An Exception To The American Rule Against Fee Shifting.**

Plaintiffs not only avoid any analysis of the language of Section 550, they also ignore altogether those cases that follow the American Rule and find that Section 550 does not authorize an award of attorneys' fees. *See, e.g., In re Meadows*, 396 B.R. 485, 491, 498 & n.7 (B.A.P. 6th Cir. 2008) ("attorney fees are not recoverable under §§ 549 and 550"); *Cini v. Genesis Enters., Inc. (In re Cini)*, Adv. No. 11-00056, 2011 WL 6209610, at *16 n.12 (Bankr. D.

---

[1] While Plaintiffs invoke only Section 550 in their request for attorneys' fees, the American Rule also would preclude an award of attorneys' fees under the Oklahoma UFTA and the Federal Debt Collection Procedures Act. Like Section 550, those statutes do not include a specific and explicit provision for the allowance of attorneys' fees, and therefore, cannot provide a basis for fee shifting. *See* Okla. Stat. tit. 24, § 119 (listing the remedies available to a creditor under the Oklahoma UFTA, which do not include a recovery of attorneys' fees); 28 U.S.C. § 3306 (listing the remedies available to the United States in a fraudulent transfer action under the FDCPA, which do not include a recovery of attorneys' fees); *see also Combs v. Shelter Mut. Ins. Co.*, 551 F.3d 991, 1001 (10th Cir. 2008) (stating "Oklahoma strictly adheres to the American rule concerning attorney's fees"); *In re Lexington Oil & Gas Ltd.*, 423 B.R. 353, 374-75 (Bankr. E.D. Okla. 2010) (holding that the prevailing party on a fraudulent transfer claim brought under the Oklahoma UFTA was not entitled to recover attorneys' fees).

Mont. Dec. 14, 2011) (Section 550 "[does] not provide for an award of attorney fees to the prevailing party."); *In re Cahillane*, 408 B.R. 175, 214 (N.D. Ind. 2009) ("Neither § 548 nor § 550 of the Bankruptcy Code specifically authorize an award of attorneys' fees to a prevailing party."). Instead, Plaintiffs cite language from a few cases they claim establish that fee shifting is permitted under Section 550. The decisions Plaintiffs choose to rely on fail to consider the language of Section 550, the American Rule, or governing precedent. Far more cases—and more recent cases, to boot—have correctly held, in reliance on the American Rule, the language of Section 550 and governing precedent, that Section 550 does not permit fee shifting.

Plaintiffs principally rely on dicta in *In re Fugazy Express, Inc.*, 159 B.R. 432 (Bankr. S.D.N.Y. 1993), which involved a post-petition action to recover property transferred to a third party in violation of the automatic stay provisions of Section 362 (which, as noted, expressly authorizes fee shifting). Following a finding of liability, the *Fugazy* court "looked to §§ 362(h), 549 and 550 of the Code and New York State law" to award attorneys' fees and other relief to the prevailing party. *Id.* at 435. After the Second Circuit subsequently held that the remedy provisions in Section 362 apply only to "individuals" and not corporations, *see In re Chateaugay*, 920 F.2d 183, 184-86 (2d Cir. 1990), the *Fugazy* defendants moved to vacate the bankruptcy court's award of attorneys' fees. 159 B.R. at 435-437. The bankruptcy court denied the motion, holding that the district court's prior denial of the defendants' motion for re-argument on the same issue was the law of the case and precluded further review. *Id.* at 438.

The *Fugazy* court then proceeded to state, in dicta and without any reference to the American Rule or governing precedent requiring "specific and explicit" statutory language for an exception to the general rule against fee shifting, that "the sanctions imposed, including the accounting, attorneys' fees and costs, remain appropriate based upon the serious and egregious

4

[post-petition] misconduct of the Defendants and §§ 549 and 550 of the Code." *Id.* at 439. In support of this statement, the court asserted that:

> [T]he leading bankruptcy commentator suggests that § 550 of the Code provides the basis for an award of attorneys' fees and costs. 4 L. King *Collier on Bankruptcy*, ¶550.2 at 550-9 (15th ed. 1990). (In discussing § 550, noting that "[a]s under prior law the bankruptcy court should exercise its equitable powers to award the trustee interest and costs when appropriate.")

