UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re

TRONOX INCORPORATED, et al.,

                         Debtors.

------------------------------------------------------------------x

Chapter 11

Case No. 09-10156 (ALG)
(Confirmed Cases)

ORDER DENYING MOTION TO FILE LATE PROOF OF CLAIM
FILED BY BILLY RELL MILES

      Billy Rell Miles (the "Movant") sent a letter to the Court asserting a claim against the Debtor based upon an alleged failure of Kerr-McGee to pay him for a few weeks of work he performed in Fort Worth, Texas in their construction division.  The Court has deemed the submission a motion seeking permission to file a late proof of claim in the bankruptcy cases of the above-captioned debtors, who are successors in interest to Ker-McGee or its affiliates.  The Reorganized Debtors filed an objection.

      The Debtors' cases were filed in January 2009 and the Court set August 12, 2009 (the "Bar Date") as the deadline by which any person holding a pre-petition claim against any of the Debtors was required to file its claim.  The Debtors' plan of reorganization (the "Plan") was confirmed on November 30, 2010.  A deadline for filing administrative proofs of claim was set as March 31, 2011.

      Although it is not entirely clear from his letter, it appears that the Movant claims to have worked for Kerr-McGee more than 40 years ago and that he was laid off about that time.  In his letter, in addition to seeking the back pay allegedly owed him, the Movant also seeks damages for "mental anguish, emotional distress, which [has caused him] pain and suffering."   The

Movant asserts that with the interest on this claim for that 40-year period, he would be entitled to five million dollars but he is "asking the sum of two to three million dollars."

Whether a claimant can file a late proof of claim in a chapter 11 case is governed by the excusable neglect standard of Federal Rule of Bankruptcy Procedure 9006(b). *Pioneer Inv. Serv's Co. v. Brunswick Assoc's L.P.*, 507 U.S. 380, 396 (1993). Factors considered in an "excusable neglect" determination include

- the danger of prejudice to the debtor;
- the length of the delay and its potential impact on judicial proceedings;
- the reason for the delay, including whether it was within the reasonable control of the movant; and
- whether the movant acted in good faith.

*In re Enron Corp.*, 419 F.3d 115, 122 (2d Cir. 2005), *citing Pioneer*, 507 U.S. at 396.

*Prejudice to the Debtor*

Allowing the filing of a late proof of claim at this stage would be prejudicial to the Debtors. Some of the Debtors' chapter 11 cases have already been closed. Under the terms of the Plan, confirmed in 2010, assets have been distributed to creditors. The allowance of a new claim would require review of already settled allocations. Moreover, it might encourage the filing of similar claims. *See Enron*, 419 F.2d at 130. (finding prejudice to the debtor when there is a risk of encouraging the filing of similar claims).

*Length of the Delay and its Impact on proceedings*

The movant's letter was filed five years after the Bar Date set for pre-petition claims. This is a particularly substantial delay here where the Plan has been confirmed and effective for over three years. *See In re DPH Holdings Corp*, 434 B.R. 77, 84 (S.D.N.Y. 2010). As noted,

revisiting allocations that are settled will have a substantial impact on the cases, as would the potential invitation to others to file similar claims.

*Reason for the Delay*

The Movant has not provided any reason for the delay in filing the proof of claim. Moreover, the Movant indicates that the purported wrongful act was done over 40 years ago; as noted by the Reorganized Debtors, "any statute of limitations on his contract or tort claims would have expired well before the [January 2009] petition date."[1]  Therefore, it appears that as of the petition date, the Movant was not a creditor with a claim.  Based upon the foregoing, it is hereby

ORDERED, that the Movant's motion to file a late proof of claim is denied.[2]

Dated: New York, New York
       July 21, 2014

**s/Allan L. Gropper**
UNITED STATES BANKRUPTCY JUDGE

---

[1] The Reorganized Debtors cite Texas law as providing a two-year limitations period for claims of emotional distress and a four-year statute of limitations for employment breach of contract claims, Tex. Civ. Prac. & Rem. Code §§ 16.002 and 16.004, respectively.

[2] The Movant titled his letter with the names of the parties listed in the caption of an adversary proceeding (No. 09-1198) related to the Reorganized Debtors' bankruptcy cases.  Therefore, the letter was docketed in both the main chapter 11 bankruptcy case, as well as the adversary proceeding.  The Movant's request, however, has no discernable relationship to the adversary proceeding, although it will also be filed therein.