ORTIZ & ORTIZ, L.L.P.
950 Third Avenue, 25th Floor
New York, New York 10022
Norma E. Ortiz
Tel. (718) 522-1117
*Local Counsel to the NAACP*

**Hearing Date:** Dec. 1, 2020
**Time:** 10:00 a.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

In re                                                          Chapter 11

TRONOX INCORPORATED, et al.,                                   Case No. 09-10156 (MEW)

                           Reorganized Debtors.                Jointly Administered

-------------------------------------------------------------x

TRONOX INCORPORATED, TRONOX
WORLDWIDE LLC f/k/a Kerr-McGee Chemical
Worldwide LLC, and TRONOX LLC f/k/a KerrMcGee     Adv. Proc. No. 09-01198 (MEW)
Chemical LLC,

                           Plaintiffs,

v.

KERR-MCGEE CORPORATION, KERR-MCGEE
OIL & GAS CORPORATION, KERR-MCGEE
WORLDWIDE CORPORATION, KERR-MCGEE
INVESTMENT CORPORATION, KERR-MCGEE
CREDIT LLC, KERR-MCGEE SHARED SERVICES
COMPANY LLC, AND KERR-MCGEE STORED
POWER COMPANY LLC,

                           Defendants.

-------------------------------------------------------------x

THE UNITED STATES OF AMERICA,

                           Plaintiff-Intervenor,

v.

TRONOX, INC., TRONOX WORLDWIDE LLC,
TRONOX LLC, KERR-MCGEE CORPORATION
and ANADARKO PETROLEUM CORPORATION,

                           Defendants.

-------------------------------------------------------------x

**NOTICE OF HEARING ON MOTION OF THE NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED PEOPLE ("NAACP") TO REOPEN CHAPTER 11
CASE AND ADVERSARY PROCEEDING**

**PLEASE TAKE NOTICE**, that upon the annexed Motion dated October 23, 2020, (the

"Motion"), of the National Association for the Advancement of Colored People ("NAACP"),

the undersigned will move before the Honorable Michael E. Wiles, United States Bankruptcy

Judge, in the United States Bankruptcy Court of the Southern District of New York (the

"Bankruptcy Court"), One Bowling Green, New York, New York 10004, on **December 1,**

**2020, at 10:00 a.m. (the "Hearing Date")**, or as soon thereafter as counsel may be heard, for

the entry of an order re-opening the above captioned Chapter 11 case and adversary proceeding.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to General Order M-543, dated

March 20, 2020 (Morris, C.J.) ("General Order M-543"), such Hearing shall be conducted

telephonically so long as General Order M-543 is in effect on the day of the hearing or unless

otherwise ordered by the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE**, that any hearing conducted by telephone shall

be conducted pursuant to Judge Wiles's guidelines for telephonic appearances and shall require

registration with Court Solutions LLC. You may reach Court Solutions by telephone at (917)

746-7476 or online at www.court-solutions.com. You need not appear at the hearing if you do

not object to the relief requested in the Motion.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (the

"Objections") to the Motion shall be in writing, shall conform to the Federal Rules of

Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New

York, shall be filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy

Court, including attorneys admitted pro hac vice, electronically in accordance with General

Order M-399 (which can be found at http://www.nysb.uscourts.gov). If a party that is not

represented by counsel wishes to file an objection, they must mail or deliver the objection to (1)

the undersigned counsel and (2) the Clerk of the Court, U.S. Bankruptcy Court, One Bowling

Green, New York, New York 10004 so as to be actually received no later than **seven (7) days**

before the Hearing Date by 4:00 p.m.

      **PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the

Hearing and a failure to appear may result in relief being granted upon default.

      **PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or

adjourned thereafter from time to time without further notice other than an announcement of the

adjourned date or dates in open court at the Hearing.

Dated: New York, New York
      October 23, 2020

                                     */s/Norma E. Ortiz*
                                     Norma E. Ortiz
                                     Ortiz & Ortiz, L.L.P.
                                     32-72 Steinway Street, Ste. 402
                                     Astoria, New York 11103
                                     Tel. (718) 522-1117
                                     Local Counsel to the NAACP

Norma E. Ortiz
Ortiz & Ortiz, L.L.P.
950 Third Avenue, 25th Floor
New York, New York 10022
Tel. (718) 522-1117
Fax (718) 596-1302
Local Counsel to the N.A.A.C.P.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re

TRONOX INCORPORATED,

      et al.,          Case No. 09-10156 (MEW)

                Confirmed Chapter 11

      Debtor(s).