Id. at 437. But, of course, the recognition in the *Collier* treatise that a court may award "*interest and costs*" in actions brought under Section 550 does not establish either that the author of the *Collier* treatise believed Section 550 authorizes an award of *attorneys' fees* or that Section 550 does, in fact, authorize such an award.[2] *Cf.*, *Marek v. Chesny*, 473 U.S. 1, 7-8 (1985) (observing that under American Rule, "'costs' generally ha[ve] not included attorney's fees"); *Roadway Express., Inc. v. Piper*, 447 U.S. 752, 757-58 (1980); *Alyeska*, 421 U.S. at 260

The three additional cases Plaintiffs cite all rely on the (erroneous) dicta from *Fugazy* and, accordingly, are just as flawed. Like *Fugazy*, none considers the applicability of the American Rule or governing precedent requiring specific and explicit statutory authorization for fee shifting. Indeed, only one decision even awards attorneys' fees—and that award was vacated, on other grounds, by the district court. *See LFG, LLC. v. Navarre*, No. 01C9451, 2002 WL 1379112, at *4 (N.D. Ill. June 26, 2002) (denying motion to strike request for attorneys' fees based on *Fugazy*); *In re Linc Capital, Inc.*, 310 B.R. 847, 855, 863 (Bankr. N.D. Ill. 2004) (citing *LFG* and *Fugazy* for the proposition that Section 550 would provide the basis for a fee award, but concluding plaintiff's claim was barred by *res judicata*); *In re Tousa, Inc.*, 422 B.R. 783,

---

[2] The *Fugazy* court did not assert, as Plaintiffs represent in their brief (at 6), that the Collier treatise "agreed" that Section 550 provides the basis for an award of attorneys' fees. The court merely stated (erroneously) that Collier "suggests" that Section 550 allows for fee shifting.

5

881-82 (Bankr. S.D. Fla. 2009) (citing *Fugazy* in support of an award of attorneys' fees under Section 550), *rev'd on other grounds*, 444 B.R. 613 (S.D. Fla. 2011), *rev'd,* 680 F.3d 1298 (11th Cir. 2012).[3]

Courts considering requests for fee awards under Section 550 after *Fugazy* and its progeny agree that attorneys' fees are not recoverable under Section 550. *In re Phillips*, 379 B.R. 765, 789 (Bankr. N.D. Ill. 2007) (denying an award of attorneys' fees under Section 550 in a case decided after *LFG, LLC* and *In re Linc Capital*); *Martinez v. Hutton (In re Harwell)*, 05-41744-ABC, 2011 WL 4566443, at *11 (Bankr. M.D. Fla. Sept. 30, 2011) (stating in case decided after *In re Tousa* that there is "no basis for allowing attorneys' fees in actions to avoid fraudulent transfers or to seek recovery under Section 550"); *see also* Congressional Research Services*, Federal Statutes That Authorize Awards of Attorneys' Fees* (June 20, 2008) (listing federal statutes that authorize awards of attorneys' fees, including certain bankruptcy code provisions such as Section 362, but not Section 550). The absence of any basis for an award of attorneys' fees under Section 550 has rightly led one commentator to describe the *Fugazy* line of cases as "questionable holdings." 1 Bankr. Litig. § 5:234 (West 2013). In sum, both Plaintiffs and the cases Plaintiffs rely on fail to address: (i) the absence of a specific and explicit provision for the allowance of attorneys' fees in Section 550; and (ii) those court decisions which hold that the absence of such a provision in Section 550 precludes an award of attorneys' fees under the American Rule.

---

[3] *In re Tousa* currently is on remand to the district court for consideration of an appropriate remedy, but has been stayed pending the Supreme Court's decision in *Exec. Benefits Ins. Agency v. Arkison (In re Bellingham Ins. Agency)*, 702 F.3d 553 (9th Cir. 2012), *cert. granted*, 133 S. Ct. 2880 (2013). ECF No. 65, *In re Tousa, Inc.*, No. 10-62035 (S.D. Fla. Jan. 27, 2014).

### C. Plaintiffs' Policy Arguments Are Meritless.

Lacking support in either the plain text of Section 550 or well-reasoned authority, Plaintiffs fall back on policy arguments to support their claim for attorneys' fees, contending that "[a]warding fees and costs is consistent with the purpose of § 550" and that given the "tens of millions in fees and costs" Plaintiffs have purportedly spent in this litigation, fee shifting is necessary "[t]o fully restore the estates to their pre-transfer petitions." Pltfs. Br. at 7.  But the Supreme Court has repeatedly held that such policy arguments, which underlie the "English Rule," are plainly insufficient to overcome the American Rule, even if the result is that a litigant who must cover its own litigation fees will not be made "whole." *See, e.g.*, *Summit Valley Indus., Inc. v. Local 112, United Bhd. of Carpenters & Joiners of Am.*, 456 U.S. 717, 724 (1982) ("[e]ven assuming that attorney's fees are necessary to achieve full compensation, this justification alone is not sufficient to create an exception to the American Rule in the absence of express congressional authority"); *F.D. Rich Co. v. United States ex rel. Indus. Lumber Co.,* 417 U.S. 116, 128-129 (1974) (same).  Because deviations from the American Rule require weighing "[t]he perspectives of the profession, the consumers of legal services, and other interested groups[,]" the Supreme Court has directed that "[a]rguments for a further departure from the American Rule . . . are properly addressed to Congress." *F.D. Rich*, 417 U.S. at 131.  Because Congress has not elected to authorize the recovery of attorneys' fees in actions under Section 550, Plaintiffs' policy arguments are unavailing, as is their request for attorneys' fees.[4]