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

TRONOX INCORPORATED, et al.,

     Plaintiffs,

   v.

KERR- MCGEE CORPORATION, et al.,    Adv. Pro. No. 09-01198 (MEW)

     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THE UNITED STATES OF AMERICA

     Plaintiff-Intervenor,

   v.

TRONOX, INC., ET AL,

     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MOTION FOR AN ORDER RE-OPENING CHAPTER 11 CASE AND ADVERSARY
PROCEEDING TO PERMIT THE NATIONAL ASSOCIATION OF THE**

## ADVANCEMENT OF COLORED PEOPLE TO FILE A MOTION TO INTERVENE AS AN INTERESTED PARTY

The National Association for the Advancement Of Colored People ("NAACP") moves to reopen the above-captioned Chapter 11 case and adversary proceeding so that it may move the Court for an order permitting the NAACP intervene in the adversary proceeding and the Chapter 11 case under Section 1109(b) of Title 11 of the United States Code ("Bankruptcy Code") and Rule 24(a) of the Federal Rules of Civil Procedure, made applicable by Rule 7024 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") (the "Motion"). In support of the Motion, the NAACP respectfully states as follows:

### Background

1.      Tronox Incorporated, a Delaware corporation based in Oklahoma City, Oklahoma and its affiliated debtors and debtors in possession (collectively, "Tronox"), filed voluntary Chapter 11 petitions before the court on January 12, 2009.  On November 30, 2010, the Court entered an order confirming the Tronox's First Amended Joint Plan of Reorganization (the "Plan"), which became effective on February 14, 2011.  The Plan created a number of trusts that were designed to address the claims of different classes of claimants.  The Chapter 11 cases and the adversary proceeding were closed by the court.

2.      Prior to the bankruptcy filing, Tronox faced significant liabilities from environmental clean- up costs that resulted in claims from private parties and governmental entities from around the country. Tronox settled a suit with the Environmental Protection Agency that was approved by the Court that, among other things, established five environmental

trusts to administer the settlement funds, oversee the environmental clean-up, and pay claims.

Those trusts include the Multistate Environmental Response Trust, the Nevada Environmental

Response Trust, the Savannah Environmental Response Trust, and the West Chicago, Illinois

Response Trust.  (the "Environmental Trusts"). On the effective date of the Plan, the bankruptcy

settlement and the various trusts established by the settlement went into effect.

3.      After the bankruptcy filing, Tronox commenced two actions asserting fraudulent

transfers and other claims against Kerr-McGee Corporation ("Kerr-McGee") and its parent

company, Anadarko Petroleum Corporation. Various federal agencies (the "Government")

intervened in the actions.  Because the potential recovery from those actions constituted property

of the bankruptcy estate, as part of the Plan, Tronox transferred its interest in the actions to a

specially formed Anadarko Litigation Trust (the "Litigation Trust"). The Court eventually found

that the alleged actions constituted fraudulent transfers and the settlement of those actions

resulted in a settlement payment by Kerr-McGee of over $5 billion to the Litigation Trust.

4.      The Court recommended approval of the settlement and the Findings of Fact and

Conclusions of Law were submitted for approval to the U.S. District Court, S.D.N.Y. ("District

Court"). The District Court overruled all pending objections to the proposed findings and

approved the settlement by decision dated November 10, 2014.  The District Court's decision

provided in relevant part

> ... ADOPTS all of the Bankruptcy Court's findings of fact and conclusions of
> law, APPROVES the Settlement Agreement in its entirety, and ISSUES the
> requested permanent injunction. This Court and the Bankruptcy Court shall retain
> jurisdiction over any and all disputes arising under or otherwise relating to this

3

Opinion & Order. The parties to the Settlement Agreement are authorized and directed to take such action as is necessary to effectuate the terms of the Settlement.