---

[4] If—notwithstanding the American Rule—the Court determines it should consider Plaintiffs' request for an award of attorneys' fees, Plaintiffs first should be required to disclose to Defendants the special fee arrangement between Plaintiffs and their counsel. The terms of that fee arrangement limit the amount of any fees that Plaintiffs may recover.  Any fee award to Plaintiffs in excess of the fees Plaintiffs have actually paid to counsel would result in a windfall to Plaintiffs. *See, e.g., In re Gen. Motors Corp.*, 110 F.3d 1003, 1034 & n.25 (4th Cir. 1997) (applying a discount to an award of attorneys' fees based on the

## II. THE OVERWHELMING MAJORITY OF THE COSTS PLAINTIFFS SEEK ARE NOT RECOVERABLE.

Consistent with the American Rule, a litigant's recovery of litigation costs is limited to those authorized by statute, specifically Sections 1821 and 1920 of Title 28. *See Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441, 444-45 (1987). Under these statutes, recoverable costs are limited to trial-related costs such as a trial-witness attendance fee ($40 per day), trial-witness travel expenses, a subsistence allowance (or per diem) for trial witnesses, trial (and in some instances deposition) transcript costs, trial-exhibit costs, trial-related copying costs, and certain court costs, such as filing fees. *See* 28 U.S.C. §§ 1821, 1920. Local Civil Rule 54.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York further describes the specific costs identified in Sections 1821 and 1920 that are, and are not, recoverable.[5]

### A. Plaintiffs' Expert Fees Are Not Recoverable.

Plaintiffs' expert witness fees and costs, which were incurred throughout this litigation and total more than $24 million, constitute the overwhelming majority of Plaintiffs' $30 million request for costs. But it has been black letter law in the United States for almost thirty years that such fees and costs are not recoverable. As the United States Supreme Court held in *Crawford*,

---

discounted fees paid to Kirkland & Ellis); *KMS Fusion, Inc. v. United States*, 39 Fed. Cl. 593, 605 (Fed. Cl. 1997) (basing an award on a rate above that actually incurred would create a windfall for plaintiff).

[5] For example, Local Civil Rule 54.1(c)(1) provides:

> The cost of any part of the original trial transcript that was necessarily obtained for use in this Court or on appeal is taxable. Convenience of counsel is not sufficient. The cost of a transcript of Court proceedings prior to or subsequent to trial is taxable only when authorized in advance or ordered by the Court.

S.D.N.Y. Local Civ. R. 54.1(c)(1).

8

"when a prevailing party seeks reimbursement for fees paid to its own expert witnesses, a federal court is bound by the limit of [the statutory trial witness attendance fee in] § 1821(b)." *Crawford Fitting Co.*, 482 U.S. at 445. And Section 1821(b) limits the amount recoverable for a litigants' witness to "$40 per day for each day's attendance . . . [and] the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance." The *Crawford* Court specifically rejected an argument that Federal Rule of Civil Procedure 54(d) authorizes courts to award expert fees beyond the limited trial-witness attendance fees provided in Section 1821, explaining that Rule 54(d) does not give a judge "discretion to tax whatever costs may seem appropriate;" rather, the term "costs" is limited and defined by 28 U.S.C. Sections 1821 and 1920. *Id.* at 441-42. Because no other statute or contract provision authorized an award above the trial-witness attendance fee specified in Section 1821, the Court held that no expert fees in excess of that amount were recoverable.

Plaintiffs have made no attempt to distinguish *Crawford* (or even acknowledge its holding) and have not identified any statute or contract provision that would support their request for more than $24 million in monies paid to their experts.[6] As the Second Circuit stated in *United States ex rel. Evergreen Pipeline Constr. Co. v. Merritt Meridian Constr. Corp.*, 95 F.3d 153, 173 (2d Cir. 1996), "[w]e are at a loss to see how [Plaintiffs] could seek [expert fees] in light of *Crawford*."

---

[6] In support of their request for costs, Plaintiffs rely on Section 550 and authorities concluding that an award of litigation costs is appropriate in cases brought under Section 550. *See* Pltfs. Br. at 6-7. But Section 550 does not authorize an award of any particular litigation costs and thus does not expand the narrow categories of recoverable costs specified in 28 U.S.C. Sections 1821 and 1920. *See* 11 U.S.C. § 550; *Crawford*, 482 U.S. at 445.