5.     The NAACP was not a party to the Chapter 11 case or adversary proceeding but it seeks to intervene to protect the interests of its branches and members in the following areas: Birmingham, Alabama (State), Theodore (Mobile), Alabama; Jacksonville, Florida; Madison, Illinois; Sauget, Illinois; Indianapolis, Indiana; Rushville, Indianapolis; Bossier City, Louisiana; Calhoun, Louisiana; Kansas City, Missouri; Springfield, Missouri; Columbus, Mississippi; Meridian, Mississippi; Wilmington (Navassa), North Carolina; Rome, New York; Cleveland, Oklahoma; Cushing, Oklahoma; Avoca, Pennsylvania; Beaumont, Texas; Corpus Christi, Texas; Texarkana, Texas; Cimarron, Oklahoma; Henderson, Nevada; Savannah, Georgia; and West Chicago, Illinois. The NAACP's goal is to place limitations to the fullest extent allowed by law and within this Court's authority and discretion to ensure these settlement funds reach the communities of color damaged by Kerr-McGee and to assure the funds are spent for the intended purposes.

6.     Upon information and belief, and as discussed in more detail below, the NAACP believes the funds generally have not been used for the actual remediation and development of the communities but have been withheld and not used for that intended purpose so they may be used for administration expenses and the enrichment of consultants and related persons administering the funds.  The NAACP believes that the current parties administering the funds do not adequately represent the interests of the NAACP's constituents and communities of color. The NAACP seeks to obtain detailed information of the expenditure of funds so as to determine

4

whether funds are being properly spent on remediation of the communities in question.

Specifically, the trustees have not provided financial reports in such detail as to determine if the

funds have been properly spent.

7.    As set forth in the annexed Declaration of Rev. Jaime Harrison, annexed hereto as

Exhibit A, the NAACP has reason to believe that the following has occurred since the Trusts

were enacted and implemented:

–    The Trustees have ignored the pleas for help from public officials of cities where Kerr-McGee has contaminated the land.

–    The Trustees have ignored the pleas for help from citizens living within those communities.

–    The Trust management has intentionally excluded minority contractors and workers from any material role in cleanup activity.

–    The Trust management has excluded minority banks and financial managers from any role in the management of funds.

–    The Trust management has cloaked its financing in secrecy so as to avoid public scrutiny.

–    The Trust management has slowed work to maximize payments to themselves.

–    The Trust management has repeated testing work endlessly in order to generate fees for themselves.

–    The Trust management incurred excessive legal fees and other consultant fees that were not for the benefit of the contaminated communities.

–    The Trustees have employed individuals with little to no environmental experience to fulfill positions because of personal relationships with Trust management.

–    The Tort Trustees have operated the trust so as to maximize its fees and minimize its work without proper regard for the intended beneficiaries.

–    The Trustees' disregard of committees is based upon the pattern and practice of operating the trusts for their own benefit and not for that of the citizens, who are disproportionately African Americans that were harmed by Kerr-McGee.

5

8.    This information has compelled the NAACP to conclude that its independent and disinterested participation in reviewing the acts of the Trustees to ensure that the communities of color affected by Kerr Mcgee's actions within the communities identified is urgently needed. The NAACP is uniquely positioned to provide this oversight and assistance. The NAACP is the nation's largest and oldest grassroots civil-rights organization. Since its founding in 1909, its mission has been to ensure the political, educational, social, and economic equality of all persons and to eliminate race-based discrimination. The NAACP has fought in the courts for decades to protect the guarantee of equal protection under law. To advance its mission, the NAACP has represented parties in landmark civil rights cases, perhaps most famously in Brown v. Board of Education of Topeka, 347 U.S. 483 (1954), which outlawed segregation in public schools. The NAACP also has filed numerous amicus briefs over decades of its existence in cases that impact people of color.

9.    The NAACP brings a singular contribution to this process because its focus, unlike any other party, will be to assist and protect the historically under-served African-American population; and with its unparalleled reach into those communities - through over 2200 units in every state in the union - it can give voice to their needs unlike any other organization.

### Jurisdiction and Venue

10.    The Court has jurisdiction over this motion.  The U.S. District Court referred to this Court jurisdiction pursuant to 28 U.S.C. Sections 1334 and 157.  Moreover, this is a core proceeding arising under 28 U.S.C. § 157.  Venue of this motion is proper pursuant to 28 U.S.C.

6

§ 1409.  The statutory predicates for the relief requested include 11 U.S.C. §§ 105 and 350 and

Fed. R. Bankr. Proc. 5010.