  **B. Plaintiffs' Remaining Costs Are Not Recoverable Or Lack Sufficient Detail to Permit An Award Without Further Disclosure.**

  From the limited information provided, it appears that many of the additional costs Plaintiffs seek also are not recoverable.  By way of example, Plaintiffs seek to recover $12,507.55 in "catering expenses," which are not among the narrow categories of recoverable costs identified in Sections 1821 and 1920.  *See* Pltfs. Br. at Ex. D.  But Plaintiffs have failed to provide, either to the Court or to Defendants, the additional information required to determine whether each of the costs Plaintiffs seek falls within the narrow categories that are recoverable. *See* Plaintiffs' Fee Request at 10 n.7 (acknowledging that Plaintiffs have not provided records for costs other than those related to its experts).  Plaintiffs' failure to provide the required detail warrants the denial of their request for costs outright.  *See In re Omeprazole Patent Litig.*, 2012 WL 5427791, at *4 (S.D.N.Y. Nov. 7, 2012) (denying all copying costs where the requesting party failed to demonstrate that these costs fall with in an allowable category of recoverable costs and denying all costs for witnesses' airfare because the requesting party failed to provide a "receipt or other evidence of actual cost" as required by 28 U.S.C. § 1821); *see also Evergreen Pipeline*, 95 F.3d at 173 (noting photocopying costs may be recovered so long as costs are itemized or explanation is provided as to why the copies were necessary).  In an attempt to narrow the issues before the Court, Defendants have requested that Plaintiffs provide information concerning the costs at issue and have offered to work with Plaintiffs to develop a stipulation as to the costs that the Court has discretion to award.  Unless sufficient information is provided to support Plaintiffs' request for costs, Plaintiffs' request should be denied in its entirety.

## CONCLUSION

For the foregoing reasons, the court should deny Plaintiffs' request for an award of attorneys' fees. The court should further deny Plaintiffs' request for all costs not authorized by 28 U.S.C. §§ 1821 and 1920.

March 14, 2014                                                             Respectfully submitted,

/s/  P. Sabin Willett

| | |
|---|---|
| Melanie Gray (*admitted pro hac vice*) | P. Sabin Willett (*admitted pro hac vice*) |
| Lydia Protopapas (LP 8089) | Thomas R. Lotterman (*admitted pro hac vice*) |
| Jason W. Billeck (*admitted pro hac vice*) | James J. Dragna (*admitted pro hac vice*) |
| WINSTON & STRAWN LLP | BINGHAM MCCUTCHEN LLP |
| 1111 Louisiana Street, 25th Floor | One Federal Street |
| Houston, TX 77002-5242 | Boston, MA 02110-1726 |
| Telephone: (713) 651-2600 | Telephone: (617) 951-8000 |
| Facsimile: (713) 651-2700 | Facsimile: (617) 951-8736 |
| | |
| Gregory Silbert (GS 0033) | Kenneth N. Klee (KK 5910) |
| WEIL, GOTSHAL & MANGES LLP | David M. Stern (*admitted pro hac vice*) |
| 767 Fifth Avenue | KLEE, TUCHIN, BOGDANOFF & STERN LLP |
| New York, NY 10153 | 1999 Avenue of the Stars, 39th Floor |
| Telephone: (212) 310-8000 | Los Angeles, CA 90067 |
| Facsimile: (212) 310-8007 | Telephone: (310) 407-4000 |
| | Facsimile: (310) 407-9090 |

*Counsel to Defendants*

CERTIFICATE OF SERVICE

I hereby certify that the foregoing **Defendants' Opposition to Plaintiffs' Post-Trial Request for Attorneys' Fees and Costs** was served on the following counsel of record on March 14, 2014, as indicated below:

| *Via email jonathan.henes@kirkland.com*<br>Jonathan S. Henes<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, New York 10022 | *Via email jeffrey.zeiger@kirkland.com*<br>Jeffrey J. Zeiger<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle Street<br>Chicago, Illinois 60654 |
|---|---|
| *Via email joseph.pantoja@usdoj.gov and robert.yalen@usdoj.gov*<br>Joseph Pantoja<br>Robert Yalen<br>Assistant U.S. Attorney<br>SOUTHERN DISTRICT OF NEW YORK<br>86 Chambers Street<br>New York, New York 10007 | *Via email david.zott@kirkland.com*<br>David J. Zott<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle Street<br>Chicago, Illinois 60654 |

New York, New York                     */s/ Stephen Scotch-Marmo*
Dated: March 14, 2014                         Stephen Scotch-Marmo