## Relief Requested

11.    The NAACP seeks the entry of an order reopening the Chapter 11 case and the

above-captioned adversary proceeding to permit it to file motions to intervene in these cases.  A

draft of the proposed motion is annexed as Exhibit B.  The Court has the authority to grant its

request pursuant to 11 U.S.C. § 350(b) and Fed. R. Bankr. Proc. 5010.  Section 350(b) provides

in relevant part that a case may be reopened to administer assets and for other cause.  In this

case, there is no question that ensuring that the trust assets are properly administered, pursuant to

the terms of the Environmental Trusts, the Litigation Trust, and the Plan is of paramount concern

for  the Court. The NAACP seeks to ensure that the Court's mandates are strictly followed for

the benefit of the communities represented by the NAACP.

12.    The Court has wide discretion in determining whether cause exists to reopen a

case and may consider numerous factors, including ethical concerns.  E.g., In re Critical Care

Support Servs., 236 B.R. 137, 140 (Bankr. E.D.N.Y. 1999) (quoting In re Emmerling, 223 B.R.

860, 864 (B.A.P. 2d Cir. 1997)); In re Arana, 456 B.R. 161, 172 (Bankr. E.D.N.Y. 2011).  In

fact, some courts have found that a court may have the "duty to reopen the case whenever there

is proof that is has not been fully administered.'" In re Stein, 394 B.R. 13, 15-16 (Bankr. E.D.N.

Y. 2008).

13.    The factors commonly considered by the courts in this District when deciding

whether to reopen a case include: (1) the length of time that the case was closed; (2) whether a

7

nonbankruptcy forum has jurisdiction to determine the issue that is the basis for reopening the

case; (3) whether prior litigation in the bankruptcy court determined that another court would be

the appropriate forum; (4) whether any parties would suffer prejudice should the court grant or

deny the motion to reopen; (5) the extent of the benefit to any party by reopening; and (6)

whether it is clear at the outset that no relief would be forthcoming if the motion to reopen is

granted.  See In re Easley–Brooks, 487 B.R. 400, 407 (Bankr. S.D.N.Y. 2013); In re Atari, Inc.,

No. 13-10176 (JLG), 2016 WL 1618346, at *4–5 (Bankr. S.D.N.Y. Apr. 20, 2016).  Applying

these factors to the circumstances of this case compel the conclusion that the case and adversary

proceeding should be reopened.

14.    First, although the case and adversary proceeding have been closed for some time,

the case has continued to enjoy activity through 2020.  The docket is replete with claims and

submission filed by, among others, potential creditors.  Moreover, the allegation that the

Environmental Trusts and Litigation Trusts are not being properly administered should override

any concern about the date the Chapter 11 case and adversary proceedings were closed.  Under

these circumstances, the Court should find that the length of time since this case was closed does

not warrant denial of the Motion.

15.    Second, although the District Court has retained jurisdiction to enforce the

Litigation Trust, the Court is not precluded from deciding the NAACP's Motion to Intervene.

Because of the continued activity before the Court, the NAACP asserts that the Motion has been

properly brought.

16.    Third, there does not appear to be any order or governing law that would require

8

the NAACP to bring the Motion before another forum.

17.    Fourth, the NAACP asserts that an untold number of its constituents, and the communities it represents, would be prejudiced if the Court denies the Motion.  Upon information and belief, and based upon a review of the court's public docket sheet, no other entity or party has raised the issues presented herein.  If the Court denies the Motion, the communities adversely affected by the alleged dereliction of duties and self-dealing being performed by the parties administering the Environmental and Litigation Trusts would have no other recourse to address the wrongs committed against their communities.

18.    Fifth, the Trusts were designed to address and cure the horrific harms inflicted by, among other things, the environmental contamination and health risks that resulted from Kerr McGee's actions.  Reopening the cases to ensure that the funds are properly administered to correct these wrongs would clearly benefit the parties harmed by the prior wrongful conduct.

19.    Finally, although the Court has entertained actions despite the closing of the case and adversary proceeding, the Court should grant the Motion so that the NAACP can proceed to seek its relief in the proper procedural posture. The Court is the proper forum to bring this request.

20.    No previous motion for the relief requested herein has been made to this or any other court.

**WHEREFORE**, the NAACP respectfully requests that the Court enter an order substantially in the form of the proposed order annexed hereto granting the Motion  and grant

9

such other and further relief as is just and proper.


Dated: New York, New York
        October 23, 2020

_/s/Norma E. Ortiz_
Ortiz & Ortiz, L.L.P.
950 Third Avenue, 25th Floor
New York, New York 10022
Tel. (718) 522-1117
Fax (718) 596-1302
Local Counsel to the N.A.A.C.P.


_s/Wilbur O. Colom_
Wilbur O. Colom
Special Counsel to NAACP
PO Box 866
Columbus, MS 39703

_s/Janette Louard_
Janette Louard
Interim General Counsel
NAACP Empowerment Programs
National Headquarters
4805 Mount Hope Drive
Baltimore, MD 21215

# Exhibit A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re

TRONOX INCORPORATED,

               et al.,                              Case No. 09-10156 (MEW)

                                              Confirmed Chapter 11

                         Debtor(s).

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

TRONOX INCORPORATED, et al.,

                     Plaintiffs,

              v.

KERR- MCGEE CORPORATION, et al.,          Adv. Pro. No. 09-01198 (MEW)

                     Defendants.

--------------------------------------------------------x

THE UNITED STATES OF AMERICA

                   Plaintiff-Intervenor,

              v.

TRONOX, INC., ET AL,

                   Defendants.

--------------------------------------------------------x

## <u>DECLARATION OF REV. STEVE JAMISON</u>

       Reverend Steve Jamison, President of Community Action Group, hereby declares as

follows:

         1.       I have reviewed the factual allegations set forth in the annexed NAACP's Motion

to Reopen and I believe them to be true to the best of my knowledge.  I have reviewed documents
that are publicly available as well as documents and information that have been provided to my
organization to form this belief.

I declare under penalty of perjury that the foregoing is accurate and true.

October 21, 2020
Baltimore, MD

_S/Rev. Steve Jamison_

President, Community Action Group

# Exhibit B

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | : | |
| | : | |
| TRONOX INCORPORATED, et al., | : | |
| | : | Chapter 11 |
| Debtors. | : | |
| _____ | : | Case No.09-10156 (MEW) |
| | : | |
| | : | Jointly Administered |
| TRONOX INCORPORATED, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| KERR- MCGEE CORPORATION, et al., | : | Adv. Pro. No. 09-01198 (MEW) |
| | : | |
| Defendants. | : | |
| _____ | : | |
| | : | |
| THE UNITED STATES OF AMERICA | : | |
| | : | |
| Plaintiff-Intervenor, | : | |
| v. | : | |
| | : | |
| TRONOX, INC., ET AL, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## <u>MOTION TO INTERVENE ON BEHALF OF THE NAACP</u>

The National Association for the Advancement of Colored people ("NAACP") moves to intervene in this proceeding under Section 1109(b) of Title 11 of the United States Code ("Bankruptcy Code") and Rule 24(a) of the Federal Rules of Civil Procedure, made applicable by Rule 7024 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"). The reasons supporting the Motion are more fully set forth in the attached Memorandum in Support.

1

Before filing, counsel for the NAACP conferred with counsel for all parties. Counsel for the United States of America has represented that it objects to the motion to intervene. No other party has indicated an objection.

For the reasons discussed herein and in the accompanying Memorandum of Law, the NAACP respectfully prays this Court enter the enclosed Proposed Order granting the NAACP's Motion to Intervene in this matter and accepting the filing of the attached Proposed Complaint in Intervention into the record.

Respectfully submitted,

_____
Wilbur O. Colom (MSB #6403)
*Attorney for NAACP*
Colom and Brant,LLC
Post Office Box 866
Columbus, MS 39703-0866
Telephone: (662) 327-0903
Facsmile: 662-3294832
Email: wil@colom.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the above and foregoing has this date been served on all

counsel of record in this proceeding by Prepaid U.S. Mail to the following:

This _____ day of September, 2020.


_____
Wilbur O. Colom (MSB #6403)

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | : | |
| | : | |
| TRONOX INCORPORATED, et al., | : | |
| | : | Chapter 11 |
| Debtors. | : | |
| ———————————————— | : | Case No. 09-101-56 (MEW) |
| | : | |
| TRONOX INCORPORATED, et al., | : | Jointly Administered |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| KERR- MCGEE CORPORATION, et al., | : | Adv. Pro. No. 09-01198 |
| | : | |
| Defendants. | : | |
| ———————————————— | : | |
| | : | |
| THE UNITED STATES OF AMERICA | : | |
| | : | |
| Plaintiff-Intervenor, | : | |
| v. | : | |
| | : | |
| TRONOX, INC., ET AL, | : | |
| | : | |
| Defendants. | : | |
| ———————————————— | : | |

### MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE
### ON BEHALF OF THE NAACP

The National Association for the Advancement of Colored People ("NAACP")

respectfully submits this Memorandum of Law in support of its Motion to Intervene. The

NAACP moves to intervene in this action proceeding to assure full, fair and effective

implementation of the November 10, 2014 Order of this Court approving the settlement of

claims against Kerr-Mcgee Corporation and Anadarko Petroleum Corporation. The NAACP

moves to intervene as of right or, alternatively, by permission, under Fed. R. Civ. P. 24, to assure

1

that funds from the settlement redress harm caused by Kerr-McGee to communities of color, where the NAACP has branches and members, be actually used for the intended purposes.

## INTRODUCTION

On November 10, 2014, the United States District Court for the Southern District of New York (SDNY) approved the settlement agreement between Kerr-McGee Corporation and of Anadarko Petroleum Company that created, in pertinent part, a trust to provide relief for members of the public injured by the conduct of Kerr-McGee and to clean up and redevelop the damaged communities. Specifically, the following trusts were created that the NAACP seeks address:

- Multistate Environmental Response Trust
- Nevada Environmental Response Trust
- Savannah Environmental Response Trust
- West Chicago, Illinois Response Trust

The NAACP seeks to protect the interest of its branches and members in the following areas: Birmingham, Alabama (State), Theodore (Mobile), Alabama; Jacksonville, Florida; Madison, Illinois; Sauget, Illinois; Indianapolis, Indiana; Rushville, Indianapolis; Bossier City, Louisiana; Calhoun, Louisiana; Kansas City, Missouri; Springfield, Missouri; Columbus, Mississippi; Meridian, Mississippi; Wilmington (Navassa), North Carolina; Rome, New York; Cleveland, Oklahoma; Cushing, Oklahoma; Avoca, Pennsylvania; Beaumont, Texas; Corpus Christi, Texas; Texarkana, Texas; Cimarron, Oklahoma; Henderson, Nevada; Savannah, Georgia; West Chicago, Illinois.

### A. Intervention of Right

Under Rule 24(a)(2), the Court must permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject matter of the actions and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). In order to intervene as of right under Rule 24(a)(2), an applicant must (1) file a timely application, (2) show an interest relating to the property or transaction that is the subject matter of the action, (3) demonstrate that the ability to protect that interest may be impeded or impaired by the disposition of the action, and ( 4) show that the interest is not protected adequately by the parties of the action. United States v. State of New York, 820 F.3d 554, 556 (2d Cir. 1987); accord New York News, Inc. V Kheel, 972 F.2d 482,485 (2d Cir. 1992); accord Brennan v. New York City Ed.of Educ., 260 F. 3rd 123, 128 (2d Cir. 2001).

The inquiry under Rule 24(a)(2) is a flexible one and factors should "be read not discretely, but together." United States v. Hooker Chems. & Plastics Corp., 749 F.2d 968, 983 (2d Cir. 1984). "A showing that a very strong interest exists may warrant intervention upon a lesser showing of impairment or inadequacy of representation. Similarly, where representation is clearly inadequate, a lesser interest may suffice as a basis for granting intervention." Id.

Here, the NAACP recognizes that the federal government and the trusts have legal representation. The NAACP does not seek to intervene to usurp the role of said counsel or otherwise dispute the total amount of the monetary awards already agreed upon. Rather, the intervention is sought to place limitations to the fullest extent allowed by law and within this Court's authority and discretion to ensure these settlement funds reach the communities of color

3

damaged by Kerr-McGee and to assure the funds are spent for the intended purposes. The current parties do not adequately represent these interests.

Intervention is appropriate also to protect historically underserved communities. The NAACP is the nations largest and oldest grassroots civil-rights organization. Since its founding in 1909, its mission has been to ensure the political, educational, social, and economic equality of all persons and to eliminate race-based discrimination. The NAACP has fought in the courts for decades to protect the guarantee of equal protection under law. To advance its mission, the NAACP has represented parties in landmark civil rights cases, perhaps most famously in Brown v. Board of Education of Topeka, 347 U.S. 483 (1954), which outlawed segregation in public schools. The NAACP also has filed numerous amicus briefs over decades of its existence in cases that impact people of color.

Further, the NAACP brings a singular contribution to this process because its focus, unlike any other party, will be on the historically underserved African-American population and with its unparalleled reach into those communities - through over 2200 units in every state in the union - it can give voice to their needs unlike any other organization.

The NAACP seeks to obtain detailed information of the expenditure of funds so as to determine whether funds are being properly spent on remediation of the communities in question. Specifically, the trustees have not provided financial reports in such detail as to determine if the funds have been properly spent.

Upon information and belief, the NAACP believes the funds generally have not been used for actual remediation and development of the communities, but rather withheld for that purpose so it may be used for administration expenses and enrichment of consultants, among other things.

4

Upon information and belief, the NAACP believes that contaminates were knowingly left under the homes in some areas subject to cleanup and trusts reported the areas "remediated".

Upon information and belief, the NAACP believes that funds have been excessively used by the Trust to employ family members, college and childhood friends, children of colleagues, all to the neglect of hiring people of color from the very communities harmed by Kerr- McGee.

Upon information and belief, the NAACP believes funds have been used by the trustees primarily to benefit the Trustees with little to no benefit reaching the actual victims of Kerr-McGee's wrongful conduct. The NAACP further avers that:

- The Trustees have ignored the pleas for help from public officials of cities where Kerr-McGee has contaminated the land.

- The Trustees have ignored the pleas for help from citizens living within those communities.

- The Trust management has intentionally excluded minority contractors and workers from any material role in cleanup activity.

- The Trust management has excluded minority banks and financial managers from any role in the management of funds.

- The Trust management has cloaked its financing in secrecy so as to avoid public scrutiny.

- The Trust management has slowed work to maximize payments to themselves.

- The Trust management has repeated testing work endlessly in order to generate fees for themselves.

- The Trust management incurred excessive legal fees and other consultant fees that were not for the benefit of the contaminated communities.

- The Tort Trustees have operated the trust so as to maximize its fees and minimize its work without proper regard to the intended beneficiaries.

On information and belief, this disregard of committees is based upon the trustees' pattern and practice of operating the trusts for their own benefit and not for that of the citizens, disproportionately African Americans, harmed by Kerr-McGee.

On information and belief, the trustees have employed individuals with little to no environmental experience to fulfill position because of personal relationships with Trust management.

The burden of showing such an inadequacy is minimal. Washington Elec. Coop., 922 F .2d at 98. "Where there is an identity of interest, ... the movant to intervene must rebut the presumption of adequate representation by the party already in the action." Butler, Fitzgerald & Potter, 250 F.3d at 179-80. In order to adequately rebut the presumption, the movant must provide evidence of collusion, adversity of interest, nonfeasance or incompetence. Id. at 180; *St. John's Univ. v. Bolton*, 450 F. App'x 81, 84 (2d Cir. 2011).

Traditionally minority interests have not fared well in the bankruptcy system. The harsh treatment for people of color has been noted in several studies. On January 20, 2012, The New York Times published an article titled "Blacks Face Bias in Bankruptcy, Study Suggests." The article notes "Blacks are about twice as likely as whites to wind up in the more onerous and costly form of consumer bankruptcy as they try to dig out from their debts."

Similarly, ProPublica co-published with The Atlantic in September 2017, an article entitled "How The Bankruptcy System Is Failing Black Americans" by Paul Kiel with Hannah Fresques. Its headline notes "Black people struggling with debts are far less likely than their white peers to gain lasting relief from bankruptcy."

6

Similarly, Branches of the NAACP have anecdotally reported that mass tort settlements related to defective drugs and environmental contamination, particularly where the remedy requires conduct to undo harmful effects, black communities are underserved and neglected because their voices are not heard and their interests are not adequately represented and advocated. An organization such as the NAACP can help mitigate this problem.

### B. Alternative Permissive Intervention

Rule 24(6) governs permissive intervention. "Permissive intervention is wholly discretionary with the district [or bankruptcy] court .... " Keith v. Daley, 764 F.2d 1265, 1272 (7th Cir.), cert. denied sub nom. Illinois Pro-L[fe Coalition, Inc. v. Keith, 474 U.S. 980, 106 S.Ct. 383, 88 L.Ed.2d 336 (1985). The Court may allow anyone who timely applies to intervene when the "applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(6)(2); see also Wade v. Goldschmidt, 673 F.2d 182, 187 (7th Cir. 1982). The Court must consider "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(6); see also Southmark, 950 F.2d at 419.

Here, the NAACP has an interest in the subject matter. The NAACP has an interest to intervene within this Court's authority and discretion to ensure appropriate settlement funds reach the communities of color damaged by Kerr-McGee and to ensure the funds are not wasted. The current parties do not adequately represent these interests.

Another important consideration for the Court is the timeliness of the motion to intervene. "Among the factors to be taken into account to determine whether a motion to intervene is timely are: (a) the length of time the applicant knew or should have known of his interest before making the motion; (b) prejudice to existing parties resulting from the applicant's delay; ( c) prejudice to the applicant if the motion is denied; and ( d) presence of unusual

7

circumstances militating for or against a finding of timeliness." *United States v. State of New York*, 820 F. 2d at 557.

The Motion to Intervene is timely. The expenditure of funds is ongoing, and unless action is taken now, the money will be squandered. Because the Motion to Intervene only seeks to enforce how settlement money is spent and is not seeking to alter, challenge, or change the amounts of the settlements, it is not prejudicial to existing parties. Further, the NAACP could not have previously foreseen the lack of faithful conduct by the Trustees. The timeliness of a Motion to Intervene must "be judged in consideration of all the circumstances [,]" which would include this singularly unique one. *US. v. AT&T*, 642 F. 2d 1285, 1295 (D.C. Cir 1980).

## CONCLUSION

The unique and varied perspective of the NAACP will be valuable to the Court in ensuring that the relief provided to communities of color by this complex bankruptcy settlement will, at least in some part, actually go to the communities of color most severely impacted by Kerr-McGee. Intervention will help ensure these settlement proceeds actually do what they are supposed to do. Accordingly, the NAACP respectfully requests that this Court grant the Motion to Intervene, either as of right or by permissive intervention, both of which support the NAACP's right to relief here.

Respectfully Submitted,

_____

Janette Louard
*Interim General Counsel*
j.louard@naacpnet.org
0: 410-580-5787
NAACP I Empowerment Programs
National Headquarters
4805 Mount Hope Drive
Baltimore, MD 21215

_____
Wilbur O. Colom (MSB #6403)
*Attorney for Plaintiff*
Colom and Brant,LLC
Post Office Box 866
Columbus, MS 39703-0866
Telephone: (662) 327-0903
Facsmile: 662-3294832
Email: wil@colom.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has this date been served on all

counsel of record in this proceeding by Prepaid U.S. Mail to the following:

This_____ day of September 2020.

_____
Wilbur O. Colom (MSB #6403)

9

# Proposed Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re

TRONOX INCORPORATED,

                et al.,                                           Case No. 09-10156 (MEW)

               Debtor(s).                               Confirmed Chapter 11 Case

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

TRONOX INCORPORATED, et al.,

                        Plaintiffs,

         v.

KERR- MCGEE CORPORATION, et al.,              Adv. Pro. No. 09-01198 (MEW)

                        Defendants.

---------------------------------------------------x

THE UNITED STATES OF AMERICA

                        Plaintiff-Intervenor,

v.

TRONOX, INC., ET AL,

                        Defendants.

---------------------------------------------------x

### ORDER GRANTING MOTION TO REOPEN ADVERSARY PROCEEDING TO PERMIT THE NATIONAL ASSOCIATION OF THE ADVANCEMENT OF COLORED PEOPLE TO FILE A <u>MOTION TO INTERVENE AS</u> <u>AN INTERESTED PARTY</u>

Upon the consideration of the motion, dated October 23, 2020 (the "Motion"), of The

National Association for the Advancement Of Colored People ("NAACP"), for an Order

Reopening Chapter 11 Case and Adversary Proceeding to permit the NAACP to file a motion to

intervene in the above-captioned adversary proceeding and the Chapter 11 case; due notice of the

Motion having been provided; and no objection was made to granting the relief requested therein;

and sufficient cause appearing therefor, it is

**ORDERED,** that pursuant to section 350(a) of the Bankruptcy Code and Bankruptcy

Rule 3022, the Adversary Proceeding case number 09-01198 is hereby re-opened for the purpose

of granting NAACP permission to file a motion to intervene as an interested party

DATED:        ____, 2020
              New York, New York

                                        _____
                                        HON. MICHAEL E. WILES
                                        U. S. BANKRUPTCY JUDGE